**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Attorney for He Zhou Dao*

*- additional counsel on signature page -*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN DICKER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TUSIMPLE HOLDINGS, INC.; CHENG LU; PATRICK DILLON; XIAODI HOU; MO CHEN; JAMES MULLEN; MORGAN STANLEY & CO. LLC; CITIGROUP GLOBAL MARKETS INC.; J.P. MORGAN SECURITIES LLC; BOFA SECURITIES, INC.; CREDIT SUISSE SECURITIES (USA) LLC; COWEN AND COMPANY, LLC; NOMURA SECURITIES INTERNATIONAL, INC.; RBC CAPITAL MARKETS, LLC; NEEDHAM & COMPANY, LLC; OPPENHEIMER & CO. INC.; PIPER SANDLER & CO.; ROBERT W. BAIRD & CO. INCORPORATED; and VALUABLE CAPTIAL LIMITED,<br><br>Defendants. | No.   3:22-cv-01300-BEN-MSB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO CONSOLIDATE**<br><br>DATE:    May 10, 2023<br>TIME:     9:00 a.m. |

MEMORANDUM OF POINTS AND AUTHORITIES - 3:22-cv-01300-BEN-MSB

Lead Plaintiff Movant He Zhou Dao ("Dao") respectfully submits this Memorandum of Points and Authorities in opposition to the Motion of TuSimple Holdings, Inc. ("TuSimple" or the "Company") to Consolidate the above-captioned action ("*Dicker*") with the action *Woldanski v. TuSimple Holdings, Inc. et al.*, 3:23-cv-00282-BEN-MSB ("*Woldanski*" and, together with *Dicker*, the "Actions") (the "Consolidation Motion") (Dkt. No. 74).[1]

## I.   PRELIMINARY STATEMENT

In moving for consolidation of the two Actions, TuSimple claims that "[a]ny differences" between the two Complaints "are irrelevant because the presumptive lead plaintiffs"—in TuSimple's view, the Miller-Poirier Group (in *Dicker*) and IPRS (in *Woldanski*) (as defined below)—"have made clear their intent to assert the theories of liability pleaded in both initial complaints."  Dkt. No. 74-1 at 9.

TuSimple's argument is doubly flawed.  First, the Miller-Poirier Group is ***not*** the "presumptive lead plaintiff" in *Dicker* because, as Dao has argued extensively, the Miller-Poirier Group is inadequate and atypical under Fed. R. Civ. P. 23 and thus is not entitled to the statutory "most adequate plaintiff" presumption.  By wrongly describing the Miller-Poirier Group as the "presumptive lead plaintiff" of *Dicker*, TuSimple's implication is plainly that the Miller-Poirier Group's non-opposition to the Consolidation Motion should

---

[1] Unless otherwise specified, all citations styled "Dkt. No. __" refer to *Dicker*.

MEMORANDUM OF POINTS AND AUTHORITIES - 3:22-cv-01300-BEN-MSB

weigh more in the Court's estimation than Dao's opposition.  Not so.  The Miller-Poirier Group does not speak for the Class in *Dicker*.  There is no basis to privilege its view of consolidation above Dao's, nor do the Miller-Poirier Group's intentions with respect to any Amended Complaint obviate the need to assess the differences between these Actions.  Accordingly, TuSimple's repeated references to the "presumptive lead plaintiffs'" intentions with respect to the theories of liability in *Dicker* and *Woldanski* are inaccurate, misleading and irrelevant, and certainly lend ***no*** support to the Consolidation Motion.

Second, TuSimple's assertion that "[a]ny differences" between the complaints "are irrelevant" is puzzling, given that an evaluation of commonalities and differences between the two complaints is ***precisely*** the relevant inquiry under Fed. R. Civ. P. 42(a).  Indeed, consolidation of the two Actions plainly is ***not*** warranted under Fed. R. Civ. P. 42(a).  Entirely different facts are at issue in *Dicker* and *Woldanski*, such that consolidation is unnecessary to avoid duplicative efforts and/or inconsistent findings.  The two Actions are entirely appropriate for separate adjudication.

Accordingly, for the reasons set forth below, Dao respectfully urges the Court to deny TuSimple's Consolidation Motion.

