KAHN SWICK & FOTI, LLP
RAMZI ABADOU (222567)
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
DANIELLE S. MYERS (259916)
JUAN CARLOS SANCHEZ (301834)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

*Proposed Lead Counsel for*
*Proposed Lead Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN DICKER; Individually and on Behalf of All Others Similarly Situated,<br><br>                                    Plaintiff,<br><br>        vs.<br><br>TUSIMPLE HOLDINGS, INC. et al.;<br><br>                                    Defendants. | No. 3:22-cv-01300-BEN-MSB<br><br>CLASS ACTION<br><br>PROPOSED LEAD PLAINTIFF ROBERT MILLER, MICHELLE POIRIER, AND INDIANA PUBLIC RETIREMENT SYSTEM'S RESPONSE TO DEFENDANTS' MOTION TO CONSOLIDATE<br><br>Date:        May 10, 2023<br>Time:        9:00 a.m.<br>Judge:       Hon. Roger T. Benitez<br>Courtroom: 5A |

PATRICK WOLDANSKI, Individually and on Behalf of All Others Similarly Situated,

           Plaintiff,

vs.

TUSIMPLE HOLDINGS, INC.; CHENG LU; PATRICK DILLON; ERIC ZIAODI HOU; MO CHEN; JAMES MULLEN; MORGAN STANLEY & CO. LLC; CITIGROUP GLOBAL MARKETS INC.; J.P. MORGAN SECURITIES LLC; BOFA SECURITIVES INC.; CREDIT SUISSE SECURITIES (USA) LLC; COWEN AND COMPANY, LLC; NOMURA SECURITIES INTERNATIONAL, INC.; RBC CAPITAL MARKETS, LLC; NEEDHAM & COMPANY, LLC; OPPENHEIMER & CO. INC.; PIPER SANDLER &CO.; ROBERT W. BAIRD & CO. INCORPORATED; and VALUABLE CAPITAL LIMITED,

           Defendants.

No. 3:23-cv-01300-282-MSB

## I.      INTRODUCTION

Robert Miller, Michelle Poirier, and the Indiana Public Retirement System ("Indiana") respectfully submit this response to Defendant TuSimple Holdings, Inc.'s ("TuSimple") Motion to Consolidate the above-captioned action ("*Dicker* Action") with the related *Woldanski v. TuSimple Holdings, Inc. et al.*, No. 3:23-cv-00282-BEN-MSB action ("*Woldanski* Action") (collectively, the "Related Actions").[1] Consolidation of the Related Actions is appropriate because: (i) they involve common questions of law and fact; and (ii) consolidation must be decided before lead plaintiff is appointed pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *See Mulligan v. Impax Lab'ys., Inc.*, 2013 U.S. Dist. LEXIS 93119, at *8-10 (N.D. Cal. 2013) ("the motion to consolidate must be decided prior to appointment of a lead plaintiff.").

## II.     PROCEDURAL HISTORY

Two lawsuits against Defendants are currently pending in this District. The first-filed *Dicker* Action was filed in this District on August 31, 2022 against TuSimple, certain of its officers and directors, and the investment banks which served as underwriters for the Company's April 15, 2021 initial public offering ("IPO"). The *Dicker* Action is brought on behalf of all persons who "purchased or otherwise acquired" (1) TuSimple common stock pursuant and/or traceable to TuSimple's IPO; and (2) TuSimple's securities between April 15, 2021 and August 1, 2022. *Dicker* Compl., at ¶ 1. The *Dicker* Action brings claims under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act"), Sections 10(b) and 20(a) of the Exchange

---

[1]      The complaints filed in the *Dicker* and *Woldanski* Actions are referred to herein as "*Dicker* Compl." and "*Woldanski* Compl.", as applicable. On April 18, 2023, the Underwriter Defendants joined TuSimple's Motion to Consolidate the Related Actions. *See* ECF No. 84. All emphasis has been added and internal citations omitted unless otherwise indicated.

MILLER, POIRIER, & INDIANA'S RESPONSE TO MOTION TO CONSOLIDATE
CASE NO. 3:22-CV-01300-BEN-MSB

Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder. *Id*. at ¶¶ 1, 95-128.

Eight competing movants initially sought appointment as lead plaintiff in the *Dicker* Action. *See* ECF Nos. 25-32. Six movants subsequently withdrew their motions or filed statements of non-opposition to the appointment of Mr. Miller and Ms. Poirier, correctly noting that they have the largest financial interest in the relief sought by the class. *See* ECF Nos. 37, 39, 41, 43-45; *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("[A] straightforward application of the statutory scheme [. . .] provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case."). Movant He Zhou Dao—the investor with the smallest financial interest in *Dicker*—is the only remaining lead plaintiff applicant who opposes Mr. Miller and Ms. Poirier's appointment as lead plaintiff in the *Dicker* Action. *See* ECF No. 46. Dao is also notably the **only** party before the Court who apparently opposes consolidation.

