Kevin P. Muck (California SBN 120918)
    kevin.muck@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
One Front Street, Suite 3500, San Francisco, CA 94111
Tel: (628) 235-1000 / Fax: (628) 235-1001

William Paine, *pro hac vice*
    william.paine@wilmerhale.com
Robert Kingsley Smith, *pro hac vice*
    robert.smith@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street, Boston, MA 02109
Tel: (617) 526-6759

Elaine F. Harwell (California SBN 242551)
    elaine.harwell@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH, LLP
525 B Street, Suite 2200, San Diego, CA 92101
Tel: (619) 238-1900 / Fax: (619) 235-0398

*Attorneys for Defendant TuSimple Holdings, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN DICKER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TUSIMPLE HOLDINGS, INC.; CHENG LU; PATRICK DILLON; XIAODI HOU; MO CHEN; JAMES MULLEN; MORGAN STANLEY & CO. LLC; CITIGROUP GLOBAL MARKETS INC.; J.P. MORGAN SECURITIES LLC; BOFA SECURITIES, INC.; CREDIT SUISSE SECURITIES (USA) LLC; COWEN AND COMPANY, LLC; NOMURA SECURITIES INTERNATIONAL, INC.; RBC CAPITAL MARKETS, LLC; NEEDHAM & COMPANY, LLC; OPPENHEIMER & CO. INC.; PIPER SANDLER & CO.; ROBERT W. BAIRD & CO. INCORPORATED; and VALUABLE CAPITAL LIMITED, <br><br> Defendants. | Case No.: 3:22-cv-01300-BEN-MSB <br><br> **REPLY IN SUPPORT OF MOTION TO CONSOLIDATE** <br><br> Judge: Hon. Roger T. Benitez <br> Courtroom: 5A <br><br> Date: May 10, 2023 <br> Time: 9:00 a.m. |

- 1 -

Case No.: 3:22-cv-01300-BEN-MSB                    TUSIMPLE'S REPLY

TuSimple Holdings, Inc. ("TuSimple" or the "Company") respectfully submits this memorandum of points and authorities in further support of its motion to consolidate pursuant to Federal Rule of Civil Procedure 42 and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(a)(3)(B)(ii), for an order consolidating the matter captioned *Dicker v. TuSimple Holdings, Inc. et al.*, No. 3:22-cv-01300-BEN-MSB ("*Dicker*") with the related matter captioned *Woldanski v. TuSimple Holdings, Inc. et al.*, No. 3:23-cv-00282-BEN-MSB ("*Woldanski*") (collectively, the "Related Actions"), and for any other relief as the Court may deem to be just and proper (the "Reply"). [1]

## I.    PRELIMINARY STATEMENT

He Zhou Dao's ("Dao") opposition to TuSimple's motion to consolidate does not contest that the two Related Actions challenge statements made in the same disclosures and raise identical legal claims, that consolidation would increase judicial efficiency, or that securities class actions are routinely consolidated. *See* Fed. R. Civ. P. 42(a)(2) ("If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions[.]"); *Andreoli v. Youngevity Int'l, Inc.*, No. 16-CV-02922, 2018 WL 1470264, at *12 (S.D. Cal. Mar. 23, 2018) (explaining that court must "weigh[] the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that it would cause" (internal quotation marks omitted)).  Instead, Dao improperly reargues his claim to be appointed lead plaintiff and appeals to the Court's "discretion to decline to

---

[1]    All defendants consent to and join the Reply: Mo Chen; Cheng Lu; James Mullen; Xiaodi Hou; Patrick Dillon; Morgan Stanley & Co., LLC; Citigroup Global Markets, Inc.; J.P. Morgan Securities LLC; BofA Securities, Inc.; Credit Suisse Securities (USA), LLC; Nomura Securities International, Inc.; RBC Capital Markets, LLC; Needham & Company, LLC; Oppenheimer & Co. Inc.; Piper Sandler & Co.; Robert W. Baird & Co. Incorporated; TD Cowen; Valuable Capital Limited; and Eric Tapia (defendant in *Woldanski* only). The Miller-Poirier Group and IPRS also agree consolidation is appropriate and do not oppose the Reply.  *See* ECF No. 89.

