Michael R. Smith (*pro hac vice*)
mrsmith@kslaw.com
Peter M. Starr (*pro hac vice*)
pstarr@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree St. NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600

Blake Zollar (SBN 268913)
blake@kzllp.com
**KONING ZOLLAR LLP**
169 Saxony Road, Suite 115
Encinitas, CA 92024
Telephone: (858) 252-3234

[Additional counsel on signature page]

*Attorneys for Defendants Brad Buss and Karen C. Francis*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN DICKER, INDIANA PUBLIC RETIREMENT SYSTEM, ROBERT MILLER, MICHELLE POIRIER, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br> v.<br><br>TUSIMPLE HOLDINGS, INC., GUOWEI "CHARLES" CHAO, XIAODI HOU, MO CHEN, BONNIE YI ZHANG, CHENG LU, PATRICK DILLON, BRAD BUSS, KAREN C. FRANCIS, MORGAN STANLEY & CO. LLC, CITIGROUP GLOBAL MARKETS, INC., J.P. MORGAN SECURITIES LLC, BOFA SECURITIES, INC., COWEN AND COMPANY, LLC, CREDIT SUISSE SECURITIES (USA) LLC, NOMURA SECURITIES INTERNATIONAL, INC., RBC CAPITAL MARKETS, LLC, NEEDHAM & COMPANY, LLC, OPPENHEIMER & CO., INC., PIPER SANDLER & CO., ROBERT W. BAIRD & CO. INCORPORATED, and VALUABLE CAPITAL LIMITED,<br><br>            Defendants. | Case No.: 3:22-cv-01300-JES-MSB (Consolidated with No. 3:23-cv-00282-BEN-MSB)<br><br>**DEFENDANTS BUSS' AND FRANCIS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**<br><br>Special Briefing Schedule Ordered<br><br>Judge: Hon. Roger T. Benitez<br>Courtroom: 5A<br>Date: March 18, 2024<br>Time: 10:30 AM<br><br>Filed concurrently with Notice of Motion and Motion to Dismiss |

## **TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................1
FACTUAL BACKGROUND .......................................................................................2
    A.   Allegations About Related Party Transactions ..............................3
    B.   Allegations Relating to the Safety of TuSimple's Technology ....4
    C.   Plaintiffs' Claims Against the Outside Directors..........................4
ARGUMENT .................................................................................................................5
I.  PLAINTIFFS DO NOT STATE A CLAIM FOR CONTROL PERSON
    LIABILITY AGAINST THE OUTSIDE DIRECTORS. .......................................5
    A.   Plaintiffs Do Not State a Section 15 Control Person Claim. ........5
    B.   Plaintiffs Do Not State a Section 20(a) Control Person Claim. ....7
II. PLAINTIFFS' SECTION 10(b) CLAIM AGAINST BUSS MUST BE
    DISMISSED..............................................................................................................8
    A.   Buss Cannot Be Liable For Statements He Did Not Make..........8
    B.   Plaintiffs Fail To Plead a Strong Inference of Buss' Scienter. ....10
CONCLUSION ............................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alaska Elec. Pension Fund v. Adecco S.A.*,
   371 F. Supp. 2d 1203 (S.D. Cal. 2005) ............................................................... 11

*In re Bare Escentuals, Inc. Sec. Litig.*,
   745 F. Supp. 2d 1052 (N.D. Cal. 2010) ................................................................ 7

*Boilermakers Nat. Annuity Tr. Fund v. WaMu Mortg.*
   *Pass Through Certs., Series AR1*,
   748 F. Supp. 2d 1246 (W.D. Wash. 2010) ........................................................ 6, 7

*Burgess v. Premier Corp.*,
   727 F.2d 826 (9th Cir. 1984) ............................................................................... 7

*In re Connectics Corp. Sec. Litig.*,
   542 F. Supp. 2d 996 (N.D. Cal. 2008) ............................................................... 11

*DeMarco v. DepoTech Corp.*,
   149 F. Supp. 2d 1212 (S.D. Cal. 2001) .............................................................. 10

*In re GlenFed, Inc. Sec. Litig.*,
   60 F.3d 591 (9th Cir. 1995) ................................................................................. 9

