Kevin P. Muck (California SBN 120918)
  kevin.muck@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
One Front Street, Suite 3500, San Francisco, CA 94111
Tel: (628) 235-1000 / Fax: (628) 235-1001

William Paine, *pro hac vice*
  william.paine@wilmerhale.com
Robert Kingsley Smith, *pro hac vice*
  robert.smith@wilmerhale.com
Sonia Sujanani, *pro hac vice*
  sonia.sujanani@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street, Boston, MA 02109
Tel: (617) 526-6759

Elaine F. Harwell (California SBN 242551)
  elaine.harwell@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH, LLP
525 B Street, Suite 2200, San Diego, CA 92101
Tel: (619) 238-1900 / Fax: (619) 235-0398

*Attorneys for Defendant TuSimple Holdings, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN DICKER, INDIANA PUBLIC RETIREMENT SYSTEM, ROBERT MILLER, MICHELLE POIRIER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TUSIMPLE HOLDINGS, INC., GUOWEI "CHARLES" CHAO, XIAODI HOU, MO CHEN, BONNIE YI ZHANG, CHENG LU, PATRICK DILLON, BRAD BUSS, KAREN C. FRANCIS, MORGAN STANLEY & CO. LLC, CITIGROUP GLOBAL MARKETS, INC., J.P. MORGAN SECURITIES LLC, BOFA SECURITIES, INC., COWEN AND COMPANY, LLC, CREDIT SUISSE SECURITIES (USA) LLC, NOMURA SECURITIES INTERNATIONAL, INC., RBC CAPITAL MARKETS, LLC, NEEDHAM & COMPANY, LLC, | Case No.: 3:22-cv-01300-BEN-MSB (Consolidated with No. 3:23-cv-00282-BEN-MSB)<br><br>**TUSIMPLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>Judge: Hon. Roger T. Benitez<br>Courtroom: 5A<br><br>Date: March 18, 2024<br>Time: 10:30 am |

- 1 -

Case No. 3:22-cv-01300-BEN-MSB                REQUEST FOR JUDICIAL NOTICE

OPPENHEIMER & CO., INC., PIPER SANDLER & CO., ROBERT W. BAIRD & CO. INCORPORATED, and VALUABLE CAPITAL LIMITED,

Defendants.

Defendant TuSimple Holdings, Inc. ("TuSimple") hereby requests that the Court consider the documents identified below in connection with TuSimple's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint ("Amended Complaint" or "CAC").

When considering a motion to dismiss in a case governed by the Private Securities Litigation Reform Act, it is proper to consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.,* 551 U.S. 308, 322 (2007); *see Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1185 (9th Cir. 2021). The documents listed below, attached as **Exhibits B-Y** to the accompanying Declaration of William Paine, are subject to judicial notice and/or the incorporation by reference doctrine. **Exhibits B-P and R-Y** are subject to judicial notice, and **Exhibits B-H, J-R, and T-V** are subject to the incorporation by reference doctrine:

**Exhibit B**: Exhibit 21.1 to TuSimple's Form S-1, filed with the United States Securities and Exchange Commission ("SEC") on March 23, 2021. This document is referred to, quoted and/or relied upon in the CAC, including in Paragraph 327. TuSimple's Form S-1 contains statements that Plaintiffs challenge as false and/or misleading, and, therefore, forms the basis of Plaintiffs' claims.

**Exhibit C**: An excerpt from Exhibit 1.1 to TuSimple's Form S-1/A, filed with the United States Securities and Exchange Commission ("SEC") on April 7, 2021. This document is referred to, quoted and/or relied upon in the CAC, including in Paragraphs 4, 5, 8, 14, 85, 90, 101, 155, 158–63, 269–70, 305, 316–19, 323, 326, 328–31, 333–36, 342, 344, 345–49, and 364. TuSimple's Form S-1/A contains statements that Plaintiffs challenge as false and/or misleading, and, therefore, forms the basis of Plaintiffs' claims.

