# EXHIBIT C

**Exhibit 1.1**

**[●] Shares**

**TUSIMPLE HOLDINGS INC.**

**CLASS A COMMON STOCK (PAR VALUE $0.0001 PER SHARE)**

**UNDERWRITING AGREEMENT**

**[●]**, 2021

[●], 2021

Morgan Stanley & Co. LLC
Citigroup Global Markets Inc.
J.P. Morgan Securities LLC

As Representatives of the several Underwriters named in Schedule I hereto

c/o Morgan Stanley & Co. LLC
   1585 Broadway
   New York, New York 10036

c/o Citigroup Global Markets Inc.
   388 Greenwich Street
   New York, New York 10013

c/o J.P. Morgan Securities LLC
   383 Madison Avenue
   New York, New York 10179

Ladies and Gentlemen:

TuSimple Holdings Inc., a Delaware corporation (the "**Company**"), proposes to issue and sell to the several Underwriters named in Schedule I hereto (the "**Underwriters**"), and a certain stockholder of the Company (the "**Selling Stockholder**") named in Schedule II hereto proposes to sell to the several Underwriters, an aggregate of [●] shares of the Class A common stock, par value $0.0001 per share, of the Company (the "**Firm Shares**"), of which [●] shares are to be issued and sold by the Company and [●] shares are to be sold by the Selling Stockholder.

The Selling Stockholder also proposes to issue and sell to the several Underwriters not more than an additional [●] shares of its Class A common stock, par value $0.0001 per share, (the "**Additional Shares**") if and to the extent that Morgan Stanley & Co. LLC, Citigroup Global Markets Inc. and J.P. Morgan Securities LLC, as representatives of the several Underwriters (the "**Representatives**"), shall have determined to exercise, on behalf of the Underwriters, the right to purchase such shares of Class A common stock granted to the Underwriters in Section 3 hereof. The Firm Shares and the Additional Shares are hereinafter collectively referred to as the "**Shares.**" The shares of Class A common stock and Class B common stock, each par value $0.0001 per share, of the Company to be outstanding after giving effect to the sales contemplated hereby are hereinafter referred to as the "**Common Stock**." The Company and the Selling Stockholder are hereinafter sometimes collectively referred to as the "**Sellers**."

1

Ex. C

17

The Company has filed with the Securities and Exchange Commission (the "**Commission**") a registration statement on Form S-1 (File No. 333-254616) including a preliminary prospectus, relating to the Shares. The registration statement as amended at the time it becomes effective, including the information (if any) deemed to be part of the registration statement at the time of effectiveness pursuant to Rule 430A under the Securities Act of 1933, as amended (the "**Securities Act**"), is hereinafter referred to as the "**Registration Statement**"; the prospectus in the form first used to confirm sales of Shares (or in the form first made available to the Underwriters by the Company to meet requests of purchasers pursuant to Rule 173 under the Securities Act) is hereinafter referred to as the "**Prospectus**." If the Company has filed an abbreviated registration statement to register additional shares of Common Stock pursuant to Rule 462(b) under the Securities Act (a "**Rule 462 Registration Statement**"), then any reference herein to the term "**Registration Statement**" shall be deemed to include such Rule 462 Registration Statement.

For purposes of this Underwriting Agreement (this "**Agreement**"), "**free writing prospectus**" has the meaning set forth in Rule 405 under the Securities Act, "**preliminary prospectus**" shall mean each prospectus used prior to the effectiveness of the Registration Statement, and each prospectus that omitted information pursuant to Rule 430A under the Securities Act that was used after such effectiveness and prior to the execution and delivery of this Agreement, "**Time of Sale Prospectus**" means the preliminary prospectus contained in the Registration Statement at the time of its effectiveness together with the documents and pricing information set forth in Schedule III hereto, and "**broadly available road show**" means a "bona fide electronic road show" as defined in Rule 433(h)(5) under the Securities Act that has been made available without restriction to any person. For purposes of this Agreement, (a) except where otherwise expressly provided, the term "**affiliate**" has the meaning set forth in Rule 405 under the Securities Act; (b) the term "**business day**" means any day other than a day on which banks are permitted or required to be closed in New York City; and (c) the term "**subsidiary**" has the meaning set forth in Rule 405 under the Securities Act. As used herein, the terms "Registration Statement," "preliminary prospectus", "Time of Sale Prospectus" and "Prospectus" shall include the documents, if any, incorporated by reference therein as of the date hereof.

Each of Morgan Stanley & Co. LLC and Valuable Capital Limited has agreed to reserve a portion of the Shares to be purchased by it under this Agreement for sale to the Company's directors, officers, employees and business associates and other parties related to the Company (collectively, "**Participants**"), as set forth in each of the Time of Sale Prospectus and the Prospectus under the heading "Underwriters" (the "**Directed Share Program**"). The Shares to be sold by Morgan Stanley & Co. LLC, Valuable Capital Limited, and their respective affiliates pursuant to the Directed Share Program, at the direction of the Company, are referred to hereinafter as the "**Directed Shares**". Any Directed Shares not orally confirmed for purchase by any Participant by the end of the business day on which this Agreement is executed will be offered to the public by the Underwriters as set forth in the Prospectus.

1. *Representations and Warranties of the Company*. The Company represents and warrants to and agrees with each of the Underwriters that:

(a) The Registration Statement has become effective; no stop order suspending the effectiveness of the Registration Statement is in effect, and no proceedings for such purpose or pursuant to Section 8A under the Securities Act are pending before or, to the knowledge of the Company, threatened by the Commission.

(b) (i) The Registration Statement, when it became effective, did not contain and, as amended or supplemented, if applicable, as of the date of such amendment or supplement, will not contain any untrue statement of a material fact or omit to state a material fact required to be stated therein or necessary to make the statements therein not misleading, (ii) the Registration Statement and the Prospectus comply and, as amended or supplemented, if applicable, will as of the date of such amendment or supplement, comply in all material respects with the Securities Act and the applicable rules and regulations of the Commission thereunder, (iii) the Time of Sale Prospectus does not, and at the time of each sale of the Shares in connection with the offering when the Prospectus is not yet available to prospective purchasers and at the Closing Date (as defined in Section 5), the Time of Sale Prospectus, as then amended or supplemented by the Company, if applicable, will not, contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements therein, in the light of the circumstances under which they were made, not misleading, (iv) each broadly available road show, if any, when considered together with the Time of Sale Prospectus, does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements therein, in the light of the circumstances under which they were made, not misleading and (v) the Prospectus, as of its date, does not contain and, as amended or supplemented, if applicable, will not contain, as of the date of such amendment or supplement and as of the Closing Date and any Option Closing Date (as defined in Section 3), any untrue statement of a material fact or omit to state a material fact necessary to make the statements therein, in the light of the circumstances under which they were made, not misleading, except that the representations and warranties set forth in this paragraph do not apply to statements or omissions in the Registration Statement, the Time of Sale Prospectus or the Prospectus based upon information relating to any Underwriter furnished to the Company in writing by or on behalf of any such Underwriter through the Representatives expressly for use therein.

(c) The Company is not an "ineligible issuer" in connection with the offering pursuant to Rules 164, 405 and 433 under the Securities Act. Any free writing prospectus that the Company is required to file pursuant to Rule 433(d) under the Securities Act has been, or will be, filed with the Commission in accordance with the requirements of the

3

Ex. C

19