QUINN EMANUEL URQUHART & SULLIVAN, LLP
R. Brian Timmons (Bar No. 155916)
briantimmons@quinnemanuel.com
James R. Asperger (Bar No. 083188)
jimasperger@quinnemanuel.com
Joseph Sarles (Bar No. 254750)
josephsarles@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendant Xiaodi Hou*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN DICKER, INDIANA PUBLIC RETIREMENT SYSTEM, ROBERT MILLER, MICHELLE POIRIER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TUSIMPLE HOLDINGS, INC., GUOWEI "CHARLES" CHAO, XIAODI HOU, MO CHEN, BONNIE YI ZHANG, CHENG LU, PATRICK DILLON, BRAD BUSS, KAREN C. FRANCIS, MORGAN STANLEY & CO. LLC, CITIGROUP GLOBAL MARKETS, INC., J.P. MORGAN SECURITIES LLC, BOFA SECURITIES, INC., COWEN AND COMPANY, LLC, CREDIT SUISSE SECURITIES (USA) LLC, NOMURA SECURITIES INTERNATIONAL, INC., RBC CAPITAL MARKETS, LLC, NEEDHAM & COMPANY, LLC, OPPENHEIMER & CO., INC., PIPER SANDLER & CO., ROBERT W. BAIRD & CO. INCORPORATED, and VALUABLE CAPITAL LIMITED,<br><br>Defendants. | Case No.: 3:22-cv-01300-BEN-MSB (Consolidated with No. 3:23-cv-00282-BEN-MSB)<br><br>**DEFENDANT XIAODI HOU'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**<br><br>Judge: Hon. Roger T. Benitez<br>Courtroom: 5A<br><br>Date: March 18, 2024<br>Time: 10:30 am |

3:22-cv-01300-BEN-MSB

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................... 1

BACKGROUND & RELEVANT ALLEGATIONS ................................................... 2

ARGUMENT ............................................................................................................. 5

I.    THE CAC FAILS TO PLEAD SCIENTER AS TO DR. HOU........................ 5

    A.    Plaintiffs Lack A Rational Theory Of Scienter As To Dr. Hou ............ 5

    B.    The CAC Does Not Allege Dr. Hou Had Knowledge Of Materiality Or Requisite Culpability With Respect To Related Party Issues............................................................................................ 6

    C.    Plaintiffs' Safety Allegations Do Not Suffice For Scienter................... 7

    D.    Dr. Hou's Lack of Financial Benefit Negates Scienter ........................ 8

II.   THE CAC DOES NOT ADEQUATELY PLEAD SCHEME LIABILITY .................................................................................................... 9

III.  PLAINTIFFS FAIL TO PLEAD LOSS CAUSATION ................................. 10

CONCLUSION....................................................................................................... 11

DEFENDANT XIAODI HOU'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re A-Power Energy Generation Sys. Ltd. Sec. Litig.*,
2012 WL 1983341 (C.D. Cal. May 31, 2012)......................................................9

*Acito v. IMCERA Group, Inc.*,
47 F.3d 47 (2d Cir. 1995) ...................................................................................7

*In re BofI Holding, Inc. Sec. Litig.*,
977 F.3d 781 (9th Cir. 2020) .............................................................................10

*Bonanno v. Cellular Biomedicine Grp., Inc.*,
2016 WL 2937483 (N.D. Cal. May 20, 2016) ...................................................11

*In re Ceridian Corp. Sec. Litig.*,
542 F.3d 240 (8th Cir. 2008) ..............................................................................8

*City of Brockton Ret. Sys. v. Avon Prods., Inc.*,
2014 WL 4832321 (S.D.N.Y. Sept. 29, 2014) ...................................................8

*City of Livonia Employees' Ret. Sys. & Loc. 295/Loc. 851 v. Boeing Co.*,
711 F.3d 754 (7th Cir. 2013)..............................................................................8

*Conde v. Sensa*,
259 F. Supp. 3d 1064 (S.D. Cal. 2017) ..............................................................7

