MICHAEL C. TU (State Bar No. 186793)
*mctu@cooley.com*
COOLEY LLP
355 South Grand Avenue, Suite 900
Los Angeles, California 90071
Telephone: (213) 561-3250
Facsimile:  (213) 561-3244

BARRETT J. ANDERSON (State Bar No. 318539)
*banderson@cooley.com*
COOLEY LLP
10265 Science Center Drive
San Diego, California 92121
Telephone: (858) 550-6161
Facsimile:  (858) 550-6420

*Attorneys for Specially Appearing Defendants*
*Charles Guowei Chao and Bonnie Yi Zhang*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN DICKER, INDIANA PUBLIC RETIREMENT SYSTEM, ROBERT MILLER, MICHELLE POIRIER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TUSIMPLE HOLDINGS, INC., GUOWEI "CHARLES" CHAO, XIAODI HOU, MO CHEN, BONNIE YI ZHANG, CHENG LU, PATRICK DILLON, BRAD BUSS, KAREN C. FRANCIS, MORGAN STANLEY & CO. LLC, CITIGROUP GLOBAL MARKETS, INC., J.P. MORGAN SECURITIES LLC, BOFA SECURITIES, INC., COWEN AND COMPANY, LLC, CREDIT SUISSE SECURITIES (USA) LLC, NOMURA SECURITIES INTERNATIONAL, INC., RBC CAPITAL MARKETS, LLC, NEEDHAM & COMPANY, LLC, OPPENHEIMER & CO., INC., PIPER SANDLER & CO., ROBERT W. BAIRD & CO. INCORPORATED, and VALUABLE CAPITAL LIMITED<br><br>Defendants. | Case No.: 3:22-cv-01300-BEN-MSB (Consolidated with No. 3:23-cv-00282-BEN-MSB)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH SERVICE AND TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(5) AND 12(b)(2)**<br><br>Judge:  Hon. Roger T. Benitez<br>Courtroom:  5A<br><br>Date:  April 1, 2024<br>Time:  10:30 a.m. |

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................................. 1

II.   RELEVANT FACTS ........................................................................................... 4

III.  DISCUSSION ....................................................................................................... 5

    A.   Legal Standards ......................................................................................... 5

    B.   Plaintiffs have not properly served Specially Appearing Defendants ................................................................................................... 5

        1.   The attempted service does not satisfy the Hague Convention .......................................................................................... 6

        2.   The attempted service does not satisfy California law ................. 9

    C.   The Court Lacks Personal Jurisdiction Over Mr. Chao and Ms. Zhang ................................................................................................... 9

        1.   There Is No General Jurisdiction .................................................. 10

        2.   There Is No Specific Jurisdiction ................................................. 11

            a.   There Was No "Purposeful Direction" ............................. 11

                (1)   The Conclusory Allegations Against Mr. Chao ....... 12

                (2)   The Nearly Non-Existent Allegations Regarding Ms. Zhang ................................................ 15

            b.   The Exercise of Personal Jurisdiction Would Not Comport With Fair Play and Substantial Justice ................ 16

IV.   CONCLUSION ................................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Addaday, Inc. v. Artist Int'l Co.*,
No. 2:21-cv-05525-ABP-LAX, 2022 WL 1516053
(C.D. Cal. Feb. 22, 2022) ...................................................................................... 13

*In re Alstom SA Sec. Litig.*,
406 F. Supp. 2d 346 (S.D.N.Y. 2005) ............................................................... 3, 13

*Asahi Metal Indus. Co., Ltd. v. Sup. Ct. of California*,
480 U.S. 102 (1987)............................................................................................... 16

*In re AstraZeneca Sec. Litig.*,
559 F. Supp. 2d 453 (S.D.N.Y. 2008) ....................................................... 4, 13, 14

*Belden Techs., Inc. v. LS Corp.*,
626 F. Supp. 2d 448 (D. Del. 2009) ...................................................................... 14

*Benny v. Pipes*,
799 F.2d 489 (9th Cir. 1986) ................................................................................... 5

*BNSF Ry. Co. v. Tyrrell*,
137 S. Ct. 1549 (2017)........................................................................................... 10

*Boschetto v. Hansing*,
539 F.3d 1011 (9th Cir. 2008) ................................................................................. 5

*Bristol-Myers Squibb Co. v. Sup. Ct. of California*,
137 S. Ct. 1773 (2017)........................................................................................... 16

*Brockmeyer v. May*,
383 F.3d 798 (9th Cir. 2004) ................................................................................... 5

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)............................................................................................... 16

*Burnham v. Superior Court of California*,
495 U.S. 604 (1990)............................................................................................... 10

*Calder v. Jones*,
465 U.S. 783 (1984)............................................................................................... 11

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*Caruth v. Int'l Psychoanalytical Ass'n,*
 59 F.3d 126 (9th Cir. 1995) ....................................................................... 16, 17

*Core-Vent Corp. v. Nobel Indus. AB,*
 11 F.3d 1482 (9th Cir. 1993) ............................................................................ 17

*In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.,*
 No. 2:11-CV-07166-MRP, 2012 WL 1097244
 (C.D. Cal. Mar. 9, 2012) ............................................................................ 13, 14

*D'Jamoos v. Pilatus Aircraft Ltd.,*
 566 F.3d 94 (3d Cir. 2009) .............................................................................. 12

*In re DaimlerChrysler AG Sec. Litig.,*
 197 F. Supp. 2d 86 (D. Del. 2002) ............................................................... 10, 15

*Direct Mail Specialists v. Eclat Computerized Techs., Inc.,*
 840 F.2d 685 (9th Cir. 1988) .............................................................................. 5

