MICHAEL C. TU (State Bar No. 186793)
*mctu@cooley.com*
COOLEY LLP
355 South Grand Avenue, Suite 900
Los Angeles, California 90071
Telephone: (213) 561-3250
Facsimile:  (213) 561-3244

BARRETT J. ANDERSON (State Bar No. 318539)
*banderson@cooley.com*
COOLEY LLP
10265 Science Center Drive
San Diego, California 92121
Telephone: (858) 550-6161
Facsimile:  (858) 550-6420

*Attorneys for Specially Appearing Defendants*
*Charles Guowei Chao and Bonnie Yi Zhang*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| AUSTIN DICKER, INDIANA PUBLIC RETIREMENT SYSTEM, ROBERT MILLER, MICHELLE POIRIER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TUSIMPLE HOLDINGS, INC., GUOWEI "CHARLES" CHAO, XIAODI HOU, MO CHEN, BONNIE YI ZHANG, CHENG LU, PATRICK DILLON, BRAD BUSS, KAREN C. FRANCIS, MORGAN STANLEY & CO. LLC, CITIGROUP GLOBAL MARKETS, INC., J.P. MORGAN SECURITIES LLC, BOFA SECURITIES, INC., COWEN AND COMPANY, LLC, CREDIT SUISSE SECURITIES (USA) LLC, NOMURA SECURITIES INTERNATIONAL, INC., RBC CAPITAL MARKETS, LLC, NEEDHAM & COMPANY, LLC, OPPENHEIMER & CO., INC., PIPER SANDLER & CO., ROBERT W. BAIRD & CO. INCORPORATED, and VALUABLE CAPITAL LIMITED,<br><br>Defendants. | Case No.: 3:22-cv-01300-BEN-MSB (Consolidated with No. 3:23-cv-00282-BEN-MSB)<br><br>**DECLARATION OF MICHAEL C. TU IN SUPPORT OF SPECIALLY APPEARING DEFENDANTS' MOTION TO QUASH SERVICE AND TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(5) AND 12(b)(2)**<br><br>Judge: Hon. Roger T. Benitez<br>Courtroom: 5A |
| --- | --- |

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

DECLARATION OF MICHAEL C. TU
CASE NO. 3:22-CV-01300-BEN-MSB

## DECLARATION

I, Michael C. Tu, do hereby declare and state:

1.    I am a partner with the law firm of Cooley LLP, and counsel for the specially appearing defendants Charles Guowei Chao and Bonnie Yi Zhang.  I respectfully submit this declaration in support of Mr. Chao's and Ms. Zhang's motion to quash and dismiss.  I have personal knowledge of the matters stated herein and, if called as a witness, could and would testify competently thereto.

2.    On December 8, 2023 at 11:21 am PST, I spoke to Ramzi Abadou, who I understand to be counsel of record for the plaintiffs in this action, by telephone conference.  During this call, Mr. Abadou asked if I would accept service of plaintiffs' complaint on behalf of Mr. Chao and Ms. Zhang.  I informed Mr. Abadou that although I represented Mr. Chao and Ms. Zhang for purposes of other litigation, I did not currently have any authorization to accept or waive service on behalf of either individual for his case.

3.    However, in the interests of facilitating plaintiffs' service of Mr. Chao and Ms. Zhang and attempting to avoid the necessity of future motion practice, I offered during the call to provide their current work and residential addresses as both a professional courtesy and to help avoid any unnecessary service delays.  I informed Mr. Abadou that both Mr. Chao and Ms. Zhang live and work full-time in China, and that neither has any current affiliation or position with TuSimple Holdings Inc.  I also explained to Mr. Abadou that as foreign individuals who live and work full-time outside the United States, they were entitled to be served under the process that is set forth by the Federal Rules and applicable international treaties such as the Hague Service Convention.  Mr. Abadou stated that he had no intention of proceeding with any service attempts on Mr. Chao or Ms. Zhang where they reside, even if their current addresses were provided.

4.    Shortly after that telephone call, Mr. Abadou sent me an email in which he stated, "thanks for your phone call, and for confirming that you are 'currently' unable

to accept service of the Consolidated Complaint on behalf of Defendants Zhang and Chao in *Dicker* despite having already accepted service on their behalf in the Delaware TuSimple action." A true and correct copy of that email, sent on December 8, 2023 at 12:13 pm PST, is attached hereto at page 5 of **Exhibit A**. (Additional emails that are part of the same email chain are also included in Exhibit A for completeness.)

5. In response to Mr. Abadou's message, there were several emails exchanged between him and myself on December 14, 2023, following which at 3:45 p.m. PST, I sent an email to Mr. Abadou providing both the business and personal residential addresses for Mr. Chao and Ms. Zhang, that may be used in order to move forward with a Hague Service Convention request. A true and correct copy of that email, which redacts only the specific residential street address information that was provided to Mr. Abadou, is attached hereto at pages 1–3 of **Exhibit A**. To be clear, the original email to Mr. Abadou was not redacted, and an unredacted version of this email can be provided to the Court upon request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  January 3, 2024                   By:_____
                                                    Michael C. Tu