ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
LUCAS F. OLTS (234843)
HEATHER G. GEIGER (322937)
STEPHEN JOHNSON (347822)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
lolts@rgrdlaw.com
hgeiger@rgrdlaw.com
sjohnson@rgrdlaw.com

KAHN SWICK & FOTI, LLP
RAMZI ABADOU (222567)
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN DICKER; Individually and on Behalf of All Others Similarly Situated,<br><br>                          Plaintiff,<br><br>        vs.<br><br>TUSIMPLE HOLDINGS, INC. et al.,<br><br>                          Defendants. | No. 3:22-cv-01300-BEN-MSB<br><br>CLASS ACTION<br><br>PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REQUEST ALTERNATE SERVICE OF PROCESS FOR DEFENDANTS CHAO AND ZHANG AND TO PARTIALLY LIFT THE PSLRA DISCOVERY STAY AS TO DEFENDANTS CHAO AND ZHANG<br><br>Date:         April 1, 2024<br>Time:        10:30 A.M.<br>Judge:      Hon. Roger T.Benitez<br>Courtroom: 5A |

## **TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................................1

II.     STATEMENT OF FACTS .....................................................................................2

III.    LEGAL STANDARD ...........................................................................................5

IV.     ARGUMENT .........................................................................................................6

      A.     The Court Should Authorize Alternative Service of Process on Defendants Chao and Zhang under Rule 4(f)(3) ...................................6

      B.     The PSLRA Discovery Stay Should be Partially Lifted to Ensure that Defendants Chao and Zhang are Preserving Evidence ................10

V.      CONCLUSION ....................................................................................................12

## I.    INTRODUCTION

On February 18, 2022, pursuant to a National Security Agreement ("NSA") between TuSimple Holdings, Inc. ("TuSimple" or the "Company") and the Committee on Foreign Investment in the United States ("CFIUS"), Defendant Guowei "Charles" Chao ("Chao"), a Chinese national with close ties to the Chinese Communist Party, was forced to relinquish two seats on TuSimple's Board of Directors ("Board") controlled and held by him and Defendant Bonnie Yi Zhang ("Zhang").[1] *See* Consol. Class Action Compl.  ("Compl."), ECF No. 103, at ¶¶ 12-13, 28, 50, 52, 56.[2]

Defendant Chao served on TuSimple's Board until his forced resignation in June 2022 and sold 6.75 million shares of TuSimple stock in connection with the Company's IPO generating illicit proceeds of over $270 million while in possession of material, non-public information about TuSimple's funneling of proprietary intellectual property to Hydron. *Id.* at ¶¶ 28, 50.[3] Chao is separately liable to Plaintiff Poirier and the other members of the Class who traded contemporaneously with Chao under § 20A of the Exchange Act. *Id.* at ¶¶ 397-402.

All Defendants have been served with the Complaint, including Defendants Chao and Zhang, who were served *via* TuSimple's registered agent in Delaware on December

[1] "Defendants" are Charles Chao ("Chao"), Bonnie Yi Zhang ("Zhang"), Xiaodi Hou, Cheng Lu, Patrick Dillon, Mo Chen, Brad Buss, Karen C. Francis (the "Individual Defendants"), Morgan Stanley & Co. LLC, Citigroup Global Markets Inc., J.P. Morgan Securities LLC, BofA Securities, Inc., Credit Suisse Securities (USA) LLC, TD Cowen, Nomura Securities International, Inc., RBC Capital Markets, LLC, Needham & Company, LLC, Oppenheimer & Co. Inc., Piper Sandler & Co., Robert W. Baird & Co. Incorporated, and Valuable Capital Limited (the "Underwriter Defendants") and TuSimple Holdings Inc. ("TuSimple" or the "Company").

[2] Defendant Chao served, *inter alia*, on TuSimple's Board from April 22, 2019 until his forced resignation in June 2022 and currently serves as Chairman of the Board of Directors and CEO of Sina Corporation ("Sina") – a large Chinese conglomerate with close ties to the Chinese Communist Party. *Id.* at ¶¶ 11, 50-51. Defendant Zhang is also a member of Sina's Board of Directors and serves as its CFO. *Id.* at ¶ 56.

