# EXHIBIT G

**Ashley Errington**

| | |
|---|---|
| **From:** | Ramzi Abadou |
| **Sent:** | Thursday, December 14, 2023 6:26 PM |
| **To:** | Tu, Michael C. |
| **Cc:** | Luke Olts; James Fetter; Anderson, Barrett |
| **Subject:** | RE: [EXTERNAL] RE: Dicker v. TuSimple Holdings, Inc. - 3:22-cv-01300-BEN-MSB |

In response to your email, thank you for (finally) providing their addresses.  The rest of your email seemed more like gaslighting than a response but, regardless, we look forward to your appearance on behalf of Defendants Chao and Zhang in the Southern District of California.  In the meantime, we reserve all right to address your evasion of service on their behalf with the Court but please feel free to contact us with any questions.

Very truly yours –
Ramzi


Ramzi Abadou
Partner
Kahn Swick & Foti, LLP
580 California Street, Suite 1200
San Francisco, CA 94117
415-459-6900
https://www.ksfcounsel.com

* Kahn Swick & Foti, LLC · New Orleans · New York · Chicago · New Jersey — Kahn Swick & Foti, LLP · San Francisco

THIS MESSAGE IS PRIVILEGED LAWYER-CLIENT COMMUNICATION, OR IS CONFIDENTIAL, OR BOTH. IT IS DIRECTED ONLY TO THE INDIVIDUALS AND ENTITIES NAMED ABOVE, AND ITS UNAUTHORIZED USE BY OTHERS IS PROHIBITED. IF YOU ARE NOT NAMED AS A RECIPIENT, DO NOT READ, COPY, DISTRIBUTE, DISSEMINATE, OR RETAIN IT. IF YOU DO RECEIVE THIS E-MAIL BY MISTAKE, PLEASE E-MAIL INFO@KSFCOUNSEL.COM.

We remind you that an attorney-client relationship will not be created until both you and Kahn Swick & Foti, LLC, owner of ksfcounsel.com and other websites, agree to do so in writing. We will inform you about our willingness to create a relationship after we have evaluated the information you have submitted.

**From:** Tu, Michael C. <mctu@cooley.com>
**Sent:** Thursday, December 14, 2023 3:45 PM
**To:** Ramzi Abadou <Ramzi.Abadou@ksfcounsel.com>
**Cc:** Luke Olts <LOlts@rgrdlaw.com>; James Fetter <James.Fetter@ksfcounsel.com>; Anderson, Barrett <banderson@cooley.com>
**Subject:** RE: [EXTERNAL] RE: Dicker v. TuSimple Holdings, Inc. - 3:22-cv-01300-BEN-MSB

Dear Ramzi:

In response to your email,

**30**
**Exhibit G**

1. <u>Address information for Mr. Chao and Ms. Zhang</u>. It is unfortunate you have such a dramatically different recollection of our call, but there is no point debating that. I don't think there is any dispute that I offered to provide the address information if it would resolve your service issues, so you could move forward with a Hague Service Convention request. You flatly refused, and that was the end of our discussion. I did not refuse to provide that information, and indeed, I was the one to propose that you use that information to follow the established service procedures laid out under well-established federal law. When I asked you what if any efforts you had undertaken so far to obtain address information for the two individuals, you were similarly vague as you are in the email below.

   So that there is no dispute or issue that the addresses for the two individuals are known by you, here is both their current business and personal information which may be used for service purposes:

   Business address for both Mr. Chao and Mr. Zhang:
   SINA Corp.
   No. 8 SINA Plaza, Courtyard 10
   Xibeiwang Road (W)
   Haidian District
   Beijing 100193
   China

   Personal addresses for both Mr. Chao and Mr. Zhang:
   Charles Chao
   <span style="background:#000">████████████</span>
   Shanghai 200120
   China

   Bonnie Zhang
   <span style="background:#000">████████████</span>
   Shanghai 200020
   China

   This information is being provided to you voluntarily, as a professional courtesy, in order to avoid unnecessary litigation expenses and motion practice, and is without waiver to the automatic stay of all proceedings that is mandated by the Private Securities Litigation Reform Act of 1995. Given the highly personal and sensitive nature of their residential addresses, we ask that you maintain this information confidentially and use it only for service purposes.

