# EXHIBIT L

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
LUCAS F. OLTS (234843)
HEATHER G. GEIGER (322937)
STEPHEN JOHNSON (347822)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
lolts@rgrdlaw.com
hgeiger@rgrdlaw.com
sjohnson@rgrdlaw.com

KAHN SWICK & FOTI, LLP
RAMZI ABADOU (222567)
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AUSTIN DICKER; Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TUSIMPLE HOLDINGS, INC. et al.,<br><br>Defendants. | No. 3:22-cv-01300-BEN-MSB<br><br>CLASS ACTION<br><br>PLAINTIFFS' SPECIAL INTERROGATORIES TO DEFENDANT TUSIMPLE HOLDINGS, INC. |

**Exhibit L**

Pursuant to Federal Rules of Civil Procedure 26 and 33, and the Local Rules of this District, and subject to the definitions and instructions set forth below, Lead Plaintiff, Indiana Public Retirement System ("Indiana"), Named Plaintiffs Robert Miller and Michelle Poirier, collectively "Plaintiffs", hereby request that Defendant TuSimple Holdings, Inc. ("TuSimple"), within thirty (30) days of service hereof, answer in writing and under oath the interrogatories set forth herein, in accordance with the following Definitions and Instructions, and serve the answers upon Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, or such other place as the parties may agree.

## DEFINITIONS

1. "You" or "Your" means the Defendants, individually and collectively, and includes, as applicable, any agent, custodian, parent, subsidiary, affiliate, predecessor, successor, attorney, or representative of any Defendant or other person(s) purporting to act on behalf of any Defendant. This definition further includes the recipients of these Interrogatories.

2. "Action" means the above-captioned consolidated class action.

3. "Communicate" or "communication" refers to and includes any oral, written, or electronic utterance, notation, or statement of any nature whatsoever, draft or final, potential or actual, by and to whomever made or attempted to be made, including, but not limited to, correspondence, memoranda, conversations, dialogues, discussions, interviews, consultations, agreements, electronic messages (including email, text messages, instant messages, Company intranet, electronic bulletin board or Internet site posting) and other understandings between two or more persons. The term "communication" includes, but is not limited to, any exchange of information by any means of transmission, including, but not limited to, face-to-face conversations, mail, email, text message, telegram, overnight delivery, telephone, facsimile or telex.

1

4.      "Concern" or "concerning" means consisting of, referring to, reflecting, regarding, relating, constituting, describing, evidencing, or being in any way legally, logically or factually connected with the matter discussed.

5.      "Document" has the same meaning as in Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001, and includes, in the broadest sense possible and without limitation, the originals of all writings of every kind, whether print, electronic or otherwise, upon which any form of communication, including but not limited to, email, letters, memoranda, minutes, reports, studies, legal pleadings, speeches, calendars, diary entries, travel records and vouchers, promotional materials, pamphlets, handwritten notes, drafts, lists, directives, reports, tabulations, minutes and records of meetings, and telephone records, which are now or formerly were in the actual or constructive possession and control of You or Your agents. The term "document" further includes electronically stored information, data processing and computer printouts, tapes, disks, and data stored in computers or data processing equipment, together with programs and program documentation necessary to retrieve, read, and utilize such data, and all other mechanical or electronic means of storing or recording data, as well as digital, tape, film or cassette sound and/or visual recordings, and reproductions or film impressions of any of the aforementioned writings.

6.      "Electronic Data" means the original (or identical copies when originals are not available) and any non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of electronic data of any kind or description, whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Such data may include, but is not limited to, all text files (including word processing documents), presentation files (such as PowerPoint), spreadsheets, email files and information concerning emails (including email receipts or transmittals, logs of electronic mail history and usage, header information, and deleted files), Internet history of files and preferences, graphical files in any format, databases, calendar and

2

**70**
**Exhibit L**

scheduling information, task lists, telephone logs, contact managers, computer system activity logs, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, output resulting from the use of any software program including, but not limited to, database files, charts, graphs, outlines, operating systems, source codes of all types, programming languages, linkers and compilers, peripheral drivers, PDF and TIF files, batch files, native files and all ASCII files, and any and all miscellaneous files or file fragments, regardless of the medium or media on which they reside and regardless of whether such electronic data is in an active file, deleted file, or file fragment. Electronic data includes, but is not limited to, any and all items stored on any electronic media, computers, or networks and backup files containing electronically stored data. Electronic data also includes the file, folder tabs, or containers and labels appended to or associated with any physical storage device associated with each such original or copy.

