# EXHIBIT M

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
LUCAS F. OLTS (234843)
HEATHER G. GEIGER (322937)
STEPHEN JOHNSON (347822)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
lolts@rgrdlaw.com
hgeiger@rgrdlaw.com
sjohnson@rgrdlaw.com

KAHN SWICK & FOTI, LLP
RAMZI ABADOU (222567)
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AUSTIN DICKER; Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> TUSIMPLE HOLDINGS, INC. et al., <br><br> Defendants. | No. 3:22-cv-01300-BEN-MSB <br><br> <u>CLASS ACTION</u> <br><br> PLAINTIFFS' SPECIAL REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TUSIMPLE HOLDINGS, INC. |

Pursuant to Federal Rules of Civil Procedures 26 and 34, and the Local Rules of Court for this District, and subject to the definitions and instructions set forth below, Lead Plaintiff, Indiana Public Retirement System ("Indiana"), Named Plaintiffs Robert Miller and Michelle Poirier, collectively "Plaintiffs", hereby request that Defendant TuSimple Holdings, Inc. ("TuSimple"), within thirty (30) days of service hereof, produce for inspection and copying the documents described herein, in accordance with the following Definitions and Instructions, and serve the answers upon Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, or such other place as the parties may agree.

## **DEFINITIONS**

1. "You" or "Your" means the Defendants, individually and collectively, and includes, as applicable, any agent, custodian, parent, subsidiary, affiliate, predecessor, successor, attorney, or representative of any Defendant or other person(s) purporting to act on behalf of any Defendant. This definition further includes the recipients of these Interrogatories.

2. "Action" means the above-captioned consolidated class action.

3. "Communicate" or "communication" refers to and includes any oral, written, or electronic utterance, notation, or statement of any nature whatsoever, draft or final, potential or actual, by and to whomever made or attempted to be made, including, but not limited to, correspondence, memoranda, conversations, dialogues, discussions, interviews, consultations, agreements, electronic messages (including email, text messages, instant messages, Company intranet, electronic bulletin board or Internet site posting) and other understandings between two or more persons. The term "communication" includes, but is not limited to, any exchange of information by any means of transmission, including, but not limited to, face-to-face conversations, mail, email, text message, telegram, overnight delivery, telephone, facsimile or telex.

PLAINTIFFS' SPECIAL REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT TUSIMPLE
CASE NO. 3:22-CV-01300-BEN-MSB

**77**
**Exhibit M**

4.    "Concern" or "concerning" means consisting of, referring to, reflecting, regarding, relating, constituting, describing, evidencing, or being in any way legally, logically or factually connected with the matter discussed.

5.    "Document" has the same meaning as in Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001, and includes, in the broadest sense possible and without limitation, the originals of all writings of every kind, whether print, electronic or otherwise, upon which any form of communication, including but not limited to, email, letters, memoranda, minutes, reports, studies, legal pleadings, speeches, calendars, diary entries, travel records and vouchers, promotional materials, pamphlets, handwritten notes, drafts, lists, directives, reports, tabulations, minutes and records of meetings, and telephone records, which are now or formerly were in the actual or constructive possession and control of You or Your agents. The term "document" further includes electronically stored information, data processing and computer printouts, tapes, disks, and data stored in computers or data processing equipment, together with programs and program documentation necessary to retrieve, read, and utilize such data, and all other mechanical or electronic means of storing or recording data, as well as digital, tape, film or cassette sound and/or visual recordings, and reproductions or film impressions of any of the aforementioned writings.

6.    "Electronic data", "electronically stored information", or "ESI" means the original (or identical copies when originals are not available) and any non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of electronic data of any kind or description, whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Such data includes all text files (including word processing documents), presentation files (such as PowerPoint), spreadsheets, email files and information concerning emails (including email receipts or transmittals, logs of electronic mail history and usage, header information, and deleted files), Internet history of files and preferences, graphical files

2

**78**
**Exhibit M**

in any format, databases, calendar and scheduling information, task lists, telephone logs, contact managers, computer system activity logs, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, output resulting from the use of any software program including database files, charts, graphs, outlines, operating systems, source codes of all types, programming languages, linkers and compilers, peripheral drivers, PDF and TIFF files, batch files, native files and all ASCII files, and any and all miscellaneous files or file fragments, regardless of the medium or media on which they reside and regardless of whether such electronic data is in an active file, deleted file, or file fragment. Electronic data further includes any and all items stored on any electronic media, computers, or networks and backup files containing electronically stored data, including the file, folder tabs, or containers and labels appended to or associated with any physical storage device associated with each such original or copy.

