ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
LUCAS F. OLTS (234843)
JENNIFER N. CARINGAL (286197)
HEATHER G. GEIGER (322937)
STEPHEN JOHNSON (347822)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
lolts@rgrdlaw.com
jcaringal@rgrdlaw.com
hgeiger@rgrdlaw.com
sjohnson@rgrdlaw.com

KAHN SWICK & FOTI, LLP
RAMZI ABADOU (222567)
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN DICKER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> TUSIMPLE HOLDINGS, INC., et al., <br><br> Defendants. | Case No. 3:22-cv-01300-BEN-MSB (Consolidated with No. 3:23-cv-00282-BEN-MSB) <br><br> CLASS ACTION <br><br> PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OMNIBUS MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS <br><br> Judge: Hon. Roger T. Benitez <br> Courtroom: 5A <br> Date: March 18, 2024 <br> Time: 10:30 a.m. |

4883-2762-7424.v1

## I.      Introduction

Lead Plaintiff Indiana Public Retirement System and Named Plaintiffs Michelle Poirier and Robert Miller (collectively, "Plaintiffs"), respectfully request that the Court either take judicial notice of or incorporate by reference, as applicable, the documents identified below and attached as exhibits to the Declaration of Lucas F. Olts in Support of Plaintiffs' Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss, filed concurrently herewith.[1]  Plaintiffs respectfully submit that: (i) Exhibits 1-3 are each subject to judicial notice; and (ii) Exhibit 4 is subject to the incorporation by reference doctrine and may be judicially noticed.

> **Exhibit 1**: TuSimple's Form 8-K filed with the SEC on January 17, 2024 disclosing that TuSimple: (1) intended to voluntarily delist itself from the NASDAQ; (2) had entered a two-year cooperation agreement with defendant Chen in which he would not acquire more than 25% of TuSimple stock or conduct any "Extraordinary Transaction" between the Company and himself (and/or any of his affiliates) without approval by the independent directors; and (3) had amended its bylaws to require at least three independent directors on its Board of Directors, and that any transaction with Chen (and/or any of his affiliates) would require the approval by a majority of independent directors.
>
> **Exhibit 2**: An article published by *The Wall Street Journal* on December 4, 2023, detailing TuSimple's announcement that it is moving its business to China, preparing to sell its U.S.-based assets, and had laid off 75% of its American staff.
>
> **Exhibit 3**: Bloomberg Terminal Print-Out of TuSimple's stock price, dated January 29, 2024.
>
> **Exhibit 4**: Video footage of the April Crash.  As alleged in the Complaint, the video footage was posted to the internet by a Company whistleblower (*see* ¶¶32-33, 133, 136-137, 228), and forms part of Plaintiffs' claims.[2]

---

[1]   All capitalized terms not otherwise defined herein have the same meaning as set forth in Plaintiffs' Consolidated Class Action Complaint for Violations of the Federal Securities Laws (ECF 103) (the "Complaint").  Additionally, all "¶__" or "¶¶__" citations refer to the Complaint.

[2]   TuSimple concedes that the video footage is incorporated into the Complaint by reference.  *See* TuSimple's Memorandum of Points and Authorities in Support of Motion to Dismiss Consolidated Amended Class Action Complaint (ECF 138-1)

4883-2762-7424.v1

## II.    Legal Standards for Incorporation by Reference and Judicial Notice

Generally, courts "'may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion'" without converting it to one for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).[3]  There are two exceptions: the incorporation-by-reference doctrine and judicial notice under Federal Rule of Evidence 201. *Lee*, 250 F.3d at 688; *Khoja*, 899 F.3d at 998.  Incorporation by reference permits consideration of documents upon which the complaint relies, treating them as if they were "part of the complaint itself." *Khoja*, 899 F.3d at 1002; *Arellano v. Santos*, 2020 WL 1275650, at *3 (S.D. Cal. Mar. 16, 2020).  Courts may appropriately take judicial notice "(1) of matters of public record, (2) that the market was aware of information contained in news articles, and (3) publicly accessible websites whose accuracy and authenticity is not subject to dispute." *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827 (N.D. Cal. 2019).  Judicial notice is also taken of adjudicative facts "not subject to reasonable dispute," *i.e.*, if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Disputed facts contained in those records, however, should not be judicially noticed. *See Khoja*, 899 F.3d at 999.

