Jordan Eth (CA SBN 121617)
JEth@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:  415.268.7000
Facsimile:   415.268.7522

James R. Hancock (CA SBN 293786)
JHancock@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone:  650.813.5600
Facsimile:   650.494.0792

Attorneys for Defendant
PATRICK DILLON

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN DICKER, INDIANA PUBLIC RETIREMENT SYSTEM, ROBERT MILLER, MICHELLE POIRIER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TUSIMPLE HOLDINGS, INC., et al.<br><br>Defendants. | Case No. 3:22-cv-01300-BEN-MSB (Consolidated with No. 3:23-cv-00282-BEN-MSB)<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT PATRICK DILLON'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**<br><br>Special Briefing Schedule Ordered<br><br>Judge:  Hon. Roger T. Benitez<br><br>Courtroom:  5A |

DILLON REPLY ISO MOTION TO DISMISS                                    CASE NO. 22-CV-01300-BEN-MSB

**Table of Contents**

**Page**

I.   INTRODUCTION ...............................................................................................1

II.  ARGUMENT .....................................................................................................1

    A.   The Section 10(b) Claim Fails for Lack of Scienter. ...............................1

    B.   The Section 15 and 20(a) Claims Also Fail. ...........................................2

III. CONCLUSION ..................................................................................................3

# Table of Authorities

**Page(s)**

**Cases**

*In re Downey Sec. Litig.*,
No. CV08-3261-JFW (RZX),
2009 WL 736802 (C.D. Cal. Mar. 18, 2009) ......................................................3

*Howard v. Everex Sys., Inc.*,
228 F.3d 1057 (9th Cir. 2000) ...........................................................................3

*Luna v. Marvell Tech. Grp.*,
No. C 15-05447 WHA,
2017 WL 2171273 (N.D. Cal. May 17, 2017).....................................................3

*In re Montage Tech. Grp. Ltd. Sec. Litig.*,
78 F.Supp.3d 1215 (N.D. Cal. 2015).................................................................3

*Roberti v. OSI Systems, Inc.*,
No. CV 13-9174-MWF VBKX,
2015 WL 1985562 (C.D. Cal. Feb. 27, 2015) .....................................................2

*Special Situations Fund III QP, L.P. v. Brar*,
No. 14-CV-04717-SC,
2015 WL 1393539 (N.D. Cal. Mar. 26, 2015) .....................................................3

*In re Stable Road Acquisition Corp.*,
No. CV215744JFWSHKX,
2022 WL 2762213 (C.D. Cal. July 13, 2022) .....................................................3

**Other Authorities**

15 U.S.C.
§ 78j  (Section 10(b)).....................................................................................1, 3
§ 78o  (Section 15).......................................................................................1, 2, 3
§ 78t  (Section 20(a)) ...................................................................................1, 2, 3

## I.   INTRODUCTION

Plaintiffs' Opposition confirms that the Complaint does not plead the required particularized facts regarding Mr. Dillon's scienter and control.  Rather than identify any specific allegations about Mr. Dillon, the Opposition continues to lump him together with general statements about other defendants.  Plaintiffs' reliance on generic, boilerplate allegations fails under Sections 10(b), 15, and 20(a).

## II.   ARGUMENT

### A.   The Section 10(b) Claim Fails for Lack of Scienter.

Neither the Complaint nor the Opposition makes any attempt to identify any particular facts regarding Mr. Dillon's mental state.  On the contrary, in several instances, Mr. Dillon is expressly carved out from Plaintiffs' allegations.  (*E.g.*, Opp. at 3 ("no allegations that the Underwriter Defendants, Francis, or Dillan [*sic*] knowingly made false statements"); *id*. at 52 (excluding Dillon from "scheme liability"); Compl. ¶ 61 (excluding Dillon from 10(b) claim regarding Hydron).)  The only Section 10(b) claim against Mr. Dillon relates to the "safety statements."

Plaintiffs' defense of the scienter allegations for "safety statements" largely focuses on the *Lindland* complaint.  (Opp. at 44-45.)  Even if considered by the Court (*see* TuSimple MTD at 29-31, 38-39), Mr. Dillon is not even mentioned in the *Lindland* complaint.  Those allegations relate solely to other Defendants, not Mr. Dillon.  (Opp. at 44-45.)  The allegations do not provide the "who, what, where, or when" as to Mr. Dillon, which Plaintiffs admit are required.  (*Id.*, fn. 25.)

Although Plaintiffs point to other defendants' stock sales as evidence of scienter, it is undisputed that Mr. Dillon has not sold any shares.  (MPA at 3; Opp. at 48-50.)  Instead, Plaintiffs briefly argue that his lack of sales "*is not dispositive*." (Opp. at 50.)  But Plaintiffs do not disagree that the lack of stock sales supports a persuasive inference against scienter.  (MPA at 3-4 (collecting cases).)

