ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
LUCAS F. OLTS (234843)
HEATHER G. GEIGER (322937)
STEPHEN JOHNSON (347822)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
lolts@rgrdlaw.com
hgeiger@rgrdlaw.com
sjohnson@rgrdlaw.com

KAHN SWICK & FOTI, LLP
RAMZI ABADOU (222567)
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AUSTIN DICKER; Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> TUSIMPLE HOLDINGS, INC. et al., <br><br> Defendants. | No. 3:22-cv-01300-BEN-MSB <br><br> CLASS ACTION <br><br> PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE <br><br> Date:    March 18, 2024 <br> Time:    10:30 AM <br> Judge:   Hon. Roger T. Benitez <br> Courtroom: 5A |

# TABLE OF CONTENTS

I.     INTRODUCTION .................................................................................................1

II.    LEGAL STANDARDS ........................................................................................2

    A.    Judicial Notice..........................................................................................3

    B.    Incorporation By Reference ....................................................................3

    C.    Judicial Notice and Incorporation by Reference Are Commonly Abused at the Motion to Dismiss Stage in PSLRA Cases ....................4

III.    ARGUMENT.........................................................................................................5

    A.    TuSimple's Failure to Identify Which Facts Should Be Judicially Noticed or Incorporated by Reference Warrants Denial of the Request ....................................................................................................5

    B.    Unreliable Information from Biased Sources Should Not Be Judicially Noticed or Incorporated by Reference ................................6

    C.    Assertions of Fact Contained in SEC Filings Should Not Be Used to Rewrite the Allegations of the Complaint ...........................................8

    D.    Irrelevant Information Should Not Be Judicially Noticed or Incorporated by Reference ..................................................................11

    E.    Judicial Notice of the Government Website Graphic Is Permitted.....12

IV.    CONCLUSION ..................................................................................................12

# TABLE OF AUTHORITIES

**Federal Cases**                                                                                                                                                 **Page(s)**

*Bar Mandalevy v. Bofi Holding*,
   2021 U.S. Dist. LEXIS 38943 (S.D. Cal. 2021) ....................................................... 2

*Baxter Healthcare Corp. v. Becton*,
   2018 U.S. Dist. LEXIS 221719 (S.D. Cal. 2018) .................................................... 1-2

*Brinker v. Axos Bank*,
   2023 U.S. Dist. LEXIS 121083 (S.D. Cal. 2023) ...................................................... 2

*City of Birmingham v. Acadia Pharm., Inc.*,
   2022 U.S. Dist. LEXIS 176247 (S.D. Cal. 2022) .......................................... 4, 8, 9

*City of Pontiac Police & Fire Ret. Sys. v. Caldwell*,
   2021 U.S. Dist. LEXIS 123649 (N.D. Cal. 2021) .................................................. 11

*Cota v. Aveda Corp.*,
   2020 U.S. Dist. LEXIS 191223 (S.D. Cal. 2020) ...................................................... 5

*Ferreira v. Funko Inc.*,
   2021 U.S. Dist. LEXIS 59102 (C.D. Cal. 2021) .................................................... 10

*Hsu v. Puma Biotechnology, Inc.*,
   213 F. Supp. 3d 1275 (C.D. Cal. 2016) ......................................................... 2, 3, 4

*In re Apple Inc. Sec. Litig.*,
   2023 U.S. Dist. LEXIS 110549 (N.D. Cal. 2023) .................................................. 12

*In re Apple Sec. Litig.*,
   2020 U.S. Dist. LEXIS 96953 (N.D. Cal. 2020) .......................................... 8, 9, 11

*In re ECOtality, Inc. Sec. Litig.*,
   2014 U.S. Dist. Lexis 130499 ...................................................................................... 7

*In re Gilead Scis. Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) ...................................................................................... 2

*In re Obalon Therapeutics, Inc. Sec. Action*,
   2019 U.S. Dist. LEXIS 165086 (S.D. Cal. 2019) .................................................. 6-7

*In re Progenity, Inc. Sec. Litig.*,
   2023 U.S. Dist. LEXIS 7860 (S.D. Cal. 2023) ...................................................... 11

