Kevin P. Muck (California SBN 120918)
  kevin.muck@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
One Front Street, Suite 3500, San Francisco, CA 94111
Tel: (628) 235-1000 / Fax: (628) 235-1001

William Paine, *pro hac vice*
  william.paine@wilmerhale.com
Robert Kingsley Smith, *pro hac vice*
  robert.smith@wilmerhale.com
Sonia Sujanani, *pro hac vice*
  Sonia.sujanani@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street, Boston, MA 02109
Tel: (617) 526-6759

Elaine F. Harwell (California SBN 242551)
  elaine.harwell@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH, LLP
525 B Street, Suite 2200, San Diego, CA 92101
Tel: (619) 238-1900 / Fax: (619) 235-0398

*Attorneys for Defendant TuSimple Holdings Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN DICKER, INDIANA PUBLIC RETIREMENT SYSTEM, ROBERT MILLER, MICHELLE POIRIER, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>TUSIMPLE HOLDINGS INC., GUOWEI "CHARLES" CHAO, XIAODI HOU, MO CHEN, BONNIE YI ZHANG, CHENG LU, PATRICK DILLON, BRAD BUSS, KAREN C. FRANCIS, MORGAN STANLEY & CO. LLC, CITIGROUP GLOBAL MARKETS, INC., J.P. MORGAN SECURITIES LLC, BOFA SECURITIES, INC., COWEN AND COMPANY, LLC, CREDIT SUISSE | Case No. 3:22-cv-01300-BEN-MSB (Consolidated with No. 3:23-cv-00282-BEN-MSB)<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANT TUSIMPLE HOLDINGS INC.'S REQUEST FOR JUDICIAL NOTICE**<br><br>Judge: Hon. Roger T. Benitez<br>Courtroom: 5A<br><br>Date: March 18, 2024<br>Time: 10:30 am |

SECURITIES (USA) LLC, NOMURA SECURITIES INTERNATIONAL, INC., RBC CAPITAL MARKETS, LLC, NEEDHAM & COMPANY, LLC, OPPENHEIMER & CO., INC., PIPER SANDLER & CO., ROBERT W. BAIRD & CO. INCORPORATED, and VALUABLE CAPITAL LIMITED,

*Defendants.*

Plaintiffs' opposition to TuSimple's Request for Judicial Notice ("RJN") should be seen as a sur-reply brief.  It is nothing more than an improper attempt to cherry-pick portions of documents that support their claims, *see Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), and to make untimely substantive arguments in response to TuSimple's Motion to Dismiss ("MTD"). TuSimple is not trying to improperly "squeeze" anything into the Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint" or "CAC"), as Plaintiffs suggest.  RJN Opp. at 1.  Rather, TuSimple provided the Court with appropriate and necessary context to consider the sufficiency of Plaintiffs' allegations.  Many of the exhibits contain challenged statements and other documents that form the basis of Plaintiffs' claims.  They are incorporated by reference in the Amended Complaint.  Any that are not incorporated by reference are subject to judicial notice.

The bottom line is that "judicial notice and incorporation-by-reference do have roles to play at the pleading stage." *Khoja*, 899 F.3d at 998 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (in assessing securities fraud claims, "courts must consider ... documents incorporated into the complaint by reference, and matters of which a court may take judicial notice")).  There has been no "abuse" of either doctrine.  RJN Opp. at 4.  Plaintiffs' manufactured disputes regarding the contents of the exhibits or "how Defendants use these exhibits" "do not restrict the Court's ability to take notice of or incorporate the documents." *In re Intel Corp. Sec. Litig.*, 2023 WL 2767779, at *9 (N.D. Cal. Mar. 31, 2023).

