ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
LUCAS F. OLTS (234843)
JENNIFER N. CARINGAL (286197)
HEATHER G. GEIGER (322937)
STEPHEN JOHNSON (347822)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
lolts@rgrdlaw.com
jcaringal@rgrdlaw.com
hgeiger@rgrdlaw.com
sjohnson@rgrdlaw.com

KAHN SWICK & FOTI, LLP
RAMZI ABADOU (222567)
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN DICKER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TUSIMPLE HOLDINGS, INC., et al.,<br><br>Defendants. | Case No. 3:22-cv-01300-BEN-MSB (Consolidated with No. 3:23-cv-00282-BEN-MSB)<br><br>CLASS ACTION<br><br>PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO REQUEST ALTERNATE SERVICE OF PROCESS FOR DEFENDANTS CHAO AND ZHANG AND TO PARTIALLY LIFT THE PSLRA DISCOVERY STAY AS TO DEFENDANTS CHAO AND ZHANG<br><br>Date: April 1, 2024<br>Time: 10:30 a.m.<br>Judge: Hon. Roger T. Benitez<br>Courtroom: 5A |

4875-5498-2065.v1

## I.   INTRODUCTION

Defendants Chao and Zhang's latest attempt to avoid their substantial liability in this action is just as frivolous and unsupported as their last.[1] They argue that: (i) the Hague Convention is the only available means to perfect service on a foreign defendant; (ii) Plaintiffs must first attempt to serve them pursuant to the Hague Convention before pursuing alternative means; and (iii) the alternative methods of service Plaintiffs request are not available for foreign defendants. These arguments each rest on the same flawed logic. Defendants misapprehend and misconstrue the Hague Convention as pre-empting the available forms of service provided by Federal Rule of Civil Procedure 4(f)(3) ("Rule 4(f)(3)") for foreign defendants and governing such direct service on them, including service through their U.S. agents.

Defendants' arguments seek to contravene United States Supreme Court and Ninth Circuit precedent, the language of the Hague Convention itself, and the opinions of this Court. Defendants Chao and Zhang also overlook U.S. courts' deep suspicion of the applicability of the Hague Convention for service on securities defendants in the People's Republic of China. Indeed, Defendants Chao and Zhang's Opposition does not contain a single citation to any case in which a court found that domestic service of a Chinese defendant through its U.S.-based agents was invalid. Plaintiffs, by contrast, have cited myriad such cases, including one decided by a court in this Circuit just weeks ago. *See Laborers Dist. Council Constr. Indus. Pens. Fund v. Sea Ltd.*, 2024 WL 770747 (D. Ariz. Feb. 23, 2024).

Chao and Zhang claim that "this is not a case where these ***former*** TuSimple board members with little to no involvement in the underlying litigation are

---

[1] All capitalized terms not otherwise defined herein have the same meaning as in Plaintiffs' Memorandum of Law in Support of Motion to Request Alternative Service of Process for Defendants Chao and Zhang and to Partially Lift the PSLRA Discovery Stay as to Defendants Chao and Zhang (ECF 148-1) ("Motion" or "Mot."). Additionally, all "¶¶" references are to the Compl. and emphasis is added and citations are omitted throughout unless otherwise noted.

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4875-5498-2065.v1

attempting to evade proper service." Opp. at 1 (emphasis in original).[2] Plaintiffs agree. This is a case where two former TuSimple board members with extensive involvement in the underlying litigation are attempting to evade proper service. Here, Chao sold **over $270 million** of TuSimple stock in the IPO, simultaneously invested in TuSimple and Hydron, and is among "the primary financial beneficiaries of th[e] misconduct" Plaintiffs allege. ¶¶28, 50-51.[3] Zhang was also a central figure in the alleged scheme, made and signed materially misleading statements that form the basis of Plaintiffs' claims, and, like Chao, left the TuSimple board pursuant to an NSA reached to quell CFIUS' national security concerns they caused. ¶¶56-57, 376-379.

