Kevin P. Muck (California SBN 120918)
kevin.muck@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
One Front Street, Suite 3500,
San Francisco, CA 94111
Tel: (628) 235-1000 / Fax: (628) 235-1001

William Paine, *pro hac vice*
william.paine@wilmerhale.com
Robert Kingsley Smith, *pro hac vice*
robert.smith@wilmerhale.com
Sonia Sujanani, *pro hac vice*
Sonia.sujanani@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street, Boston, MA 02109
Tel: (617) 526-6759 / Fax: (617) 526-5000

Elaine F. Harwell (California SBN 242551)
elaine.harwell@procopio.com
PROCOPIO, CORY, HARGREAVES
& SAVITCH, LLP
525 B Street, Suite 2200,
San Diego, CA 92101
Tel: (619) 238-1900 / Fax: (619) 235-0398

*Attorneys for Defendant TuSimple Holdings Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN DICKER, INDIANA PUBLIC RETIREMENT SYSTEM, ROBERT MILLER, MICHELLE POIRIER, Individually and on Behalf of All Others Similarly Situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> TUSIMPLE HOLDINGS INC., GUOWEI "CHARLES" CHAO, XIAODI HOU, MO CHEN, BONNIE YI ZHANG, CHENG LU, PATRICK DILLON, BRAD BUSS, KAREN C. FRANCIS, MORGAN STANLEY & CO. LLC, CITIGROUP GLOBAL MARKETS, INC., J.P. MORGAN | Case No. 3:22-cv-01300-BEN-MSB (Consolidated with No. 3:23-cv-00282-BEN-MSB) <br><br> **DEFENDANT TUSIMPLE HOLDINGS INC.'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS** <br><br> Judge: Hon. Roger T. Benitez <br> Courtroom: 5A |

SECURITIES LLC, BOFA SECURITIES, INC., COWEN AND COMPANY, LLC, CREDIT SUISSE SECURITIES (USA) LLC, NOMURA SECURITIES INTERNATIONAL, INC., RBC CAPITAL MARKETS, LLC, NEEDHAM & COMPANY, LLC, OPPENHEIMER & CO., INC., PIPER SANDLER & CO., ROBERT W. BAIRD & CO. INCORPORATED, and VALUABLE CAPITAL LIMITED,

*Defendants.*

Defendant TuSimple Holdings Inc. ("TuSimple") submits this Response to Plaintiffs' Notice of Supplemental Authority in Further Opposition to Defendants' Motions to Dismiss (ECF No. 175) ("Notice"), which discusses *In re Didi Global Inc. Securities Litigation*, 2024 WL 1119483 (S.D.N.Y. Mar. 14, 2024).

Plaintiffs' Notice misconstrues the import of *Didi Global* to the facts alleged in the Consolidated Amended Class Action Complaint ("Complaint") in this action. While both *Didi Global* and this case involve risk disclosures, the similarities potentially relevant to whether the defendants' disclosures violate any securities laws end there. The corporate defendant in *Didi Global* argued that its ***general*** risk disclosures were sufficient to render immaterial its alleged omission of the ***specific*** risk. 2024 WL 1119483 at *8. In contrast, as TuSimple explained in its Motion to Dismiss (ECF No. 138-1) ("MTD"), TuSimple's risk disclosures were not misleading because the risks that came to fruition were ***different*** than the risks about which TuSimple had warned investors—*i.e.*, the disclosed risks had not materialized—and, with respect to one alleged risk, Plaintiffs do not claim it had materialized as of the time of the disclosures.

- 1 -

Specifically, in *Didi Global*, the plaintiffs alleged that the corporate defendant, Didi Global, failed to disclose that the Chinese government had directed the company to postpone its IPO until it had completed a thorough self-inspection of its cybersecurity. 2024 WL 1119483 at *1. Didi Global had disclosed the general risks of the "Chinese legal and regulatory landscape" and that its failure to comply with applicable regulations could result in penalties, but did not disclose the alleged direction the Chinese government gave about IPO timing or that defying it would be reasonably likely to result in harsh government sanctions. *Id.* at *8. The court found that "Didi's disclosures were ***not sufficiently specific*** to support its claim that no reasonable investor could have found the [Chinese government's] [d]irectives well worth knowing." *Id.* (emphasis added).

Here, the issues are different. First, while Plaintiffs assert that TuSimple's risk disclosures concerning intellectual property (*e.g.*, what could happen if intellectual property was inadvertently disclosed to a competitor) were materially misleading, the challenged risk disclosure at issue here is unrelated to the alleged materialized risk because Hydron was not a competitor, the transfer was voluntary, and Plaintiffs do not plausibly allege that intellectual property was transferred. MTD at 26–27. Moreover, Plaintiffs also do not allege any information transfer occurred before any challenged risk disclosure was made. MTD at 26. At most, Plaintiffs have alleged that information was shared at an undefined time in 2022, whereas Plaintiffs challenge statements dating back to April 16, 2021. *Id.*; Complaint ¶¶ 158–163. Second, while Plaintiffs challenge a risk disclosure concerning product and warranty claims, they do not and could not allege the April accident resulted in any such claims (in part because the product was still in the test phase and had not been sold). MTD at 34.

For these reasons, TuSimple respectfully submits that Plaintiffs' Notice does not support the Complaint's securities fraud claims.

- 2 -

Dated: April 1, 2024                    Respectfully submitted,

/s/ William Paine

Kevin P. Muck (California SBN 120918)
   kevin.muck@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel: (628) 235-1000 / Fax: (628) 235-1001

William Paine, *pro hac vice*
   william.paine@wilmerhale.com
Robert Kingsley Smith, *pro hac vice*
   robert.smith@wilmerhale.com
Sonia Sujanani, *pro hac vice*
   sonia.sujanani@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6759 / Fax: (617) 526-5000

Elaine Harwell (California SBN 242551)
   elaine.harwell@procopio.com
PROCOPIO CORY
   HARGREAVES & SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Tel: (619) 238-1900 / Fax: (619) 235-0398

*Counsel for Defendant TuSimple Holdings Inc.*

- 3 -

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, the 1st day of April, 2024, I electronically transmitted a copy of this document to the Clerk's office using the CM/ECF system, which will send a notice of filing to all counsel of record.

/s/ William Paine
William Paine

- 4 -