LATHAM & WATKINS LLP
  Colleen C. Smith (Bar No. 231216)
  colleen.smith@lw.com
12670 High Bluff Drive
San Diego, California 92130
858.720.8900 / 858.509.3691 (Fax)

  Andrew Clubok (Pro Hac Vice)
  andrew.clubok@lw.com
555 Eleventh Street, NW
Washington, D.C. 20004
202.637.2200 / 202.637.2201 (Fax)

*Attorneys for Defendants Morgan Stanley & Co. LLC, Citigroup Global Markets Inc., J.P. Morgan Securities LLC, BofA Securities, Inc., Credit Suisse Securities (USA) LLC, TD Cowen, Nomura Securities International, Inc., RBC Capital Markets, LLC, Needham & Company, LLC, Oppenheimer & Co, Inc., Piper Sandler & Co., Robert W. Baird & Co. Incorporated, and Valuable Capital Limited*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN DICKER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TUSIMPLE HOLDINGS, INC.; CHENG LU; PATRICK DILLON; XIAODI HOU; MO CHEN; JAMES MULLEN; MORGAN STANLEY & CO. LLC; CITIGROUP GLOBAL MARKETS INC.; J.P. MORGAN SECURITIES LLC; BOFA SECURITIES, INC.; CREDIT SUISSE SECURITIES (USA) LLC; TD COWEN; NOMURA SECURITIES INTERNATIONAL, INC.; RBC CAPITAL MARKETS, LLC; NEEDHAM & COMPANY, LLC; OPPENHEIMER & CO. INC.; PIPER SANDLER & CO.; ROBERT W. BAIRD & CO. INCORPORATED; and VALUABLE CAPITAL LIMITED<br><br>Defendants. | CASE NO. 3:22-cv-1300-BEN-MSB<br><br>**UNDERWRITER DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Judge: Hon. Roger T. Benitez<br><br>Complaint Filed:  August 31, 2022 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

UNDERWRITER DEFS.' RESPONSE TO PLTFS'
NOTICE OF SUPPLEMENTAL AUTHORITY
Case No. 3:22-cv-1300-BEN-MSB

Defendants Morgan Stanley & Co. LLC, Citigroup Global Markets Inc., J.P. Morgan Securities LLC, BofA Securities, Inc., Credit Suisse Securities (USA) LLC, TD Cowen, Nomura Securities International, Inc., RBC Capital Markets, LLC, Needham & Company, LLC, Oppenheimer & Co, Inc., Piper Sandler & Co., Robert W. Baird & Co. Incorporated, and Valuable Capital Limited (collectively, "Underwriter Defendants") respectfully submit the following response to Plaintiffs' Notice of Supplemental Authority in Further Opposition to Defendants' Motion to Dismiss (Dkt. 175). The supplemental authority Plaintiffs submit, *In re Didi Global Inc. Securities Litigation*, No. 21-cv-05807 (LAK), 2024 WL 1119483 (S.D.N.Y. Mar. 14, 2024) (Dkt. 175-1), is clearly distinguishable from their claims against the Underwriter Defendants—and, rather than supporting Plaintiffs' claims, the *Didi* decision only highlights the deficiencies in Plaintiffs' own pleading.

*First*, in *Didi*, the Court found that Rule 8 applied to the claims asserted against the underwriters because the allegations supporting the Securities Act claims against underwriters very plainly excluded any allegations of fraud. 2024 WL 1119483 at *6. Here, in contrast, Plaintiffs' briefing in opposition to the Underwriters' motion to dismiss explicitly relies on fraud-based allegations to support their Securities Act claims. *E.g.*, Dkt. 149 at 19-20 (Compl. ¶¶ 225-61). And here Plaintiffs' claims against the Underwriter Defendants fail even under Rule 8. Unlike in *Didi*—where plaintiffs' Securities Act claims against the underwriters incorporated more than eighty paragraphs of background allegations that the court deemed "purely factual and sufficiently particularized," 2024 WL 1119483 at *7, in addition to their basic introductory, party-related, and other claim-specific allegations, *see* Ex. 1 (*Didi* Second Amended Complaint) ¶¶ 330, 384, 394 (incorporating, *inter alia*, paragraphs 82-167 of "Background Facts" section)—here, Plaintiffs do not expressly incorporate *any* supporting background allegations that would factually support their Securities Act claims, *see* Compl.

¶¶ 314, 341 (incorporating by reference only background information about the parties, alleged misrepresentations and conclusory assertions of falsity, and class allegations).  On this basis alone, the Securities Act claims that survived dismissal in *Didi* are distinguishable from the barebones and unsupported claims Plaintiffs assert against Underwriter Defendants here.

*Second*, in *Didi*, plaintiffs alleged adverse material omitted facts both *before and contemporaneous with* the IPO, but here the only factual allegations anywhere in the Complaint purportedly supporting failure to disclose related-party transactions or safety issues take place *after* TuSimple's April 2021 IPO or at some undefined time in 2021.  *See, e.g.*, Compl. ¶¶ 111-12, 116 (generic allegations of information sharing sometime "during 2021" and in 2022); *id.* ¶¶ 133-38 (safety allegations relating to an April 2022 crash).  In *Didi*, the plaintiffs made "numerous, detailed" allegations about defendants' failure to disclose that, *before* the IPO, the Cyberspace Administration of China ("CAC") directed the company to postpone the IPO pending completion of a required cybersecurity review.  2024 WL 1119483 at *5-7.  Plaintiffs in *Didi* further alleged that, between the effective date and closing date of the IPO, the CAC announced it was sanctioning Didi for its noncompliance with CAC's directive, but the defendants nonetheless pushed forward with the IPO as planned without informing the public of the circumstances.  *Id.* at *7-9, *13-14.  The *Didi* Court found that these allegations were sufficient to plead falsity because Didi's generic risk disclosures in the offering documents were not sufficient to alert the public about the very real trouble that the company was already facing.  *Id*. at *8, *14.  In contrast, Plaintiffs' related-party allegations depend on the possibility that transactions occurring "during 2021" must have taken place within a two-week window before TuSimple's IPO, without *any* supporting facts to back that up.  *See* Dkt. 161 at 5-6. And Plaintiffs' vehicle safety allegations rely entirely on speculation that there was

some safety issue at the time of the IPO—while Plaintiffs simply point to a crash that occurred a year later in April 2022.  *Id.* at 6-7.  The absence of direct, contemporaneous facts supporting falsity of any of the alleged misstatements at the time of TuSimple's IPO underscores the insufficiency of Plaintiffs' tenuous and post-hoc allegations in this case.

Dated: April 1, 2024                            Respectfully submitted,


LATHAM & WATKINS LLP


By: *Colleen C. Smith*
     Colleen C. Smith (Bar No. 231216)
     *colleen.smith@lw.com*
     12670 High Bluff Drive
     San Diego, California 92130
     858.720.8900 / 858.509.3691 (Fax)

     Andrew Clubok (PHV)
     *andrew.clubok@lw.com*
     555 Eleventh Street, NW
     Washington, D.C. 20004
     202.637.2200 / 202.637.2201 (Fax)

     *Attorneys for Defendants Morgan Stanley & Co. LLC, Citigroup Global Markets Inc., J.P. Morgan Securities LLC, BofA Securities, Inc., Credit Suisse Securities (USA) LLC, TD Cowen, Nomura Securities International, Inc., RBC Capital Markets, LLC, Needham & Company, LLC, Oppenheimer & Co, Inc., Piper Sandler & Co., Robert W. Baird & Co. Incorporated, and Valuable Capital Limited*