## II.    PROCEDURAL HISTORY

*Dicker* was filed on August 31, 2022.  Dkt. No. 1.  The *Dicker* Complaint alleges violations of the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act") by TuSimple, certain of its officers and directors, and the

underwriters of the Company's August 2021 initial public offering of common shares ("IPO"), specifically regarding false and/or misleading statements relating to the safety and reliability of the autonomous driving technology for TuSimple's vehicles. *See generally id.*

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), motions for appointment as Lead Plaintiff in *Dicker* were due to be filed on October 31, 2022. Several movants filed competing motions on the statutory deadline, including Dao (Dkt. No. 32) and a group consisting of Robert Miller and Michelle Poirier (together, the "Miller-Poirier Group"). Dkt. No. 30. All other movants having subsequently abandoned their motions, only Dao and the Miller-Poirier Group continue to seek appointment as Lead Plaintiff, and their respective motions remain pending as of the time of this submission.

*Woldanski* was filed on November 10, 2022. *Woldanski* Dkt. No. 1.[2] The *Woldanski* Complaint also alleges violations of the Securities Act and Exchange Act by TuSimple, certain of its directors, and the IPO underwriters. Unlike *Miller*, however, the *Woldanski* Complaint contains no allegations relating to the Company's autonomous driving technology. Rather, it alleges that the Defendants made false statements about TuSimple's related-party transactions with Hydron, Inc. ("Hydron"), a Chinese start-up, as well as the sharing of confidential information and/or proprietary technology with

---

[2] As the docket reflects, *Woldanski* was initially filed in the U.S. District Court for the Southern District of New York and transferred to the U.S. District Court for the Southern District of California on February 7, 2023. *See* Dkt. No. 47.

MEMORANDUM OF POINTS AND AUTHORITIES - 3:22-cv-01300-BEN-MSB

Hydron without Board approval. *See generally id.* The *Dicker* Complaint contains no allegations whatsoever regarding these issues.

Pursuant to the PSLRA, motions for appointment as Lead Plaintiff in *Woldanski* were due on January 9, 2023. Several movants filed competing motions on that date, including the Indiana Public Retirement System ("IPRS"). *Woldanski* Dkt. No. 32. The other movants subsequently abandoned their motions, leaving IPRS's motion unopposed. *Woldanski* Dkt. No. 45. As of the time of this submission, IPRS's motion remains pending.

On March 28, 2023, TuSimple filed its Consolidation Motion. Dkt. No. 74.

## III.   ARGUMENT

### A.   THE MILLER-POIRIER GROUP IS NOT THE "PRESUMPTIVE LEAD PLAINTIFF" OF *DICKER*

As a threshold matter, TuSimple's motion brief inaccurately describes the Miller-Poirier Group as "[t]he presumptive lead plaintiff[]" of *Dicker*, citing the group's financial interest relative to those of the other Lead Plaintiff candidates. Dkt. No. 74-1 at 5. Accordingly, TuSimple incorrectly claims that "[a]ny differences [between the actions] are irrelevant because the presumptive lead plaintiffs in both actions"—*i.e.*, the Miller-Poirier Group in *Dicker* and IPRS in *Woldanski*—have made clear their intent to assert the theories of liability pleaded in both initial complaints" in an amended complaint. Dkt. No. 74-1 at 9.

Yet the Miller-Poirier Group is *not* the presumptive Lead Plaintiff in *Dicker*, as Dao has argued extensively in his own Lead Plaintiff motion briefing. *See generally* Dkt. Nos. 46, 49, 57. Pursuant to the PSLRA, the presumptive lead plaintiff in a federal securities class action is the applicant who "has the largest financial interest in the relief sought by the class" *and* "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u–4(a)(3)(B)(iii). Irrespective of the Miller-Poirier Group's financial interest, it is not entitled to the statutory "most adequate plaintiff" presumption in *Dicker* because the group is both inadequate and atypical under Rule 23. Specifically, the Miller-Poirier Group is an improper attorney-driven group, and thus inadequate, while Miller's unorthodox trading patterns make him atypical of the Class and subject to unique defenses. *See generally* Dkt. Nos. 46 ,49, 57. There is simply no basis for TuSimple's misleading and irrelevant characterization of The Miller-Poirier Group as the "presumptive lead plaintiff" in *Dicker*.