The *Woldanski* Action was subsequently filed in the United States District Court for the Southern District of New York on November 10, 2022. Like the *Dicker* Action, *Woldanski* also alleges claims against TuSimple, certain of its officers and directors, and investment banks who served as underwriters for the Company's IPO. It similarly asserts claims under Sections 11 and 15 of the Securities Act and Sections 10(b) and 20(a) of the Exchange Act. *Compare Dicker* Compl., at ¶¶ 1, 60-75, with *Woldanski* Compl., at ¶¶ 1, 54-60. The class periods in the Related Actions are identical except that the proposed *Woldanski* class period was extended by three months. *Compare Dicker* Compl., at ¶ 1; *Woldanski* Compl., at ¶ 1. While competing motions for appointment as lead plaintiff were initially filed in the *Woldanski* Action (ECF Nos. 32, 37, 41-43), Indiana's motion now stands unopposed there. *Woldanski*, ECF No. 45.

Defendants thereafter moved to transfer the *Woldanski* Action to this District and Mr. Miller, Ms. Poirier, and Indiana supported Defendants' motion to transfer.

Defendants' motion was granted on February 7, 2023.[2] *See Woldanski v. TuSimple Holdings, Inc.*, 2023 U.S. Dist. LEXIS 20721 (S.D.N.Y. 2023). The cases were deemed sufficiently related in this District pursuant to Civil L.R. 40.1(e). *See Woldanski*, ECF No. 51.

## III.  ARGUMENT

The PSLRA mandates consolidation before a lead plaintiff is selected. *See Peifa Xu v. FibroGen, Inc.*, 2021 U.S. Dist. LEXIS 164034, at *7 (N.D. Cal. 2021). Accordingly, before this action can proceed, the Court must determine whether consolidation is warranted. To that end, courts recognize that securities class actions are ideally suited for consolidation. *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018). Mr. Miller, Ms. Poirier, and Indiana agree with Defendants that consolidation is appropriate because the Related Actions assert claims against the same defendants based on similar alleged misrepresentations, raise similar questions of law and fact, and define virtually identical class members and class periods. *See Woldanski*, 2023 U.S. Dist. LEXIS 20721, at *6 ("Indeed, consolidation has been granted in cases with far fewer similarities than the instant case has to the [Dicker] Action."); *Foster v. Maxwell Techs., Inc.*, 2013 U.S. Dist. LEXIS 154538, at *7 (S.D. Cal. 2013).

Specifically, the Related Actions both bring claims on behalf of TuSimple investors for violations of Sections 11 and 15 of the Securities Act, and Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder. Nineteen named defendants are common across the Related Actions. *Dicker* Compl., at ¶¶ 14-33; *Woldanski* Compl., at ¶¶ 15-17, 19-35. That the *Woldanski* Action names just one

---

[2]  Defendants concede that Mr. Miller, Ms. Poirier, and Indiana (all represented by the same proposed lead counsel) are the "Presumptive Lead Plaintiffs" in the Related Actions. *Dicker*, ECF No. 74-1 at 5 n.2. Indiana has the largest financial interest in *Woldanski* where its motion, again, is unopposed. *Id.; see Cavanaugh*, 306 F.3d at 729 (the process to appoint a lead plaintiff "is neither overly complex nor ambiguous").

additional Defendant (Eric Tapia; *see Woldanski* Compl., at ¶ 18) does not preclude consolidation. *See Ruland v. InfoSonics Corp.*, 2006 U.S. Dist. LEXIS 79144, at *4 (S.D. Cal. 2006) (consolidating securities actions covering the same period, facts, and securities laws violations, notwithstanding certain defendants unique to each action). Nor does the *Woldanski* Action's extended three-month class period prevent consolidation. *See Mulligan*, 2013 U.S. Dist. LEXIS 93119, at *10 (consolidating actions with "different start dates" separated by three months, as they otherwise "present[ed] questions of law and fact that overlap almost completely.").

Moreover, any possible slight differences between the two cases are immaterial, because Mr. Miller, Ms. Poirier, and Indiana, if appointed, intend to file a consolidated complaint which will encompass all the same theories of liability alleged in both Related Actions, such that consolidation will expedite this matter and promote judicial efficiency. *See* ECF No. 30-1 at 3.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Consolidate should be granted.

Dated:   April 26, 2023

Respectfully submitted,

KAHN SWICK & FOTI, LLP

By:   */s/ Ramzi Abadou*
Ramzi Abadou (SBN 222567)
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

-and-

KAHN SWICK & FOTI, LLC
Lewis S. Kahn
(to be admitted *pro hac vice*)
Alexander L. Burns
James T. Fetter
(admitted *pro hac vice*)
Alexandra Pratt
(admitted *pro hac vice*)
1100 Poydras Street, Suite 960
New Orleans, LA 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com
alexander.burns@ksfcounsel.com
james.fetter@ksfcounsel.com
alexandra.pratt@ksfcounsel.com

ROBBINS GELLER RUDMAN
& DOWD LLP
Darren J. Robbins
Danielle S. Myers
Juan Carlos Sanchez
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

*Proposed Lead Counsel for*
*Proposed Lead Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Wednesday, April 26, 2023 on all counsel of record by using the CM/ECF system.

/s/ Ramzi Abadou
RAMZI ABADOU