- 2 -

consolidate the [Related] Actions," Opp. at 7-10, merely because the current complaints—which will not be the operative complaints, *see* ECF No. 48—plead slightly different factual allegations. Dao's argument has no merit. The presumptive lead plaintiffs in each of the Related Actions, Robert Miller and Michelle Poirier ("Miller-Poirier Group") and Indiana Public Retirement System ("IPRS"), have indicated their intent to assert in an amended complaint all factual allegations alleged in both *Dicker* and *Woldanski*. *See* ECF No. 89 at 4. Whatever superficial differences currently exist are therefore no basis to deny what Judge Hellerstein of the U.S. District Court for the Southern District of New York has already recognized are two cases that "are related to such a significant degree" that they warrant consolidation. *See Woldanski* ECF No. 47 at 6 (explaining that "consolidation has been granted in cases with far fewer similarities than [*Woldanski*] has to [*Dicker*]"). The Court should consolidate the Related Actions.

## II.    ARGUMENT

Any differences between the current complaints in the Related Actions do not warrant denying consolidation, and nothing else in Dao's opposition justifies denying the consolidation of the Related Actions and jeopardizing the efficiencies that consolidating the two substantially similar securities class actions would achieve.

***First***, the purported differences between the current complaints in the Related Actions on which Dao relies do not warrant denying consolidation. As Dao does not deny, those differences are differences in the *current* complaints that the parties have agreed will be *amended*. *See* ECF No 48 ("As stipulated by the parties . . . . [the parties] shall submit to the Court a proposed schedule for filing an amended complaint[.]"); *Woldanski* ECF No. 19 (The parties shall "submit . . . a proposed schedule for any . . . amendment of the Complaint"). And the presumptive lead plaintiffs in each Related Action have made clear that their amended complaint would eliminate the current differences. *See* ECF No. 89 at 4 (Miller-Poirier Group

- 3 -

and IPRS stating their intent "to file a consolidated complaint which will encompass all the same theories of liability alleged in both Related Actions").[2]

**Second**, Dao's assertion that the appointed lead plaintiff "would still be required to perform separate work" "[e]ven if the Court were to consolidate the [Related] Actions" is irrelevant.  Opp. at 9-10.  The relevant inquiry is whether efficiencies will be realized by consolidation, not whether consolidation will marginally expand the scope of one of the two existing actions.  *See Andreoli*, 2018 WL 1470264, at \*12 (explaining that court must "weigh[] the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that it would cause" (internal quotation marks omitted)); *see also McGee v. Am. Oriental Bioengineering, Inc.*, No. 2:12-CV-5476, 2012 WL 12895668, at \*1 (C.D. Cal. Oct. 16, 2012) ("Neither Rule 42 nor the PSLRA demands that actions be identical before they are consolidated." (internal quotation marks omitted)).  And given that IPRS has made clear its intent to assert in *Woldanski* the same factual allegations as those asserted in *Dicker*, consolidation will avoid two sets of lead plaintiffs unnecessarily duplicating efforts by litigating the exact same claims on behalf of the exact same putative class.  It is just such unnecessary duplication that Rule 42 and the PSLRA were enacted to avoid.  *See* Fed. R. Civ. P. 42(a)(2) ("If actions before the court involve a common question of law or fact, the court may . . .