*In re Gupta Corp. Sec. Litig.*,
   900 F. Supp. 1217 (N.D. Cal. 1994) .................................................................... 5

*Hampton v. Aqua Metals, Inc.*,
   2020 WL 6710096 (N.D. Cal. Nov. 16, 2020) .................................................... 9

*Hollinger v. Titan Cap. Corp.*,
   914 F.2d 1564 (9th Cir. 1990) .......................................................................... 5, 8

*Howard v. Everex Sys., Inc.*,
   228 F.3d 1057 (9th Cir. 2000) .............................................................................. 6

*In re Impac Mortg. Holdings, Inc. Sec. Litig.*,
   554 F. Supp. 2d 1083 (C.D. Cal. 2008) ............................................................. 10

*Janus Capital Group, Inc. v. First Derivative Traders*,
   564 U.S. 135 (2011) ............................................................................. 1, 8, 9, 10

*Lilley v. Charren*,
    936 F. Supp. 708 (N.D. Cal. 1996)......................................................................6

*Mandalevy v. Bofi Holding, Inc.*,
    No. 17-cv-667-GPC (KSC), 2021 WL 794275
    (S.D. Cal. Mar. 2, 2021) ...................................................................................9

*Neborsky v. Valley Forge Composite Techs., Inc.*,
    No. 13-cv-2307-MMA (BGS), 2014 WL 1705522
    (S.D. Cal. Apr. 28, 2014) .................................................................................9

*In re Nextcard, Inc. Sec. Litig.*,
    2006 WL 708663 (N.D. Cal. Mar. 20, 2006) ...................................................7

*Nursing Home Pension Fund, Loc. 144 v. Oracle Corp.*,
    380 F.3d 1226 (9th Cir. 2004) ........................................................................10

*Oregon Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*,
    774 F.3d 598 (9th Cir. 2014) ..........................................................................10

*In re Peerless Sys., Corp. Sec. Litig.*,
    182 F. Supp. 2d 982 (S.D. Cal. 2002).............................................................11

*In re Peregrine Sys., Inc. Sec. Litig.*,
    No. 02-cv-870-BEN (RBB), 2005 WL 8158825
    (S.D. Cal. Mar. 30, 2005) ....................................................................5, 7, 9, 10

*Pino v. Cardone Cap., LLC*,
    55 F.4th 1253 (9th Cir. 2022) ..........................................................................5

*Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*,
    759 F.3d 1051 (9th Cir. 2014) ........................................................................12

*In re Quality Sys., Inc. Sec. Litig.*,
    865 F.3d 1130 (9th Cir. 2017) ........................................................................12

*S. Ferry LP, No. 2 v. Killinger*,
    542 F.3d 776 (9th Cir. 2008) ..........................................................................12

*In re Splash Tech. Holdings, Inc. Sec. Litig.*,
    2000 WL 1727405 (N.D. Cal. Sept. 29, 2000).................................................8

*Veal v. LendingClub Corp.*,
    423 F. Supp. 3d 785 (N.D. Cal. 2019)............................................................12

| | |
|---|---|
| *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981 (9th Cir. 2009) | 11, 12, 13 |

**Statutes**

| | |
|---|---|
| 15 U.S.C. § 77*o* | 5 |
| 15 U.S.C. §78j(b) | 8 |
| 15 U.S.C. § 78t | 7 |
| 15 U.S.C. § 78u-4(b)(2) | 10 |

**Other Authorities**

| | |
|---|---|
| 17 C.F.R. § 230.405 | 8 |

# INTRODUCTION

Among the 22 defendants named in the Consolidated Class Action Complaint ("CAC") are two former outside directors of TuSimple, Brad Buss and Karen C. Francis (the "Outside Directors"). Plaintiffs name the Outside Directors as defendants in the Securities Act claims based on the April 2021 IPO Registration Statement despite alleging that the Hydron transactions were unknown to the Outside Directors until they commenced an investigation into that issue in July 2022. On October 31, 2022, the Outside Directors and other Board members removed Defendant Hou as CEO of TuSimple. The CAC alleges that in response, Defendants Hou and Chen removed the Outside Directors from the TuSimple Board in November 2022. Plaintiffs' 402-paragraph complaint mentions the Outside Directors by name only a handful of times. And the majority of those allegations discuss only the Board positions they held or the fact that they were removed from the Board following their investigation. The CAC does not otherwise tie the Outside Directors to the related party or safety allegations of the CAC.