- 2 -

**Exhibit D**: An excerpt from TuSimple's Form 424B4, filed with the United States Securities and Exchange Commission ("SEC") on April 16, 2021. This document is referred to, quoted and/or relied upon in the CAC, including in Paragraphs 4, 5, 8, 14, 85, 90, 101, 155, 158–63, 269–70, 305, 316–19, 323, 326, 328–331, 333–36, 342, 344, 345–49, and 364. TuSimple's Form 424B4 contains statements that Plaintiffs challenge as false and/or misleading, and, therefore, forms the basis of Plaintiffs' claims.

**Exhibit E**: Guowei "Charles" Chao's Form 4, filed with the United States Securities and Exchange Commission ("SEC") on April 21, 2021. This document is referred to, quoted and/or relied upon in the CAC, including in Paragraph 262. This document forms the basis of Plaintiffs' claims concerning Charles Chao's stock sales.

**Exhibit F**: An excerpt from TuSimple's Form 10-Q, filed with the United States Securities and Exchange Commission ("SEC") on May 11, 2021. This document is referred to, quoted and/or relied upon in the CAC, including in Paragraphs 58–59, and 164–67. This document contains statements that Plaintiffs challenge as false and/or misleading, and, therefore, forms the basis of Plaintiffs' claims.

**Exhibit G**: TuSimple's Form 8-K, filed with the United States Securities and Exchange Commission ("SEC") on August 5, 2021. This document is referred to, quoted and/or relied upon in the CAC, including in Paragraphs 59, and 168–69. This document contains statements that Plaintiffs challenge as false and/or misleading, and, therefore, forms the basis of Plaintiffs' claims.

**Exhibit H**: An excerpt from TuSimple's Form 10-Q, filed with the United States Securities and Exchange Commission ("SEC") on August 6, 2021. This document is referred to, quoted and/or relied upon in the CAC, including in Paragraphs 58, and 170–72. This document contains statements that Plaintiffs challenge as false and/or misleading, and, therefore, forms the basis of Plaintiffs' claims.

**Exhibit I**: TuSimple's Form 8-K, filed with the United States Securities and Exchange Commission ("SEC") on August 16, 2021.

**Exhibit J**: An excerpt from TuSimple's Form 10-Q, filed with the United States Securities and Exchange Commission ("SEC") on November 4, 2021. This document is referred to, quoted and/or relied upon in the CAC, including in Paragraphs 58–59, and 173–75. This document contains statements that

- 3 -

Plaintiffs challenge as false and/or misleading, and, therefore, forms the basis of Plaintiffs' claims.

**Exhibit K**: An excerpt from TuSimple's Form 10-K, filed with the United States Securities and Exchange Commission ("SEC") on February 24, 2022. This document is referred to, quoted and/or relied upon in the CAC, including in Paragraphs 58–59, and 176–78. This document contains statements that Plaintiffs challenge as false and/or misleading, and, therefore, forms the basis of Plaintiffs' claims.

**Exhibit L**: An excerpt from TuSimple's Schedule 14A Proxy Statement, filed with the United States Securities and Exchange Commission ("SEC") on April 29, 2022. This document is referred to, quoted and/or relied upon in the CAC, including in Paragraphs 111, and 181–84. This document contains statements that Plaintiffs challenge as false and/or misleading, and, therefore, forms the basis of Plaintiffs' claims.

**Exhibit M**: An excerpt from TuSimple's Form 10-Q, filed with the United States Securities and Exchange Commission ("SEC") on May 4, 2022. This document is referred to, quoted and/or relied upon in the CAC, including in Paragraphs 53, 59, 187–88, and 220–25. This document contains statements that Plaintiffs challenge as false and/or misleading, and, therefore, forms the basis of Plaintiffs' claims.