*Destfino v. Reiswig*,
630 F.3d 952 (9th Cir. 2011)..............................................................................9

*DSAM Glob. Value Fund v. Altris Software, Inc.*,
288 F.3d 385 (9th Cir. 2002)..............................................................................7

*In re Eastman Kodak Co. Sec. Litig.*,
632 F. Supp. 3d 169 (W.D.N.Y. 2022) ...............................................................9

*Eng v. Edison Int'l*,
2016 WL 4793185 (S.D. Cal. Sept. 14, 2016) ..................................................10

*In re FVC.com Securities Litigation*,
136 F. Supp. 2d 1031 (N.D. Cal. 2000)..............................................................8

DEFENDANT XIAODI HOU'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS
MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

*Glazer Cap. Mgmt., LP v. Magistri*,
    549 F.3d 736 (9th Cir. 2008) ..................................................................................6

*In re Hansen Natural Corp. Sec. Litig.*,
    527 F. Supp. 2d 1142 (C.D. Cal. 2007) ..................................................................9

*Happy Tax Franchising LLC v. Hill*,
    2023 WL 418820 (S.D. Fla. Jan. 5, 2023) ............................................................9

*Higginbotham v. Baxter Int'l, Inc.*,
    495 F.3d 753 (7th Cir. 2007) ..................................................................................8

*In re Intel Corp. Sec. Litig.*,
    2023 WL 2767779 (N.D. Cal. Mar. 31, 2023) .......................................................8

*Irving Firemen's Relief & Ret. Fund v. Uber Techs., Inc.*,
    998 F.3d 397 (9th Cir. 2021) ................................................................................10

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) ..................................................................................3

*Knievel v. ESPN*,
    393 F.3d 1068 (9th Cir. 2005) ................................................................................3

*Lindland v. TuSimple*,
    Case No. 3:21-cv-00417 (S.D. Cal.) .......................................................................4

*Lipton v. Pathogenesis Corp.*,
    284 F.3d 1027 (9th Cir. 2002) ................................................................................7

*In re McKesson HBOC Securities Litigation*,
    126 F. Supp. 2d 1248 (N.D. Cal. 2000) ..................................................................5

*Melder v. Morris*,
    27 F.3d 1097 (5th Cir. 1994) ..................................................................................5

*In re Metricom Sec. Litig.*,
    2004 WL 966291 (N.D. Cal. Apr. 29, 2004) ..........................................................6

*Metzler v. Corinthian*,
    540 F.3d 1049 (9th Cir. 2008) ............................................................................8, 9

*Oklahoma Firefighters Pension & Ret. Sys. v. Ixia*,
    2015 WL 1775221 (C.D. Cal. Apr. 14, 2015) ....................................................8, 9

-iv-           3:22-cv-01300-BEN-MSB

*In re Oracle Corp. Sec. Litig.*,
   627 F.3d 376 (9th Cir. 2010) ................................................................................11

*Schuster v. Symmetricon, Inc.*,
   2000 WL 33115909 (N.D. Cal. Aug. 1, 2000) .................................................7, 9

*Simpson v. AOL Time Warner, Inc.*,
   452 F.3d 1040 (9th Cir. 2006) ..............................................................................10

*Simpson v. Homestore.com*,
   519 F.3d 1041 (9th Cir. 2008) ..............................................................................10

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
   551 U.S. 308 (2007) .................................................................................................5

*In re Worlds of Wonder Sec. Litig.*,
   35 F.3d 1407 (9th Cir. 1994) ...................................................................................9

*Young v. Dreisbach*,
   182 F. App'x 714 (9th Cir. 2006) ............................................................................5

*Zucco Partners, LLC v. Digimarc Corp.*,
   552 F.3d 981 (9th Cir. 2009) ...................................................................................8

## **Statutes**

15 U.S.C. § 78u-4(b)(2) ...............................................................................................5

Private Securities Litigation Reform Act ....................................................................5