*Dole Food Co. v. Watts,*
 303 F.3d 1104 (9th Cir. 2002) ........................................................................... 11

*Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.,*
 480 F. Supp. 3d 977 (N.D. Cal. 2020) .......................................................... 6, 7, 8

*Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.,*
 No. 18-CV-00297-BAS-BGS, 2018 WL 1757776
 (S.D. Cal. Apr. 11, 2018) ................................................................................... 1

*Gonzalez v. US Hum. Rts. Network,*
 512 F. Supp. 3d 944 (D. Ariz. 2021) ................................................................. 13

*Goodyear Dunlop Tire Operations, S.A. v. Brown,*
 564 U.S. 915 (2011) .......................................................................................... 10

*Hoechst Celanese Corp. v. Nylon Eng'g Resins, Inc.,*
 896 F. Supp. 1190 (M.D. Fla. 1995) .................................................................. 10

*Howshar v. Caesars Ent. Corp.,*
 No. 20-cv-1729-JM-AHG, 2020 WL 6889178
 (S.D. Cal. Nov. 24, 2020) ................................................................................... 1

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

**MEMO ISO MOTION TO QUASH AND DISMISS**
**CASE NO. 3:22-CV-01300-BEN-MSB**

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945).............................................................................................. 16

*J. McIntyre Machinery, Ltd. v. Nicastro*,
564 U.S. 873 (2011).............................................................................................. 10

*Jackson v. Hayakawa*,
682 F.2d 1344 (9th Cir. 1982) ............................................................................... 5

*In re JPMorgan Chase Derivative Litig.*,
263 F. Supp. 3d 920 (E.D. Cal. 2017) ................................................................. 13

*In re LDK Solar Sec. Litig.*,
No. C 07-05182 WHA, 2008 WL 2415186 (N.D. Cal., Jun. 12, 2008)................... 8

*Mason v. Genisco Tech. Corp.*,
960 F.2d 849 (9th Cir.1992) ................................................................................... 9

*Murphy Bros. v. Michetti Pipe Stringing*,
526 U.S. 344 (1999).............................................................................................. 5

*OGM, Inc. v. Televisa, S.A.*,
No. 08-cv-5742-JFW, 2009 WL 1025971 (C.D. Cal. Apr. 15, 2009) ..................... 7

*Panavision Int'l, L.P. v. Toeppen*,
141 F.3d 1316 (9th Cir. 1998) ............................................................................... 5

*In re Parmalat Sec. Litig.*,
376 F. Supp. 2d 449 (S.D.N.Y. 2005) ............................................................. 3, 13

*Reintegrative Therapy Ass'n, Inc. v. Kinitz*,
No. 3:21-CV-1297-BEN-BLM, 2021 WL 5140195
(S.D. Cal. Nov. 4, 2021) ................................................................................*passim*

*In re Rhodia S.A. Sec. Litig.*,
531 F. Supp. 2d 527 (S.D.N.Y. 2007) ................................................................. 16

*In re Royal Ahold N.V. Sec. & ERISA Litig.*,
351 F. Supp. 2d 334 (D. Md. 2004)...................................................................... 14

# TABLE OF AUTHORITIES
**(continued)**

**Page(s)**

*Rupert v. Bond*,
68 F. Supp. 3d 1142 (N.D. Cal. 2014) ........................................................................ 11

*S.E.C. v. Jammin Java Corp.*,
No. 2:15-cv-08921-SVW-MRW, 2016 WL 11783918
(C.D. Cal. Oct. 28, 2016) ............................................................................................ 13

*S.J. Issaquah v. School Dist. No. 411*,
470 F.3d 1288 (9th Cir. 2006) ...................................................................................... 5

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) ............................................................................ 3, 10, 11

*Star & Crescent Boat Co., Inc. v. Sunsplash Marina LLC*,
No. 3:21-cv-00169-BEN-JLB, 2021 WL 1526601
(S.D. Cal. Apr. 19, 2021) .............................................................................................. 1

*Stevens v. Security Pac. Nat'l Bank*,
538 F.2d 1387 (9th Cir. 1976) ...................................................................................... 8

*Univ. Surf. Tech. v. Sae-A Trading Am. Corp.*,
No. 10-cv-6972-CAS, 2011 WL 281020 (C.D. Cal. Jan. 26, 2011) ............................ 9

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
486 U.S. 694 (1988) .................................................................................................. 7, 9

*Walden v. Fiore*,
571 U.S. 277 (2014) ................................................................................................... 12

*Washington v. Hovensa LLC*,
652 F.3d 340 (3d Cir. 2011) ....................................................................................... 10

**Other Authorities**

Cal. Civ. Proc. Code
§413.10(c) ..................................................................................................................... 9
§415.20(a) ..................................................................................................................... 9
§415.20(b) ..................................................................................................................... 9

## TABLE OF AUTHORITIES
**(continued)**

**Page(s)**

Fed. R. Civ. P.
    4 ...................................................................................................................... 3, 5, 6
    4(f)(1) ................................................................................................................... 6
    4(f)(3) ................................................................................................................... 2
    12(b)(6) ............................................................................................................ 3, 10
    12(h)(1) ................................................................................................................ 3

Local Civil Rule 83.3(f)(4) ................................................................................... 1

U.S. Const., Art. VI .............................................................................................. 9

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

**MEMO ISO MOTION TO QUASH AND DISMISS**
**CASE NO. 3:22-CV-01300-BEN-MSB**

## I.    INTRODUCTION

This motion seeks to quash clearly improper purported service on specially appearing defendants Charles Guowei Chao and Bonnie Yi Zhang (the "Specially Appearing Defendants"), who live and work outside the United States.[1]  Plaintiffs have filed proofs of service in this action that on their face do not comply with the important service requirements for foreign individuals under the applicable Federal rules and international treaties.