[3] Hydron, Inc. (f/k/a Turing Auto, Inc.) is a Chinese tech startup and self-driving semi-truck rival founded by Defendant Chen, which was incorporated in Delaware on March 29, 2021 - just two weeks before the IPO. *Id.* at ¶ 8. Chao also backed Hydron. *Id.* at ¶ 11.

20, 2023. *See* ECF Nos. 143-144. Defendants Chao and Zhang, however, have refused to accept service *via* TuSimple's registered agent and through their counsel in a parallel derivative action (the "Derivative Action") even though: (i) the agent accepted service on Chao's and Zhang's behalf in this matter; and (ii) Chao and Zhang also accepted service through the same agent in the Derivative Action.

This motion is therefore necessary to compel Defendants Chao and Zhang to accept service. Moreover, given the parallel federal criminal investigations in this matter, this motion also seeks limited discovery to ascertain whether defendants Chao and Zhang have complied and are complying with their obligation to preserve relevant evidence. TuSimple's December 4, 2023 revelation that it is winding down its U.S. operations and relocating to China further supports and adds an additional degree of exigency to Plaintiffs' motion.[4]

## II.    STATEMENT OF FACTS

Plaintiffs have gone to great lengths to serve defendants Chao and Zhang with the Complaint and to obtain assurances these Defendants were honoring their discovery obligations prior to seeking this Court's intervention.

On October 2, 2023, Plaintiffs' counsel contacted TuSimple's counsel at Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale") to determine whether they were authorized to accept service on behalf of Defendants Chao and Zhang. **Ex. A** to Decl. of Ramzi Abadou ("Abadou Decl.").[5] WilmerHale declined to respond. Then, on October 12, 2023, Plaintiffs' counsel again requested "whether you represent Guowei 'Charles' Chao and/or Bonnie Yi Zhang and are authorized to accept service on their behalf." **Ex. B**. On October 19, 2023, WilmerHale responded that they did not represent

---

[4] As part of its restructuring, TuSimple also announced that it had terminated 75% of its U.S. workforce. *See* **Ex. K**.

[5] All cites to "Ex." and "Ex's." are to the corresponding exhibits to the Abadou Decl., unless otherwise stated.

either defendant, and were unaware who did.[6]

On November 1, 2023, Plaintiffs' counsel again reached out to WilmerHale to request physical addresses for Defendants Chao and Zhang. **Ex. C**. Defense counsel initially did not respond. Plaintiffs' counsel thereafter met and conferred with defense counsel twice regarding service and preservation of documents on November 20 and November 28, 2023. **Ex's. D-E**. During the November 20, 2023 meet and confer, WilmerHale stated that it would provide addresses for both Chao and Zhang on or before November 27, 2023. Abadou Decl. ¶ 7. TuSimple's counsel also stated that the Company likewise refused to accept service on their behalf but added that they could provide information within the week about whether they: (i) had informed Defendants Chao and Zhang of their obligation to preserve relevant evidence; and (ii) had taken any steps to preserve such evidence. *Id*. WilmerHale, however, failed to provide the promised information.

During the November 28, 2023 meet and confer, TuSimple's counsel again assured Plaintiffs' counsel that they would send a letter to Plaintiffs within a week stating whether they: (i) had informed Defendants Chao and Zhang of their obligation to preserve relevant evidence; and (ii) had taken any steps to preserve such evidence. Abadou Decl. ¶ 9. To date, however, they have failed to do so.