2. <u>Proofs of service</u>. You attached to your email a document that purports to contain proofs of service on Mr. Chao and Ms. Zhang. These documents are clearly (and very obviously) defective on their face, as they purport to effect service through what appears to be the Registered Agent for TuSimple. As you are aware from our prior discussions and my earlier email (and as can be easily discovered in TuSimple's publicly available SEC filings), Mr. Chao and Ms. Zhang are no longer board members of TuSimple and have no currently affiliation with the company. Both the United States and China are parties to an international treaty known as the Convention of Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("the Hague Service Convention"). To properly bring an individual residing in China within the court's jurisdiction, a plaintiff must serve the individual defendant with the summons and complaint. *See* Fed. R. Civ. P. 4(f). There is no exception under either the Federal Rules or the Hague Service Convention that allows a plaintiff to serve a copy on the Registered Agent of a former employer of that individual, simply because the plaintiff does not wish to follow the proscribed steps for proper service. The Hague Service Convention provides that an applicant must send a request for service directly to the central authority designated by the government of the receiving country, who

2

31
**Exhibit G**

then serves the document on the individual. *See* Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, opened for signature Nov. 15, 1965, 658 U.N.T.S. 163, art. 2-5. China also imposes certain requirements in its declarations to the Hague Service Convention to safeguard the rights of service recipients, such as ensuring that any such documents must be translated into Chinese. Federal courts within the Ninth Circuit consistently require that a plaintiff must first attempt to serve a foreign defendant via the Hague Service Convention before any court will consider permitting service by an alternative method. *See, e.g., Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, 480 F. Supp. 3d 977 (N.D. Cal. 2020).

You are welcome to contact me should you have any questions.

Michael C. Tu
Cooley LLP
355 South Grand Avenue, Suite 900
Los Angeles, CA 90071
+1 310 883 6550 direct
+1 213 561 3205 direct
+1 213 561 3250 main
mctu@cooley.com
www.cooley.com/people/michael-tu

**From:** Ramzi Abadou <Ramzi.Abadou@ksfcounsel.com>
**Sent:** Thursday, December 14, 2023 12:36 PM
**To:** Tu, Michael C. <mctu@cooley.com>
**Cc:** Luke Olts <LOlts@rgrdlaw.com>; James Fetter <James.Fetter@ksfcounsel.com>
**Subject:** RE: [EXTERNAL] RE: Dicker v. TuSimple Holdings, Inc. - 3:22-cv-01300-BEN-MSB

**[External]**

Michael – you have misunderstood our position in several respects. First, we disagree with your understanding of applicable law. Second, I did not refuse to meet and confer about you providing your clients' addresses; indeed, there's not much to meet and confer about in that regard. To that end, your email again failed to provide that basic information. Why? Third, as I stated repeatedly during our call, we have undertaken efforts to obtain Chao's and Zhang's addresses to effectuate service. You inexplicably refused to provide that information during our call and the Company has as well (despite both of you assuring us that they would do so). Why? Finally, and again, we did not reject your offer to provide their addresses. To the contrary, I invited you to do so.

If you have had a change of heart and would now like to provide their addresses, please feel free to provide them today. In the meantime, attached, please find proofs of service of the Complaint on your clients.