7.     "File" includes hard copy and electronically stored and computerized documents including current, archived, deleted, and overwritten electronically stored and computerized documents, including email and all attachments.

8.     "Litigation Hold Notice" refers to any Document commanding, directing, or otherwise instructing any Person who received it to preserve potentially relevant evidence (including, inter alia, Documents, Files, or Electronic Data), in anticipation of future litigation regarding the factual and legal matters raised in this Action.

## INSTRUCTIONS

1.     All answers to these Interrogatories shall be in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Rules, and any applicable Order of this Court.

2.     If you are unable to fully answer any of the following interrogatories, supply the information that is available, indicate that your response is incomplete, and explain why your response is incomplete, the efforts made to obtain responsive

PLAINTIFFS' SPECIAL INTERROGATORIES TO
DEFENDANT TUSIMPLE HOLDINGS, INC.
CASE NO. 3:22-cv-01300-BEN-MSB

**71**
**Exhibit L**

information, and the source from which all responsive information may be obtained, to the best of your knowledge.

3.    With respect to any claim of privilege invoked as a basis not to answer any of the following interrogatories, in whole or in part, specify each answer or part thereof as to which you claim privilege and set forth the nature of the privilege and the basis for the claim of privilege.

4.    If you object, in whole or in part, to any of the following interrogatories, state the basis for your objection and answer any portion of such interrogatory to which you do not object.

5.    These interrogatories are continuing in nature. If at any time you or your attorneys obtain information in addition to or in any way inconsistent with that which previously has been answered, prompt supplementation of your answer to these interrogatories is required, in accordance with Rule 26(e) of the Federal Rules.

6.    Each paragraph herein should be construed independently and not with reference to any other paragraph or subject heading for the purposes of limitation, except where express limitations are stated.

7.    In accordance with Federal Rule of Civil Procedure 33(b)(5), the person making the answers must sign them, and the attorney who objects must sign any objections.

<strong><u>INTERROGATORIES</u></strong>

**<u>FIRST INTERROGATORY:</u>**

Identify all steps you have taken to preserve Documents, Files, and Electronic Data in the possession, custody, or control of Defendants Chao and Zhang during the pendency of the Action.

**<u>SECOND INTERROGATORY:</u>**

Identify and describe all Litigation Hold Notices you have sent to Defendants Chao and Zhang and the dates the Litigation Hold Notices were sent. If you have not

**72**
**Exhibit L**

sent Litigation Hold notices to Defendants Chao and Zhang, you must answer accordingly.

**THIRD INTERROGATORY:**

Identify and describe all non-privileged Documents and Communications between you and Defendants Chao and Zhang concerning service of process in this Action.

Dated:   January 4, 2024                    Respectfully submitted,

KAHN SWICK & FOTI, LLP


By:  *s/ Ramzi Abadou*
Ramzi Abadou (SBN 222567)
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 459-6900
Facsimile:  (504) 455-1498
ramzi.abadou@ksfcounsel.com

-and-

KAHN SWICK & FOTI, LLC
Lewis S. Kahn
(to be admitted *pro hac vice*)
Alexander Burns
(admitted *pro hac vice*)
James T. Fetter
(admitted *pro hac vice*)
Alexandra Pratt
(admitted *pro hac vice*)
1100 Poydras Street, Suite 960
New Orleans, LA 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com
alexander.burns@ksfcounsel.com
james.fetter@ksfcounsel.com

PLAINTIFFS' SPECIAL INTERROGATORIES TO
DEFENDANT TUSIMPLE HOLDINGS, INC.
CASE NO. 3:22-CV-01300-BEN-MSB

**73**
**Exhibit L**

alexandra.pratt@ksfcounsel.com

*Counsel for Named Plaintiff, Robert Miller*

ROBBINS GELLER RUDMAN
& DOWD LLP
Darren J. Robbins
Lucas F. Olts
Heather G. Geiger
Stephen Johnson
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
darrenr@rgrdlaw.com
lolts@rgrdlaw.com
hgeiger@rgrdlaw.com
sjohnson@rgrdlaw.com

*Lead Counsel for Lead Plaintiff, Indiana Public Retirement System, and Named Plaintiff, Michelle Poirier*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Thursday, January 4, 2024 on all counsel of record by using the CM/ECF system.

_____
*s/ Ramzi Abadou*
RAMZI ABADOU

PLAINTIFFS' SPECIAL INTERROGATORIES TO
DEFENDANT TUSIMPLE HOLDINGS, INC.
CASE NO. 3:22-CV-01300-BEN-MSB

**74**
**Exhibit L**