7.　"File" includes hard copy and electronically stored and computerized documents including current, archived, deleted, and overwritten electronically stored and computerized documents, including email and all attachments.

8.　"Litigation Hold Notice" refers to any Document commanding, directing, or otherwise instructing any Person who received it to preserve potentially relevant evidence (including, inter alia, Documents, Files, or Electronic Data), in anticipation of future litigation regarding the factual and legal matters raised in this Action.

## INSTRUCTIONS

1.　In responding to these requests, You shall produce responsive documents and electronic data that are in Your possession, custody or control, or in the possession, custody or control of Your predecessors, successors, parents, subsidiaries, divisions, or affiliates, or any of Your respective partners, directors, officers, managing agents, agents, employees, attorneys, accountants, or other representatives. A document or electronic data is within Your control if You have the right to secure the document or

3

79
Exhibit M

electronic data or a copy of the document or electronic data from another person having possession or custody of the document or electronic data.

2.      You are required to produce for inspection and copying original documents and electronic data as they are kept in the usual course of business in their original folders, binders, covers, and containers or facsimile thereof, or, with respect to electronic data, in their native format as explained in more detail below. In the case of documents that were already produced pursuant to federal, state or local governmental or administrative investigations, those documents may be produced in the same manner as they were previously produced by You. If the original is not in Your custody, You are required to provide a copy thereof, and all non-identical copies which differ from the original or from the other copies produced for any reason, including, without limitation, the making of notes thereon.

3.      Your response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. Where you are objecting to a request, You must state whether any responsive materials are being withheld on the basis of that objection. Where You are objecting to only part of the request, You must state with specificity which part of the request You are objecting to, and permit inspection of the rest.

4.      If a document, electronic data or information is withheld pursuant to a claim of privilege, as to each such withheld document or information state the following:

(a)      A unique identifying number (separate from any Bates numbering) and the Bates number(s) of a document claimed to be privileged if produced in a redacted form;

(b)      The nature of the privilege (including work product) which is being claimed;

(c)      A description of the type of document (e.g., letter or memorandum) over which a privilege is asserted and a precise statement of the facts

PLAINTIFFS' SPECIAL REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT TUSIMPLE
CASE NO. 3:22-CV-01300-BEN-MSB

**80**
**Exhibit M**

upon which said claim of privilege is based, including sufficient information to evaluate the nature or validity of the privilege claimed;

(d)     The filename of the document (in the rare instance where the filename would reveal information that is privileged, the party need not provide the filename);

(e)     The subject line of emails (in the rare instance where the subject line would reveal information that is privileged, the party need not provide the subject line);

(f)     The date of the document or communication to the extent it is reasonably ascertainable;

(g)     The following information describing each purportedly privileged document: (i) the name(s) of the author(s); (ii) the name(s) of the sender(s); (iii) the name(s) of the person(s) to whom the document and copies, if any, were sent; and (iv) the job title of each individual(s) identified in (i), (ii), and (iii) above, and, where not apparent, the relationship of the author, sender, and recipients to each other;

(h)     An indication (*e.g.*, with a A or * symbol, but not simply bolding or underlining the name) of which individual(s) (authors and recipients) are attorneys (or paralegals or other legal staff carrying out a legal function for an attorney); and

(i)     A precise description of the place where each copy of that document is kept, including the title or description of the file in which said document may be found and the location of such file.

5.     If a portion of any document or electronic data responsive to these requests is withheld under claim of privilege, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

6.     You are to produce each document requested herein in its entirety, with attachments and enclosures without deletion or excision (except as qualified by instructions 4 and 5 above) regardless of whether You consider the entire document to be relevant or responsive to the requests. All pages now stapled or fastened together

5

should be produced, stapled or fastened together, and each document that You cannot legibly copy should be produced in its original form. Where the documents were organized into groups, such as folders, clipped bundles, and binders, this structure shall be maintained and provided in the load file to the extent reasonably practicable. Where a document, or a document group — such as folder, clipped bundle, or binder — has an identification spine or other label, the information on the label shall be scanned and produced as the first page of the document or grouping but need not be repeated for each document within the document or grouping. Documents not otherwise responsive to any of the discovery requests herein must be produced if such documents mention, discuss, refer to, or explain the documents which are called for by these requests, or if such documents are attached to documents called for by these requests and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

7.     Whenever a document or electronic data is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not being produced in full, and describe to the best of Your knowledge, information and belief, and with as much particularity as possible, those portions of the document which are not being produced.