## III.    Exhibits 1, 2, and 3 Should Be Judicially Noticed

Judicial notice may be properly taken of Exhibit 1 because it is an SEC filing which does not contain disputed facts. *See Khoja*, 899 F.3d at 999.  Courts in the Ninth Circuit routinely take judicial notice of such documents for purposes of demonstrating the information available to the market. *See Shenwick v. Twitter, Inc.*,

---

("TSP") at 9 ("the Complaint incorporates by reference a purported video of the accident").    Exhibit 4 is available to view at: https://www.youtube.com/watch?v=ymD8_DGwP50.  Plaintiffs can provide the video on a thumb drive at the request of the Court.

[3]  Unless otherwise noted, citations are omitted and emphasis is added.

- 2 -

4883-2762-7424.v1

282 F. Supp. 3d 1115, 1123 (N.D. Cal. 2017) ("the SEC filings . . . are judicially noticeable to show what was available to the market"); *Sanders v. RealReal, Inc.*, 2021 WL 1222625, at *4 (C.D. Cal. Mar. 31, 2021) (courts in "'the Ninth Circuit routinely take judicial notice of press releases'"). Accordingly, the Court should take judicial notice of Exhibit 1. *In re Apple Inc., Sec. Litig.*, 2020 WL 2857397, at *6 (N.D. Cal. June 2, 2020).

It is also appropriate to take judicial notice of the December 4, 2023 news article from *The Wall Street Journal* (Exhibit 2) regarding TuSimple's announcement that it is moving the business to China and is preparing to sell its remaining U.S.-based assets. Courts frequently take judicial notice of news articles "to show what was available to the market." *Shenwick*, 282 F. Supp. 3d at 1123; *see also Jones v. Raymer Metals, Inc.*, 2017 WL 10560488, at *5 (N.D. Cal. May 31, 2017) (news articles are judicially noticeable to show what "'was in the public realm'"); *Lynwood Invs. Cy Ltd. v. Konovalov*, 2021 WL 1164838, at *6 (N.D. Cal. Mar. 25, 2021) ("Courts have held that news articles . . . are proper subjects of judicial notice."); *Unsworth v. Musk*, 2019 WL 5550060, at *4 (N.D. Cal. Oct. 28, 2019) (taking judicial notice of news articles); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice of news articles). Accordingly, the Court should take judicial notice of Exhibit 2 as to the fact that the Company has announced it is abandoning its United States operations for China.

The Court may take judicial notice of the Company's stock prices reflected within Exhibit 3, as the prices of publicly traded stocks "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also Sudunagunta v. NantKwest, Inc.*, 2017 WL 8811116, at *2 (C.D. Cal. May 16, 2017) ("[s]tock prices are properly subject to judicial notice") (citing *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008)).

- 3 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4883-2762-7424.v1

#### IV.   The April Crash Video Footage in Exhibit 4 May Be Incorporated by Reference and Judicially Noticed

Exhibit 4 should be incorporated by reference because: (i) the Complaint frequently refers to the crash video (*see* ¶¶32-33, 133, 136-137, 228); and (ii) the April Crash and its revelation by an anonymous whistleblower forms the basis of the Complaint's claims.  ¶229 (detailing how upon the release of the video, TuSimple blamed the so-called "minor scrape" on "human error" despite independent investigators concluding otherwise); *see also Lihosit v. Flam*, 2016 WL 2865870, at *3 (D. Ariz. May 17, 2016) (video footage, though not a traditional "document," was essential to a full understanding of the complaint's allegations and should be considered on a motion to dismiss).