Mr. Dillon's resignation is insufficient to infer scienter.  Plaintiffs argue that "Dillon unexpectedly resigned from his role as TuSimple's CFO five days after

Chen publicly disclosed his 'launch' of Hydron." (Opp. at 45.)  However, Mr. Dillon is expressly excluded from the Section 10(b) claims regarding Hydron. (Compl. ¶ 61.)  And Plaintiffs made no attempt to connect his resignation to the one Section 10(b) claim about safety asserted against Mr. Dillon.  Without more, his resignation "cannot support a strong inference of scienter." (MPA at 4.)  Even Plaintiffs admit that a resignation supports scienter only when "accompanied by additional evidence of [] wrongdoing." (Opp. at 6.)  Here, there is none.

Plaintiffs are left with an argument that "Defendants made specific statements about safety," and these statements are sufficient on their own to establish scienter. (*Id*. at 43.)  If accepted, this argument would read any scienter requirement out of the statute, as every alleged misstatement would automatically establish scienter as soon as it was made.  That is not the law.[1]

**B.      The Section 15 and 20(a) Claims Also Fail.**

The Complaint fails to plead facts alleging that Mr. Dillon "exercised actual power or control" over the other defendants, as required for Sections 15 and 20(a). (MPA at 5.)  Plaintiffs argue that the Complaint "made myriad specific allegations as to Chen, Dillon, and Buss regarding their day-to-day control," citing paragraphs of the Complaint. (Opp. at 54-55, fn. 30.)  However, most of the cited paragraphs do not even mention Mr. Dillon.  Where Mr. Dillon is mentioned, the Complaint only states that he was the CFO and signed SEC filings.  That is insufficient.

---

[1] In support of their argument, Plaintiffs misrepresent *Roberti v. OSI Systems, Inc.*, 2015 WL 1985562 (C.D. Cal. 2015).  There, the court did not rely on the statements themselves.  Rather, the court relied on confidential witnesses who specifically connected the individual defendants with knowledge of the alleged problems. *Id.* at *12.  Additionally, unlike *Roberti*, Mr. Dillon is not alleged to have made any "detailed factual statements" during conference calls and presentations about the "the specific issue" in the alleged misstatements, which "contradict[ed] important data to which [he] had access." *Id.* at *12-13.  On the contrary, as chief financial officer, Mr. Dillon is not alleged to have had any involvement or access to the company's safety profiles or technology development, or to have made any "detailed factual statements" on those issues.  (MPA at 2.)

Plaintiffs cannot rely merely on a defendant's title and signature on filings. "For the most part, these are 'boilerplate' allegations that courts have typically rejected" as "insufficient to state a claim for control person liability." *Special Situations Fund III QP, L.P. v. Brar*, 2015 WL 1393539, at *10 (N.D. Cal. 2015); *see also In re Downey Sec. Litig.*, 2009 WL 736802, at *15 (C.D. Cal. 2009) ("[E]ven a CEO is not automatically a 'controlling person' under Section 20(a)."). For example, in *Stable*, the court dismissed Section 20(a) claims against a CFO and others, where the plaintiffs merely relied on their positions in the company and public filings. *In re Stable Road Acquisition Corp.*, 2022 WL 2762213, at *12 (C.D. Cal. 2022). Similarly, in *Luna*, the court held that "defendants' roles as CFO and as signing the public disclosures at issue herein are simply insufficient to establish their liability as control persons." *Luna v. Marvell Tech. Grp.*, 2017 WL 2171273, at *6 (N.D. Cal. 2017). Plaintiffs attempt to distinguish *Luna* by emphasizing that the company in that case was controlled by two executives with majority control. (Opp. at 54, fn. 29.) However, Plaintiffs have made the same allegation here. (Compl. ¶ 86; *id.* ¶¶ 24, 390-91.) The same result is required.[2]

## III.   CONCLUSION

For the above reasons, the claims against Mr. Dillon under Sections 10(b), 15, and 20(a) should be dismissed. For the reasons stated in TuSimple's motion and reply, all claims against Mr. Dillon should be dismissed.

---

[2] Plaintiffs' lone case is distinguishable. In *Montage*, the CFO, CEO, and president's alleged misstatements were violations of GAAP principles that affected 50-71% of the company's revenue, and 100% of its revenue growth. *In re Montage Tech. Grp. Ltd. Sec. Litig.*, 78 F.Supp.3d 1215 (N.D. Cal. 2015). Here, Mr. Dillon is not alleged to have had any involvement or awareness (let alone control) of safety-related decisions at the company, and he is expressly excluded from the Section 10(b) claims regarding alleged related party transactions. (MPA at 2.) Thus, a general allegation that Mr. Dillon was the CFO is insufficient to show "actual power or control" over these defendants for these claims. *E.g.*, *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1067 n.13 (9th Cir. 2000) (requiring "control over the transaction at issue" and "direct involvement with alleged false statements").

Dated: February 26, 2024

MORRISON & FOERSTER LLP

*/s/ Jordan Eth*
Jordan Eth

Attorneys for Defendant
PATRICK DILLON