*In re StockerYale Secs. Litig.*,
  453 F. Supp. 2d 345 (D.N.H. 2006) .............................................................. 11

*Jones v. Pollard*,
  2023 U.S. Dist. LEXIS 127562 (S.D. Cal. 2023) .................................................. 12

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ................................................................... *passim*

*Lako v. Loandepot, Inc.*,
  2023 U.S. Dist. LEXIS 13086 (C.D. Cal. 2023) .................................................. 12

*Lee v. City of L.A.*,
  250 F.3d 668 (9th Cir. 2001) ................................................................... 2

*Longo v. OSI Sys.*,
  2020 U.S. Dist. LEXIS 104520 (C.D. Cal. 2020) .................................................. 2

*Maiman v. Talbott*,
  2010 U.S. Dist. LEXIS 142712 (C.D. Cal. 2010) .................................................. 2

*Mat Van, Inc. v. Sheldon Good & Co. Auctions, L.L.C.*,
  2008 U.S. Dist. LEXIS 8724 (S.D. Cal. 2008) .................................................. 3

*McGovney v. Aerohive Networks, Inc.*,
  2019 U.S. Dist. LEXIS 228702 (N.D. Cal. 2019) ......................................... *passim*

*RSMCFH, L.L.C. v. FareHarbor Holdings, Inc.*,
  361 F. Supp. 3d 981 (D. Haw. 2019) .................................................. 6

*Sgro v. Danone Waters of N. Am., Inc.*,
  532 F.3d 940 (9th Cir. 2008) ................................................................... 7

*Shenwick v. Twitter, Inc.*,
  282 F. Supp. 3d 1115, 1124 (N.D. Cal. 2017) .................................................. 11

*Synopsys, Inc. v. Innogrit, Corp.*,
  2019 U.S. Dist. LEXIS 171487 (N.D. Cal. 2019) ............................................ 3, 4

*Tyshkevich v. Wells Fargo Bank, N.A.*,
  2016 U.S. Dist. LEXIS 5526 (E.D. Cal. 2016) .................................................. 10

*Williams v. Alameda Cnty.*,
  2023 U.S. Dist. LEXIS 121587 (N.D. Cal. 2023) .................................................. 5

*XpandOrtho, Inc. v. Zimmer Biomet Hldgs., Inc.*,
 2022 U.S. Dist. LEXIS 46698 (S.D. Cal. 2022) ..................................................... 8-9

**Federal Statutes**

15 U.S.C. § 78u–4(b)(3)(B) ............................................................................... 10

**Rules**

FED. R. CIV. P. 12(b)(6) ....................................................................................... 2

FED. R. CIV. P. 56 ................................................................................................. 2

FED. R. EVID. 201 ...................................................................................... 3, 5, 7, 9

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:22-CV-01300-BEN-MSB

## I.    INTRODUCTION

Plaintiffs respectfully submit this opposition to defendant TuSimple's Request for Judicial Notice in Support of Motion to Dismiss (ECF No. 138-2; "RJN").[1]

TuSimple and certain of its co-defendants attempt to rewrite the Consolidated Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 103; "Complaint"), despite Circuit law forbidding such efforts. They do so by asking the Court to consider twenty-four exhibits spanning more than four hundred and forty pages. *See* ECF Nos. 138-5—138-29. This not-so-subtle attempt to "squeeze" their own version of events into the Complaint is telling. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1005 (9th Cir. 2018) ("When parties pile on volumes of exhibits to their motion to dismiss, hoping to squeeze some into the complaint, their submissions can become needlessly unwieldy.").[2] Among other things, TuSimple impermissibly seeks judicial notice of a blog post written by its *own* editorial team to minimize the significance of the April 6, 2022 Crash involving an autonomous semi-trailer truck operated by TuSimple (the "April Crash"). *See* § III.B, *infra*. Accepting such "facts" at face value is impermissible.