## ARGUMENT

### I.   THE COURT SHOULD IGNORE PLAINTIFFS' BELATED MERITS ARGUMENTS

Plaintiffs' RJN Opposition is rife with arguments about the merits of their claims and TuSimple's defenses that should have been included in their MTD Opposition.  *See, e.g.*, RJN Opp. at 6:22-23 (characterizing blog post as a "belated[]

- 1 -

disclos[ure]"); *id.* at 7:4–11, 7:19–8:1 (arguing about severity and cause of collision); *id.* at 8:25–27 (arguing dispute cannot be resolved on MTD); *id.* at 9:9–14 (same); *id.* at 9:17–21 (responding to TuSimple's substantive argument based on exhibit); *id.* at 12:1–4 (arguing dispute cannot be resolved on MTD).  The Court should reject Plaintiffs' plain attempt to add merits arguments more than a month past the deadline for their substantive brief, and in violation of the page limit set by the Court after motion practice Plaintiffs initiated.  *See, e.g.*, *City of Miami Gen. Emps. & Sanitation Emps.' Ret. Tr. v. RH, Inc.*, 302 F. Supp. 3d 1028, 1033 n.1 (N.D. Cal. 2018) ("To the extent plaintiffs take issue with the statements in these documents and defendants' arguments based thereon, such argument belongs in plaintiffs' opposition to defendants' motion to dismiss and thus does not persuade on the question of whether judicial notice is proper."); *In re Violin Memory Sec. Litig.*, 2014 WL 5525946, at *17, n.8 (N.D. Cal. Oct. 31, 2014) (refusing to consider, and striking, substantive argument included in opposition to RJN).[1]

## II.    PLAINTIFFS HAVE CONCEDED THAT THE COURT SHOULD CONSIDER SEVERAL EXHIBITS THEY NOW CHALLENGE

The disingenuous nature of Plaintiffs' opposition is made even more clear by the fact that, in their MTD Opposition, Plaintiffs affirmatively rely on several of TuSimple's exhibits.  *See* MTD Opp. at 49 (citing Exhibit E for statement that, "it is not disputed that Chao controls Sun Dream"); *id.* at 30 n.15 (citing Exhibit F for statement that, "In fact, the $300,000 in Hydron work equaled over 30% of the Company's entire 1Q21 reported revenues, which is clearly material"); *id.* at 46 (referring to Exhibit P in statement that, "On November 10, 2022, Hou and Chen leveraged their combined majority power to take control of the Board"); *id.* at 50 (citing Exhibit U for statement that, "all of [Lu's] acquisitions were through stock compensation awards").  Having relied upon these documents, Plaintiffs cannot now

---

[1] Here, too, Plaintiffs' inappropriate and belated merits arguments should be stricken.

- 2 -

credibly argue that the Court should not consider them fully. *See Nat. Res. Def. Council v. Sw. Marine, Inc.*, 39 F. Supp. 2d 1235, 1236 n.1 (S.D. Cal. 1999) ("Defendant undercuts its opposition to judicial notice of this amicus brief when it cites to the brief in its Reply."); *see also Ditchey v. Mechs. Bank*, 2016 WL 80560, at *1 n.2 (N.D. Cal. Jan. 7, 2016) (noticing unopposed documents cited in opposition brief). For this reason alone, the Court should consider Exhibits E, F, P, and U.

## III.    EXHIBITS CONTAINING CHALLENGED STATEMENTS ARE INCORPORATED BY REFERENCE

Plaintiffs' opposition to TuSimple's RJN is particularly perplexing because many of the exhibits they seek to exclude contain statements challenged in the Amended Complaint ("CAC") as false and misleading, thus forming the basis of their claims. These Exhibits include:

- Exhibit D (Prospectus), challenged at CAC ¶¶ 127, 128, 344;
- Exhibit F (May 11, 2021 Form 10-Q), challenged at CAC ¶¶ 164–167;
- Exhibit G (Aug. 5, 2021 Form 8-K), challenged at CAC ¶¶ 168–169;
- Exhibit H (Aug. 6, 2021 Form 10-Q), challenged at CAC ¶¶ 170–172;
- Exhibit J (Nov. 4, 2021 Form 10-Q), challenged at CAC ¶¶ 173–175;
- Exhibit K (Feb. 24, 2022 Form 10-K), challenged at CAC ¶¶ 176–178;
- Exhibit L (April 29, 2022 Proxy Statement), challenged at CAC ¶¶ 181–184;
- Exhibit M (May 4, 2022 Form 10-Q), challenged at CAC ¶¶ 187–188; and
- Exhibit R (July 26, 2022 Blog Post), challenged at CAC ¶¶ 228–230.