Additionally, Plaintiffs' Motion to lift the PSLRA discovery stay should be granted. Indeed, the only party upon whom Plaintiffs seek to propound discovery in their Motion to lift the stay – TuSimple – does not oppose the discovery sought in Plaintiffs' Motion. *See* ECF 170. In light of TuSimple's assent, Chao and Zhang's arguments ring hollow.

## II.   ARGUMENT

### A.   The Court Should Authorize Alternative Service of Process on Defendants Chao and Zhang under Rule 4(f)(3)

Defendants Chao and Zhang refuse to authorize their domestic agents to accept service on their behalf. Mot. at 8. Accordingly, in order to avoid further costly delays and prevent Chao and Zhang from escaping liability, Plaintiffs seek to authorize service of process through any or all of the following: (1) TuSimple's registered agent in Delaware; (2) Chao and Zhang's U.S.-based former counsel, WilmerHale; and (3) Chao and Zhang's U.S.-based counsel, Michael C. Tu of Cooley, LLP. *Id*. at 10. To

---

[2]   References to "Opposition" or "Opp." are to the Opposition to Plaintiffs' Motion to Request Alternate Service of Process for Defendants Chao and Zhang and to Partially Lift the PSLRA Discovery Stay as to Defendants Chao and Zhang (ECF 169).

[3]   Chao suggests he did not make this sale, rather, a company he was merely "affiliated" with did. Opp. at 3 n.2. The Form 4 Chao cites reveals otherwise: Chao was undisputedly the controlling shareholder of the entity that sold those shares. *Id.*

- 2 -

4875-5498-2065.v1

be clear, this action alone seeks recovery on behalf of U.S. investors in connection with defendants' wrongdoing. Each method of alternative service Plaintiffs request is permitted under Rule 4(f)(3), is commonly granted where foreign defendants refuse to accept service through their domestic agents, and comports with all applicable due process requirements.[4] Moreover, and fatal to Chao's and Zhang's central contention, each of the requested methods of alternative service would occur exclusively within this District. Thus, the Hague Convention does not apply. *Brown v. China Integrated Energy, Inc.*, 285 FR.D. 560, 564 (C.D. Cal. 2012) ("If valid service occurs in the United States . . . the Convention is not implicated.") (citing *Volkswagenwerk AG v. Schlunk*, 486 U.S. 694, 707 (1988)).

Defendants Chao and Zhang nevertheless make three arguments in opposition to Plaintiffs' Motion: (1) that the Hague Convention "[u]ndisputedly [a]pplies" as the "'exclusive'" means for serving foreign defendants; (2) that no exceptions to the Hague Convention apply such that the Court may permit alternative service; and (3) this is "not a 'case of urgency,'" justifying an order allowing alternative service. Opp. at 6-7. Each fails.

### 1. The Hague Convention Does Not Apply to Wholly Domestic Service of Defendants through their U.S. Agents

Defendants Chao and Zhang misrepresent both Plaintiffs' Motion and well-settled law concerning the applicability of the Hague Convention. They argue, for instance, that Plaintiffs' Motion should be denied because "[P]laintiffs have not 'even tr[ied] to serve the Individual Defendants . . . in the People's Republic of China.'" *Brown*, 285 F.R.D. at 565; Opp. at 1. "The Ninth Circuit has rejected the contention

---

[4]   Chao and Zhang do not – indeed, cannot – contest whether service through any of the three methods Plaintiffs request would be "'reasonably calculated, under all the circumstances, to apprise [them] of the pendency of the action.'" *Rio Props., Inc. v. Rio Inter. Interlink*, 284 F.3d 1007, 1016-17 (9th Cir. 2002) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