Moreover, TuSimple's position—that differences between the two cases are "irrelevant" because the purported "presumptive lead plaintiffs" have supposedly represented that they would pursue both theories of liability in an Amended Complaint— would effectively invert the statutory scheme set forth in the PSLRA. The PSLRA provides, in relevant part, that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court

MEMORANDUM OF POINTS AND AUTHORITIES - 3:22-cv-01300-BEN-MSB

shall not" appoint a Lead Plaintiff "until *after* the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u–4(a)(3)(B)(ii). The "differences" between the two Actions, which TuSimple casually dismisses as "irrelevant", are in fact *central* to an adjudication of the merits of consolidation, and that determination must occur *before* appointment of any Lead Plaintiff(s). TuSimple cannot sidestep the merits of consolidation by citing the supposed intentions of the Miller-Poirier Group and IPRS, *neither* of which has been appointed to any Class leadership role as of the time of this submission, with Dao having strenuously opposed the Miller-Poirier Group's appointment in *Dicker*.[3] Pursuant to the PSLRA, the Court's decision on the Consolidation Motion may of course ultimately affect the pending Lead Plaintiff motions in the Actions, but TuSimple's view of the Lead Plaintiff motions can have *no* impact on the outcome of the Consolidation Motion.

### B. CONSOLIDATION OF THE ACTIONS IS NOT WARRANTED

Consolidation of the two Actions is not warranted. Fed. R. Civ P. 42(a) states that "[i]f actions before the court involve a common question of law or fact, the court *may* . . . consolidate the actions or issue any other orders to avoid unnecessary cost or delay." (Emphasis added.) The language of the rule demonstrates the Court's discretion: consolidation is *not* mandatory. "District courts have broad discretion to grant or deny consolidation." *Bear, LLC v. Marine Grp. Boat Works, LLC*, No. 3:14-cv-2960-BTM-

---

[3] Dao does not seek to serve as Lead Plaintiff in *Woldanski* and takes no position on IPRS's motion for appointment as Lead Plaintiff in that action.

BLM, 2016 U.S. Dist. LEXIS 131759 (S.D. Cal. Sept. 23, 2016). The mere existence of common questions between two cases does not require consolidation. *See*, *e.g.*, *Draper v. KCG Americas LLC*, No. 18-cv-02524-HSG, 2018 WL 4075858 (N.D. Cal. Aug. 27, 2018) (denying consolidation despite finding "cases [to be] largely identical with respect to the relevant questions of law and fact," noting that designating the cases as related "suffices in terms of preserving judicial economy"). Here, for the reasons set forth below, Dao respectfully submits that the Court should exercise its discretion to decline to consolidate the Actions.

Contrary to TuSimple's assertions, fundamentally different questions of fact are at issue in *Dicker* and *Woldanski*. Courts frequently decline to consolidate actions in such circumstances. *See*, *e.g.*, *Dyson v. Equifax, Inc.*, No. 16-cv-03327-BLF, 2017 U.S. Dist. LEXIS 20908, at *2 (N.D. Cal. Feb. 14, 2017) (denying motion for consolidation, noting that "[w]hile the cases at issue share common legal theories," "much of the discovery and many of the factual issues will be individualized."); *Bell-Alanis v. Baxter*, No. 6:21-cv-00885-MK, 2021 WL 9866093, at *2 (D. Or. Nov. 4, 2021) (denying consolidation where two actions did not "involve common questions of law ***and fact***") (emphasis added); *Debarr v. Carpenter*, No. 3:12-cv-00039-LRH-WGC, 2013 WL 173983, at *2 (D. Nev. Jan. 15, 2013) (denying consolidation where "two cases do not have sufficient common questions of both law ***and fact***") (emphasis added).