---

[2]   Dao's assertion that TuSimple "wrongly describ[es] the Miller-Poirier Group as the 'presumptive lead plaintiff' in *Dicker*" is irrelevant.  Opp. at 1.  The Miller-Poirier Group has asserted the largest financial interest of the parties moving to be appointed lead plaintiff in *Dicker*.  *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)).  And, whatever the status of the Miller-Poirier Group, it does not change the fact that consolidation is warranted given the common questions of fact and law in *Dicker* and *Woldanski* and the myriad of judicial efficiencies that consolidation would allow.  *See* Mot. at 10-11 (citing cases).

- 4 -

consolidate the actions[.]"); 15 U.S.C. § 78u-4(a)(3)(B)(ii) (addressing consolidation of securities class actions).

*Finally*, none of the authority cited by Dao—none of which concerns the consolidation of securities class actions—warrants denying the consolidation of the Related Actions.   In *Dyson v. Equifax, Inc.*, the court denied a request to consolidate 171 cases that were assigned to several different judges because neither the federal nor local rules permitted the consolidation of actions assigned to different judges. 2017 U.S. Dist. LEXIS 20908, at *2 (N. D. Cal. Feb. 14, 2017) (noting also that "assigning 171 cases to a single judge would result in substantial delay and inconvenience, which would outweigh any efficiency that might be gained from consolidation").   In *Bell-Aalanis v. J.H. Baxter & Co.*, the court declined to consolidate because the two actions—one for property damage and the other for personal injuries—involved entirely different legal claims with different legal standards.   No. 6:21-CV-00885, 2021 WL 9866093, at *2 (D. Or. Nov. 4, 2021). And in *Debarr v. Carpenter*, the court denied a *pro se* inmate's motion to consolidate his claim under the Religious Land Use and Institutionalized Persons Act of 2000 with due process claims asserted by other prisoners—claims that were legally distinct and subject to different legal standards.   No. 3:12-CV-00039, 2013 WL 173983, at *1, *2 (D. Nev. Jan. 15, 2013).   No such circumstances are at issue here. Rather, the Related Actions are putative securities class actions that are pending before the same judge, involve the same legal claims, and are subject to the same legal standards.   It is therefore no surprise that courts routinely consolidate related securities class actions.[3]

---

[3]   *See, e.g.*, *Xu v. FibroGen, Inc.*, No. 21-CV-02623, 2021 WL 3861454, at *2 (N.D. Cal. Aug. 30, 2021*)* ("Securities actions are often consolidated, especially where they are 'based on the same public statements and reports.'"); *McGee*, 2012 WL 12895668, at *1 ("Neither Rule 42 nor the PSLRA demands that actions be identical before they are consolidated." (internal quotation marks omitted)); *Reiger*

- 5 -

### III. CONCLUSION

For the foregoing reasons, TuSimple requests that the Court consolidate *Dicker* and *Woldanski*.

Dated: May 3, 2023                    Respectfully submitted,

/s/ Kevin P. Muck

Kevin P. Muck
WILMER CUTLER PICKERING
   HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111

William Paine
   *Pro hac vice*
Robert Kingsley Smith
   *Pro hac vice*
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109

Elaine Harwell
PROCOPIO CORY
   HARGREAVES & SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101

*Attorneys for Defendant TuSimple Holdings, Inc.*

---

*v. Altris Software, Inc.*, No. 98-CV-0528J, 1998 WL 1986953, at *1 (S.D. Cal. Sept. 14, 1998) (granting motion to consolidate where "both actions do involve a common set of facts such as whether the Defendants knowingly made the alleged false, material statements and whether the alleged misstatements caused a drop in the price of Defendants' stock").

- 6 -

Case No.: 3:22-cv-01300-BEN-MSB                    TUSIMPLE'S REPLY

**CERTIFICATE OF SERVICE**

I hereby certify that on this, the 3rd day of May 2023, I electronically transmitted a copy of this document to the Clerk's office using the CM/ECF system, which will send a notice of filing to all counsel of record.

/s/ *Kevin P. Muck*
Kevin P. Muck

Case No.: 3:22-cv-01300-BEN-MSB                    TUSIMPLE'S REPLY