The CAC fails to state securities claims against the Outside Directors, either as direct violators or as alleged "control persons." *First*, as explained in TuSimple's Memorandum in Support of its Motion to Dismiss ("TuSimple's Brief"), Plaintiffs' Section 11 claims must be dismissed because they have not pled the falsity of any statement in TuSimple's April 2021 Registration Statement. *Second*, Plaintiffs also fail to plead control person claims under Section 15 (against both Outside Directors) and Section 20(a) (asserted only against Buss). Doing so requires pleading that the Outside Directors "directly or indirectly controlled" TuSimple. Such allegations are wholly absent from the CAC—which is unsurprising since neither Buss nor Francis were employees of TuSimple or had any responsibility for its operations. Plaintiffs make only conclusory allegations that the Outside Directors controlled TuSimple by virtue of their positions, which is both insufficient as a matter of law and contradicted

by other factual allegations. For example, Plaintiffs claim the Outside Directors were "controlling persons" who could direct TuSimple's affairs, but in the next breath allege that "Chen and Hou used their corporate control over TuSimple to oust the entire Audit Committee," including the Outside Directors. ¶ 108.[1]

*Third*, Plaintiffs' claim against Buss for alleged violations of Section 10(b) of the Exchange Act and SEC Rule 10b-5 fails because Buss is not alleged to have been the "maker" of *any* challenged statement, and Plaintiffs have not pled the falsity of such statements. Additionally, Plaintiffs make no attempt to plead particularized facts raising the required "strong inference" that Buss acted with scienter. All of Plaintiffs' claims against the Outside Directors should be dismissed.

## FACTUAL BACKGROUND

The Outside Directors join and incorporate by reference the "Factual Background" section of TuSimple's Brief. The following section summarizes additional allegations that are relevant to the Outside Directors.

Defendants Buss and Francis served on TuSimple's Board of Directors as outside directors from early 2021 until they were removed in November 2022. Buss served on the Board from January 2021 through November 10, 2022, during which time he chaired the Audit Committee and served on the Nominating and Corporate Governance Committee. ¶ 60. Francis served on the Board from February 2021 through November 10, 2022 and was a member of the Audit Committee and Compensation Committee. ¶ 69. As outside directors, neither Buss nor Francis were employees of TuSimple, *see* Ex. D, Prospectus at 132-33,[2] nor are they alleged to have had direct involvement in its day-to-day operations. Aside from TuSimple's April 2021 Registration Statement, neither Buss nor Francis is alleged to have made

---

[1] Cites to "¶_" refer to paragraphs of the CAC.
[2] All Exhibits cited herein are attached to the Declaration of William Paine, submitted in connection with TuSimple's Brief and Request for Judicial Notice. The Exhibits are either incorporated by reference in the CAC or subject to judicial notice.

any statement challenged by Plaintiffs. *See* ¶¶ 154-231.[3]

## A. Allegations About Related Party Transactions

Plaintiffs do not allege that the Outside Directors "launched Hydron" or engaged in or even knew about "undisclosed related party transactions with Hydron." ¶¶ 14-15. Rather, they allege that these transactions were "not presented to or approved by the Board or the Audit Committee" on which the Outside Directors served. ¶ 115. *See also* ¶ 156. Indeed, according to the CAC, it was in July 2022 when the Audit Committee—then chaired by Buss—began investigating TuSimple's interactions with Hydron, ¶ 257, and October 2022 when the Audit Committee announced interim findings from its "ongoing investigation," including that in 2022, TuSimple "shared confidential information with Hydron" while evaluating it "as a potential OEM partner," and that in 2021, TuSimple employees "spent paid hours" worth "less than $300,000" working for Hydron, ¶ 18. In the same release, TuSimple disclosed that the Board had "terminated the employment of Xiaodi Hou" (its CEO) and "removed Dr. Hou from his position as Chairman of the Board," effective October 30, 2022. *See* ¶ 19; Ex. N, 10/31/2022 Form 8-K at 2. On a November 1, 2022 conference call, Buss stated that the "decision to terminate the CEO [Hou]" was "made in connection with an ongoing internal investigation launched by the Audit Committee" in July 2022. ¶ 21.