**Exhibit N**: TuSimple's Form 8-K, filed with the United States Securities and Exchange Commission ("SEC") on October 31, 2022. This document is referred to, quoted and/or relied upon in the CAC, including in Paragraphs 18, 112, 114, 116, 163, 167, 169, 172, 175, 178, 180, 184, 188, 190, 195, 259, 262, and 287. This document contains statements that Plaintiffs allege constitute corrective disclosures, and, therefore, forms the basis of Plaintiffs' claims.

**Exhibit O**: Exhibit 99.1 to TuSimple's Form 8-K, filed with the United States Securities and Exchange Commission ("SEC") on October 31, 2022. This document is referred to, quoted and/or relied upon in the CAC, including in Paragraphs 18, 112, 114, 116, 163, 167, 169, 172, 175, 178, 180, 184, 188, 190, 195, 259, 262, and 287. This document contains statements that Plaintiffs allege constitute corrective disclosures, and, therefore, forms the basis of Plaintiffs' claims.

**Exhibit P**: TuSimple's Form 8-K, filed with the United States Securities and Exchange Commission ("SEC") on November 10, 2022. This document is

- 4 -

referred to, quoted and/or relied upon in the CAC, including in Paragraphs 120, 248, 363, and 391. This document contains statements that Plaintiffs allege constitute corrective disclosures, and, therefore, forms the basis of Plaintiffs' claims.

**Exhibit Q**: A press release issued by Hydron, Inc. on June 10, 2022, originally published on Hydron, Inc.'s website and now publicly available at https://www.prnewswire.com/news-releases/tusimple-co-founder-mo-chen-launches-hydron-producing-hydrogen-powered-autonomous-ready-freight-trucks-301565500.html#:~:text=LOS%20ANGELES%2C%20June%2010%2C%202022,with%20L4%20autonomous%20driving%20technology (last accessed Dec. 4, 2023). This document is referred to, quoted and/or relied upon in the CAC, including in Paragraph 91. This document contains statements that Plaintiffs allege constitute corrective disclosures, and, therefore, forms the basis of Plaintiffs' claims.

**Exhibit R**: A blog post issued by TuSimple on July 26, 2022, publicly available at https://www.tusimple.com/blogs/prioritizing-safety/ (last accessed Dec. 4, 2023). This document is referred to, quoted and/or relied upon in the CAC, including in Paragraphs 214, 216, and 228–30. This document contains statements that Plaintiffs challenge as false and/or misleading, and, therefore, forms the basis of Plaintiffs' claims.

**Exhibit S**: An excerpt from TuSimple's Form 8-K, filed with the United States Securities and Exchange Commission ("SEC") on December 16, 2022.

**Exhibit T**: Cheng Lu's Form 3, filed with the United States Securities and Exchange Commission ("SEC") on April 14, 2021. This document is referred to, quoted and/or relied upon in the CAC, including in Paragraphs 263 and 267. This document forms the basis of Plaintiffs' claims concerning Cheng Lu's stock sales.

**Exhibit U**: Cheng Lu's Form 4, filed with the United States Securities and Exchange Commission ("SEC") on September 7, 2021. This document is referred to, quoted and/or relied upon in the CAC, including in Paragraphs 263 and 267. This document forms the basis of Plaintiffs' claims concerning Cheng Lu's stock sales.

**Exhibit V**: Cheng Lu's Form 3, filed with the United States Securities and Exchange Commission ("SEC") on November 21, 2022. This document is referred to, quoted and/or relied upon in the CAC, including in Paragraphs

- 5 -

263 and 267.  This document forms the basis of Plaintiffs' claims concerning Cheng Lu's stock sales.

**Exhibit W**: TuSimple's market capitalization on June 29, 2021, as obtained from https://companiesmarketcap.com/tusimple/marketcap/.

**Exhibit X**: The National Highway Traffic Safety Administration's ("NHTSA") "Levels of Automation" webpage, obtained from the NHTSA's website at https://www.nhtsa.gov/sites/nhtsa.gov/files/2022-05/Level-of-Automation-052522-tag.pdf.