## **Other Authorities**

Rule 9(b) ..............................................................................................................9, 10

Rule 10b-5..................................................................................................................9

DEFENDANT XIAODI HOU'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS
MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

**INTRODUCTION**

Dr. Xiaodi Hou joins the Motion to Dismiss the Consolidated Amended Class Action Complaint ("CAC") filed by TuSimple Holdings, Inc. (the "Company"). The Company Motion rightly demonstrates the CAC is an improper attempt to manufacture securities claims by repackaging unsubstantiated allegations, none of which rise to the level of Securities or Exchange Act violations. In addition to the Company's arguments, Dr. Hou files this separate motion to address the CAC's failings as to his purported liability under the Exchange Act. To state this claim, the CAC must plausibly allege facts establishing a "strong inference" the defendant acted with scienter. As to Dr. Hou, the CAC comes nowhere close.

The CAC's scienter theory as to Dr. Hou rests on the absurd and implausible inference that he cost himself hundreds of millions of dollars by undermining his own company for no reason. It is undisputed Dr. Hou did not sell his founder shares in the Company. As a result, the false and xenophobic allegations peddled by "anonymous" sources, now regurgitated in the CAC, caused Dr. Hou personal losses *far in excess* of any of the shareholders he allegedly defrauded, which is inconsistent with the very notion of scienter. The wrongdoer here is the person or persons who set out to destroy the Company with those false allegations. On the undisputed facts, Dr. Hou is the biggest victim of that scheme—he lost enormous sums, years of hard work, and gained nothing. The CAC articulates no plausible basis for concluding he acted with scienter.

The CAC's related-party allegations defy logic—implying Dr. Hou defrauded himself and his company to benefit another company called Hydron Inc. ("Hydron"), an entity in which Dr. Hou had *zero* financial interest (the CAC does not and cannot allege otherwise). The CAC tries to overcome this absurdity with a vague reference to Dr. Hou's friendship with a Hydron principal and investor, but that fails to meet the standard for scienter. The racist trope implicit in the CAC's suggestion that Dr. Hou improperly dealt with Hydron due to his "Chinese nationality" fares no better.

DEFENDANT XIAODI HOU'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

The CAC's safety-related allegations require an equally absurd inference—that Dr. Hou intentionally neglected *his* Company's safety interests, despite the detrimental impact on the value of *his* shares, with no proffered motivation under any commercialization timeline.  Under the law, the CAC's alleged generic business motive to bolster commercial prospects is insufficient to establish scienter.

The safety-related allegations as to Dr. Hou are also improper because they are simply lifted from an unrelated lawsuit by a third party.  Parroting someone else's unproven allegations is insufficient, as are the dubious "anonymous sources" providing uncorroborated information to the Wall Street Journal.  The CAC's allegations of "scheme liability" against Dr. Hou also fail because they rely on improper group pleading and fail to allege Dr. Hou's conduct had a deceptive purpose and effect.  Finally, the CAC fails to adequately plead loss causation.

## <u>BACKGROUND & RELEVANT ALLEGATIONS</u>

1.    Dr. Xiaodi Hou is an accomplished scientist in the fields of computer vision and machine learning, holding a Ph.D. from Caltech in computation and neural systems, and an engineering degree in computer science from Shanghai Jiao Tong University.  *See* Declaration of William Paine filed by the Company (herein, "**Paine**"), Ex. B at 128 (March 23, 2021 Form S-1).  Dr. Hou currently holds more than a dozen patents in the field of autonomous vehicles, has developed leading theories in the field of computer vision, and serves as reviewer of more than ten major journals and conferences. *Id.*

2.    In September 2015, Dr. Hou founded the Company with co-founder Mo Chen.  *See* CAC ¶¶ 6–7, 86.  Dr. Hou served as the initial Chief Technology Officer of the Company, CAC ¶ 53, and as a director.  Paine, Ex. B at 128 (March 23, 2021 Form S-1).