There is no dispute that Mr. Chao and Ms. Zhang are Mandarin-speaking businesspersons who reside in China.  But plaintiffs made no attempts to serve them there, as they are required in the first instance.  Instead, plaintiffs have filed a proof of service stating that they left copies of the summons and amended complaint with a person in Delaware identified as a "managing agent" for TuSimple Holdings, Inc. ("TuSimple" or the "Company"), a Delaware corporation.  Although Mr. Chao and Ms. Zhang in prior years were members of TuSimple's Board of Directors, neither is alleged to have any current affiliation or position with the Company.

As full-time residents of China, the Specially Appearing Defendants should have been served through China's Central Authority in accordance with the rules of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Service Convention"), to which both the United States and China are signatories.  *See, e.g.*, *Reintegrative Therapy Ass'n, Inc. v. Kinitz*, No. 3:21-CV-1297-

---

[1]  Specially Appearing Defendants request the Court's permission to make a special appearance under Local Civil Rule 83.3(f)(4) for the limited purpose of asserting arguments related to insufficient service and lack of jurisdiction.  As recognized by courts, including in the Southern District of California, a special appearance "emphasize[s] a party's intent to object to jurisdiction" and makes clear that defendants are "not waiv[ing] any arguments relating to insufficient service." *Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*, No. 18-CV-00297-BAS-BGS, 2018 WL 1757776, at *2 (S.D. Cal. Apr. 11, 2018) (Bashant, J.) (internal quotation marks omitted); *see also Star & Crescent Boat Co., Inc. v. Sunsplash Marina LLC*, No. 3:21-cv-00169-BEN-JLB, 2021 WL 1526601, at *8 (S.D. Cal. Apr. 19, 2021) (Benitez, J.) (granting permission for party to make special appearance under Local Civil Rule 83.3(f)(4)); *Howshar v. Caesars Ent. Corp.*, No. 20-cv-1729-JM-AHG, 2020 WL 6889178, at *1 (S.D. Cal. Nov. 24, 2020) (same).

BEN-BLM, 2021 WL 5140195, at *3 (S.D. Cal. Nov. 4, 2021) (Benitez, J.) ("[T]he Court finds that Plaintiffs' attempts to serve [defendant] are deficient . . . given Plaintiffs have not first attempted service on Canada's Central Authority"). But plaintiffs made no attempt to comply with the Hague Service Convention, which does not permit service in the manner they have attempted here.

While the Federal Rules do allow for service on foreign defendants subject to the Hague Service Convention "by other means not prohibited by international agreement," Fed. R. Civ. P. 4(f)(3), that limited exception is allowed "only pursuant to a court order," which was never sought or granted here, *see Reintegrative Therapy*, 2021 WL 5140195, at *2. The only issue the Court need decide at this stage is whether the plaintiffs' attempt to serve the Specially Appearing Defendants—by serving an agent of a company that has no current affiliation or connection to them—is permissible where plaintiffs have made no other service attempts whatsoever. Under well-established precedent in the Ninth Circuit, the answer is no.

To be clear, this is not a case where plaintiffs have first made any good faith or reasonable attempts to properly serve the Specially Appearing Defendants. Nor is this a case where foreign defendants are evading properly effected service. To the contrary, plaintiffs were affirmatively provided with the current work and residential addresses to which service on the Specially Appearing Defendants may be properly made under the Hague Service Convention.[2] Plaintiffs simply have refused to follow any of the well-delineated steps to effect service. Plaintiffs have not sought permission from this Court for any alternative means of service, which is not surprising given that no attempts

---

[2] In a good faith attempt to avoid the necessity of motion practice, counsel for the Specially Appearing Defendants explained in a telephone call with plaintiffs' counsel on December 8, 2023, the Hague Service Convention requirements applicable to Mr. Chao and Ms. Zhang and offered to provide current work and residential addresses in order to help facilitate such service and avoid unnecessary delays; those addresses were in fact affirmatively provided on December 14, 2023. Tu Decl. at ¶¶2–5, Ex. A. Plaintiffs' counsel's response was to flatly refuse to make any attempt to effect service under the Hague Service Convention or to otherwise seek an order for alternative service, and instead engaged in unwarranted invective accusing opposing counsel of "gaslighting" and "evasion of service." *Id.*, Ex. A.

have been made whatsoever to properly effect service as required under Federal Rule of Civil Procedure 4, as courts consistently require before allowing alternative service. Whatever the reasons for plaintiffs' decision to refuse to follow the proper process, they do not change the fundamental principle that purporting to serve foreign individuals by dropping off papers at an entity that has no current affiliation with them is clearly deficient. The alleged service should be quashed.