Instead, defense counsel directed Plaintiffs to contact Michael Tu, an attorney who represents Defendants Chao and Zhang in the Derivative Action. *Id*.; *In Re TuSimple*, No. 2022-1095-PAF (Del. Ch. March 29, 2023), Order Granting Mot. for Admission *Pro Hac Vice* of Michael C. Tu (attached hereto as **Ex. I**). Plaintiffs' counsel emailed Mr. Tu on November 21, 2023, to ask if he would accept service on behalf of Defendants Chao and Zhang. **Ex. F.** Mr. Tu did not respond until November 29, 2023,

---

[6] WilmerHale, the firm representing TuSimple in this matter, currently represents defendant Chao in litigation in the Northern District of California. *GeoSolutions B.V. v. Sina.Com Online*, 2023 U.S. Dist. LEXIS 192674, at *1-2 (N.D. Cal. 2023) (stating that attorney Mark D. Flanagan with WilmerHale represents defendant Chao).

MEMO ISO MOTION RE ALTERNATE SERVICE
& TO PARTIALLY LIFT PSLRA DISCOVERY STAY
CASE NO. 3:22-CV-01300-BEN-MSB

stating that he was not authorized to accept service on either Chao's or Zhang's behalf. *Id*. On December 8, 2023, Mr. Tu stated during a telephone call with Plaintiffs' counsel that he was not authorized to accept service on behalf of Chao and Zhang and was unwilling to provide their residential addresses to Plaintiffs at that time.[7] **Ex. G**; Abadou Decl. ¶ 11. Then on December 13, 2023, Plaintiffs served the Complaint on Defendants Chao and Zhang *via* TuSimple's registered agent in Delaware, who accepted service on their behalf. *See* ECF Nos. 143 and 144.

On December 14, 2023, Mr. Tu emailed Plaintiffs' counsel and again refused to accept service on behalf of his clients defendants Chao and Zhang. **Ex. H**. Plaintiffs' counsel responded that same day by, *inter alia*, sending Mr. Tu proofs of service on Chao and Zhang via TuSimple's registered agent. *Id*. Only thereafter did Mr. Tu respond, stating that the proofs of service were "clearly (and very obviously) defective on their face." *Id*. Mr. Tu further asserted—also incorrectly—that "***China also imposes*** certain requirements in its declarations to the Hague Service Convention to safeguard the rights of service recipients, such as ensuring that any such documents ***must be translated into Chinese***." *Id*. Defendants Chao and Zhang have thus informally refused to accept service of the Complaint, either through TuSimple's registered agent—as they did in the Derivative action—or through Mr. Tu, their counsel in that action.

On December 4, 2023, the Company disclosed in a press release on Form 8-K, attached hereto as **Ex. K**, that it intended to move its U.S. operations to China and fire 75% of the Company's U.S. workforce.

---

[7] On January 13, 2023, TuSimple accepted service of the Summons and Complaint on behalf of Defendants Chao and Zhang in a related stockholder derivative action ("Derivative Action") brought against, *inter alia*, the same Individual Defendants in this action. *See In Re TuSimple Holdings Inc. Stockholder Litig.*, No. 2022-1095-PAF, Summons and Aff. of Service (Del. Ch. Ct. Jan. 17, 2023) (attached hereto as **Ex. J**). While the Derivative Action shares some factual overlap with this matter, the Derivative Action does not allege (as this matter does) a violation of § 20A of the Exchange Act in connection with Defendant Chao's sale of over 6.75 million shares of TuSimple stock for over $270 million. 15 U.S.C. § 78t-l. Compl. ¶¶ 28, 397-402.  Perhaps that's why Defendant Chao appears unwilling to accept service in this matter.

## III. LEGAL STANDARD

Rule 4(f)(3) permits service of process on an individual in a foreign country "by other means not prohibited by international agreement, as the court orders." *Fed. R. Civ. P. 4(f)(3).* "Under Rule 4(f)(3), courts can order service through a variety of methods, 'including publication, ordinary mail, mail to the defendants last known address, ***delivery to the defendant's attorney***, telex, and most recently, email,' provided [t]here is no international agreement directly to the contrary." *Victaulic Co. v. Allied Rubber & Gasket Co.*, 2020 U.S. Dist. LEXIS 82150, at *4-5 (S.D. Cal. 2020) (quoting *Rio Props., v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002)) (emphasis added) (Benitez, J.).