Very truly yours –
Ramzi


Ramzi Abadou
Partner
Kahn Swick & Foti, LLP
580 California Street, Suite 1200
San Francisco, CA 94117
415-459-6900
https://www.ksfcounsel.com

* Kahn Swick & Foti, LLC · New Orleans · New York · Chicago · New Jersey — Kahn Swick & Foti, LLP · San Francisco

THIS MESSAGE IS PRIVILEGED LAWYER-CLIENT COMMUNICATION, OR IS CONFIDENTIAL, OR BOTH. IT IS DIRECTED ONLY TO THE INDIVIDUALS AND ENTITIES NAMED ABOVE, AND ITS UNAUTHORIZED USE BY OTHERS

**32**
**Exhibit G**

IS PROHIBITED. IF YOU ARE NOT NAMED AS A RECIPIENT, DO NOT READ, COPY, DISTRIBUTE, DISSEMINATE, OR RETAIN IT. IF YOU DO RECEIVE THIS E-MAIL BY MISTAKE, PLEASE E-MAIL INFO@KSFCOUNSEL.COM.

We remind you that an attorney-client relationship will not be created until both you and Kahn Swick & Foti, LLC, owner of ksfcounsel.com and other websites, agree to do so in writing. We will inform you about our willingness to create a relationship after we have evaluated the information you have submitted.

**From:** Tu, Michael C. <mctu@cooley.com>
**Sent:** Thursday, December 14, 2023 11:41 AM
**To:** Ramzi Abadou <Ramzi.Abadou@ksfcounsel.com>
**Cc:** Luke Olts <LOlts@rgrdlaw.com>; James Fetter <James.Fetter@ksfcounsel.com>
**Subject:** RE: [EXTERNAL] RE: Dicker v. TuSimple Holdings, Inc. - 3:22-cv-01300-BEN-MSB

Dear Ramzi,

You are correct that we had a telephone call on Friday in which you asked if I was authorized to accept service of your complaint on behalf of Mr. Chao and Ms. Zhang in lieu of your taking the normal and required steps to effect service on these individuals, who as you know are not located within the United States.  I informed you that I was not currently authorized or in any position to accept such service, but that I would inform you if that would change.

So that the record is clear, although I am not currently authorized to accept service on behalf of Mr. Chao or Ms. Zhang in connection with your particular lawsuit, I did offer to look into whether it may be possible to provide to you the current addresses of these individuals to help facilitate your service of the complaint, or to aid in ensuring that any prior service attempts that may have been made pursuant to the Hague Convention requirements were sent to the correct addresses.  It became clear during our conversation that you have not yet undertaken any attempts to serve either Mr. Chao or Ms. Zhang as required under the usual procedures, and have no intention of doing so under the Federal Rules and the Hague Convention.  You also stated that you were not interested in having any "meet and confer" on such a potential agreement that would assist you in moving forward with the proper steps for pursuing service on these individuals, who are no longer directors of TuSimple (and no longer have any affiliation with the company) and who live and reside in Asia.  As I mentioned to you, the Federal Rules have specific requirements for the first steps that must be taken by any plaintiff when pursuing service of foreign defendants outside the United States, including following the procedures set forth by the Hague Convention, and these procedures are routinely followed (and result in successful service) in securities class action litigation involving similarly situated defendants.  Courts have been very clear that a plaintiff must first make reasonable attempts to effect service on foreign defendants through the established procedures, and we have even offered (and you have rejected) current address information to help facilitate those steps under a Hague Convention request or otherwise.

If I have misunderstood your position on any of the above, or if you have a change of heart and would like to cooperatively re-engage on the topic, you are welcome to contact me.

Regards,
Mike

Michael C. Tu
Cooley LLP
355 South Grand Avenue, Suite 900
Los Angeles, CA 90071
+1 310 883 6550 direct
+1 213 561 3205 direct
+1 213 561 3250 main
mctu@cooley.com
www.cooley.com/people/michael-tu

4

**33**
**Exhibit G**

**From:** Ramzi Abadou <Ramzi.Abadou@ksfcounsel.com>
**Sent:** Friday, December 8, 2023 12:13 PM
**To:** Tu, Michael C. <mctu@cooley.com>
**Cc:** Luke Olts <LOlts@rgrdlaw.com>; James Fetter <James.Fetter@ksfcounsel.com>
**Subject:** RE: [EXTERNAL] RE: Dicker v. TuSimple Holdings, Inc. - 3:22-cv-01300-BEN-MSB

**[External]**

Michael – thanks for your phone call, and for confirming that you are "currently" unable to accept service of the Consolidated Complaint on behalf of Defendants Zhang and Chao in *Dicker* despite having already accepted service on their behalf in the Delaware TuSimple action.