8.     If a document responsive to these requests was at any time in Your possession, custody, or control, but is no longer available for production, as to each such document, state the following information:

(a)     Whether the document is missing or lost;

(b)     Whether it has been destroyed;

(c)     Whether the document has been transferred or delivered to another person and, if so, at whose request;

(d)     Whether the document has been otherwise disposed of; and

PLAINTIFFS' SPECIAL REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT TUSIMPLE
CASE NO. 3:22-CV-01300-BEN-MSB

**82**
**Exhibit M**

(e)   A precise statement of the circumstances surrounding the disposition of the document and the date of its disposition.

9.   If in responding to these requests You claim any ambiguity in interpreting a request or a definition or instruction applicable thereto, such claim shall not be utilized by You as a basis for refusing to produce responsive documents, but set forth as part of Your response the language deemed to be ambiguous and the interpretation chosen or used in responding to the request.

10.   Whenever necessary to bring within the scope of a request a response that might otherwise be construed to be outside of its scope:

(a)   The use of a verb in any tense shall be construed as the use of the verb in all other tenses;

(b)   The use of the word in its singular form shall be deemed to include within its use the plural form as well, and vice versa;

(c)   The use of the words "any," or "all" shall be construed to include within their use "any," "some," "each," or "all"; and

(d)   The words "and" and "or" shall be construed either conjunctively or disjunctively as necessary.

11.   For each request to which You are providing documents, Your response must identify the particular responsive documents by Bates number.

12.   Plaintiffs' First Set of Requests for Production of Documents to Defendants is continuing in nature and requires supplemental responses to the extent permitted by Federal Rule of Civil Procedure 26(e).

13.   Hard copy documents should be scanned as a color single-page, Group IV, 300 DPI TIFF or JPEG images with an .opt image cross-reference file and a delimited database load file (i.e., .dat). The database load file should contain the following fields: "BegBates," "EndBates," "BegAttach," "EndAttach", "Pages," "Volume" and "CustodianAll." The documents should be unitized and be produced in the order in which they are kept in the usual course of business. Multi-page OCR text for each

7

document should also be provided. The OCR software shall maximize text quality. Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process.

## PRODUCTION OF ESI

1. ESI should be produced in single-page, color, TIFF Group IV, 300 DPI TIFF images or single-page, color, 300 DPI JPEG images with JPEG compression and a high-quality setting as to not degrade the original image with the exception of spreadsheet and presentation type files, source code, audio and video files, which should be produced in native format. Parties are under no obligation to enhance an image beyond how it was kept in the usual course of business. TIFFs/ JPEGs should show any and all text and images which would be visible to the reader using the native software that created the document. For example, TIFFs/ JPEG s of e-mail messages should include the BCC line.

2. Format – Native Files: If a document is produced in native, a single-page placeholder TIFF or JPEG image marked with the Bates production number and confidentiality designation shall be produced with the phrase "Document Produced in Native Format" branded in the center of the page. Each native file should be named according to the Bates number it has been assigned and should be linked directly to its corresponding record in the load file using the NativeFileLink field.

3. De-Duplication: Defendants shall remove exact duplicate documents based on MD5 or SHA-1 hash values at the family level. Attachments should not be eliminated as duplicates for purposes of production, unless the parent e-mail and all attachments are also duplicates. An e-mail that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an e-mail that does not include content in those fields, even if all remaining content in the e-mail is identical. Removal of near-duplicate documents and e-mail thread suppression is not acceptable. De-duplication should be done across the entire collection (global de-duplication) and the

8

**84**
**Exhibit M**

CustodianAll field should list each custodian, separated by a semicolon, who was a source of that document and the FilePath field will list each file path, separated by a semicolon, that was a source of that document. Should the CustodianAll or FilePath metadata fields produced become outdated due to rolling productions, an overlay file providing all the custodians and file paths for the affected documents should be produced prior to substantial completion of the document production.