The video footage contained in Exhibit 4 should also be judicially noticed to establish what information was available to the market and when.  *Apple*, 2020 WL 2857397, at *6.  The video shows, and the Court should take judicial notice of, the following specific facts: (i) the video opens with footage from two camera points of view: the interior of the cab; and a dashboard point-of-view; (ii) two "safety drivers" are inside the cab, and the TuSimple AV is moving at 65 miles per hour; (iii) once the autonomous driving feature is activated, the TuSimple AV immediately lurches to the left, just as a white pickup truck is passing on the left; (iv) the TuSimple AV continues its leftward trajectory, narrowly missing the passing pickup truck; and (v) the TuSimple AV collides with Interstate 10's retaining wall at 60 miles per hour, as the driver continues his efforts to counter-steer.  *See* Exhibit 4; *see also Cota v. Aveda Corp.*, 2020 WL 6083423, at *10 (S.D. Cal. Oct. 14, 2020) (judicially noticeable facts must be specified) (Benitez, J.).  Courts in this district routinely take judicial notice of video evidence on a motion to dismiss.  *See Perez v. City of San Diego*, 2022 WL 17541025, at *2 (S.D. Cal. Dec. 8, 2022) (taking judicial notice of bodycam footage) (Benitez, J.); *see also McCormick v. Cnty. of San Diego*, 2021 WL 913906, at *2-*3

4883-2762-7424.v1

(S.D. Cal. Mar. 10, 2021) (considering video evidence on a motion to dismiss); *Covert v. City of San Diego*, 2017 WL 1094020, at *5 (S.D. Cal. Mar. 23, 2017) (same). The Court should do so here.

Judicial notice is further appropriate because the accuracy of the video cannot reasonably be questioned. Indeed, defendant TuSimple's own motion to dismiss opened the door by "encourag[ing] the Court to review" its misleading blog post about the accident *as well as the video of the April Crash*. *See* TSP at 9 ("Defendants encourage the Court to review *both sources* . . . ."); *id.* at 9 n.2 (linking video); *see also, e.g.*, *Davis v. L.A. W. Travelodge*, 2009 WL 4260406, at *2 (C.D. Cal. Oct. 8, 2009) (finding defendant "'opened the door'" to admissibility of video recordings). The video footage (submitted as Exhibit 4) clearly shows that the TuSimple truck barely avoided a collision with another vehicle, potentially injuring or killing its occupants, all conveniently omitted from the Company's misleading blog post.

For the foregoing reasons, Plaintiffs' request should be granted.

DATED: January 29, 2024

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
LUCAS F. OLTS
JENNIFER N. CARINGAL
HEATHER G. GEIGER
STEPHEN JOHNSON

s/ Lucas F. Olts
LUCAS F. OLTS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
lolts@rgrdlaw.com
jcaringal@rgrdlaw.com
hgeiger@rgrdlaw.com
sjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff Indiana Public Retirement System, and Named Plaintiff Michelle Poirier

- 5 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4883-2762-7424.v1

KAHN SWICK & FOTI, LLP
RAMZI ABADOU

        s/ Ramzi Abadou
RAMZI ABADOU

580 California Street, Suite 1200
San Francisco, CA  94104
Telephone:  866/467-1400
ramzi.abadou@ksfcounsel.com

KAHN SWICK & FOTI, LLC
ALEXANDER L. BURNS (*pro hac vice*)
ALEXANDRA PRATT *(pro hac vice)*
JAMES T. FETTER (*pro hac vice*)
1100 Poydras Street, Suite 960
New Orleans, LA  70163
Telephone:  504/455-1400
alexander.burns@ksfcounsel.com
alexandra.pratt@ksfcounsel.com
james.fetter@ksfcounsel.com

Counsel for Named Plaintiff Robert Miller

- 6 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4883-2762-7424.v1

SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Plaintiffs, and that I have obtained counsel's authorization to affix his electronic signature to this document.

DATED:  January 29, 2024

s/ Lucas F. Olts
LUCAS F. OLTS

- 7 -                          3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4883-2762-7424.v1