Plaintiffs do not dispute that some documents can be considered for limited purposes, such as where they were published, who signed or drafted them and when they did so. *McGovney v. Aerohive Networks, Inc.*, 2019 U.S. Dist. LEXIS 228702, at *22-23 (N.D. Cal. 2019). Judicial notice is likewise proper to establish what information was indisputably in the public realm at a given time, but not whether the content of those documents is true. *Baxter Healthcare Corp. v. Becton*, 2018 U.S. Dist. LEXIS

---

[1]    Other defendants—Buss, Francis, Lu, Chen, and Hou have each—to varying degrees—joined in TuSimple's RJN. Neither the Underwriters nor Defendant Dillon have joined in the RJN.

[2]    All emphasis added and internal citations/quotations omitted unless otherwise indicated. References to "¶" or "¶¶" are to the Complaint. Capitalized terms have the same meaning as in the Complaint. "MTD" refers to an earlier-filed motion to dismiss, filed by the defendant indicated.

221719, at *13 (S.D. Cal. 2018). But the truth of their disputed content cannot contradict the Complaint's well-pled allegations because plaintiffs have not had an opportunity to test defendants' contentions through discovery and cross-examination. Failing this, defendants' motions to dismiss should be converted into motions for summary judgment and plaintiffs should be permitted to conduct meaningful discovery. FED. R. CIV. P. 56(d)(2); *Longo v. OSI Sys.*, 2020 U.S. Dist. LEXIS 104520, at *7-8 (C.D. Cal. 2020) (applying *Khoja*); *Brinker v. Axos Bank*, 2023 U.S. Dist. LEXIS 121083, at *7 (S.D. Cal. 2023) (only matters properly subject to judicial notice may be considered without converting to summary judgment).

## II.    LEGAL STANDARDS

Courts "'may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Under Rule 12(b)(6), "[t]he Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff." *Maiman v. Talbott*, 2010 U.S. Dist. LEXIS 142712, at *5-6 (C.D. Cal. 2010); *Brinker*, 2023 U.S. Dist. LEXIS 121083, at *6. That plaintiffs assert claims for violations of the federal securities laws does not relax these time-honored standards.[3]

As set forth below, judicial notice and the incorporation by reference doctrine are two different concepts, subject to different standards, with different inferences that the Court may draw from each. *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1280 (C.D. Cal. 2016) (the doctrines, while "often conflated" are "distinct"); *Bar Mandalevy v. Bofi Holding*, 2021 U.S. Dist. LEXIS 38943, at *12 n.1 (S.D. Cal. 2021) ("separate doctrines"). Improper application of these doctrines can slam the courthouse

---

[3]    When, as here, a "plaintiff alleges facts to support a theory that is not facially implausible, [a] court's skepticism is best reserved for later stages of the proceedings[.]" *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008).

doors shut on meritorious claims, leading to "inappropriate efforts by defendants to expand the two doctrines" on a "generally inexpensive motion." *Hsu*, 213 F. Supp. 3d at 1281-82.

### A.    Judicial Notice

Court may take judicial notice of facts that (i) are generally known within the trial court's jurisdiction; or (ii) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. FED. R. EVID. 201(b)(1)-(2). For example, "courts ordinarily take judicial notice [of] (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." *Mat Van, Inc. v. Sheldon Good & Co. Auctions, L.L.C.*, 2008 U.S. Dist. LEXIS 8724, at *22-23 (S.D. Cal. 2008). Even when a fact is objectively verifiable, "[t]he Court may deny a request to take judicial notice of facts that are irrelevant to the instant motion." *Synopsys, Inc. v. Innogrit, Corp.*, 2019 U.S. Dist. LEXIS 171487, at *15 (N.D. Cal. 2019). While matters of public record may be judicially noticed, disputed facts contained in those records may not. *See Khoja*, 899 F.3d at 999. For example, a district court can judicially notice certain SEC filings, while emphasizing, as it should here, that it was not necessarily accepting their contents as true. *McGovney*, 2019 U.S. Dist. LEXIS 228702, at *22-23. In such cases, judicial notice simply acknowledges what information was available to investors at the time. *Id*.