Each exhibit containing challenged statements is incorporated by reference because "(1) the complaint refers to the document; (2) the document is central to [Plaintiffs'] claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *In re Sorrento Therapeutics, Inc. Sec. Litig.*, 2021 WL 6062943, at *3 (S.D. Cal. Nov. 18, 2021). Plaintiffs are simply incorrect that a document that the Amended Complaint pleads was actionable is not incorporated by

- 3 -

reference.    RJN Opp. at 7.  Rather, in a securities fraud case, "incorporation by reference of th[ese] exhibit[s] is necessary to assess the veracity of the challenged statement[s] in context." *Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022); *see also In re Talis Biomedical Corp. Sec. Litig.*, 2022 WL 17551984, at *11 (N.D. Cal. Dec. 9, 2022) (incorporating SEC filings "quote[d] extensively" and containing challenged statements).

**IV.    GOVERNMENT FILINGS AND EXHIBITS CONTAINING CHALLENGED STATEMENTS ARE JUDICIALLY NOTICEABLE**

The law is also clear that facts in documents forming the basis of a claim are subject to judicial notice.  *See, e.g.*, *In re Progenity, Inc. Sec. Litig.*, 2023 WL 219345, at *4 (S.D. Cal. Jan. 13, 2023) (taking "judicial notice of [prospectus] in its entirety as it is a matter of public record and as a document forming the basis of Plaintiffs' claims"); *Eng v. Edison Int'l*, 2017 WL 1857243, at *3 n.6 (S.D. Cal. May 5, 2017) (Benitez, J.) (taking notice of "all documents relied on or referred to in the [complaint], [defendant]'s reported stock price history, and other publicly available financial documents, including [defendant]'s SEC filings"); *In re InfoSonics Corp. Sec. Litig.*, 2007 WL 2301757, at *5, n. 2 (S.D. Cal. Aug. 7, 2007) (taking notice of SEC filings that plaintiffs "must have relied on"); *see also Cullen v. Ryvyl, Inc.*, 2024 WL 898206, at *4 (S.D. Cal. Mar. 1, 2024) ("SEC filings are a matter of public record and therefore are the proper subject of judicial notice.").  While Plaintiffs observe that judicial notice is not proper to establish whether the content of a document is true, TuSimple does not offer any document on a judicial notice theory for the truth.[2]

---

[2] In contrast, documents incorporated by reference may be considered for their truth to refute conclusory allegations or to analyze alleged false statements in context.  *See In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 27, 2020).

- 4 -

REPLY MEM. ISO RJN                                    Case No. 3:22-cv-01300-BEN-MSB

## V.   PLAINTIFFS' ARGUMENTS CONCERNING SPECIFIC DOCUMENTS FAIL

Plaintiffs specifically take issue with ten of TuSimple's exhibits, seven of which are government filings whose accuracy cannot reasonably be questioned and five of which contain challenged statements and are thus incorporated by reference. Plaintiffs downplay their use of the exhibits and mischaracterize TuSimple's use.

*Exhibit Q*.  This press release is incorporated by reference into the Amended Complaint.  Plaintiffs claim that the "document is referenced only twice in the Complaint, both times in passing," RJN Opp. at 6, but this downplays Plaintiffs' use of the document.  Plaintiffs use the press release for two significant purposes.  First, they challenge the press release's truthfulness to support their argument that Defendants shared documents with Hydron contemporaneously with the challenged statements.  *See* CAC ¶ 91 n.7.  Second, they use the press release to support the scienter element of their claims.  *See id.* ¶ 256.  Because Plaintiffs rely on this document to support their claims, two references are more than enough.  *See, e.g.*, *Khoja*, 899 F.3d at 1005 (incorporating news article by reference, despite "single brief quotation" and fact that article did not contain specifically challenged statements, where complaint used article to support scheme claim); *Wong v. Am. Honda Motor Co., Inc.*, 2022 WL 3696616, at *11 n.5 (C.D. Cal. June 21, 2022) (incorporating by reference document cited as evidence of knowledge, even though document was cited only as link in footnote).