4875-5498-2065.v1

that Rule 4(f)(3) can only be utilized if other methods of service have failed or been shown to be unduly burdensome." *Brown*, 285 F.R.D. at 565. Chao and Zhang add that "[P]laintiffs never affirmatively claim an exception causing the Convention not to apply" and claim "Plaintiffs do not dispute that the Convention applies here. . . ." Opp. at 7. This is false. The Motion makes clear, however, that the alternative service requested "***does not implicate the Hague Convention*** because it does not involve the transmission of judicial documents for service abroad." Mot. at 8 (citing *Catalyst Lifestyle Ltd. v. Elago Co.*, 2022 WL 16951656, at *2 (S.D. Cal. Nov. 15, 2022)). "The reason for this is simple: 'If valid service occurs in the United States . . . ***the Convention is not implicated*** regardless of the location of the party.'" *Id.* at 8 (citing *Schlunk*, 486 U.S. at 707).[5]

Defendants Chao and Zhang also claim that "it is well-established by both the Supreme Court and the Ninth Circuit that the Hague Service Convention is 'the ***exclusive means*** of valid service' for defendants in signatory countries." Opp. at 5 (citing *Schlunk*, 486 U.S. at 706; *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004)) (emphasis in original). Chao and Zhang are wrong. Indeed, the only Supreme Court case Chao and Zhang cite actually sustained service of a foreign defendant that was not made pursuant to the Hague Convention. *Schlunk*, 486 U.S. at 708 (holding, where a foreign defendant was served through a U.S. affiliate, "the Hague Service Convention does not apply, and service was proper").[6] The Court's holding in *Schlunk* flows from the language of the Convention itself, which clarifies it only applies in cases "'where there is occasion ***to transmit a judicial or extrajudicial document*** for service ***abroad***.'" *Id.* at 699. Thus, as here, where service can be

---

[5]   Defendants' argument that "Plaintiffs should therefore be prohibited from raising [this] argument[] on reply" fails upon a cursory read of the Motion. Opp. at 7 n.4.

[6]   Justice Brennan's concurrence in *Schlunk* puts a fine point on the matter. *Id.* at 708 (J. Brennan, Concurring) (observing that the Court's holding in *Schlunk* "depriv[ed] the Convention of any mandatory effect").

- 4 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4875-5498-2065.v1

effected entirely within the United States, *i.e.*, through a U.S. agent, the Hague Convention does not apply.

Each of the four remaining cases Defendants Chao and Zhang cite to suggest: (i) the Hague Convention is the sole or exclusive means through which a plaintiff may serve a foreign defendant; (ii) the Hague Convention governs all service of foreign defendants; or (iii) as prohibiting or quashing service that did not comply with the terms or procedure of the Hague Convention, is distinguishable on this ground alone.[7]

Defendants Chao and Zhang's argument that alternative service requires prior attempts under the Hague Convention is wrong, and belied by Ninth Circuit law. Opp. at 8-9; *Victaulic Co. v. Allied Rubber & Gasket Co.*, 2020 U.S. Dist. LEXIS 82150, *6 (S.D. Cal. May. 8, 2020) (Benitez, J.) ("the Ninth Circuit has rejected the contention that Rule 4(f)(3) can only be utilized if other methods of service have failed or been shown to be unduly burdensome"); *SEC v. de Nicolas Gutierrez*, 2020 WL 1307143, at *2 (S.D. Cal. Mar. 19, 2020) ("Courts have held that the Hague Convention does not prohibit service on a foreign Defendant through counsel based in the United States.") (citing cases); *Catalyst*, 2022 WL 16951656, at *2 ("service by email upon Defendants' United States-based counsel, does not implicate the Hague Convention"); *Hawkins v. Bank of Am., N.A.*, 2018 WL 1616941, at *3 (S.D. Cal. Apr. 4, 2018) ("The Ninth Circuit has expressly recognized . . . 'the availability of alternate service of process under Rule 4(f)(3) without first attempting service by other