*Dicker* alleges, in relevant part, that:

MEMORANDUM OF POINTS AND AUTHORITIES - 3:22-cv-01300-BEN-MSB

> Defendants made materially false or misleading statements and/or failed to disclose, *inter alia*, that: (i) TuSimple's commitment to safety was significantly overstated and Defendants concealed fundamental problems with the Company's technology; (ii) TuSimple was rushing the testing of its autonomous driving technology in order to deliver driverless trucks to the market ahead of its more safety-conscious competitors; (iii) there was acorporate culture within TuSimple that suppressed or ignored safety concerns in favor of unrealistically ambitious testing and delivery schedules; (iv) the aforementioned conduct made accidents involving the Company's autonomous driving technology more likely; (v) the aforementioned conduct invited enhanced regulatory scrutiny and investigatory action toward the Company; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

Dkt. No. 1 ¶ 6. The Complaint in *Dicker* alleges that TuSimple investors were harmed when the truth about the foregoing issues came to light following the IPO, including in a *Wall Street Journal* article published on August 1, 2022, after which the Company's share price fell nearly 10%. *Id.* ¶¶ 4-5.

The core allegations in *Woldanski* are completely different:

> Defendants made materially false or misleading statements and/or failed to disclose, inter alia, that: (1) TuSimple was engaged in undisclosed related party transactions with Hydron, a company founded by Defendant Chen; (2) TuSimple shared confidential information and/or proprietary technology with Hydron without Board approval or informing regulators or TuSimple shareholders; (3) TuSimple failed to disclose the Board's internal investigation, which commenced in July 2022, into TuSimple's ties to Hydron; (4) the aforementioned conduct enhanced the likelihood of regulatory scrutiny and investigatory action toward the Company; and (5) as a result, the Company's public statements were materially false and misleading at all relevant times.

*Woldanski* Dkt. No. 1 ¶ 7. The Complaint in *Woldanski* alleges that TuSimple investors were harmed as the truth about these separate issues came to light following the IPO,

MEMORANDUM OF POINTS AND AUTHORITIES - 3:22-cv-01300-BEN-MSB

including in another *Wall Street Journal* article published on October 30, 2022 and in a press release issued by TuSimple on October 31, 2022, after which the Company's share price fell over 45%. *Id.* ¶¶ 4-6.

In light of these vastly different questions of fact, establishing liability for the violations of the federal securities laws alleged in *Dicker* will necessarily entail establishing different facts than in *Woldanski*. In *Dicker*, liability will require establishing the falsity of the Defendants' statements during the Class Period and in the Company's Registration Statement with respect to, *inter alia*, TuSimple's testing processes for its autonomous driving technology, safety practices, corporate culture, and/or vehicle delivery schedules. *See generally* Dkt. No. 1 ¶ 6. By contrast, holding the Defendants liable in *Woldanski* will require establishing the falsity of Defendants' statements with respect to, *inter alia*, TuSimple's related party transactions with Hydron, the Company's controls regarding the sharing of confidential and/or proprietary information, and its Board's internal investigation into the foregoing matters. *See generally Woldanski* Dkt. No. 1 ¶ 7. These different questions of fact will necessarily involve evaluating different sets of statements by the Defendants, gathering information regarding different issues from different confidential witnesses working for the Company and/or underwriters of the IPO in different capacities, and generally undertaking discovery with respect to different facts. Even if the Court were to consolidate the Actions under the leadership of Lead Plaintiff(s) "assert[ing] the theories of liability pleaded in both initial complaints" (Dkt.

MEMORANDUM OF POINTS AND AUTHORITIES - 3:22-cv-01300-BEN-MSB

No. 74-1 at 9), as Defendants urge, such Lead Plaintiff(s) would still be required to perform separate work with respect to these distinct, non-overlapping questions of fact. Allowing the two Actions to proceed separately thus would ***not*** result in duplicative work or expense by the separate Lead Plaintiffs, duplicative discovery on the part of Defendants, or conflicting findings of fact by separate courts.

Given that wholly different questions of fact are at issue in the two Actions, Dao respectfully submits that the Court should deny the Consolidation Motion.

## IV.    CONCLUSION

For the foregoing reasons, Dao respectfully requests that the Court issue an Order denying TuSimple's Consolidation Motion.

Dated:  April 26, 2023                              Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100

MEMORANDUM OF POINTS AND AUTHORITIES - 3:22-cv-01300-BEN-MSB

Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for He Zhou Dao and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Jennifer Pafiti
Jennifer Pafiti