Following that call, Plaintiffs allege that "Chen and Hou [used] their super-majority voting power to unravel the actions the Board undertook specifically to protect the Company's shareholders." ¶ 23. Specifically, Plaintiffs allege that on November 10, 2022, Hou and Chen used *their* control over TuSimple to remove

---

[3] The Outside Directors also signed TuSimple's 2021 Form 10-K, *see* ¶¶ 60, 69, but Plaintiffs only challenge statements made therein for their "Related Party Misrepresentations" claim under the Exchange Act, which is not asserted against either Outside Director. *See* ¶ 61 (noting Buss is "not named under the Exchange Act for the Related Party misrepresentations"); ¶ 365 (omitting Buss and Francis from Count IV's Exchange Act claim).

Buss, Francis, and the rest of the Audit Committee from the Board. *See* ¶ 24.

B. <u>**Allegations Relating to the Safety of TuSimple's Technology**</u>

The April 2021 Prospectus contained risk factors warning that TuSimple's performance and prospects could be harmed if "safety and reliability issues for autonomous driving technology cannot be addressed properly." Ex. D, Prospectus at 37, 39. Plaintiffs claim that "safety failures" made these warnings misleading because the risk warned about had already been realized. ¶¶ 123-39, 221-24. But the conclusion that there were "safety failures" contemporaneous with the Prospectus is not supported by well-pled facts. Plaintiffs plead only: (1) a wrongful termination suit filed by former employee John Lindland, who last worked at the Company in March 2020 (a year before the IPO), (2) an April 6, 2022 accident involving a TuSimple truck (and subsequent release of a YouTube video of that incident on July 25, 2022) (a year after the IPO), and (3) an August 1, 2022 article published by the *Wall Street Journal* ("WSJ") (16 months after the IPO). *See* ¶¶ 129-38. As discussed below, none of these sources are reliable or contemporaneous with the April 2021 Registration Statement, and all must be ignored.[4] But in any event, neither Buss nor Francis is alleged to have had any involvement with the circumstances referenced by those sources, or to have had any knowledge of them. *See, e.g.*, ¶¶ 130-31; ¶¶ 133, 213; and ¶¶ 136-38.

C. <u>**Plaintiffs' Claims Against the Outside Directors**</u>

Plaintiffs assert the following claims against Francis: violation of § 11 of the Securities Act (Count I); violation of § 12 of the Securities Act (Count II); and violation of § 15 of the Securities Act (Count III). The same claims are also asserted against Buss, plus additional claims for: violation of § 10(b) of the Exchange Act

---

[4] Plaintiffs have explicitly disclaimed the Lindland suit, April 2022 accident, and media coverage of the same as sources for their Section 11 claims. *See* ¶ 314 (no incorporation of paragraphs containing those allegations).

and SEC Rule 10b-5(b) for alleged Safety Misrepresentations (Count IV) and violation of § 20(a) of the Exchange Act (Count VI).

# **ARGUMENT**

The Outside Directors join and incorporate by reference the following Argument Sections of TuSimple's Brief: Sections I, II.B, III.A, III.C-D, and V. The Outside Directors additionally argue as follows:

## I. PLAINTIFFS DO NOT STATE A CLAIM FOR CONTROL PERSON LIABILITY AGAINST THE OUTSIDE DIRECTORS.

### A. Plaintiffs Do Not State a Section 15 Control Person Claim.

The CAC asserts control person claims under Section 15 of the Securities Act, 15 U.S.C. § 77*o*, against both Outside Directors. ¶ 352. "To state a claim under Section 15, a plaintiff must show that: (1) there is a primary violation of the Securities Act; and (2) the defendant directly or indirectly controlled the person or entity liable for the primary violation." *Pino v. Cardone Cap., LLC*, 55 F.4th 1253, 1257 (9th Cir. 2022).[5] Plaintiffs fail to plead a primary violation for the reasons stated in TuSimple's Brief (*see* Section I). But even if Plaintiffs had pled a primary violation, they independently fail to allege that the Outside Directors "directly or indirectly controlled" TuSimple.