**Exhibit Y**: TuSimple's Schedule 14F-1 Information Statement, filed with the United States Securities and Exchange Commission ("SEC") on December 29, 2022.

### Exhibits B-P and R-Y Are All Properly Subject to Judicial Notice

Exhibits B-P and R-Y are all subject to judicial notice.

*SEC filings*.    Pursuant to Fed. R. Evid. 201, courts routinely take judicial notice of SEC filings (Exhibits B-P, S-V, Y-Y), particularly in cases brought under the federal securities laws.  *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *Eng v. Edison Int'l*, 2017 WL 1857243, at *3 n.6 (S.D. Cal. May 5, 2017).

*Other publicly available information*.  The contents of documents, materials, and information publicly available on a company's or government agency's website—including the blog post issued by TuSimple on July 26, 2022 (Exhibit R) and the NHTSA's "Levels of Automation" webpage (Exhibit X)—are subject to judicial notice.  *See, e.g.*, *Gallagher v. Philipps*, 563 F. Supp. 3d 1048, 1071 (S.D. Cal. 2021) ("[A] court may take judicial notice of public records of . . . information posted on government websites, and may also take notice of undisputed information on a private entity's website." (quotation omitted)); *Miller v. Easy Day Studios Pty Ltd.*, 2021 WL 4209205, at *3 (S.D. Cal. Sept. 16, 2021) (taking judicial notice of

- 6 -

company's website); *Loomis v. Slendertone Distrib., Inc.*, 420 F. Supp. 3d 1046, 1062 (S.D. Cal. 2019) (taking judicial notice of federal agency's website).

_Financial Information._  Judicial notice of TuSimple's market capitalization (Exhibit W), which is based on the Company's publicly reported stock price, is proper because such information is readily ascertainable and not subject to reasonable dispute.  *See, e.g.*, *In re Progenity, Inc. Sec. Litig.*, 2023 WL 219345, at *4 (S.D. Cal. Jan. 13, 2023) (taking judicial notice of company's stock price history); *In re StockerYale*, 453 F. Supp. 2d 345, 348 (D.N.H. 2006) (indicating that a company's market capitalization would be a proper subject of judicial notice).

### Exhibits B-H, J-R, and T-V Are Incorporated by Reference

Because the Amended Complaint refers to, quotes and/or relies on portions of Exhibits B-H, J-R, and T-V the incorporation-by-reference doctrine allows the Court to consider those exhibits on a motion to dismiss.  *See, e.g.*, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *Arellano v. Santos*, 2020 WL 1275650, at *3 (S.D. Cal. Mar. 16, 2020) ("[A] document may be incorporated by reference into a complaint, even if it is not physically attached to the complaint, if the plaintiff refers extensively to the document or the document forms the basis of [their] claim." (quotation omitted)); *In re InfoSonics Corp. Sec. Litig.*, 2007 WL 2301757, at *5, n.2 (S.D. Cal. Aug. 7, 2007) (SEC filings were incorporated by reference when allegations in complaint relied upon information in filings).

Dated:  December 8, 2023          Respectfully submitted,

/s/ William Paine

Kevin P. Muck
WILMER CUTLER PICKERING
  HALE AND DORR LLP

- 7 -

One Front Street, Suite 3500
San Francisco, CA 94111

William Paine
   *Pro hac vice*
Robert Kingsley Smith
   *Pro hac vice*
Sonia Sujanani
   *Pro hac vice*
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109

Elaine Harwell
PROCOPIO CORY
   HARGREAVES & SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101

*Counsel for Defendant TuSimple Holdings, Inc.*

- 8 -

**CERTIFICATE OF SERVICE**

I, William Paine, hereby certify that on December 8, 2023, I caused a true and correct copy of this Request for Judicial Notice in Support of TuSimple's Motion to Dismiss to be served upon counsel of record via the CM/ECF system and caused the mailing of the same to the non-CM/ECF participants requiring notice.

Dated: December 8, 2023          */s/ William Paine*

- 9 -