DEFENDANT XIAODI HOU'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

3.      The Company has "long been seen as a leader among robot-truck developers . . . [winning] the backing of partners including United Parcel Service, freight giant U.S. Xpress Enterprises Inc. and Volkswagen AG."[1]

4.      The Company went public in April 2021.  CAC ¶¶7, 326.  At the IPO, Dr. Hou beneficially held more than 13 million Class A shares and 50% of the Class B voting shares.  Paine, Ex. B at 150–51 (March 23, 2021 Form S-1).  Mr. Chen beneficially held more than 14 million Class A shares and the remaining 50% of the Class B shares.  *Id.*

5.      At the IPO the Company disclosed it was developing autonomous technology (principally software) for semi-truck manufacturers, *see* CAC ¶ 6, Paine, Ex. B at 24–26 (March 23, 2021 Form S-1), and anticipated commercial production *no earlier* than 2024.  *Id.* at 14, *see* Paine, Ex. M (May 4, 2022 10-Q).

6.      In June 2022, months after he resigned as Chair, Mr. Chen announced the launch of Hydron Inc., a semi-truck manufacturer.  *See* Paine, Ex. Q; CAC ¶ 91 n.7 (referencing Ex. Q).  According to the CAC, Mr. Chao is also an investor in Hydron.  CAC ¶ 50.  The CAC asserts that Dr. Hou exercised "control" over Hydron but provides no factual basis or non-conclusory allegation in support.  CAC ¶¶ 6, 14, 155, 377.  On the contrary, it is undisputed that "Mr. Hou has never been a Hydron employee or received payment from Hydron [nor does] Mr. Hou [] have a financial interest in the company."[2]  The CAC makes no allegation otherwise.

---

[1]  Kate O'Keeffe & Heather Somerville, *Self-Driving Truck Accident Draws Attention to Safety at TuSimple*, WALL STREET JOURNAL, (Aug. 1, 2022), https://www.wsj.com/articles/self-driving-truck-accident-draws-attention-to-safety-at-tusimple-11659346202, as cited by CAC ¶¶ 35, 36, 132, 138, 231, 241, 243, 257, 261, 264, 265, 280.  "[U]nder the incorporation by reference doctrine," courts may "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (incorporating by reference articles and blog posts from *Forbes* in securities fraud action).

[2]  Heather Somerville, Kate O'Keeffe & Yang Jie, *TuSimple Probed by FBI, SEC Over Its Ties to a Chinese Startup*, WALL STREET JOURNAL, (Oct. 30, 2022), https://www.wsj.com/articles/tusimple-probed-by-fbi-sec-over-its-ties-to-a-chinese-startup-11667159325, as cited by CAC ¶¶ 17, 223, 234, 262, 266, 286.

DEFENDANT XIAODI HOU'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

7.    On August 1, 2022, the Wall Street Journal published an article regarding an April 2022 accident involving a Company test vehicle, CAC ¶¶ 35–36, *see* fn. 1, *see also* Company Mot. § II.B (describing minor nature of the accident).  The WSJ article repeats allegations about safety issues at the Company from unidentified "people familiar with the matter" and fails to corroborate any of these anonymous allegations. *Id.*  The article also quotes allegations from the complaint in *Lindland v. TuSimple*, Case No. 3:21-cv-00417 (S.D. Cal.) ("Lindland Action").  Mr. Lindland was fired because "he did not do his job" and then sued the Company, CAC ¶ 129.

8.    On October 30, 2022, the Wall Street Journal published another article, stating agencies were probing the Company's Hydron transactions.  CAC ¶ 17.