The Court need go no further at this stage with respect to Mr. Chao and Ms. Zhang, because of plaintiffs' improper service. However, should the Court decline to quash service, it should in the alternative dismiss the claims against these foreign individuals for the threshold reason that they are not subject to this Court's jurisdiction.[3] To establish personal jurisdiction over a non-resident defendant, the Ninth Circuit requires plaintiffs to show that: (1) defendants purposefully directed their activities at residents of the forum or purposefully availed itself of the privilege of doing business in the forum; (2) the plaintiffs' claim arises out of or relates to those activities; and (3) the assertion of personal jurisdiction must comport with fair play and substantial justice. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

A person's "status as a Board member" alone "is too tenuous a connection to plausibly claim that this status alone directly and foreseeably gave rise to the effects complained of" by plaintiffs. *In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 346, 399 (S.D.N.Y. 2005). Merely alleging control of a company or its public statements and filings is also not enough. *In re Parmalat Sec. Litig.*, 376 F. Supp. 2d 449, 454 (S.D.N.Y. 2005) (finding "the Due Process Clause is made of sterner stuff"). And

---

[3] The Specially Appearing Defendants reserve and do not waive their grounds for dismissal for the Complaint's failure to state a claim against them pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(2) is brought concurrently in this motion to quash service, given that this ground would otherwise be waived if not raised now. Fed. R. Civ. P. 12(h)(1). Assuming the Court quashes plaintiffs' service, and that plaintiffs then take the proper steps to effect service, the Specially Appearing Defendants would then intend to file a single motion including all applicable grounds for dismissal on the then-operative complaint, if any, and to coordinate any future motion with the other parties who have already appeared and have pending motions to dismiss.

merely "signing" an SEC filing "in a foreign country" is insufficient. *In re AstraZeneca Sec. Litig.*, 559 F. Supp. 2d 453, 467 (S.D.N.Y. 2008), *aff'd*, 334 Fed. Appx. 404 (2d Cir. 2009).

The Complaint contains little more than allegations that the Specially Appearing Defendants were directors during part of the relevant putative class period, and, as all board members do, signed SEC filings. That is not enough to satisfy plaintiffs' affirmative burden to establish personal jurisdiction over these foreign defendants.

## II.    RELEVANT FACTS

On October 2, 2023, plaintiffs filed an amended complaint in this action, alleging violations of federal securities laws against the Company and a number of individuals, including Specially Appearing Defendants. *See* Dkt. No. 103 ("Complaint" or "Compl"). The Complaint alleges that Specially Appearing Defendants are former board members of the Company, but that both resigned in June 2022. *Id.* ¶¶50, 52, 56, 57. The Complaint does not allege any current involvement in, or affiliation with, the Company by Specially Appearing Defendants. It is undisputed that neither Mr. Chao nor Ms. Zhang hold any position with the Company today. *See* Declaration of Charles Guowei Chao ("Chao Decl.") ¶3; Declaration of Bonnie Yi Zhang ("Zhang Decl.") ¶3.

Nevertheless, plaintiffs have filed purported proofs of service claiming to have served Specially Appearing Defendants by dropping off documents with an individual in Wilmington, Delaware named Lyanne Gates, who is identified only as a "managing agent" of TuSimple. Dkts. Nos. 143, 144. Neither Specially Appearing Defendant has ever authorized the Company or anyone at the Company to be their agent for service of process or to accept service on their behalf in this, or any other, lawsuit. Chao Decl. ¶8; Zhang Decl. ¶8.

Specially Appearing Defendants are both residents of China, and Mr. Chao is a citizen of China. Chao Decl. ¶¶2–3; Zhang Decl. ¶¶2–3. They have never resided in California or anywhere else within the United States. Chao Decl. ¶¶5–6; Zhang Decl. ¶¶5–6. The Complaint itself concedes that Specially Appearing Defendants work in

China for Chinese companies. Compl. ¶¶50–52, 56–57. But plaintiffs have never attempted to serve the Complaint on Specially Appearing Defendants in China.

## III.   DISCUSSION

### A.   Legal Standards

It is a fundamental principle of due process that each named defendant must be properly served before a court can exercise any personal jurisdiction over that party. *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999). "Neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with Rule 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (quoting *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)); *see also Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Rule 4."). When service of process fails to satisfy Rule 4, a district court "has discretion . . . to quash service." *S.J. Issaquah v. School Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). Once a defendant challenges service, the plaintiff bears the burden of establishing that service was valid. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

It is also well-established that a plaintiff "bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Where, as here, no federal statute authorizes personal jurisdiction, the district court must apply the law of "the state in which the district court sits." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).

### B.   Plaintiffs have not properly served Specially Appearing Defendants

Plaintiffs' attempt to serve Specially Appearing Defendants by having a courier deliver copies of the Summons and Complaint to a person in Delaware who has no known or alleged connection to either of the persons allegedly being served, and who is identified only as a "managing agent" of an entity that neither Specially Appearing Defendant has any current affiliation or involvement with, is plainly deficient under the

Federal Rules, the Hague Service Convention or the California Code of Civil Procedure, and does not come close to satisfying the requirements for service on foreign defendants. It is not in dispute that neither Mr. Chao nor Ms. Zhang work for the Company. They are no longer members of its board of directors, as the Complaint itself concedes. Compl. ¶¶50, 52, 56-57; *see also* Chao Decl. ¶3, Zhang Decl. ¶3. Plaintiffs' attempt to avoid the service requirements is without any basis or justification in the law or the facts. The Court should quash plaintiffs' purported service.

### 1. The attempted service does not satisfy the Hague Convention

Plaintiffs' proofs of service assert one alleged method of service on Specially Appearing Defendants—via the Company, which is defective on its face because, as plaintiffs admit, neither Mr. Chao nor Ms. Zhang has been on the Company's board of directors (or in any other position) since June 2022. Compl. ¶¶50, 52, 56-57; *see also* Chao Decl. ¶3, Zhang Decl. ¶3. That purported method of service does not comport with the Hague Service Convention, which courts within the Ninth Circuit, including this Court, consistently have held applies to foreign individuals like the Specially Appearing Defendants.