"[C]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2). *Rio Props.*, 284 F.3d at 1015. "Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. . . . [S]ervice of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief." *Id*. Indeed, "Rule 4(f)(3) may allow the district court to order a 'special method of service,' even if other methods of service remain incomplete or unattempted." *Id*.

Further, the Private Securities Litigation Reform Act of 1995 ("PSLRA") imposes a discovery stay "during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary . . . to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). "Courts have described the purpose of the PSLRA discovery stay as to minimize the incentives for plaintiffs to file frivolous securities class actions in the hope either (1) that corporate defendants will settle those actions rather than bear the high cost of discovery, or (2) that the plaintiff will find during discovery some sustainable claim not alleged in the complaint." *Hufnagle v. RINO Int'l Corp.*, 2011 U.S. Dist. LEXIS 72078, at *3 (C.D. Cal. 2011) (citing cases). In the very first case ever filed under the PSLRA, Judge

Brewster of this Court noted that the undue prejudice standard is satisfied with "something less than 'irreparable harm.' [And] means [rather] improper or unfair detriment." *Med. Imaging Ctrs. of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717, 720 (S.D. Cal. 1996).

As set forth herein, lifting the stay is necessary to preserve evidence and prevent undue prejudice. *See In re Tesla, Inc. Sec. Litig.*, 2019 U.S. Dist. LEXIS 8759, at *4 (N.D. Cal. 2019) ("Congress's general intent [is] to preserve relevant evidence."); *see also In re Nat'l Century Fin. Enters.*, 347 F. Supp. 2d 538, 542 (S.D. Ohio 2004) ("The destruction of the documents and electronic information . . . will likely cause actual prejudice to the Plaintiffs."). In addition, "[a] substantial delay [] that might ultimately result in a defendant escaping liability has been held to constitute undue prejudice under the PSLRA." *In re China Intelligent Lighting & Elecs., Inc. Sec. Litig.*, 2012 U.S. Dist. LEXIS 19389, at *5-6 (C.D. Cal. 2012). "Under 15 U.S.C. § 78u-4(b)(3)(B), a discovery request is particularized if the party seeking discovery under the exception adequately specifies the target of the requested discovery." *Courter v. CytoDyn, Inc.*, 2022 U.S. Dist. LEXIS 37938, at *5 (W.D. Wash. 2022).

## IV. ARGUMENT

### A. The Court Should Authorize Alternative Service of Process on Defendants Chao and Zhang under Rule 4(f)(3)

The Ninth Circuit holds that alternative service of process on foreign defendants is appropriate under Rule 4(f)(3) where, as here, a corporate defendant refuses to allow their U.S. agents to accept service on their behalf, regardless of whether the plaintiff had attempted service directly on the foreign defendant. In *Rio Properties*, for instance, the Ninth Circuit affirmed a district court's authorization of alternative means of service on a foreign defendant by service upon its U.S. counsel, despite the defendant's refusal to accept service through counsel. 284 F.3d at 1017. The Court reasoned that serving the foreign defendant through U.S. counsel was appropriate because it was clear that

U.S. counsel was in contact with the foreign defendant and knew of the defendant's legal positions in the action. *Id*.

And the Ninth Circuit expressly rejected the argument that the plaintiff must first attempt to serve the foreign defendant in accordance with the foreign country's laws, holding that "service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Id*. at 1014. The Court "disapprove[d] of . . . requir[ing] attempted service by all feasible alternatives before service under Rule 4(f)(3) is allowed." *Id*. at 1016.

Various courts, including this Court, have followed *Rio Properties'* reasoning to authorize alternative service under Rule 4(f)(3) on defendants located in China, including through U.S. counsel. In *Victaulic Co. v. Allied Rubber & Gasket Co.*, this Court held that service via email on a Chinese defendant was permissible under Rule 4(f)(3), even though China signed the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention") and "objected to service under Article 10(a), which provides for service by 'postal channels.'" 2020 U.S. Dist. LEXIS 82150, at *7 (quoting Hague Conv. Art. 10(a), 20 U.S.T. 361).[8] In support of this holding, this Court noted that, according to the Ministry of Justice in China, service of process in accordance with Hague Convention procedures "often takes more than two years to complete." *Id*. at *3.