Best –
Ramzi

**From:** Ramzi Abadou
**Sent:** Friday, December 8, 2023 11:08 AM
**To:** 'Tu, Michael C.' <mctu@cooley.com>
**Cc:** 'Luke Olts' <LOlts@rgrdlaw.com>
**Subject:** RE: [EXTERNAL] RE: Dicker v. TuSimple Holdings, Inc. - 3:22-cv-01300-BEN-MSB

Sorry we were unable to connect this week.  I'm available this morning if you have time to discuss at 415-231-4313.  In the alternative, can you please let us know today whether (or not) you'll accept service of the Consolidated Complaint in *Dicker v. TuSimple* et al., Case No. 3:22-cv-01300-BEN-MSB (S.D. Cal.) on behalf of Defendants Chao and Zhang?  Thanks Michael.

Ramzi

Ramzi Abadou
Partner
Kahn Swick & Foti, LLP
580 California Street, Suite 1200
San Francisco, CA 94117
415-459-6900
https://www.ksfcounsel.com

* Kahn Swick & Foti, LLC · New Orleans · New York · Chicago · New Jersey — Kahn Swick & Foti, LLP · San Francisco

THIS MESSAGE IS PRIVILEGED LAWYER-CLIENT COMMUNICATION, OR IS CONFIDENTIAL, OR BOTH. IT IS DIRECTED ONLY TO THE INDIVIDUALS AND ENTITIES NAMED ABOVE, AND ITS UNAUTHORIZED USE BY OTHERS IS PROHIBITED. IF YOU ARE NOT NAMED AS A RECIPIENT, DO NOT READ, COPY, DISTRIBUTE, DISSEMINATE, OR RETAIN IT. IF YOU DO RECEIVE THIS E-MAIL BY MISTAKE, PLEASE E-MAIL INFO@KSFCOUNSEL.COM.

We remind you that an attorney-client relationship will not be created until both you and Kahn Swick & Foti, LLC, owner of ksfcounsel.com and other websites, agree to do so in writing. We will inform you about our willingness to create a relationship after we have evaluated the information you have submitted.

**From:** Tu, Michael C. <mctu@cooley.com>
**Sent:** Wednesday, November 29, 2023 5:45 PM

**34**
**Exhibit G**

**To:** Ramzi Abadou <Ramzi.Abadou@ksfcounsel.com>
**Subject:** RE: [EXTERNAL] RE: Dicker v. TuSimple Holdings, Inc. - 3:22-cv-01300-BEN-MSB

Today was a travel day for me so just catching up now on messages.  I'll give you call tomorrow or Friday.  Mike

Michael C. Tu
Cooley LLP
355 South Grand Avenue, Suite 900
Los Angeles, CA 90071
+1 310 883 6550 direct
+1 213 561 3205 direct
+1 213 561 3250 main
mctu@cooley.com
www.cooley.com/people/michael-tu

**From:** Ramzi Abadou <Ramzi.Abadou@ksfcounsel.com>
**Sent:** Wednesday, November 29, 2023 10:01 AM
**To:** Tu, Michael C. <mctu@cooley.com>
**Subject:** RE: [EXTERNAL] RE: Dicker v. TuSimple Holdings, Inc. - 3:22-cv-01300-BEN-MSB

**[External]**

Hi Michael, and thanks for your response.  I'm in a mediation all day today so I have plenty of time if you're available.  I can give you a ring at a time that works on your end, or feel free to call my cell anytime.