4.    Technology Assisted Review: Predictive coding/technology assisted review shall not be used for the purpose of culling the documents to be reviewed or produced.

5.    Load Files:  All production items will be provided with a delimited data file or ''load file," which will include both an image cross-reference load file (such as an Opticon file) as well as a metadata (.dat) file with the metadata fields identified below on the document level to the extent available, and to the extent not subject to a claim of privilege or work product protection. The load file must reference each TIFF or JPEG in the corresponding production. The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the Image Load files in the production.

6.    Metadata: All ESI shall be produced with a delimited, database load file that contains the metadata fields listed in Instruction No. 13. The metadata produced should have the correct encoding to enable preservation of the documents' original language.

7.    Compressed File Types: Compression file types (*i.e.*, .CAB, .GZ, .TAR, .7z, and .ZIP) shall be decompressed in a reiterative manner to ensure that a zip within a zip is decompressed into the lowest possible compression resulting in individual folders and/or files.

8.    Structured Data: To the extent a response to discovery requires production of ESI stored in a database, the parties will meet and confer in an attempt to agree upon

9

a set of queries to be made for discoverable information and generate a report in a reasonably usable and exportable electronic file (*e.g.*, Excel or CSV format) for review by the Requesting Party. Upon review of the report, the Requesting Party may make reasonable requests for additional information to explain the database schema, codes, abbreviations, and different report formats or to request specific data from identified fields.

9.    Exception Report: The producing party shall compile an exception report enumerating any unprocessed or unprocessable documents, their file type and the file location.

10.    Encryption: If a receiving party identifies a password-protected or encrypted ESI item that the receiving party believes needs to be reviewed, the receiving Party may request that the producing Party break the password protection.

## DOCUMENTS REQUESTED

**FIRST REQUEST:**

All non-privileged Documents and Communications between You and Defendants Chao and Zhang concerning the preservation of Documents, Files, and Electronic Data by Defendants Chao and Zhang during the pendency of the Action.

**SECOND REQUEST:**

All Documents and Communications concerning Litigation Hold Notices, if any, sent to Defendants Chao and Zhang.

**THIRD REQUEST:**

All non-privileged Documents and Communications between You and Defendants Chao and Zhang during the pendency of the Action concerning service of process.

Dated:                January 4, 2024        Respectfully submitted,

PLAINTIFFS' SPECIAL REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT TUSIMPLE
CASE NO. 3:22-CV-01300-BEN-MSB

**86**
**Exhibit M**

KAHN SWICK & FOTI, LLP


By:   *s/ Ramzi Abadou*

Ramzi Abadou (SBN 222567)
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 459-6900
Facsimile:  (504) 455-1498
ramzi.abadou@ksfcounsel.com

-and-

KAHN SWICK & FOTI, LLC
Lewis S. Kahn
(to be admitted *pro hac vice*)
Alexander Burns
(admitted *pro hac vice*)
James T. Fetter
(admitted *pro hac vice*)
Alexandra Pratt
(admitted *pro hac vice*)
1100 Poydras Street, Suite 960
New Orleans, LA 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com
alexander.burns@ksfcounsel.com
james.fetter@ksfcounsel.com
alexandra.pratt@ksfcounsel.com

*Counsel for Named Plaintiff, Robert Miller*

-and-

ROBBINS GELLER RUDMAN
& DOWD LLP
Darren J. Robbins
Lucas F. Olts

11

PLAINTIFFS' SPECIAL REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT TUSIMPLE
CASE NO. 3:22-CV-01300-BEN-MSB

**87**
**Exhibit M**

Heather G. Geiger
Stephen Johnson
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
darrenr@rgrdlaw.com
lolts@rgrdlaw.com
hgeiger@rgrdlaw.com
sjohnson@rgrdlaw.com

*Lead Counsel for Lead Plaintiff,*
*Indiana Public Retirement System, and*
*Named Plaintiff, Michelle Poirier*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Thursday, January 4, 2024 on all counsel of record by using the CM/ECF system.

*s/ Ramzi Abadou*
RAMZI ABADOU

PLAINTIFFS' SPECIAL REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT TUSIMPLE
CASE NO. 3:22-cv-01300-BEN-MSB

88
**Exhibit M**