### B.    Incorporation By Reference

"The [incorporation-by-reference] doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. Documents may only be deemed incorporated when: (i) the plaintiff refers to them extensively; or (ii) the documents form the basis of the plaintiff's claim—a proposition generally requiring more than one reference or a sufficiently lengthy one. *Id.* at 1003

3

("For 'extensively' to mean anything [. . .] it should, ordinarily at least, mean more than once."); *McGovney*, 2019 U.S. Dist. LEXIS 228702, at \*21-22 (same). Documents referred to "only a handful of times in the context of factual background" do not satisfy this standard. *Synopsys*, 2019 U.S. Dist. LEXIS 171487, at \*13; *City of Birmingham v. Acadia Pharm., Inc.*, 2022 U.S. Dist. LEXIS 176247, at \*4-5 (S.D. Cal. 2022) ("None of the disputed exhibits are extensively referenced or quoted in the [complaint] . . . The overlap [. . .] is not sufficient to support incorporation-by-reference.").

### C. Judicial Notice and Incorporation by Reference Are Commonly Abused at the Motion to Dismiss Stage in PSLRA Cases

The Ninth Circuit has noted that judicial notice and the incorporation by reference doctrine are frequently abused at the dismissal stage by defendants, who "face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage." *Khoja*, 899 F.3d at 998. "[T]he unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery[,]" a risk "especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access." *Id.; see also Hsu*, 213 F. Supp. 3d at 1281-82 (same).

If "defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief [. . .] Such undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine." *Khoja*, 899 F.3d at 999. Accordingly, the Court should rein in defendants' use of extraneous documents to "exploit[] these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Id.*

### III.    ARGUMENT

TuSimple and certain of its co-defendants request that the Court take judicial notice of twenty-four different exhibits (Ex's. B-Y). Two of the documents—a Hydron press release (Ex. Q) and a TuSimple blog post providing its side of the April Crash story (Ex. R)—are from patently unreliable sources which TuSimple is improperly using to resolve questions of fact in its favor. Twenty are either complete or partial SEC filings (*see* Ex's. B-P; S-V; Y). Finally, the Company's purported market capitalization (Ex. W), and a graphic taken from the National Highway Traffic Safety Administration's ("NHSTA") website (Ex. X) are of questionable relevance and are not necessary to resolve the pending motion(s).

#### A.    TuSimple's Failure to Identify Which Facts Should Be Judicially Noticed or Incorporated by Reference Warrants Denial of the Request

As a threshold matter, the party seeking judicial notice must identify which facts are at issue. FED. R. EVID. 201(c)(2) (courts "must take judicial notice if [. . .] the court is supplied with the necessary information."). TuSimple and its co-defendants do not, and their failure to clearly identify such facts warrants denial of the RJN. *See Cota v. Aveda Corp.*, 2020 U.S. Dist. LEXIS 191223, at *28 (S.D. Cal. 2020) ("Due to Defendant's failure to specify of which facts it would like the Court to take judicial notice, the Court denies Defendant's request for judicial notice as vague and ambiguous.") (Benitez, J.). Here, the RJN simply lists the exhibits, but fails to describe with any particularity what facts they purportedly establish. The Court could, as it did in *Cota*, deny the RJN on that basis alone. *Id.* Neither plaintiffs nor the Court bear the burden of deciphering defendants' intentions from four-hundred pages of exhibits and seven motions to dismiss where defendants have clearly "failed to hold up [their] end of the RJN bargain." *Williams v. Alameda Cnty.*, 2023 U.S. Dist. LEXIS 121587, at *35-36 (N.D. Cal. 2023) (denying request for judicial notice).