*Exhibit R*.  Exhibit R is subject to judicial notice and is incorporated by reference because it contains challenged statements.  *See supra* § IV.  This was not the situation in the two cases on which Plaintiffs rely to argue Exhibit R cannot be considered: *In re Obalon Therapeutics, Inc.*, 2019 WL 4729461, at *15 (S.D. Cal. Sept. 25, 2019), and *Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 942 n.1

- 5 -

(9th Cir. 2008). Additionally, Exhibit R is cited and quoted extensively in the Amended Complaint. *See* CAC ¶¶ 33, 138, 214, 216, 228–231, 246.

***Exhibit D***. The Prospectus, which was part of the Registration Statement, is subject to judicial notice and is incorporated by reference because it is a government filing and contains challenged statements. *See supra* § IV. Indeed, Exhibit D is referred to, quoted and/or relied upon no less than twenty times in the Amended Complaint, including at least in Paragraphs 4, 5, 8, 14, 85, 90, 101, 127, 128, 155, 158–63, 269–70, 305, 316–19, 323, 326, 328–31, 333–36, 342, 344, 345–49, and 364. *See Lowthorp v. Mesa Air Grp. Inc.*, 2021 WL 3089118, at *4 (D. Ariz. July 22, 2021) (incorporating by reference registration statement forming basis of federal securities claims and referenced similar number of times in complaint). Plaintiffs do not argue that Exhibit D is not incorporated by reference. *See* RJN Opp. at 8. Their argument about judicial notice, even if accepted, therefore changes nothing.

In any event, contrary to Plaintiffs' argument, TuSimple does not cite Exhibit D for the proposition that Hydron is an OEM. Instead, TuSimple seeks judicial notice of exactly what Plaintiffs concede is noticeable: "generalized discussion of TuSimple's partnership efforts with OEMs as information that was in the public sphere." RJN Opp. at 8; *see* Ex. D at 5–7, 15–17, 37, 42, 82, 104. As explained in TuSimple's MTD, this "generalized discussion of TuSimple's partnership efforts with OEMs" supports an inference that OEMs do not compete with TuSimple. *See* MTD at 7. That Exhibit D does not mention Hydron makes no difference.

***Exhibits G, H, I, J***. These government filings are subject to judicial notice and are incorporated by reference. Exhibits G, H, and J contain challenged statements. *See supra* § IV. Exhibits G and J are also referenced extensively in the Amended Complaint. *See* CAC ¶¶ 58–59, 168–69, 173–75.

Plaintiffs grossly mischaracterize TuSimple's reliance upon Exhibits G, H, I, and J. TuSimple does not ask the Court to "accept as true" the supposedly "self-

- 6 -

serving and unsupported statements contained in these exhibits," nor does it quote any of these exhibits for the proposition that "[i]t is not uncommon for CFIUS to initiate the 45-day investigation period." RJN Opp. at 8. Nor, for that matter, does it attempt to "downplay CFIUS's investigation" or characterize it as a "mundane or routine event." *Id.* To the contrary, TuSimple cites Exhibits G, I, and J for the proposition that it not only disclosed CFIUS's investigation into Sun Dream, Inc.'s investment in TuSimple, but also provided "periodic, detailed updates on that CFIUS investigation and a subsequently commenced SEC investigation." MTD at 25.[3]

**Exhibit N.** Exhibit N is incorporated by reference. The Amended Complaint cites it no less than eighteen times, and it forms the basis for Plaintiffs' claims regarding the Company's interactions with Hydron. *See* CAC ¶¶ 18, 112, 114, 116, 259, 262, 287; *see also id.* ¶¶ 163, 167, 169, 172, 175, 178, 180, 184, 188, 190, 195 (each describing Exhibit N as containing "true facts"). For example, in Paragraph 163 of the Amended Complaint, Plaintiffs claim that the Prospectus was misleading in not disclosing interactions with Hydron that were "contemporaneous" with the IPO, and it cited Exhibit N as the source for these "true facts." CAC ¶ 163. But Exhibit N says nothing of the kind, and reviewing Exhibit N makes that clear. It is this kind of correction that animates the rule that documents incorporated by reference are part of the record on a motion to dismiss. And Exhibit N is useful in other ways. The "true facts" in Exhibit N are inconsistent with Plaintiffs' illogical assertion that the date of incorporation of Hydron somehow allowed an inference that information was shared on that date. MTD at 7, 11 & n.6. And review of Exhibit N reveals that it does not contain what Plaintiffs say it contains. *Id.* at 20–21 n.20.