---

[7]   *See* Opp. at 5 (citing *Brockmeyer*, 383 F.3d at 801 (finding Hague Convention governed the mailing of service documents from the United States to England)); *id.* at 1, 5, 7-8, 13-14 (citing *Reintegrative Therapy Ass'n, Inc. v. Kinitz*, 2021 WL 5140195, at *2-*5 (S.D. Cal. Nov. 4, 2021) (finding Hague Convention governed emails sent from the United States directly to defendants in Canada)); *id.* at 5-7, 9-10 & n.6, 11, 13 (citing *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, 480 F. Supp. 3d 977, 979-81 (N.D. Cal. 2020) (finding Hague Convention governed emails sent from the United States directly to defendants located in China, acknowledging "the Convention doesn't apply if service can be completed without transmitting documents abroad")); *id.* at 8 (citing *OGM, Inc. v. Televisa, S.A. de C.V.*, 2009 WL 1025971, at *3 (C.D. Cal. Apr. 15, 2009) (finding Hague Convention governed mailing and physical delivery of documents from the United States to and in Mexico)).

- 5 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4875-5498-2065.v1

means.'") (quoting *Rio*, 284 F.3d at 1015); *Brown*, 285 F.R.D. at 563 (rejecting Chinese defendant's argument "that the only way plaintiffs can serve the foreign individual defendants is through the procedures set forth in the Hague Convention").[8]

In other words, Plaintiffs need not first attempt to effect direct service through the Hague Convention prior to seeking alternative means, as "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'" *Rio*, 284 F.3d at 1015 ("We find no support for [Defendants'] position.  No such requirement is found in the Rule's text, implied by its structure, or even hinted at in the advisory committee notes."); *Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co., Ltd.*, 2019 WL 246562, at *2 (S.D. Cal. Jan. 17, 2019) ("Plaintiffs are not required to attempt service through the Hague Convention."); *Cadence Design Sys., Inc. v. Syntronic AB*, 2021 WL 4222040, at *5 (N.D. Cal. Sept. 16, 2021) (same); *Brown*, 285 F.R.D. at 563 ("A plaintiff need not pursue other methods of service before requesting that the court authorize an alternative method under Rule 4(f)(3)."); *In re LDK Solar Sec. Litig.*, 2008 WL 2415186, at *2 (N.D. Cal. June 12, 2008) ("it is not necessary for plaintiffs to first attempt service through 'internationally agreed means'"); *Hawkins*, 2018 WL 1616941, at *3 (recognizing the availability of "'alternate service of process under Rule 4(f)(3) without first attempting service by other means'") (collecting cases).

Chao and Zhang have no answer.

### 2. Plaintiffs' Requested Alternative Forms of Service are Permitted Under Rule 4(f)(3) and Can be Effected Domestically

Defendants Chao and Zhang argue that Plaintiffs "cannot claim that the Convention does not apply" and service of Chao and Zhang "cannot be completed domestically." Opp. at 9.  Not so.  As set forth *supra*, Plaintiffs request three methods of alternative service, each permitted under United States Supreme Court and Ninth

---

[8]   Defendants' arguments concerning China's objections to certain forms of service under certain Articles of the Hague Convention are thus misplaced.  Opp. at 8.

- 6 -
3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4875-5498-2065.v1

Circuit law, even where service pursuant to the Hague Convention could have been attempted or effected.  These wholly domestic methods of service, allowed under Rule 4(f)(3), occur outside the province of the Hague Convention's terms and procedure.  *Schlunk*, 486 U.S. at 707.  Indeed, Chao and Zhang do not offer any contrary authority on point, citing no cases in which a court found that domestic service of a foreign defendant through its U.S.-based agents was invalid.  Accordingly, the Court can readily dispense with Chao and Zhang's arguments as to whether exceptions to the Hague Convention apply.[9]

*First,* Defendants Chao and Zhang argue that, because Plaintiffs were provided with Chao and Zhang's Chinese addresses, service outside the Hague Convention is not permitted.  Opp. at 9.  Chao and Zhang cite nothing in support.  Nor could they and for good reason as the Ninth Circuit rejects that Rule 4(f)'s provisions "'denote any hierarchy or preference of one method of service over another.'"  *Victaulic*, 2020 U.S. Dist. LEXIS 82150, at *5 (citing *Rio*, 284 F.3d at 1015); *see also Rio*, 284 F.3d at 1015 ("[S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'  It is merely one means among several which enables service of process on an international defendant."); *Cadence*, 2021 WL 4222040, at *4 ("The Ninth Circuit has found Rule 4(f) provides three independent and equally permissible grounds for serving foreign defendants.").  Stated differently, "[i]f valid service occurs in the United States . . . the Convention is not implicated regardless of the location of the party."  *Brown*, 285 F.R.D. at 564 (rejecting Chinese defendants' "argument that plaintiffs' requested method of service is improper because they have failed to demonstrate the impracticability of other methods").