In support of their Section 15 claims, Plaintiffs cite the positions held by Buss and Francis and make the conclusory assertion that this "allowed them to exercise control over TuSimple." *See* ¶¶ 360-61, 364. But it is well established that directors of a company do not become control persons merely because of their "status or position." *In re Peregrine Sys., Inc. Sec. Litig.*, No. 02-cv-870-BEN (RBB), 2005 WL 8158825, at *74 (S.D. Cal. Mar. 30, 2005). That is especially true where, as here, the alleged control persons are outside directors. *See In re Gupta Corp. Sec. Litig.*,

---

[5] The standards for controlling person liability are "the same" under both Section 15 of the Securities Act and Section 20(a) of the Exchange Act, discussed below. *See Hollinger v. Titan Cap. Corp.*, 914 F.2d 1564, 1578 (9th Cir. 1990).

900 F. Supp. 1217, 1243 (N.D. Cal. 1994) (no presumption of control for outside director); *Lilley v. Charren*, 936 F. Supp. 708, 717 (N.D. Cal. 1996) ("[S]tatus alone" is "insufficient" to plead that "outside directors" are control persons).

To state a control person claim, Plaintiffs must allege at least that Outside Directors Buss and Francis were "active in the day-to-day affairs of [TuSimple] or that [they] exercised … specific control over the preparation" of the challenged statements. *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1067 n.13 (9th Cir. 2000). Here, Plaintiffs plead no such facts, as opposed to naked conclusions that the Outside Directors did exercise or could have exercised control. They also make contrary allegations concerning control, including that TuSimple's employees' work for Hydron in 2021 "was not presented to or approved by the Board or the Audit Committee," ¶¶ 114-115, and that management—not the Outside Directors—effected "the secret transfer" of the Company's intellectual property to Hydron "without Board approval," ¶ 122. Finally, Plaintiffs allege that "Hou and Chen demonstrated their control … by **removing the entire Audit Committee** and others at TuSimple who were investigating Hou's related party scheme with Hydron." ¶ 363 (emphasis in original).[6]

Thus, Plaintiffs' boilerplate allegations of control as to the Outside Directors—which rely entirely on their positions (*see* ¶¶ 360-61)—are overridden by contrary allegations and are insufficient as a matter of law. *See Howard*, 228 F.3d at 1067 (affirming dismissal where plaintiff "points to [director's] general level of control but provides no specific indication that [he] supervised or had any responsibility for the [challenged statements]"); *Boilermakers Nat. Annuity Tr. Fund v. WaMu Mortg. Pass Through Certs., Series AR1*, 748 F. Supp. 2d 1246, 1257 (W.D. Wash. 2010) (allegations that individuals "were … directors" who "signed the

---

[6] *See also* ¶ 86 ("At all relevant times, TuSimple was controlled by Hou and Chen," who held "59% of the Company's voting power"); ¶ 108 ("Chen and Hou used their corporate control over TuSimple to oust the entire Audit Committee").

Registration Statements" held "insufficient to state a claim"); *In re Peregrine*, 2005 WL 8158825, at *75 (dismissing directors who signed allegedly false SEC filings due to absence of factual allegations showing "a control relationship, active involvement in the Company's day-to-day affairs, or control over the preparation and release of financial statements").

The allegations found lacking in *Boilermakers* are strikingly similar to those made here. In *Boilermakers*, the "Plaintiffs allege[d] the Individual Defendants [we]re control persons by virtue of his or her control." 748 F. Supp. 2d at 1257. Here, the CAC likewise alleges that the "Defendants … were control persons … by virtue of their positions … which allowed them to exercise control over TuSimple." ¶ 364. As the *Boilermakers* Court recognized, such "allegations are entirely circular"; they "offer[] no factual content that would establish a plausible claim" and instead amount to "conclusions of law." 748 F. Supp. 2d at 1257. Moreover, "making blanket allegations about the Individual Defendants makes no sense when … [they] held different positions." *Id.* (noting plaintiffs must allege "individualized facts").