9.    The next day, the Company addressed its internal investigation on this issue, stating that (1) "during 2021 . . . [unnamed] Company employees spent paid hours working on matters for Hydron . . . and that such paid hours had an estimated value of less than $300,000" and (2) that "during 2022, in connection with the Company's evaluation of Hydron as a potential OEM partner, the Company shared confidential information with Hydron and its partners."  CAC ¶ 116.  Misleadingly omitted from the CAC, the Company also explained that "[a]fter the information was disclosed, *the Company entered into a non-disclosure agreement with Hydron that covered the information*" and that "[t]he Company believes based on the Audit Committee's ongoing investigation that the specific information shared is **not** *related to the intangible assets or patents reflected on the Company's balance sheet*."  *See* Paine, Ex. N at 6 (October 31, 2022 Form 8-K) (emphasis added).

10.    The same day, Dr. Hou was terminated as CEO and removed from his position as Board chair.  CAC ¶ 19.  The termination was "without cause."  Paine, Ex. N at 2 (October 31, 2022 Form 8-K).

11.    After the Company's board terminated Dr. Hou as CEO, he transferred his voting rights to Mr. Chen.  Mr. Chen used the resulting voting power to replace the board, which then appointed a new CEO and a new security director approved by

-4-                                3:22-cv-01300-BEN-MSB

CFIUS.  CAC ¶¶ 105, 114.  The CAC offers no support for the conclusory allegation that this violated the law.  CAC ¶¶ 121–122, *see* Company Mot. §§ II.A.2, III.D.

12.  The Company share price has fallen markedly since its peak in mid-2021, which the WSJ attributed "in part to investors souring in recent months on companies that won't have significant revenue for years," *see* fn 1.

13.  There is no allegation that Dr. Hou sold any of his shares in the Company.  Tellingly, where Dr. Hou could have exited the company and sold his shares for hundreds of millions of dollars, he chose not to.

## ARGUMENT

### I.  THE CAC FAILS TO PLEAD SCIENTER AS TO DR. HOU

#### A.  Plaintiffs Lack A Rational Theory Of Scienter As To Dr. Hou

Under the heightened pleading requirements of the Private Securities Litigation Reform Act ("PSLRA"), private securities complaints must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."  15 U.S.C. § 78u-4(b)(2).  "[T]o screen out frivolous suits . . . the inference of scienter must be more than merely 'reasonable' or 'permissible'—it must be *cogent* and *compelling*, thus strong in light of other explanations."  *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 324 (2007).  That is, "[t]he strength of an inference cannot be decided in a vacuum" and "a court must consider plausible, nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff."  *Id.* at 323–24.  Courts do not accept allegations drawing irrational inferences of scienter.  *In re McKesson HBOC Securities Litigation*, 126 F. Supp. 2d 1248, 1269 (N.D. Cal. 2000) (citing *Melder v. Morris*, 27 F.3d 1097, 1102–03 (5th Cir. 1994)).  Where the underlying theory of motive "makes no sense" dismissal is warranted.  *In re Metricom Sec. Litig.*, 2004 WL 966291, at *35 (N.D. Cal. Apr. 29, 2004), *aff'd sub nom. Young v. Dreisbach*, 182 F. App'x 714 (9th Cir. 2006) (theory that defendant was inflating share price was illogical where defendant was also increasing its exposure to company).

As to the related party theory, the inference plaintiffs attempt to draw is absurd—that Dr. Hou covertly caused the Company to transfer proprietary information or material benefits to Hydron, even though Dr. Hou *had no financial interest* in Hydron (but a huge financial interest in the Company), and thus no plausible incentive to do so. *See Melder v. Morris*, 27 F.3d 1097, 1103 (5th Cir. 1994) (plaintiff failed to plead scienter by alleging that firm would act fraudulently given the firm's minimal financial gain from doing so). The CAC's empty conclusions regarding Dr. Hou's personal relationships do not change the analysis, and an inference that Dr. Hou would act in favor of Hydron, against his own interests, as part of some sort of Chinese spy-ring, is as far-fetched as it is xenophobic. Also nonsensical is any inference under the safety-related theory of fraud that Dr. Hou intended to harm his own company by neglecting safety concerns—without any well-pled fact suggesting a motive to do so. The CAC lacks any allegation that Dr. Hou believed the Company's commercialization timeline was at risk or otherwise had any incentive to mislead anyone on the Company's safety issues. *See supra* ¶ 5.