Rule 4 expressly authorizes service of process on foreign individuals "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention." Fed. R. Civ. P. 4(f)(1); *accord Reintegrative Therapy*, 2021 WL 5140195, at *2 (ruling "Subsection [4(f)](1) implements the [Hague Service] Convention"). "The United States and China are both parties to the Hague Service Convention, a multilateral treaty whose purpose is to simplify, standardize, and generally improve the process of serving documents abroad." *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, 480 F. Supp. 3d 977, 980 (N.D. Cal. 2020) (internal quotation marks omitted); *accord Reintegrative Therapy*, 2021 WL 5140195, at *2 (finding the Hague Service Convention "is an internationally agreed means of service expressly incorporated into and referenced by Rule 4"). And it is well-established by courts within the Ninth Circuit that when the United States and a foreign

country "are both signatories to the Hague [Service] Convention, the Hague [Service] Convention provides the *exclusive means*" by which plaintiffs can serve the Complaint on a foreign individual. *OGM, Inc. v. Televisa, S.A.*, No. 08-cv-5742-JFW (JCx), 2009 WL 1025971, at *1 (C.D. Cal. Apr. 15, 2009) (emphasis added); *see also Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) (explaining that "compliance with the [Hague Service] Convention is mandatory in all cases to which it applies"); *Reintegrative Therapy*, 2021 WL 5140195, at *3 (finding alternative attempted methods of service "are deficient . . . given Plaintiffs have not first attempted service" via the Hague Service Convention).[4]

Service is generally accomplished under the Hague Service Convention by "send[ing] a request for service to a receiving country's central authority, an entity that every signatory to the Convention must establish." *Facebook*, 480 F. Supp. 3d at 980; *accord Reintegrative Therapy*, 2021 WL 5140195, at *4 (describing proper method for plaintiff to serve process under the Hague Service Convention); Hague Service Convention, Arts. 2–7, http://www.hcch.net/upload/conventions/txt14en.pdf (link current as of Jan. 3, 2024). After that, "[t]he central authority must attempt to serve the defendant by a method that is compatible with the receiving country's domestic laws, and then provide the applicant with a certificate either confirming that service was successful or listing the reasons that prevented service." *Facebook*, 480 F. Supp. 3d at 980. Here, plaintiffs have provided no completed certificate from China's Central Authority. In fact, there is no indication that plaintiffs have even attempted to utilize the Hague Service Convention channels for service at all. Indeed, both written and oral communications with plaintiffs' counsel have made clear that plaintiffs have made no such efforts and do not intend to make any such efforts to comply with these requirements. *See* Tu Decl. ¶¶2–5 & Ex. A.

---

[4] When documents must be transmitted abroad for the purpose of service, Article 15 of the Hague Service Convention "says that a judgment may not be entered unless a foreign defendant received adequate and timely notice of the lawsuit." *Volkswagenwerk*, 486 U.S. at 703.

In addition to effecting service through the Central Authority, the Hague Service Convention does permit "alternative methods of service unless the receiving country objects." *Facebook*, 480 F. Supp. 3d at 980 (citing Hague Service Convention, Arts. 8–10). But as courts have recognized, China has stated its express opposition to service in accordance with Article 10, so personal service or service by mail on Specially Appearing Defendants in China is not permitted. *Id.* at 983 (finding "China has affirmatively objected to service 'by postal channels'" under Article 10); *accord In re LDK Solar Sec. Litig.*, No. C 07-05182 WHA, 2008 WL 2415186, at *2 (N.D. Cal., Jun. 12, 2008) ("China explicitly objected to Article 10 of the Convention."). Accordingly, the only permissible service method here under the Hague Service Convention is through China's Central Authority.

Plaintiffs are well-aware that Specially Appearing Defendants are Chinese residents that live and work there. *See, e.g.*, Compl. ¶¶50–52, 56–57; Tu Decl. ¶3. Nevertheless, plaintiffs have chosen to deliberately disregard the mandatory provisions of the Hague Service Convention.[5] Because plaintiffs have not even attempted to serve Specially Appearing Defendants according to the Hague Service Convention, the Court should exercise its discretion to quash service on both Mr. Chao and Ms. Zhang. *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) ("[Q]uashing service of process is in the district court's discretion."); *see also Reintegrative Therapy*, 2021 WL 5140195, at *5 ("[T]he Court orders that Plaintiffs must first request service

---

[5] China in its protocols for service under the Hague Service Convention also requires that all documents to be served must either be written in Chinese or have a Chinese translation attached. *See* Hague Conf. on Private Int'l Law, China—Central Authority & Practical Information, *Translation Requirements (Art. 5(3))*, available at http://www.hcch.net/index_en.php?act=authorities.details&aid=243 (link current as of Jan. 3, 2024). This requirement is all the more important here, where plaintiff is apparently attempting to serve English-only documents on Mr. Chao and Ms. Zhang, both of whom live and work in China, where Mandarin is the predominant language spoken, and particularly with respect to Mr. Chao, who primarily speaks, reads, and understands Mandarin, his native tongue. Chao Decl. ¶4. Although neither Specially Appearing Defendant (nor their counsel) has ever been provided with the documents that were purportedly served on TuSimple's agent in Delaware, there is no indication from the proofs of service that plaintiffs included translated copies of their English language Complaint, summons, or other documents.

through [foreign country's] central authority.").[6]

**2.      The attempted service does not satisfy California law**

Plaintiffs' purported service also is deficient under applicable California law, which mandates that a plaintiff must adhere to the Hague Service Convention procedures and expressly preempts state law methods for serving defendants in foreign countries that are its signatories.  Cal. Civ. Proc. Code §413.10(c) (providing that California service methods "are subject to the provisions of the [Hague Service] Convention"); *see also Volkswagenwerk*, 486 U.S. at 699 ("By virtue of the Supremacy Clause, U.S. Const., Art. VI, the [Hague Service] Convention pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies.").  Here, there is no question that plaintiffs fail to comply with applicable California law and procedure because they have not even attempted service under the Hague Service Convention.