Courts in this Circuit also squarely hold that former officers and directors of a corporation may be served, as here, *via* the defendant corporation's registered agent or counsel. *See Rose v. Deer Consumer Prods.*, 2011 U.S. Dist. LEXIS 150160, at *8 (C.D. Cal. 2011) (granting motion to serve "current or former" officers of the defendant corporation through its registered agent or counsel); *In re LDK Solar Sec. Litig.*, 2008

---

[8] As explained *infra*, the procedures mandated by the Hague Convention are not required here, because defendants Chao and Zhang may be served through U.S. counsel or TuSimple's registered agent in Delaware.

U.S. Dist. LEXIS 90702, at *11 (N.D. Cal. 2008) (authorizing service on officers and directors of defendant corporation through the company's California office). Plaintiffs in neither case had previously attempted to serve the defendants located in the PRC through the Chinese Central Authority as required by the Hague Convention. *Rose*, 2011 U.S. Dist. LEXIS 150160, at *2; *LDK*, 2008 U.S. Dist. LEXIS 90702, at *4.

Nevertheless, both the *Rose* and *LDK* courts held that plaintiffs need not first attempt service through the Hague Convention before moving for alternative service under Rule 4(f)(3). *Rose*, 2011 U.S. Dist. LEXIS 150160, at *7-8 ("Plaintiffs' proposed service on [Defendants'] registered agent is not prohibited by the Hague Convention."); *LDK*, 2008 U.S. Dist. LEXIS 90702, at *5 ("[I]t is not necessary for plaintiffs to first attempt service through 'internationally agreed means' before turning to 'any other means not prohibited by international agreement.'").

Here, as in *Rose*, Defendants Zhang and Chao, former directors of TuSimple, are located in China and have refused to authorize their domestic agents—either the Company or counsel representing them in other U.S. litigation—to accept service on their behalf. As this Court is aware, requiring service in the PRC through Hague Convention procedures could result in years of unnecessary delays in the litigation or even enable Defendants Chao and Zhang to escape liability altogether. *See Victaulic Co.*, 2020 U.S. Dist. LEXIS 82150, at *4 (holding that service under Rule 4(f)(3) was necessary, because the case had been "sitting stagnant . . . for the past 34-months" due to the failure of the PRC's Central Authority to effectuate service of process on the defendant). Furthermore, "service by email upon Defendants' United States-based counsel[] does not implicate the Hague Convention because it does not involve the transmission of judicial documents for service abroad." *Catalyst Lifestyle Ltd. v. Elago Co.*, 2022 U.S. Dist. LEXIS 207520, at *6 (S.D. Cal. 2022). The reason for this is simple: "If valid service occurs in the United States . . . the Convention is not implicated regardless of the location of the party." *Volkswagenwerk AG. v. Schlunk*, 486 U.S. 694,

707 (1988).

"Service upon a foreign defendant's United States-based counsel is a common form of service ordered under Rule 4(f)(3)[.]" *Hawkins v. Bank of Am., N.A.*, 2018 U.S. Dist. LEXIS 57758, at *9 (S.D. Cal. 2018) (quotations omitted). There, the court ordered service on a foreign defendant's U.S. counsel, despite counsel's "disavowal" that he was authorized to accept service, holding that "this disavowal does not defeat a finding that alternative service on a defendant's U.S. attorney comports with due process." *Id.* at *11.