Ramzi
415-231-4313

**From:** Tu, Michael C. <mctu@cooley.com>
**Sent:** Wednesday, November 29, 2023 9:53 AM
**To:** Ramzi Abadou <Ramzi.Abadou@ksfcounsel.com>
**Cc:** Heather Geiger <HGeiger@rgrdlaw.com>; Luke Olts <LOlts@rgrdlaw.com>; Stephen Johnson <SJohnson@rgrdlaw.com>; Jen Caringal <JCaringal@rgrdlaw.com>; Muck, Kevin <Kevin.Muck@wilmerhale.com>; Paine, William <William.Paine@wilmerhale.com>; Sujanani, Sonia <Sonia.Sujanani@wilmerhale.com>; Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>
**Subject:** RE: [EXTERNAL] RE: Dicker v. TuSimple Holdings, Inc. - 3:22-cv-01300-BEN-MSB

Dear Ramzi,

As you likely know from publicly available sources, I represent Mr. Chao and Ms. Zhang in connection with a stockholder derivative action in Delaware.  I have not previously received any outreach or contact from you or anyone else with regards to this case that is referenced in the email chain below, and to be clear, am not currently authorized to accept service on behalf of anyone relating to this case.  However, if you would like we can schedule a call to discuss.  If that would be of interest, let me know your availability at your convenience.

Regards,

Michael C. Tu
Cooley LLP
355 South Grand Avenue, Suite 900
Los Angeles, CA 90071
+1 310 883 6550 direct
+1 213 561 3205 direct
+1 213 561 3250 main
mctu@cooley.com
www.cooley.com/people/michael-tu

**35**
**Exhibit G**

**From:** Ramzi Abadou <Ramzi.Abadou@ksfcounsel.com>
**Sent:** Tuesday, November 21, 2023 4:01 PM
**To:** Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>; Tu, Michael C. <mctu@cooley.com>
**Cc:** Heather Geiger <HGeiger@rgrdlaw.com>; Luke Olts <LOlts@rgrdlaw.com>; Stephen Johnson <SJohnson@rgrdlaw.com>; Jen Caringal <JCaringal@rgrdlaw.com>; Muck, Kevin <Kevin.Muck@wilmerhale.com>; Paine, William <William.Paine@wilmerhale.com>; Sujanani, Sonia <Sonia.Sujanani@wilmerhale.com>
**Subject:** RE: [EXTERNAL] RE: Dicker v. TuSimple Holdings, Inc. - 3:22-cv-01300-BEN-MSB

**[External]**

Thanks Robert.

Hi Michael – please see below.  Will or do you accept service?

Best –
Ramzi

Ramzi Abadou
Partner
Kahn Swick & Foti, LLP
580 California Street, Suite 1200
San Francisco, CA 94117
415-459-6900
https://www.ksfcounsel.com

* Kahn Swick & Foti, LLC · New Orleans · New York · Chicago · New Jersey — Kahn Swick & Foti, LLP · San Francisco

We remind you that an attorney-client relationship will not be created until both you and Kahn Swick & Foti, LLC, owner of ksfcounsel.com and other websites, agree to do so in writing. We will inform you about our willingness to create a relationship after we have evaluated the information you have submitted.

**From:** Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>
**Sent:** Tuesday, November 21, 2023 3:29 PM
**To:** Ramzi Abadou <Ramzi.Abadou@ksfcounsel.com>
**Cc:** Heather Geiger <HGeiger@rgrdlaw.com>; Luke Olts <LOlts@rgrdlaw.com>; Stephen Johnson <SJohnson@rgrdlaw.com>; Jen Caringal <JCaringal@rgrdlaw.com>; Muck, Kevin <Kevin.Muck@wilmerhale.com>; Paine, William <William.Paine@wilmerhale.com>; Sujanani, Sonia <Sonia.Sujanani@wilmerhale.com>
**Subject:** [EXTERNAL] RE: Dicker v. TuSimple Holdings, Inc. - 3:22-cv-01300-BEN-MSB

Ramzi,

As I explained on our call yesterday, we do not represent Charles Chao and Bonnie Yi Zhang in the securities class action and we are not authorized to accept service on their behalf.   Charles and Bonnie are former directors and have no current affiliation with the Company; the Company is it not authorized to accept service on their behalf.  However, Charles and Bonnie were named defendants in derivative litigation filed on behalf of TuSimple in Delaware.  They were represented in that matter by Mike Tu at Cooley LLP.  We suggest you follow up with Mike regarding service.