### B.   Unreliable Information from Biased Sources Should Not Be Judicially Noticed or Incorporated by Reference

***Exhibit Q:*** TuSimple does not seek judicial notice of the June 10, 2022 Hydron press release, but does seek to have it incorporated by reference. RJN at 2, 5. However, for a document to be incorporated by reference, it must be "extensively" referred to in the complaint or form the basis of the plaintiffs' claims. *See Khoja*, 899 F.3d at 1002. Neither is true here. The document is referenced only twice in the Complaint, both times in passing. *See* ¶ 91 n.7, *see also* ¶ 256. Moreover, TuSimple and its co-defendant Chen use the self-serving language in Hydron's press release to resolve a factual question—namely, whether Hydron was TuSimple's competitor. *See* TSP MTD, ECF No. 138, at 7; Chen MTD, ECF No. 139, at 3 n.3. But the argument that Hydron was ***strictly*** an original equipment manufacturer ("OEM") precludes the reasonable inference that Hydron sought to vertically integrate itself into the autonomous vehicle "AV") industry by misappropriating TuSimple technology. Thus, the Hydron press release does not form the ***basis*** of Plaintiffs' claims as TuSimple asserts. *See* RJN at 5. Rather, it forms a defense that Hydron was not TuSimple's competitor. *RSMCFH, L.L.C. v. FareHarbor Holdings, Inc.*, 361 F. Supp. 3d 981, 987 (D. Haw. 2019) (quoting *Khoja*, 899 F.3d at 1002) (declining to incorporate by reference: "if the document merely creates a defense to the well-pled allegations [. . .] then that document did not necessarily form the basis of the complaint"). Accordingly, Ex. Q cannot and should not be incorporated by reference.[4]

***Exhibit R:*** TuSimple seeks judicial notice and incorporation by reference of its own "Prioritizing Safety" blog post, in which "TuSimple's editorial team" (*see* Ex. R at 434) belatedly disclosed and discussed the April Crash. But reports prepared by a defendant or co-defendant cannot be judicially noticed, as the "potential [to] reflect

---

[4]   TuSimple does, however, seek judicial notice of Ex. D for the same purpose. As discussed in § III.C, *infra.*, this is a disputed fact and cannot be judicially noticed.

inherent bias render[s] the report inappropriate for judicial notice[.]" *In re Obalon Therapeutics, Inc. Sec. Action*, 2019 U.S. Dist. LEXIS 165086, at *15 (S.D. Cal. 2019); *see also* FED. R. EVID. 201(b)(2) (judicially noticed facts must be "readily determined from sources whose accuracy cannot reasonably be questioned."). TuSimple's self-serving editorial document does not pass muster here—it mischaracterizes and minimizes the April Crash as "human error" which "[led] to a 'minor scrape.'" *See* ECF No. 138-1 at 9, citing Ex. R.[5] But whether the April Crash is properly characterized as "human error", and the severity of the incident are disputed—the Complaint specifically pleads that the Company's characterization of the April Crash as "human error" was a false statement, noting technological safeguards could have and should have been in place to preclude such errors from occurring. *Cf. id.* with ¶¶ 33, 138, 228-30.

Nor can incorporation by reference be abused to hold that TuSimple's July 26, 2022 editorial piece is true when the Complaint expressly pleads it was false. *See id.*; *see also Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 942 n.1 (9th Cir. 2008); *see also Khoja,* 899 F.3d at 1015 ("declining to assume the truth of incorporated documents where it 'would mean assuming the truth of all of Defendants' allegedly false or misleading statements,' which would make it 'impossible ever to successfully plead a fraud claim[.]'") (quoting *In re ECOtality, Inc. Sec. Litig.*, 2014 U.S. Dist. Lexis 130499, at *12 (N.D. Cal. 2014)). It would be equally inappropriate for the Court to—as TuSimple requests—write off the April Crash as a "minor scrape," and disregard the near collision with the white pickup truck which was passing the TuSimple vehicle on

---

[5] Tellingly, TuSimple does not ask the Court to judicially notice or incorporate by reference the video itself, despite hyperlinking it in its motion to dismiss. TSP MTD at 9 n.2. This is because the video does not align with their blog's description, which omits the near-miss with the white pickup and minimizes the force of impact with the concrete barrier. Curiously, TuSimple does not dispute the authenticity of the video, and in fact "encourage[s] the Court to review" it. TSP MTD at 9. *See also* ECF Nos. 149-1 and 149-3.

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:22-CV-01300-BEN-MSB

the left when the crash occurred. *See* ¶¶ 31, 133, 213. Therefore, Ex. S should not be judicially noticed or incorporated by reference.

**C.     Assertions of Fact Contained in SEC Filings Should Not Be Used to Rewrite the Allegations of the Complaint**

While district courts often take judicial notice of SEC filings, they do not and should not blindly accept as true all assertions of fact they contain. *Acadia Pharm.*, 2022 U.S. Dist. LEXIS 176247, at *6-7. Here, TuSimple and certain of its co-defendants advance some twenty SEC filings (or excerpts from them) (*see* Ex's. B-P; S-V; Y). However, for the additional reasons set forth below, the Court should neither judicially notice these documents nor incorporate them by reference.