---

[3] Plaintiffs' mischaracterization of Exhibit H is even more egregious, as TuSimple does not cite Exhibit H for any proposition related to CFIUS. Instead, TuSimple cites this document to show that it disclosed related party transactions with Sina Corporation, *see* MTD at 19 n.18, and to establish its reported assets during the relevant time period, *see* MTD at 21–22.

- 7 -

Perhaps this is why Plaintiffs would prefer that the Court never review these and other documents they incorporated by reference.

**Exhibit S**.  TuSimple's December 16, 2022 Form 8-K is subject to judicial notice as a government record.  *See supra* § IV.  Contrary to Plaintiffs' argument, TuSimple does not cite Exhibit S to "undermine the Complaint's scienter allegations." RJN Opp. at 10.  Rather, TuSimple cited this exhibit in the factual background section of its memorandum to support the proposition that Dr. Hou appointed "a new security director approved by CFIUS."  MTD at 8.  This plain fact—which Plaintiffs do not dispute—is helpful context for the Court.  Plaintiffs also take issue with the fact that Exhibit S "describes events occurring outside the Class Period," RJN Opp. at 10, but they ignore that much of the Amended Complaint (and new allegations brought in for the first time in the Opposition brief, *see* MTD Opp. at 11) focuses upon events that occurred outside the Class Period; indeed, the Amended Complaint devotes a whole section to "post-Class Period events and admissions [that] support scienter."  *See* CAC at 79 (capitalization omitted); *id.* ¶¶ 246–54.  Nor does it matter for purposes of judicial notice that Exhibit S is not cited in the Amended Complaint. *See Cullen*, 2024 WL 898206, at *4 (judicially noticing all SEC filings even though only "some" documents were "extensively discussed and quoted" in complaint).

**Exhibits T–V.**  Plaintiffs do not even attempt to explain why Exhibits T, U, and V are not incorporated by reference, therefore the Court should ignore Plaintiffs' passing statement that they are only subject to judicial notice.  *See* RJN Opp. at 11.[4]

---

[4] Exhibits T–V are incorporated by reference because they are "referred to, quoted and/or relied upon in the CAC, including in Paragraphs 263 and 267" and they "form[] the basis of Plaintiffs' claims concerning Cheng Lu's stock sales."  RJN at 2, 5–6; *see* Cheng Lu MTD at 7.  Plaintiffs do not dispute that the Complaint relies on those documents, nor do Plaintiffs dispute the authenticity of the exhibits.  Indeed, as noted above, Plaintiffs' MTD Opposition expressly relied upon those same exhibits to make the point that Mr. Lu's acquisitions were through stock compensation awards.  *See* MTD Opp. at 50 (citing "*e.g.*" Exhibit U).

- 8 -

***Exhibit Y***.  Exhibit Y is an SEC filing and therefore subject to judicial notice. *See supra* § IV.  Dr. Hou cites Exhibit Y for the uncontroversial propositions that he did not sell any shares during the Class Period and that, in November 2022, he relinquished his control over the Company.  *See* Hou MTD at 8; Hou Reply at 6 n.5.  Dr. Hou's lack of stock sales is relevant to his lack of scienter; it is beside the point that Plaintiffs do not accuse him of insider trading.

***Exhibit W***.  This market capitalization graphic is subject to judicial notice because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. FED. R. EVID. 201(b)(1)–(2).  Plaintiffs do not explain why they believe *In re Progenity, Inc. Sec. Litig.*, 2023 WL 219345, at *4 (S.D. Cal. Jan. 13, 2023), is inapposite.  Moreover, unlike the requests granted in *In re Progenity* and denied in Plaintiffs' cited cases, the exhibit is clearly relevant to TuSimple's MTD.  TuSimple offers the graphic to establish that the Hydron transactions were immaterial when considered in relation to the Company's market capitalization at the time.  *See* MTD at 21–22.