*Second*, Defendants Chao and Zhang argue they cannot be served through the Company's registered agent because they are former TuSimple directors.  Opp. at 10.

---

[9]    As Plaintiffs' proposed alternative methods of service do not implicate the Hague Convention, Plaintiffs need not address Chao and Zhang's arguments that the "'case of urgency'" exception provided for under the Convention applies.  Opp. at 11-14.

- 7 -
3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4875-5498-2065.v1

For this argument, Chao and Zhang cite nothing. This shill of any argument, too, has been rejected. *Rose v. Deer Consumer Prod., Inc.*, 2011 WL 6951969, at \*1-\*2 (C.D. Cal. Dec. 29, 2011) (permitting service through company's registered agent of "former officers and directors"); *LDK*, 2008 WL 2415186, at \*3-\*4 (authorizing service on officers and directors of defendant corporation through the company's California office).

   **Third**, Defendants Chao and Zhang claim they cannot be served through their U.S.-based counsel because they have not authorized him to accept service. Again, they cite nothing. Nor could they. Service on U.S. counsel, including even former counsel, is routinely held appropriate under Rule 4(f)(3). *Rio*, 284 F.3d at 1017 (permitting service via U.S. counsel even where they were not authorized to accept it); *Rose*, 2011 WL 6951969, at \*1-\*2 (same); *Brown*, 285 F.R.D. at 564 (same); *Sea Ltd.*, 2024 WL 770747, at \*1-\*2 (permitting email service on corporate counsel that, like WilmerHale here, previously represented individuals); *Cadence*, 2021 WL 4222040, at \*5 ("'[s]ervice upon a foreign defendant's U.S. based counsel is a common form of service ordered under Rule 4(f)(3)'") (quoting *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, 2011 WL 2607158, at \*13 (N.D. Cal. July 1, 2011)).[10]

   **Finally,** Defendants Chao and Zhang claim Plaintiffs "egregiously misstate the holding in *Rio* . . . , citing it for the claim that court-directed service under Rule 4(f)(3) is as favored as service under Rule 4(f)(1) or 4(f)(2)." Opp at 10. Plaintiffs do not "cite" *Rio* for a "claim" about the state of the law. Rather, the language Chao and Zhang contest is a direct quote from the Ninth Circuit's decision. *Rio*, 284 F.3d at 1015 ("court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1)4 or Rule 4(f)(2)"). Plaintiffs' quotation and interpretation of this

---

[10] Chao and Zhang's attempts to distinguish some of these cases given separate efforts were made, including under the Hague Convention, or that foreign addresses proved difficult to locate, fall flat for the same reasons laid forth *supra*. Opp. at 10-11.

4875-5498-2065.v1

Ninth Circuit language, which Chao and Zhang say "egregiously misstate[s]" the law (Opp. at 10), has been made by this Court. *Victaulic*, 2020 U.S. Dist. LEXIS 82150, at *6-*7 ("'court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or 4(f)(2)'") (quoting *Rio*, 284 F.3d at 1015)).

Chao and Zhang's second argument as to why *Rio* does not govern has been made nearly verbatim, and rejected, at least twice by district courts in the Ninth Circuit:

> [Defendants] argue[e] that *Rio Properties* is not applicable to this case because the plaintiff in that case was attempting to serve process on a Costa Rican corporation, and because Costa Rica is not a signatory to the Hague Convention, the court did not address such service requirements. The fact that the PRC is a signatory to the Hague Convention does not change the analysis in this case.