### B. Plaintiffs Do Not State a Section 20(a) Control Person Claim.

Plaintiffs' claim under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a)—asserted only against Buss but not Francis (*see* ¶ 381)—fails for similar reasons. In support of this claim, Plaintiffs repeat verbatim the same, insufficient allegations about Buss that they made in connection with their Section 15 claim. *Compare* ¶ 389 *with* ¶ 360. These allegations do not adequately plead that Buss "exercised a significant degree of day to day operational control over the company, as the law requires." *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1081 (N.D. Cal. 2010) (dismissing § 20(a) claims against outside directors). *See also Burgess v. Premier Corp.*, 727 F.2d 826, 832 (9th Cir. 1984) (outside directors were not control persons where their day-to-day involvement was minimal); *In re Nextcard, Inc. Sec. Litig.*, 2006 WL 708663, at *5 (N.D. Cal. Mar. 20, 2006) (noting the dearth of "authority for the proposition that an outside director may be held liable

under § 20(a)"). The CAC does not, for example, "allege that [Buss] contacted x individual in [TuSimple] on y day, told him to pursue z policy, and [TuSimple] then pursued that policy." *In re Splash Tech. Holdings, Inc. Sec. Litig.*, 2000 WL 1727405, at *16 (N.D. Cal. Sept. 29, 2000). Nor does the CAC allege any facts suggesting Buss had the "power to direct or cause the direction of [TuSimple's] management and policies." *Hollinger*, 914 F.2d at 1572 n.16 (quoting the SEC's definition of control, codified at 17 C.F.R. § 230.405). The Section 20(a) claim must be dismissed.

## II. PLAINTIFFS' SECTION 10(b) CLAIM AGAINST BUSS MUST BE DISMISSED.

Plaintiffs seek to impose liability under Section 10(b) of the Exchange Act, 15 U.S.C. §78j(b), and SEC Rule 10b-5, against Buss (but not Francis) for alleged misstatements relating to the Company's safety record and prospects. Specifically, the CAC challenges fourteen statements made in SEC filings, earnings calls, blog posts, and other fora. *See* ¶¶ 196-231. These allegations fail for several reasons. *First*, Buss is not alleged to have made any of the fourteen safety statements challenged by Plaintiffs. *Second*, the falsity of the safety statements is not sufficiently alleged, as explained in TuSimple's Brief. And *Third*, Plaintiffs fail to allege particular facts raising the required strong inference that Buss acted with scienter.

### A. Buss Cannot Be Liable For Statements He Did Not Make.

Under the Supreme Court's decision in *Janus Capital Group, Inc. v. First Derivative Traders*, 564 U.S. 135, 141-42 (2011), only the "maker" of a statement— i.e., "the person … with ultimate authority over the statement, including its content and whether and how to communicate it"—can be liable for it. The CAC alleges that the safety statements challenged in paragraphs 196 to 231 of the CAC were made by others and <u>not</u> by Buss. *See, e.g.*, ¶ 199 (alleging "statements made by TuSimple, Lu, and Dillon"); ¶ 225 (alleging statements "made by TuSimple, Hou, and Dillon").

Despite specifying that someone other than Buss was the maker of each challenged safety statement, the CAC also includes boilerplate allegations that

"[e]ach of the defendants participated directly or indirectly in the preparation and/or issuance of the [challenged statements]" by virtue of "their positions of control and authority." ¶¶ 369, 371. Such conclusory allegations fall far short of "alleg[ing] specific facts" to show Buss' "ultimate authority over" the alleged misstatements. *Mandalevy v. Bofi Holding, Inc.*, No. 17-cv-667-GPC (KSC), 2021 WL 794275, at *7 (S.D. Cal. Mar. 2, 2021). *See also Neborsky v. Valley Forge Composite Techs., Inc.*, No. 13-cv-2307-MMA (BGS), 2014 WL 1705522, at *6 (S.D. Cal. Apr. 28, 2014) (director's "role within the company" is "insufficient … to find that [he] had ultimate authority over the statement"); *Hampton v. Aqua Metals, Inc.*, 2020 WL 6710096, at *17 (N.D. Cal. Nov. 16, 2020) (requiring "factual allegations" that officers were "responsible for or had ultimate authority over [the statements'] content").