**B.     The CAC Does Not Allege Dr. Hou Had Knowledge Of Materiality Or Requisite Culpability With Respect To Related Party Issues.**

The CAC contains no non-conclusory allegations suggesting any of the Hydron issues disclosed in the October 31, 2022 Form 8-K were material, much less that Dr. Hou was aware of that purported materiality at the relevant time. This failure makes it impossible to infer an intent to defraud, *see* Company Mot. § III.B. Moreover, as to the allegation that information was shared with Hydron *without a Non-Disclosure Agreement* there is no allegation Dr. Hou knew or should have known about this failure. *Glazer Cap. Mgmt., LP v. Magistri*, 549 F.3d 736, 746 (9th Cir. 2008) (rejecting scienter as to CEO where plaintiff had not pled facts to demonstrate CEO was personally aware of illegality payments or should have been aware based on the size and type of transaction). That Dr. Hou held "high-level positions" (*see* CAC ¶¶ 62–63) is also insufficient to impute such knowledge, even under the narrowly

-6-                                                    3:22-cv-01300-BEN-MSB

applied "core operations doctrine." *See* Company Mot. § III.A. If plaintiffs' theory is that Dr. Hou should have done more to monitor or prevent these issues, the theory amounts to mere negligence which "does not rise to the level of the nefarious mental state necessary to constitute securities fraud." *DSAM Glob. Value Fund v. Altris Software, Inc.*, 288 F.3d 385, 391 (9th Cir. 2002).

### C.    Plaintiffs' Safety Allegations Do Not Suffice For Scienter

With respect to safety-related concerns, it is a rote conclusion that Dr. Hou acted "in favor of speed and profits" or "was only concerned with obtaining quick funding and money" (CAC ¶ 242). But even accepting these allegations as true, generic assertions of "business" motives are insufficient to establish scienter. *See, e.g., Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1038 (9th Cir. 2002) (desire to obtain favorable financing and expand company insufficient scienter for securities fraud). "If scienter could be pleaded merely by alleging that officers and directors possess motive and opportunity to enhance a company's business prospects, 'virtually every company in the United States that experiences a downturn in stock price could be forced to defend securities fraud actions.'" *Id.* (citing *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 54 (2d Cir. 1995)). Moreover, scienter tied to an allegation that an individual "cover[ed] up their poor performance," *Schuster v. Symmetricon, Inc.*, 2000 WL 33115909, at *8 (N.D. Cal. Aug. 1, 2000) (*see e.g.*, CAC ¶ 239), is "merely a variation on th[is] theme" and has also been rejected as a basis of scienter, *id*.

Plaintiffs' attempt to plead scienter with respect to safety-related statements by repeating unadjudicated allegations from other pending litigation (CAC ¶ 242), and from unnamed sources in a WSJ article (*see*, fn.1, CAC ¶¶ 239–41, 243–45) are both improper. Company Mot. §§ II.B.2, II.B.3; *Conde v. Sensa*, 259 F. Supp. 3d 1064, 1071 (S.D. Cal. 2017). Statements from a former employee suing for wrongful termination also lack indicia of reliability as to scienter analysis as "[i]t is hard to see how information [from such] . . . sources could be deemed 'compelling' [if] . . . these . . . sources have axes to grind." *Higginbotham v. Baxter Int'l, Inc.*, 495 F.3d 753,