Nor may plaintiffs assert that they have properly effected "substituted service" under California law by attempting to serve Specially Appearing Defendants via the Company.  Given that Specially Appearing Defendants are not on the Company's board—and have not been for nearly a year and a half (Chao Decl. ¶7; Zhang Decl. ¶7)—it is indisputable that the Company is not their "office" or their "usual place of business."  Cal. Civ. Proc. Code §415.20(a) (permitting plaintiffs to leave copy of the summons and complaint at defendant's "office'); §415.20(b) (permitting plaintiffs to leave copy of summons and complaint at defendant's "usual place of business").

**C.      The Court Lacks Personal Jurisdiction Over Mr. Chao and Ms. Zhang**

The Complaint and the supporting declarations submitted with this motion make clear that Mr. Chao and Mr. Zhang are not subject to this Court's jurisdiction.  Because plaintiffs do not meet their affirmative burden of establishing either general or specific

---

[6] Courts consistently hold that whether Specially Appearing Defendants have "actual notice of the suit is irrelevant to whether plaintiff properly effected service" of the Complaint.  *Univ. Surf. Tech. v. Sae-A Trading Am. Corp.*, No. 10-cv-6972-CAS (PJWx), 2011 WL 281020, at *3 (C.D. Cal. Jan. 26, 2011); *see also Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 853–54 (9th Cir.1992) (finding failed attempt at service under Federal Rules is not effective even if defendant received actual notice of action).

jurisdiction over Mr. Chao and Ms. Zhang, the claims should be dismissed for that reason. *See* Fed. R. Civ. P. 12(b)(2); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (affirming dismissal for lack of personal jurisdiction).

### 1.      There Is No General Jurisdiction

A court may only exercise general jurisdiction over a defendant whose contacts with the forum state are "so continuous and systematic as to render them essentially at home in the forum State." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (internal quotations and citation omitted). The standard for general jurisdiction is "exacting" because "a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801 (citation omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tire Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). That domicile "is his true, fixed and permanent home and place of habitation" and "is the place to which, whenever he is absent, he has the intention of returning." *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).[7]

The Complaint does not allege that Mr. Chao or Ms. Zhang have the required contacts with California (or anywhere else in the United States) that are "so continuous and systematic as to render them essentially at home in the forum State" that are required for general jurisdiction. *BNSF*, 137 S. Ct. at 1558 (cleaned up). Other than

---

[7] *See also J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011) (finding "those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter"); *In re DaimlerChrysler AG Sec. Litig.*, 197 F. Supp. 2d 86, 97 (D. Del. 2002) ("the United States Supreme Court, and other courts, have expressed reservations as to whether general jurisdiction may extend to non-resident individuals. *Burnham v. Superior Court of California,* 495 U.S. 604, 610 n.1, 110 S. Ct. 2105, 109 L. Ed. 2d 631 (1990) (declining to address the issue in detail, but recognizing that '[i]t may be that [general jurisdiction] applies only to corporations . . .'); *Hoechst Celanese Corp. v. Nylon Eng'g Resins, Inc.,* 896 F. Supp. 1190, 1193 n.4 (M.D. Fla. 1995) ('Nor is it clear that general jurisdiction can ever be held over a private, non-resident defendant.') . . . . Indeed, the Court has been hard pressed to locate any cases extending general jurisdiction to non-resident, foreign individuals.").

their prior positions as directors of TuSimple, there are no relevant connections alleged by Specially Appearing Defendants to the United States and California, let alone continuous and systematic ones. Specially Appearing Defendants are both residents of China, and Mr. Chao is a citizen of China. Chao Decl. ¶¶2–3; Zhang Decl. ¶¶2–3. Neither maintains a residence anywhere in the United States, neither personally owns, rents or leases any property within the United States, and neither even visits the United States or the Southern District of California frequently or at all. Chao Decl. ¶¶5–6; Zhang Decl. ¶¶4-6. Neither has any plans to travel to the Southern District of California anytime in the near future. Chao Decl. ¶9; Zhang Decl. ¶9. The Complaint itself concedes that Specially Appearing Defendants work in China for Chinese companies. Compl. ¶¶50–52, 56–57.

### 2. There Is No Specific Jurisdiction

In order to establish specific jurisdiction, the Ninth Circuit applies a three-prong test that requires the plaintiffs to show that: (1) defendants purposefully directed their activities at residents of the forum or purposefully availed itself of the privilege of doing business in the forum; (2) the plaintiffs' claim arises out of or relates to those activities; and (3) the assertion of personal jurisdiction must comport with fair play and substantial justice. *Schwarzenegger*, 374 F.3d at 802. It is the plaintiffs' burden to satisfy the first two prongs. *Id.* If the plaintiffs do so, the burden shifts to the defendants to show why the exercise of personal jurisdiction would not be reasonable and fair. *Id.*

### a. There Was No "Purposeful Direction"

The Supreme Court has articulated a three-part test to establish purposeful direction: (1) defendants must have committed an intentional act; (2) the defendants' acts were expressly aimed at the forum state; and (3) the defendants knew the brunt of the harm was likely to be suffered in the forum state. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111–12 (9th Cir. 2002) (citing *Calder v. Jones*, 465 U.S. 783, 788–89 (1984)). "Failing to sufficiently plead any one of these three elements [from Calder] is fatal to Plaintiff's attempt to show personal jurisdiction." *Rupert v. Bond*, 68 F. Supp. 3d 1142,