As the *Hawkins* court noted, "[c]ourts in the Ninth Circuit have ordered service through United States-based counsel even when counsel has refused to accept service on the ground that they do not represent the international defendants[.]" *Id.* (quotations omitted, collecting cases); *see also Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*, 2019 U.S. Dist. LEXIS 8723, at *5, *7 (S.D. Cal. 2019) (authorizing service on U.S. counsel of defendants located in the PRC and Taiwan and holding that "Plaintiffs are not required to attempt service through the Hague Convention."); *U.S. SEC v. Gutierrez*, 2020 U.S. Dist. LEXIS 48512, at *7 (S.D. Cal. 2020) (ordering service under Rule 4(f)(3) on a foreign defendant via U.S.-based counsel, though counsel no longer represented the defendant, and holding that "[d]ue process does not require that individuals served on behalf of a foreign defendant have represented them in the past or have been authorized to accept service."); *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 565 (C.D. Cal. 2012) (authorizing service on a company's directors and officers in China through the company's registered agent and corporate counsel and rejecting the argument that the Plaintiffs must first attempt service in China before seeking relief); *Cadence Design Sys. v. Syntronic AB*, 2021 U.S. Dist. LEXIS 176743, at *12-13 (N.D. Cal. 2021) (authorizing service of complaint on U.S. counsel of defendant in the PRC and holding that "[t]his form of service on a Chinese defendant is not prohibited under the Hague Convention.").

"Finally, the court-ordered method of service must still be reasonable." *LDK*, 2008 U.S. Dist. LEXIS 90702, at \*10. "Even if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process." *Rio Props.*, 284 F.3d at 1016. "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

Here, authorizing Plaintiffs to have served Defendants Chao and Zhang through TuSimple's registered agent, as Plaintiffs have already done, WilmerHale and/or Mr. Tu, would undoubtedly apprise Chao and Zhang of the pendency of the action, assuming *arguendo* that they have not already been made aware of it.[9] Accordingly, this Court should authorize service of process on Defendants Chao and Zhang through TuSimple's U.S. registered agent in Delaware, WilmerHale, Mr. Tu, or all of the above, as the Court sees fit.

## B.    The PSLRA Discovery Stay Should be Partially Lifted to Ensure that Defendants Chao and Zhang are Preserving Evidence

The PSLRA is designed to enable defendants to avoid the burdens of formal discovery, but nevertheless imposes an obligation on defendants to "treat all documents, data compilations (including electronically recorded or stored data), and tangible objects that are in [their] custody or control . . . as if they were the subject of a continuing

---

[9] When courts have declined to authorize service of process on a corporation's former directors or officers through its U.S. office, they have done so because there was no guarantee that the corporation would apprise the former directors or officers of the action. *See, e.g.*, *In re China Educ. All., Inc.*, 2011 U.S. Dist. LEXIS 94494, at \*7 (C.D. Cal. 2011). Here, by contrast, defendants Chao and Zhang have retained counsel in the Derivative Action, through whom they could be served. And TuSimple's registered agent accepted service on Chao's and Zhang's behalf both in this action and in the Derivative Action, over six months after Chao's and Zhang's forced resignation from the Board.

request for production of documents from an opposing party under the Federal Rules of Civil Procedure." 15 U.S.C. § 78u–4(b)(3)(C)(i). The PSLRA, in other words, enables defendants to avoid discovery costs while the complaint's allegations are tested under the PSLRA's standard for pleading fraud, while plaintiffs are afforded a statutory assurance that Defendants will preserve relevant documents. *See Vezzetti v. Remec, Inc.*, 2001 U.S. Dist. LEXIS 10462, at *5-6 (S.D. Cal. 2001) ("[T]he goal of the PSLRA in enacting its discovery stay was to 'minimize what was seen as the high costs associated with discovery,' and not to allow critical evidence to 'disappear while defendants litigated motions to dismiss.'"); *Fazio v. Lehman Bros.*, 2002 U.S. Dist. LEXIS 15157, at *5-6 (N.D. Ohio 2002) ("To protect plaintiffs, the statute also mandates that any party having notice of the lawsuit preserve all relevant documents and other potential evidence.").