As I noted yesterday, I expect to be able to get back to you on Monday regarding preservation.

Best,

36
**Exhibit G**

Rob

**Robert Kingsley Smith | WilmerHale**
+1 617 526 6759 (t)
robert.smith@wilmerhale.com

---

**From:** Luke Olts <LOlts@rgrdlaw.com>
**Sent:** Tuesday, November 14, 2023 5:29 PM
**To:** Sujanani, Sonia <Sonia.Sujanani@wilmerhale.com>
**Cc:** Heather Geiger <HGeiger@rgrdlaw.com>; 'Ramzi Abadou' <Ramzi.Abadou@ksfcounsel.com>; Stephen Johnson <SJohnson@rgrdlaw.com>; Jen Caringal <JCaringal@rgrdlaw.com>; Muck, Kevin <Kevin.Muck@wilmerhale.com>; Paine, William <William.Paine@wilmerhale.com>; Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>
**Subject:** RE: Dicker v. TuSimple Holdings, Inc. - 3:22-cv-01300-BEN-MSB

> **EXTERNAL SENDER**


Apologies—I mean Monday at 11:00.

---

**From:** Luke Olts
**Sent:** Tuesday, November 14, 2023 12:40 PM
**To:** 'Sujanani, Sonia' <Sonia.Sujanani@wilmerhale.com>
**Cc:** Heather Geiger <HGeiger@rgrdlaw.com>; Ramzi Abadou <Ramzi.Abadou@ksfcounsel.com>; Stephen Johnson <SJohnson@rgrdlaw.com>; Jen Caringal <JCaringal@rgrdlaw.com>; Muck, Kevin <Kevin.Muck@wilmerhale.com>; William Paine <William.paine@wilmerhale.com>; Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>
**Subject:** RE: Dicker v. TuSimple Holdings, Inc. - 3:22-cv-01300-BEN-MSB


For our call on Tuesday at 11:00 am PST, please use the following call in number:

1-800-504-8071
Access Code: 7442652

---

**From:** Sujanani, Sonia <Sonia.Sujanani@wilmerhale.com>
**Sent:** Tuesday, November 14, 2023 8:20 AM
**To:** Luke Olts <LOlts@rgrdlaw.com>
**Cc:** Heather Geiger <HGeiger@rgrdlaw.com>; Ramzi Abadou <Ramzi.Abadou@ksfcounsel.com>; Stephen Johnson <SJohnson@rgrdlaw.com>; Jen Caringal <JCaringal@rgrdlaw.com>; Muck, Kevin <Kevin.Muck@wilmerhale.com>; William Paine <William.paine@wilmerhale.com>; Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>
**Subject:** RE: Dicker v. TuSimple Holdings, Inc. - 3:22-cv-01300-BEN-MSB

EXTERNAL SENDER
Luke,

How about Monday at 11 AM PT?

Sonia

---

**From:** Luke Olts <LOlts@rgrdlaw.com>
**Sent:** Tuesday, November 14, 2023 11:17 AM
**To:** Sujanani, Sonia <Sonia.Sujanani@wilmerhale.com>

**37**
**Exhibit G**

**Cc:** Heather Geiger <HGeiger@rgrdlaw.com>; Ramzi Abadou <Ramzi.Abadou@ksfcounsel.com>; Stephen Johnson <SJohnson@rgrdlaw.com>; Jen Caringal <JCaringal@rgrdlaw.com>; Muck, Kevin <Kevin.Muck@wilmerhale.com>; Paine, William <William.Paine@wilmerhale.com>; Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>
**Subject:** Re: Dicker v. TuSimple Holdings, Inc. - 3:22-cv-01300-BEN-MSB

---

EXTERNAL SENDER

Let's do Monday at 10 am.