***Exhibit D****:* TuSimple seeks judicial notice and incorporation by reference of Ex. D, which is an excerpt from TuSimple's Form 424B4, filed with the SEC on April 16, 2021. As with Ex. Q (the Hydron press release; *see* § II.B, *supra*), TuSimple cites Ex. D repeatedly to argue that: "[a]s an OEM, Hydron is not a competitor of TuSimple." TSP MTD at 7. For the reasons set forth above, this is a disputed fact and cannot be judicially noticed—least of all because Hydron is not mentioned by name in Ex. D. at all. At most, the Court can take judicial notice of the generalized discussion of TuSimple's partnership efforts with OEMs as information that was in the public sphere. *In re Apple Sec. Litig.*, 2020 U.S. Dist. LEXIS 96953, at *17-18 (N.D. Cal. 2020).

***Exhibits G, H, I & J****:* These documents are TuSimple SEC filings on Form 8-K (Ex's. G, I) or excerpts of longer Form 10-Qs (Ex's. H, J). Here, the Court should not accept as true the self-serving and unsupported statements contained in these exhibits that: "It is not uncommon for CFIUS to initiate the 45-day investigation period . . ." (*see* Ex. G at 193, Ex. H at 224, Ex. I at 243, Ex. J at 268; *see also* TSP MTD at 25), in which TuSimple attempts to downplay CFIUS's investigation, characterizing it as a mundane or routine event. Such factual determinations are "improper for resolution here [on a motion to dismiss]." *XpandOrtho, Inc. v. Zimmer Biomet Hldgs., Inc.*, 2022 U.S.

8

Dist. LEXIS 46698, at *64 (S.D. Cal. 2022) (Benitez, J.). Ex. I is also not mentioned in the Complaint and should not be incorporated by reference. *See* RJN at 3; *Acadia Pharm., Inc.*, 2022 U.S. Dist. LEXIS 176247, at *4-5.

***Exhibit N:*** TuSimple seeks judicial notice and incorporation of Ex. N, an SEC filing on Form 8-K. Defendants TuSimple and Chen rely on this document to argue as fact that the Audit Committee "***found***" (*see* Chen MTD at 4-5) that the information shared with Hydron was "not related to the intangible assets or patents reflected on the Company's balance sheet" and there may not be any value in the information shared. *Id.*; see also TSP MTD at 20-21 n.20. But this is disputed for several reasons—first, the Complaint relies upon *The Wall Street Journal's* reporting that the illicitly-shared information included "technical data, blueprints and schematics that would enable Hydron to replicate TuSimple's technology." *See, e.g.*, ¶ 251. This factual dispute cannot be resolved in defendants' favor at this time. *Zimmer*, 2022 U.S. Dist. LEXIS 46698, at *64. This is particularly true because plaintiffs cannot yet test the adequacy of the Audit Committee's investigation, or the accuracy of its assessment. *Khoja*, 899 F.3d at 1003.

Moreover, defendant Chen misstates and overstates the document's plain text by claiming that the Audit Committee "found" as he suggests. The Form 8-K does not provide any Audit Committee ***finding***. Rather, it states that TuSimple merely "***believes*** based on the Audit Committee's ***ongoing*** investigation that the information shared is not related to the intangible assets or patents reflected on the Company's balance sheet." Ex. N, at 417. A mere belief based on an ongoing (*i.e.* incomplete) investigation cannot be accepted as a judicially noticeable fact—particularly when a defendant overstates what the document actually says. FED. R. EVID. 201(b)(1)-(2). At most, judicial notice is appropriate for Ex. N only to the degree that this information was available to the market. *In re Apple*, 2020 U.S. Dist. LEXIS 96953, at *17-18.