## VI.    TUSIMPLE'S REQUESTS ARE CLEAR AND PROPER

Relying on this Court's decision in *Cota v. Aveda Corp.*, Plaintiffs argue that TuSimple was required to identify in its RJN the specific facts of which it asks the Court to take judicial notice.  RJN Opp. at 5.[5]  *Cota* is readily distinguishable, as it involved a request for judicial notice of legal opinions (on a motion to strike), not facts relevant to the claims.  *Cota*, 2020 WL 6083423, at *28–29 (S.D. Cal. Oct. 14, 2020) (Benitez, J.).  Here, it is clear from TuSimple's MTD brief what portions of

---

[5] Plaintiffs suggest, in a heading, that TuSimple needed to identify which facts should be incorporated by reference, *see* RJN Opp. at 5, but that makes no sense, as documents are incorporated in their entirety. *See Kappouta v. Valiant Integrated Servs., LLC*, 2021 WL 4806437, at *4 (S.D. Cal. Oct. 14, 2021), *aff'd*, 60 F.4th 1213 (9th Cir. 2023) (Fed. R. Civ. P. 10(c) "permits ***an entire exhibit*** to be incorporated by reference as 'part of the pleading for all purposes'") (emphasis added).

- 9 -

the documents TuSimple is relying on.  Indeed, the RJN Opposition repeatedly discusses whether *specific facts* identified in the MTD are subject to judicial notice.[6] However, for the Court's convenience, the facts TuSimple seeks to have noticed are contained in Exhibit A to the declaration of William Paine filed herewith.

## CONCLUSION

For the foregoing reasons, the Court should grant TuSimple's requests for judicial notice and incorporation by reference.

---

[6] In these circumstances, this Court and others have granted similar requests.  *See Neabors v. Equifax Info. Servs. LLC*, 2019 WL 3208805, at *2 (S.D. Cal. July 16, 2019) (Benitez, J.); *Ross. V. U.S. Bank, NA*, 2013 WL 3190855, at *1 n. 1 (S.D. Cal. June 20, 2013) (Benitez, J.); *Zaback v. Kellogg Sales Co.*, 2020 WL 3414656, at *1 (S.D. Cal. June 22, 2020); *S. Cal. Gas Co. v. Syntellect, Inc.*, 2011 WL 1168444, at *5 n.5 (S.D. Cal. Mar. 28, 2011) (Benitez, J.); *In re Maxwell Tech., Inc. Derivative Litig.*, 2014 WL 2212155, at *1 n.1 (S.D. Cal. May 27, 2014) (Benitez, J.); *see also Gilead Sci., Inc. v. U.S.*, 169 Fed. Cl. 210, 217 n. 10 (Fed. Cl. 2024) (noticing "specific portions" of record cited in briefing).

- 10 -

Dated: March 11, 2024

Respectfully submitted,

*/s/ William Paine*

Kevin P. Muck (California SBN 120918)
  kevin.muck@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel: (628) 235-1000 / Fax: (628) 235-1001

William Paine, *pro hac vice*
  william.paine@wilmerhale.com
Robert Kingsley Smith, *pro hac vice*
  robert.smith@wilmerhale.com
Sonia Sujanani, *pro hac vice*
  sonia.sujanani@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6759 / Fax: (617) 526-5000

Elaine Harwell (California SBN 242551)
  elaine.harwell@procopio.com
PROCOPIO CORY
  HARGREAVES & SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Tel: (619) 238-1900 / Fax: (619) 235-0398

*Counsel for Defendant TuSimple Holdings Inc.*

- 11 -

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, the 11th day of March, 2024, I electronically transmitted a copy of this document to the Clerk's office using the CM/ECF system, which will send a notice of filing to all counsel of record.

/s/ William Paine
William Paine

- 12 -

REPLY MEM. ISO RJN                                    Case No. 3:22-cv-01300-BEN-MSB