*Compare Rose*, 2011 WL 6951969, at *2, *with* Opp. at 10; *see also LDK*, 2008 WL 2415186, at *3 (rejecting the same argument as "unpersuasive").

### B.    Plaintiffs' Motion for Discovery Is Unopposed

Defendants Chao and Zhang argue that Plaintiffs: (i) fail to make the requisite showing of a need for information concerning retention of discoverable evidence; (ii) make no arguments "grounded in facts"; and (iii) seek discovery that is "far too broad." Opp. at 14-16 & n.12. However, the discovery Chao and Zhang describe as "far too broad," comprises three interrogatories and three requests for production of documents, each limited in scope. Mot., Exs. L-M (ECF 148-15, -16).

TuSimple on the other hand – the only party upon whom Plaintiffs seek to propound discovery requests – has agreed to provide such discovery were the Motion granted. *See* ECF 170. Indeed, TuSimple has now conceded with its non-opposition that the Company "will respond to Plaintiffs' Special Interrogatories . . . and Plaintiffs' Special Requests for Production of Documents . . . within thirty (30) days

4875-5498-2065.v1

after service as afforded by the Federal Rules of Civil Procedure." *Id.* at 1. In light of the Company's assent, Plaintiffs' Motion should be easily granted in this respect. *Vezzetti v. Remec, Inc.*, 2001 WL 37118900, at \*2 (S.D. Cal. July 13, 2001) ("[T]he goal of the PSLRA in enacting its discovery stay was to 'minimize what was seen as "the high costs associated with discovery,"' and not to allow critical evidence to 'disappear while defendants litigated motions to dismiss.'").

Defendants Chao and Zhang make no claim, and certainly present no evidence, that they will be burdened or even forced to incur any costs whatsoever associated with Plaintiffs' proposed, narrowly tailored set of three interrogatories and three requests for production. *See* Mot., Exs. L-M (ECF 148-15, -16). Assuredly, a pair of defendants that so vehemently attempt to distance themselves from the Company for the first 13 pages of a brief cannot be understood to simultaneously contend they are under the Company's control, and thus subject to the overly broad or unduly burdensome discovery obligations they complain of, for the final three pages.[11]

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be granted.

DATED: March 25, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
LUCAS F. OLTS
JENNIFER N. CARINGAL
HEATHER G. GEIGER
STEPHEN JOHNSON

s/ Lucas F. Olts
LUCAS F. OLTS

---

[11]   Chao and Zhang's attempts to distinguish some, but not all of Plaintiffs' cases on point, are unavailing and relegated to a footnote. *Compare* Opp. at 16 n.12 (arguing none of the cases cited by Plaintiffs "support the kind of extensive, disfavored 'discovery on discovery' [P]laintiffs [purportedly] seek"), *with In re Pac. Gateway Exch. Inc.*, 2001 WL 1334747, at \*1 (allowing plaintiffs to, *inter alia*, propound 30 requests for production of documents and conduct a deposition to preserve evidence).

- 10 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4875-5498-2065.v1

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
lolts@rgrdlaw.com
jcaringal@rgrdlaw.com
hgeiger@rgrdlaw.com
sjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff Indiana
Public Retirement System, and Named
Plaintiff Michelle Poirier

KAHN SWICK & FOTI, LLP
RAMZI ABADOU
580 California Street, Suite 1200
San Francisco, CA  94104
Telephone:  866/467-1400
ramzi.abadou@ksfcounsel.com

KAHN SWICK & FOTI, LLC
ALEXANDER L. BURNS (*pro hac vice*)
ALEXANDRA PRATT *(pro hac vice)*
JAMES T. FETTER (*pro hac vice*)
1100 Poydras Street, Suite 960
New Orleans, LA  70163
Telephone:  504/455-1400
alexander.burns@ksfcounsel.com
alexandra.pratt@ksfcounsel.com
james.fetter@ksfcounsel.com

Counsel for Named Plaintiff Robert Miller

- 11 -                    3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4875-5498-2065.v1