The CAC is also fatally flawed because its factually unsupported conclusions rely on impermissible group pleading—i.e., allegations that do not distinguish between Defendants but rather, "treat all of the Defendants … as a unit for pleading purposes," *In re GlenFed, Inc. Sec. Litig.*, 60 F.3d 591, 593 (9th Cir. 1995). *See, e.g.*, ¶ 30 (alleging "defendants … misrepresented the performance and safety of TuSimple's" technology); ¶ 38 ("[D]efendants concealed fundamental problems…."); ¶ 368 (referring to "[d]efendants' false and misleading statements"). This Court has held that the "group pleading doctrine … contravene[s] the PSLRA's pleading requirements." *In re Peregrine*, 2005 WL 8158825, at *31. And group pleading is particularly inappropriate for outside directors who are not alleged to have "either participated in the day-to-day corporate activities, or had a special relationship with the corporation," *GlenFed*, 60 F.3d at 593. As *Janus* recognized, "attribution within a statement" is "strong evidence that a statement was made by— and only by—the party to whom it is attributed." 564 U.S. at 142-43. Here, none of the safety statements are attributed to Buss. He cannot be held liable for them. *See*

*In re Peregrine*, 2005 WL 8158825, at *37 (holding that under the PSLRA, "each Defendant's potential liability is limited to the respective statements they made").

### B. Plaintiffs Fail To Plead a Strong Inference of Buss' Scienter.

Plaintiffs' Section 10(b) claim against Buss also fails because Plaintiffs do not adequately allege his scienter. Under the PSLRA, a plaintiff must "state with particularity facts giving rise to a strong inference" that "each Defendant made a false or misleading statement with knowledge that the statement was false or recklessly disregarding that it was false at the time the statement was made." *In re Impac Mortg. Holdings, Inc. Sec. Litig.*, 554 F. Supp. 2d 1083, 1099 (C.D. Cal. 2008) (citing 15 U.S.C. § 78u-4(b)(2)). *See also Oregon Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 607 (9th Cir. 2014) ("[W]e require that the Plaintiffs allege scienter with respect to **each of the individual defendants**.") (emphasis added). Because the CAC fails to plead that Buss made *any* false safety statement, it necessarily fails to plead his scienter. *See DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1232 (S.D. Cal. 2001). Even setting that aside, the CAC fails to plead particularized facts showing Buss knew the safety statements were false when made.

*First*, Plaintiffs allege that Buss learned about TuSimple's Hydron interactions no earlier than July 2022, *see* ¶ 257, and had not begun investigating them when the last statement alleged to be false by virtue of omissions about Hydron was made. *See* ¶¶ 181-184; TuSimple Brief at § II.A.1 (discussing TuSimple's April 2022 Proxy Statement). That statement—made in April 2022—came before any fact pleaded in the Complaint suggests that the Outside Directors knew anything about Hydron.

*Second*, Plaintiffs do not identify any facts in Buss' possession that would make him aware of the falsity of any alleged safety statement. *See Nursing Home Pension Fund, Loc. 144 v. Oracle Corp.*, 380 F.3d 1226, 1230 (9th Cir. 2004) ("The most direct way to show … that the party making the statement knew that it was false is via contemporaneous reports or data, available to the party, which contradict

the statement."). Instead, the CAC pleads that scienter can be inferred because (1) TuSimple's "corporate culture … suppressed or ignored safety concerns in favor of" an aggressive "schedule" and (2) the Company "[f]ail[ed] to [u]tilize [c]ommon [s]afeguards." ¶¶ 239-45. Those are not well-pled facts, and even if accepted, they say nothing about the knowledge or state of mind of an outside director like Buss.

Plaintiffs' scienter allegations regarding the safety statements also rely on an August 1, 2022 WSJ article and a lawsuit filed by former employee John Lindland in March 2021. *See, e.g.*, ¶¶ 241-44. These allegations fail to plead Buss' scienter for multiple reasons. To start, the WSJ article relies on unnamed "former employees," *see* ¶ 138,[7] but Plaintiffs do not plead "sufficient detail" about those individuals "to establish their reliability and personal knowledge." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 995 (9th Cir. 2009). Nor may Plaintiffs repackage unproven allegations made in Lindland's wrongful termination suit. *See In re Connectics Corp. Sec. Litig.*, 542 F. Supp. 2d 996, 1005-06 (N.D. Cal. 2008); TuSimple's Brief at § II.B.2. Regardless, those sources add nothing to Buss' scienter because the CAC does not and cannot allege that either source mentions Buss at all or that he ever knew anything about them.