-7-

757 (7th Cir. 2007); *City of Livonia Employees' Ret. Sys. & Loc. 295/Loc. 851 v. Boeing Co.*, 711 F.3d 754, 759 (7th Cir. 2013) ("information require[s] a heavy discount . . . [where the sources may be ill-informed, [or] may be acting from spite rather than knowledge . . .]"); *see In re Ceridian Corp. Sec. Litig.*, 542 F.3d 240, 247 (8th Cir. 2008) (statement of employee previously "properly fired" rejected). Plaintiffs also cannot rely on the allegations as to Dr. Hou in a WSJ article that sources its material solely from unnamed "people familiar with the matter." *See City of Brockton Ret. Sys. v. Avon Prods., Inc.*, 2014 WL 4832321, at *23 (S.D.N.Y. Sept. 29, 2014) (rejecting WSJ article "obtained from a person familiar with the matter" because "[t]his vague description of the source provides no basis for the Court to evaluate its reliability"). Here, the article describes nothing about its anonymous sourcing. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 995 (9th Cir. 2009). Nor is there any corroboration of the anonymous sources. Tellingly, more than a year has passed since that anonymous story ran and not a single new public development or fact has corroborated it. Where the article does not "describe[] its sources nor . . . corroborate[] [its] allegations" it is not reliable. *In re Intel Corp. Sec. Litig.*, 2023 WL 2767779, at *22 (N.D. Cal. Mar. 31, 2023).

### D.      Dr. Hou's Lack of Financial Benefit Negates Scienter

The CAC alleges that insider sales of Company shares are an indicia of scienter (CAC ¶¶ 262–267), but does not and cannot allege that **Dr. Hou** sold any of his shares during the class period, because he did not. *Supra* ¶ 13, *see* Paine, Ex. Y at 8 (Dec. 29, 2022 Schedule 14F-1). This "cuts against a finding that scienter is adequately pled." *In re FVC.com Securities Litigation*, 136 F. Supp. 2d 1031, 1039 (N.D. Cal. 2000) (the fact that the CEO sold no stock during the class period "negate[d] any slight inference of scienter"), *aff'd*, 32 Fed. Appx. 338 (9th Cir. Mar. 15, 2002); *Oklahoma Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at *39 (C.D. Cal. Apr. 14, 2015); *see Metzler*, 540 F.3d at 1039 (a lack of stock sales by the COO indicated there was "no insider information from which to benefit"). Far from

DEFENDANT XIAODI HOU'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

supporting scienter, the CAC makes clear that Dr. Hou suffered hundreds of millions of dollars in losses by the drop in share price since the IPO, *supra* ¶ 13. This too "negates an inference of scienter." *Schuster*, 2000 WL 33115909, at *7; *In re Hansen Natural Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1160 (C.D. Cal. 2007) (same); *see In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1427–28 (9th Cir. 1994) (no reasonable jury could find scienter where defendants "sold only a minuscule fraction of their holdings . . . and ended up reaping the same large losses as did Plaintiffs"). Nor does Dr. Huo's termination *without cause* as the CEO support an inference of scienter.

## II. THE CAC DOES NOT ADEQUATELY PLEAD SCHEME LIABILITY

While the CAC's Rule 10b-5 "scheme liability" claim is self-defeating as to all named defendants, *see* Company Mot. § IV, it is particularly meritless as to Dr. Hou. For one, the CAC fails under Rule 9(b) to differentiate Dr. Hou's role in the alleged scheme from group pleading. *In re A-Power Energy Generation Sys. Ltd. Sec. Litig.*, 2012 WL 1983341, at *12 (C.D. Cal. May 31, 2012); *In re Eastman Kodak Co. Sec. Litig.*, 632 F. Supp. 3d 169, 190 (W.D.N.Y. 2022) ("A complaint may not simply clump defendants together in vague [scheme] allegations [under] Rule 9(b)."). The CAC makes scheme allegations in the aggregate, *see* CAC ¶ 122 ("Integral to defendants' *scheme* was the secret transfer of the Company's valuable intellectual property by *Hou, Chen, Zhang, Lu, and Chao* to Hydron."); CAC ¶ 377 (describing "Chao, Hou, Chen, Zhang, and Lu['s] . . . scheme and wrongful course of business . . ."); CAC ¶ 109 (alleging Hou schemed with Chen and Chao "to expropriate TuSimple's intellectual property . . . and transfer it to Hydron"). These "[e]veryone did everything" allegations are insufficient. *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011); *Happy Tax Franchising LLC v. Hill*, 2023 WL 418820, at *11 (S.D. Fla. Jan. 5, 2023) (court may not be "left guessing as to the . . . role [of each individual defendant] . . . in that scheme"). Moreover, "[i]t is not enough that a *transaction* in which defendant was involved had a deceptive purpose and effect; the defendant's