1163 (N.D. Cal. 2014).[8]

For all of its 121 pages, the Complaint does not come close to establishing that the Specially Appearing Defendants directed any intentional act that was expressly aimed at California or the United States. Specific jurisdiction requires a defendant's alleged suit-related conduct to create a "substantial connection" with the forum. *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

### (1)   The Conclusory Allegations Against Mr. Chao

The Complaint's allegations regarding Mr. Chao are conclusory and inadequate to establish specific jurisdiction. Plaintiffs aver that he (i) "controlled" two entities which were shareholders of TuSimple (Compl. ¶¶11); (ii) was a "'critical backer' of TuSimple and Hydron as well as a 'confidant and adviser' to both Chen and Hou" according to a news article (*id.* ¶¶111, 233); (iii) was "[one] of the primary financial beneficiaries" of the IPO, selling shares from the entities he controlled (*id.* ¶¶28, 262), (iv) signed TuSimple's Form S-1 Registration Statement on March 23, 2021, Amendment No. 1 to the Registration Statement on Form S-1/A on April 7, 2021, and Form 10-K on February 24, 2022, in his role as a director (*id.* ¶¶50); (v) held a position of "control", "access" and "authority" as a director regarding the Company and its public statements (*id.* ¶¶62–64); and repeated accusations that he had "close ties to the CCP" (*id.* ¶¶28, 238). What is notable about these allegations is that they are all conclusory statements that are sparse on any actual details of relevance—essentially, they attempt to impose securities claims against Mr. Chao because he is alleged to have served as a director during part of the relevant putative class period, signed some SEC filings as a director, had control and access as a director, controlled entities that owned and sold shares in the Company's IPO, and that he is a well-connected member of his country's political party.

---

[8] *See also D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 103–4 (3d Cir. 2009) ("[I]t is clear that the critical finding that the defendant purposefully availed itself of the privilege of conducting activities within the forum requires contacts that amount to a deliberate reaching into the forum state to target its citizens.").

For a foreign defendant, it is well-established that his or her "status as a Board member" without more "is too tenuous a connection to plausibly claim that this status alone directly and foreseeably gave rise to the effects complained of" by plaintiffs. *In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d at 399; *see also Gonzalez v. US Hum. Rts. Network*, 512 F. Supp. 3d 944, 955 (D. Ariz. 2021) (dismissing claims for lack of specific jurisdiction in part because "there is no suggestion that [defendants] otherwise engaged in any conduct that strayed outside their official capacity as board members"). Similarly, alleging control of a company or its public statements and filings is not enough because "the Due Process Clause is made of sterner stuff." *In re Parmalat*, 376 F. Supp. 2d at 454. And merely "signing" an SEC filing "in a foreign country" is not sufficient. *In re AstraZeneca*, 559 F. Supp. 2d at 467.

None of plaintiffs' conclusory allegations establish the required purposeful availment directed at California or the United States with respect to the Complaint's allegedly false and misleading statements. *See S.E.C. v. Jammin Java Corp.*, No. 2:15-cv-08921-SVW-MRW, 2016 WL 11783918, at *6 (C.D. Cal. Oct. 28, 2016) ("The conclusory allegation that the owner or officer's actions are coexistent with that of the owned or employing entity is insufficient."); *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, No. 2:11-CV-07166-MRP, 2012 WL 1097244, at *14 (C.D. Cal. Mar. 9, 2012) (dismissing federal securities claims for lack of personal jurisdiction and ruling that defendants did not "purposefully direct[] their actions toward" a particular state merely by signing SEC statements); *In re JPMorgan Chase Derivative Litig.*, 263 F. Supp. 3d 920, 944–45 (E.D. Cal. 2017) (dismissing shareholder derivative claims against directors in part because "[t]he complaint must plead more than the passive receipt of information to establish [director] defendants purposefully directed activity towards California"); *see also, e.g.*, *Addaday, Inc. v. Artist Int'l Co.*, No. 2:21-cv-05525-ABP-LAX, 2022 WL 1516053, at *6 (C.D. Cal. Feb. 22, 2022), *reconsideration denied sub nom. Addaday, Inc. v. Artist Int'l Co.*, No. 2:21-cv-05525-ABP-LAX, 2022 WL 1516052 (C.D. Cal. Apr. 19, 2022) (ruling alleged misrepresentations made at one

meeting in state were "insufficient" to establish specific jurisdiction and dismissing fraud claim against former director).

The general and non-specific allegations of "control", "access" and "authority" against Mr. Chao are typical of the conclusory "group" allegations the Complaint relies upon to lump Mr. Chao in with other defendants, implying that because Mr. Chao is a Chinese citizen and affiliated with entities that were significant shareholders of the Company, that he must have had some knowledge or involvement with the allegations that are attributed to other defendants. For example, the Complaint alleges in conclusory fashion that "[i]ntegral to defendants' scheme was the secret transfer of the Company's valuable intellectual property by Hou, Chen, Zhang, Lu and Chao to Hydron . . . ." Compl. ¶122. There is no explanation as to Mr. Chao's supposed involvement in this "secret transfer", what "valuable intellectual property" was supposedly transferred by Mr. Chao, or when it purportedly happened. Such conclusory allegations that a non-U.S. defendant participated in a fraud, which is all that is alleged against Mr. Chao, are insufficient to establish personal jurisdiction. *See In re Countrywide,* 2012 WL 1097244, at \*14 (C.D. Cal. Mar. 9, 2012) (*In re Royal Ahold N.V. Sec. & ERISA Litig.*, 351 F. Supp. 2d 334, 354 (D. Md. 2004) ("While the complaint states that that [the foreign defendant] was a 'direct and substantial participant in the fraud,' it does not offer any specific factual allegations to support this claim. The plaintiffs include [the foreign defendant] in their broad group pleadings and allege that he acted as a control person, but they fail to note a single specific act taken by [the foreign defendant] directed at the U.S."); *In re AstraZeneca Sec. Litig.*, 559 F. Supp. 2d at 467 (finding allegations that non-U.S. defendants "caused the distribution of false and misleading reports and statements" and "had actual knowledge that each of the representations alleged herein were materially false and misleading" were "conclusory allegations of participation in the fraud [that] are insufficient").

Similarly, specific jurisdiction may not be premised solely upon a foreign defendant's ownership of stock in a U.S. corporation. *Belden Techs., Inc. v. LS Corp.*,

626 F. Supp. 2d 448, 457 (D. Del. 2009) (finding "[m]ere ownership of a Delaware corporation is not sufficient to confer personal jurisdiction over a non-resident defendant"). Mr. Chao is not even alleged to have personally owned or sold any shares of TuSimple, only that he "controlled" two companies (who are not named as defendants) that sold shares in the IPO. That is insufficient to establish specific jurisdiction in this case.

**(2)    The Nearly Non-Existent Allegations Regarding Ms. Zhang**

With respect to Ms. Zhang, the Complaint is virtually devoid of even insufficient conclusory allegations, let alone any allegations that could possibly satisfy the plaintiffs' burden to establish personal jurisdiction over her.

The entirety of the Complaint's allegations against Ms. Zhang is that she served as a director from September 2020 until June 2022, and in that capacity signed three SEC filings, one of which was through a power of attorney granted to defendant Cheng Lu. Compl. ¶56 (identifying TuSimple's Form S-1 Registration Statement on March 23, 2021, Amendment No. 1 to the Registration Statement on Form S-1/A on April 7, 2021 (via a power of attorney granted to Cheng Lu), and Form 10-K on February 24, 2022). Other than including her name among others in a non-specific and conclusory group allegation, Compl. ¶122 ("Integral to defendants' scheme was the secret transfer of the Company's valuable intellectual property by Hou, Chen, Zhang, Lu and Chao to Hydron . . . ."), the Complaint provides no basis whatsoever of any purposeful availment by her that could be sufficient for the assertion of personal jurisdiction.

The Complaint does not come close to alleging any substantive allegations with respect to Ms. Zhang beyond her having served as a director of the Company for part of the putative class period and signing some SEC filings. *In re DaimlerChrysler AG Sec. Litig.*, 197 F. Supp. 2d 86, 96 (D. Del. 2002) (dismissing for lack of personal jurisdiction where the complaint had not "adequately specified [the foreign defendant's] alleged role in structuring and approving merger or in preparing and disseminating the

allegedly false and misleading documents at issue"); *In re Rhodia S.A. Sec. Litig.*, 531 F. Supp. 2d 527, 542 (S.D.N.Y. 2007) (dismissing for lack of personal jurisdiction where complaint failed to "set forth any specific allegation that [foreign defendants] issued any statements, effectuated any transactions, or authorized any acquisitions that constitute the misconduct alleged in the Complaint.").

### b. The Exercise of Personal Jurisdiction Would Not Comport With Fair Play and Substantial Justice

The Court should also decline to exercise personal jurisdiction over Specially Appearing Defendants because doing so would not be compatible with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). When assessing the fairness of exercising personal jurisdiction, "the primary concern is the burden on the defendant." *Bristol-Myers Squibb Co. v. Sup. Ct. of California,* 137 S. Ct. 1773, 1780 (2017) (quotations and citation omitted). In particular, courts give "significant weight" to the "unique burdens" on a foreign defendant that must defend itself in the U.S. legal system. *Asahi Metal Indus. Co., Ltd. v. Sup. Ct. of California,* 480 U.S. 102, 114 (1987).

The Ninth Circuit has identified seven factors that courts may consider in evaluating fair play and substantial justice. *See Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995). These factors include "the extent of the defendants' purposeful interjection into the forum state's affairs." *Id.* This factor weighs against jurisdiction because Mr. Chao's and Ms. Zhang's alleged conduct is centered in China, not California. The Court should also consider "the burden on the defendant of defending in the forum." *Id.* This factor weighs heavily against jurisdiction, of course, as it would require Specially Appearing Defendants to travel to the United States to defend themselves in a foreign legal system. *See Asahi*, 480 U.S. at 114 ("The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight[.]"). Furthermore, "the presence or absence of connections to the United States in general, not just to the forum state," cautions against finding

jurisdiction. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993). As set forth above and in their supporting declarations, the only relevant connections that Specially Appearing Defendants have here is that they served as independent directors of TuSimple for several years. As full-time residents of China who live and work there, neither own property in the United States or have any current intentions to travel here. Chao Decl. ¶¶2–6, 9; Zhang Decl. ¶¶2–6, 9.

The *Caruth* factors make clear that it would be fundamentally unfair—and incompatible with traditional notions of fair play and substantial justice—to subject Specially Appearing Defendants to specific personal jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Specially Appearing Defendants request that the Court quash the purported service of the Complaint, or in the alternative, dismiss the claims against them for lack of jurisdiction.

Dated: January 3, 2024                    COOLEY LLP


                                          */s/ Michael C. Tu*
                                          Michael C. Tu

                                          *Attorneys for Specially Appearing Defendants*
                                          *Charles Guowei Chao and Bonnie Yi Zhang*