The PSLRA also provides the Court discretion, however, to lift the discovery stay "upon the motion of any party . . . [as] necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). Both prongs justify lifting the stay here. Given Defendants Chao's and Zhang's efforts to evade or prevent service of process, the ongoing U.S. criminal investigations related to this matter (*see* Compl. ¶ 27, 29), and the fact that TuSimple is rapidly winding down its U.S. operations, it is imperative that Plaintiffs, and this Court, be assured that defendants Chao and Zhang are preserving relevant evidence as required under the PSLRA. Accordingly, Plaintiffs have repeatedly sought assurances–yet received none–that Defendants Chao and Zhang have been apprised of their discovery obligations. Inexplicably, defense counsel has refused to explain their refusal to provide such assurances.

Plaintiffs thus seek to propound a limited number of interrogatories and requests for production of documents, solely to ensure that defendants Chao and Zhang are preserving relevant evidence. Plaintiffs' proposed requests are also sufficiently particularized. *See In re Pac. Gateway Exch., Inc. Sec. Litig.*, 2001 U.S. Dist. LEXIS

18433, at *3-4 (N.D. Cal. 2001); *Tesla*, 2019 U.S. Dist. LEXIS 8759, at *3-4; *Courter*, 2022 U.S. Dist. LEXIS 37938, at *6-7. By this motion, therefore, Plaintiffs seek to propound interrogatories and requests for production. *See* **Ex's. L-M**. These requests are narrowly tailored to identify whether Defendants Chao and Zhang are complying with their discovery obligations. *See Pac. Gateway*, 2001 U.S. Dist. LEXIS 18433, at *3-4 (allowing plaintiffs to, *inter alia*, propound thirty requests for production of documents and conduct a deposition to preserve evidence). Moreover, TuSimple faces limited, if any, burden in providing such information as the universe of responsive documents is small (*e.g.*, litigation hold notices and other information sufficient to show that they are preserving relevant evidence). *Courter*, 2022 U.S. Dist. LEXIS 37938, at *6-7; *In re Bank of Am. Corp. Secs.*, 2009 U.S. Dist. LEXIS 108322, at *8-9 (S.D.N.Y. 2009); *Pension Tr. Fund for Operating Eng'r v. Assisted Living Concepts, Inc.*, 943 F. Supp. 2d 913, 915 (E.D. Wis. 2013).

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be granted.

Dated: January 4, 2024

Respectfully submitted,

KAHN SWICK & FOTI, LLP

By:  *s/ Ramzi Abadou*

Ramzi Abadou (SBN 222567)
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

-and-

KAHN SWICK & FOTI, LLC
Lewis S. Kahn
(to be admitted *pro hac vice*)
Alexander Burns

MEMO ISO MOTION RE ALTERNATE SERVICE
& TO PARTIALLY LIFT PSLRA DISCOVERY STAY
CASE NO. 3:22-CV-01300-BEN-MSB

James T. Fetter
(admitted *pro hac vice*)
Alexandra Pratt
(admitted *pro hac vice*)
1100 Poydras Street, Suite 960
New Orleans, LA 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com
alexander.burns@ksfcounsel.com
james.fetter@ksfcounsel.com
alexandra.pratt@ksfcounsel.com

-and-

ROBBINS GELLER RUDMAN
& DOWD LLP
Darren J. Robbins
Lucas F. Olts
Heather G. Geiger
Stephen Johnson
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
darrenr@rgrdlaw.com
lolts@rgrdlaw.com
hgeiger@rgrdlaw.com
sjohnson@rgrdlaw.com

*Counsel for Lead Plaintiff Indiana Public Retirement System, and Named Plaintiffs Michelle Poirier and Robert Miller*

13

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Thursday, January 4, 2024 on all counsel of record by using the CM/ECF system.

*s/ Ramzi Abadou*
RAMZI ABADOU

MEMO ISO MOTION RE ALTERNATE SERVICE
& TO PARTIALLY LIFT PSLRA DISCOVERY STAY
CASE NO. 3:22-CV-01300-BEN-MSB