> On Nov 14, 2023, at 8:13 AM, Sujanani, Sonia <Sonia.Sujanani@wilmerhale.com> wrote:
>
> EXTERNAL SENDER
> Luke,
>
> Apologies, that time no longer works.  Can you provide some windows on Monday or Tuesday that plaintiffs are available and we will try to find a time?
>
> Thanks,
> Sonia
>
> ---
>
> **From:** Luke Olts <LOlts@rgrdlaw.com>
> **Sent:** Tuesday, November 14, 2023 11:09 AM
> **To:** Sujanani, Sonia <Sonia.Sujanani@wilmerhale.com>
> **Cc:** Heather Geiger <HGeiger@rgrdlaw.com>; Ramzi Abadou <Ramzi.Abadou@ksfcounsel.com>; Stephen Johnson <SJohnson@rgrdlaw.com>; Jen Caringal <JCaringal@rgrdlaw.com>; Muck, Kevin <Kevin.Muck@wilmerhale.com>; Paine, William <William.Paine@wilmerhale.com>; Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>
> **Subject:** Re: Dicker v. TuSimple Holdings, Inc. - 3:22-cv-01300-BEN-MSB
>
> EXTERNAL SENDER
>
> Sonia— we can do Friday at 9 am. Please confirm that works and we will send a call in number. Thanks
>
>> On Nov 13, 2023, at 3:41 PM, Sujanani, Sonia <Sonia.Sujanani@wilmerhale.com> wrote:
>>
>> EXTERNAL SENDER
>> Luke,
>>
>> We are available on Thursday afternoon, 4:00 PM – 7:00 PM ET.  We are also available Friday before 1:00 PM ET.
>>
>> Let me know if there is a window in there that works for Plaintiffs.
>>
>> Thanks,
>> Sonia

9

**38**
**Exhibit G**

**From:** Luke Olts <LOlts@rgrdlaw.com>
**Sent:** Thursday, November 9, 2023 3:47 PM
**To:** Heather Geiger <HGeiger@rgrdlaw.com>
**Cc:** Muck, Kevin <Kevin.Muck@wilmerhale.com>; Sujanani, Sonia <Sonia.Sujanani@wilmerhale.com>; Ramzi Abadou <Ramzi.Abadou@ksfcounsel.com>; Stephen Johnson <SJohnson@rgrdlaw.com>; Jen Caringal <JCaringal@rgrdlaw.com>
**Subject:** Re: Dicker v. TuSimple Holdings, Inc. - 3:22-cv-01300-BEN-MSB

<div style="background:#FFFF00;border:1px solid black"><strong style="color:red">EXTERNAL SENDER</strong></div>

Kevin and Sonia:

We would like to set a time for a meet and confer on a motion to lift the PSLRA discovery stay and on the issue of service. Please let us know a time tomorrow or early next week that you are available.

Thank you,

Luke

> On Nov 1, 2023, at 12:56 PM, Heather Geiger <HGeiger@rgrdlaw.com> wrote:
>
> Dear Kevin,
>
> We're writing to request the addresses (international and domestic) for former TuSimple directors and named defendants Guowei "Charles" Chao and Bonnie Yi Zhang. We're making this request to enable us to serve them with the Consolidated Complaint because the Company appears unwilling or unable to accept service on their behalf. Please provide their addresses for service purposes by the end of the week.
>
> Kind regards,
> Heather
>
> **Heather Geiger**
>
> **Robbins Geller Rudman & Dowd LLP**
>
> 655 West Broadway, Suite 1900
> San Diego, CA 92101
> (619) 231-1058

    

**39**
**Exhibit G**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distr bution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distr bution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distr bution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distr bution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

**40
Exhibit G**