***Exhibit S***: TuSimple seeks judicial notice of an excerpt from its December 16, 2022 Form 8-K to undermine the Complaint's scienter allegations, suggesting that Hou's later appointment of new directors—who purportedly complied with CFIUS requirements—should weigh against his and Chen's retaliatory dismissal of the entire Board. *See* TSP MTD at 8. Plaintiffs object to the Court accepting Ex. S's contents as true to the degree TuSimple (or its co-defendants) submitted them for that purpose. *McGovney*, 2019 U.S. Dist. LEXIS 228702, at *22-23. The PSLRA's automatic discovery stay prevents Plaintiffs from exploring the degree, if any, to which these new directors would willfully ignore Hou's and Chen's activities. 15 U.S.C. § 78u–4(b)(3)(B). Accordingly, it is improper to accept them at face value here.

Further, Ex. S describes events occurring outside the Class Period, which were not quoted, referred to, or otherwise relied upon in the Complaint. Per the Ninth Circuit's holding in *Khoja*, they should not be considered at this stage:

> Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts.

*Khoja*, 899 F.3d at 1003; *see also Tyshkevich v. Wells Fargo Bank, N.A.*, 2016 U.S. Dist. LEXIS 5526, at *12 (E.D. Cal. 2016) ("This document is not referred to in the Complaint . . . and it meets none of the requirements for taking judicial notice."); *Ferreira v. Funko Inc.*, 2021 U.S. Dist. LEXIS 59102, at *27 (C.D. Cal. 2021) (denying judicial notice where documents are "SEC forms for quarters or years outside the Class Period, which are not relevant to the Court's analysis.").

***Exhibit Y***: Ex. Y is also not mentioned in the Complaint, falls outside of the Class Period (filed December 29, 2022), and is irrelevant to the Complaint's allegations. *Funko*, 2021 U.S. Dist. LEXIS 59102, at *27. Further, only defendant Hou appears to use Ex. Y, citing it to bolster a non-issue: namely, the lack of insider trading allegations

against him. *See* ECF No. 141 at 8-9.[6] But because the Complaint does not allege that Hou engaged in insider trading, Ex. Y is irrelevant. Accordingly, the request to judicially notice Ex. Y should be denied. *See, generally, Shenwick v. Twitter, Inc.*, 282 F. Supp. 3d 1115, 1124 (N.D. Cal. 2017) (declining to judicially notice SEC filings for defendant against whom no stock sales were alleged).

The remaining exhibits—Ex's. B, C, E, F, K, L, M, O, P, and T-V—may be judicially noticed simply for demonstrating whether and when information was provided to the market. *See Apple*, 2020 U.S. Dist. LEXIS 96953, at *17-18. Plaintiffs, however, object to the Court accepting their contents as true to the degree defendants submit them for that purpose. *McGovney*, 2019 U.S. Dist. LEXIS 228702, at *22-23.

**D. Irrelevant Information Should Not Be Judicially Noticed or Incorporated by Reference**

***Exhibit W:*** TuSimple requests that the Court take judicial notice of its purported market capitalization data as of June 29, 2021, citing *In re StockerYale Secs. Litig.*, 453 F. Supp. 2d 345, 348 (D.N.H. 2006), and *In re Progenity, Inc. Sec. Litig.*, 2023 U.S. Dist. LEXIS 7860, at *12 (S.D. Cal. 2023). But *StockerYale*, in addition to being out of circuit, is inapposite. There, the Court ***declined*** to take judicial notice of stock price and market capitalization information, noting those defendants had failed to demonstrate how that information—which was, as here, unmentioned in the Complaint—was relevant to resolving whether the plaintiff had stated a claim. *Id.* at 348. For similar reasons, *Progenity* is also inapplicable here. *Cf.* 2023 U.S. Dist. LEXIS 7860, at *12 (judicial notice of stock prices taken, though unnecessary to resolve motion) *with City of Pontiac Police & Fire Ret. Sys. v. Caldwell*, 2021 U.S. Dist. LEXIS 123649, at *9 (N.D. Cal. 2021) (judicial notice denied; stock history unnecessary to resolve motion).

Regardless, using market capitalization here is improper. By comparing the value

---

[6] TuSimple evidently does not seek judicial notice of Ex. Y, nor attempts to incorporate it by reference. *See* TSP MTD at 4 n.1.

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:22-CV-01300-BEN-MSB

of the services to Hydron against the Company's total market capitalization, TuSimple argues that its acknowledged nondisclosure was immaterial. But Ninth Circuit law establishes that materiality is a highly fact-specific inquiry which generally should not be used to sustain a motion to dismiss. Rather:

> The materiality of the misrepresentation or an omission depends upon whether there is a substantial likelihood that [it] would have been viewed by the reasonable investor as having significantly altered the total mix of information made available for the purpose of decisionmaking by stockholders concerning their investments. Materiality is an intensely fact-specific inquiry. As a result, resolving materiality as a matter of law is generally appropriate only if the adequacy of the disclosure or the materiality of the statement is so obvious that reasonable minds could not differ. The Court will not decide at this stage whether these nondisclosures were material.

*Lako v. Loandepot, Inc.*, 2023 U.S. Dist. LEXIS 13086, at *37 (C.D. Cal. 2023) (citations and quotations in original). Even if the data were accurate, the Court should not take judicial notice of it for this purpose. *See also In re Apple Inc. Sec. Litig.*, 2023 U.S. Dist. LEXIS 110549, at *10 (N.D. Cal. 2023) (declining to take judicial notice of market capitalization as "irrelevant" and "general" evidence).

**E.     Judicial Notice of the Government Website Graphic Is Permitted**

Although not particularly relevant here, Plaintiffs do not object to the Court taking judicial notice of Exhibit X, which is a graphic taken from a government website. *See Jones v. Pollard*, 2023 U.S. Dist. LEXIS 127562, at *4 n.7 (S.D. Cal. 2023) (government website judicially noticed where its authenticity cannot reasonably be questioned).[7]

**IV.    CONCLUSION**

Because TuSimple and its co-defendants have failed to describe which particular facts they would have judicially noticed or incorporated by reference, the Court would be justified in denying the RJN outright. If it does not, then for the reasons further set

---

[7]     TuSimple does not seek to have Ex. X incorporated by reference, likely because it was not referenced in the Complaint. *See* RJN at 2, 6.

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:22-cv-01300-BEN-MSB

forth above, the Court should: (i) decline to take judicial notice of or incorporate by reference disputed "facts" which TuSimple and its co-defendants have gleaned from unreliable sources; (ii) decline to use SEC filings to resolve disputed issues of fact in defendants' favor, considering only those to the extent that they present facts that are not reasonably in dispute; and (iii) decline to consider irrelevant information which is not necessary to resolve whether or not the Complaint states a claim.

Dated:  March 4, 2024                    Respectfully submitted,

                                         KAHN SWICK & FOTI, LLP


                                         By:  *s/ Ramzi Abadou*
                                         Ramzi Abadou (SBN 222567)
                                         580 California Street, Suite 1200
                                         San Francisco, CA 94104
                                         Telephone: (415) 459-6900
                                         Facsimile: (504) 455-1498
                                         ramzi.abadou@ksfcounsel.com

                                         -and-

                                         KAHN SWICK & FOTI, LLC
                                         Alexander Burns
                                         (admitted *pro hac vice*)
                                         James T. Fetter
                                         (admitted *pro hac vice*)
                                         Alexandra Pratt
                                         (admitted *pro hac vice*)
                                         1100 Poydras Street, Suite 960
                                         New Orleans, LA 70163
                                         Telephone: (504) 455-1400
                                         Facsimile: (504) 455-1498
                                         lewis.kahn@ksfcounsel.com
                                         alexander.burns@ksfcounsel.com
                                         james.fetter@ksfcounsel.com

13

alexandra.pratt@ksfcounsel.com

*Counsel for Named Plaintiff, Robert Miller*

ROBBINS GELLER RUDMAN
& DOWD LLP
Darren J. Robbins
Lucas F. Olts
Heather G. Geiger
Stephen Johnson
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
darrenr@rgrdlaw.com
lolts@rgrdlaw.com
hgeiger@rgrdlaw.com
sjohnson@rgrdlaw.com

*Lead Counsel for Lead Plaintiff, Indiana Public Retirement System, and Named Plaintiff, Michelle Poirier*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Monday, March 4, 2024 on all counsel of record by using the CM/ECF system.

s/ Ramzi Abadou
RAMZI ABADOU

14

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:22-CV-01300-BEN-MSB