*Second*, without specific facts tying Buss to knowledge of safety failings, Plaintiffs repeat the tired refrain that "defendants had actual knowledge of the false and misleading statements" by "virtue of their positions at TuSimple." ¶ 370; *see also* ¶ 232 (alleging that Defendants "received information reflecting the true facts regarding TuSimple via their positions"). But "a defendant's position in the company does not, without more, create a strong inference of scienter." *Alaska Elec. Pension Fund v. Adecco S.A.*, 371 F. Supp. 2d 1203, 1217 (S.D. Cal. 2005). *See also In re Peerless Sys., Corp. Sec. Litig.*, 182 F. Supp. 2d 982, 993 (S.D. Cal. 2002) (noting

---

[7] The August 1, 2022 WSJ article, which is incorporated by reference in the CAC, is available at https://www.wsj.com/articles/self-driving-truck-accident-draws-attention-to-safety-at-tusimple-11659346202.

many decisions "hold that a complaint does not adequately plead scienter by claiming that key officers knew the true facts by virtue of their … positions").

*Third*, none of the alleged post-class period events give rise to a strong inference of Buss's purported scienter—they instead undermine it. *See* ¶¶ 246-54. Neither Buss's removal from his position as outside director by Hou and Chen while investigating Hydron issues nor KPMG's later resignation as auditor logically suggest that Buss knew a statement made by someone else was false. *Compare* ¶¶ 247-48 Plaintiffs plead nonsense in concluding that Buss' involuntary removal from the Board is somehow indicative of his scienter. The same is true of KPMG's later resignation as the Company's auditor. ¶¶ 250, 260.

*Fourth*, the Court should reject Plaintiffs' attempt to plead scienter by alleging that the misstatements concern TuSimple's "core operations." *See* ¶¶ 268-73. Scienter can only be premised on "core operations" allegations in an "exceedingly rare category of cases," *S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 785 n.3 (9th Cir. 2008), where Plaintiffs either (1) plead "specific admissions from top executives that they are involved in every detail of the company" or (2) where "the nature of the [allegedly misrepresented] fact is of such prominence that it would be 'absurd' to suggest that management was without knowledge of the matter," *Zucco*, 552 F.3d at 1000. For the reasons explained in TuSimple's Brief (*see* Sections III.B-C), Plaintiffs have not cleared this high bar here.

*Finally*, the CAC is notable for what it does not allege. There are no allegations "linking specific [contradictory] reports and their contents to [Buss]." *Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1063 (9th Cir. 2014). There are no allegations from confidential witnesses suggesting Buss was aware of TuSimple's alleged disregard for safety. *See, e.g.*, *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1145 (9th Cir. 2017). There is no allegation that Buss had knowledge of or participated in any malfeasance. *See Veal v. LendingClub Corp.*, 423 F. Supp. 3d 785, 813 (N.D. Cal. 2019). And Plaintiffs do not allege Buss made

1 "suspicious stock sales" (or that he sold any stock whatsoever). *See, e.g.*, *Zucco*, 552 F.3d at 1005. In light of these omissions—and Buss' status as an outside director who was ousted while investigating the subject matter of one of the alleged frauds here—Plaintiffs fail to raise the required strong inference of scienter. Indeed, the far more compelling inference is non-fraudulent. *See id.* at 991 (noting that a "court must compare the malicious and innocent inferences" drawn from the alleged facts).

## **CONCLUSION**

For the forgoing reasons, the Court should dismiss the CAC's claims against Defendants Buss and Francis.

Dated: December 8, 2023          Respectfully submitted,

*/s/ Blake Zollar*
BLAKE ZOLLAR (SBN 268913)
blake@kzllp.com
**KONING ZOLLAR LLP**
169 Saxony Road, Suite 115
Encinitas, CA 92024
Telephone:    (858) 252-3234

JAMIE A. LANG (California SBN 253769)
jlang@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Telephone:    (213) 443-4355

MICHAEL R. SMITH, *pro hac vice*
mrsmith@kslaw.com
PETER M. STARR, *pro hac vice*
pstarr@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree Street NE, Suite 1600
Atlanta, GA 30309
Telephone:    (404) 572-4600

*Attorneys for Defendants Brad W. Buss and Karen C. Francis*