-9-                                           3:22-cv-01300-BEN-MSB

*own conduct . . .* must have had a deceptive purpose and effect." *Simpson v. AOL Time Warner, Inc.*, 452 F.3d 1040, 1048 (9th Cir. 2006), *vacated on other grounds, Simpson v. Homestore.com*, 519 F.3d 1041, 1041–42 (9th Cir. 2008) (emphasis in original). The CAC does not allege Dr. Hou's conduct met this criterion. The scheme allegations against him should be dismissed.

## III.    PLAINTIFFS FAIL TO PLEAD LOSS CAUSATION

"[T]o establish loss causation, a plaintiff must show that the defendants' alleged misstatements artificially inflated the price of stock and that, once the market learned of the deception, the value of the stock declined." *Irving Firemen's Relief & Ret. Fund v. Uber Techs., Inc.*, 998 F.3d 397, 407 (9th Cir. 2021). Plaintiffs' theory of market correction here relies on a disjointed series of unrelated announcements that fail to demonstrate loss causation. (CAC ¶¶ 296–299). First, plaintiffs do not even allege the March 3, 2022 disclosure relates to *any* of its fraud theories. Second, the August 1, 2022 WSJ article is insufficient because its disclosure of a mere investigation (*Eng v. Edison Int'l*, 2016 WL 4793185, at *10 (S.D. Cal. Sept. 14, 2016) (Benitez, J)); already public information (*In re BofI Holding, Inc. Sec. Litig.*, 977 F.3d 781, 794 (9th Cir. 2020)); and dubiously sourced mostly anonymous *opinions* (*id.*) are corrective of nothing. Third, the October 30, 2022 WSJ article (*see* fn. 2) is more of the same—disclosure of an *investigation* and *already public* information about the Company's dealings, *e.g.*, with CFIUS, *see* CAC ¶ 12. Fourth, the October 31, 2022 Form 8-K report of Dr. Hou's termination *without cause* is insufficient, as are the immaterial Hydron related allegations. *See* Company Mot. §§ II.A.4, III.B. The December 5, 2022 and December 20, 2022, announcements are general "reports of the defendant's poor financial health" which do not plead loss causation either. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 392 (9th Cir. 2010).

Loss causation requires revelation of *the truth* through corrective disclosure. *Bonanno v. Cellular Biomedicine Grp., Inc.*, 2016 WL 2937483, at *5 (N.D. Cal. May 20, 2016). Plaintiffs do not adequately allege that here—and their reliance on

DEFENDANT XIAODI HOU'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

unsupported allegations lacking reliability calls to mind Judge Lee's sentiment (in dissent) in *In re BofI Holding, Inc.,* 977 F.3d at 799—"what if it [all] turns out [to be] bunk?"  Plaintiffs appear not to have examined this possibility.  Moreover, these disparate events lack any connection to each other, and despite their pleading burden, plaintiffs make no attempt to *rule out* the effect of the long-term bear market for the Company's shares, which had seen prices plunge more than 80% *before* the first purported corrective disclosure.  Plaintiffs' loss causation theory makes no attempt to account for or fill that void.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Dr. Hou's motion to dismiss.

DATED:  December 8, 2023

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By          /s/ Joseph Sarles
R. Brian Timmons
briantimmons@quinnemanuel.com
James R. Asperger
jimasperger@quinnemanuel.com
Joseph Sarles
josephsarles@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
*Attorneys for Defendant Xiaodi Hou*

DEFENDANT XIAODI HOU'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT