EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN DICKER, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>    vs.<br><br>TUSIMPLE HOLDINGS, INC., et al.,<br><br>                  Defendants. | Case No. 3:22-cv-01300-BEN-MSB (Consolidated with No. 3:23-cv-00282-BEN-MSB)<br><br><u>CLASS ACTION</u><br><br>STIPULATED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION |

4860-6764-8182.v1

The Court recognizes that at least some of the documents and information ("Material" or "Materials", as applicable) being exchanged between the Parties in the above-captioned action ("Action") are, for competitive reasons, normally kept confidential by the Parties.  The Parties have agreed to be bound by the terms of this Protective Order ("Order") in this Action.

The Materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G).  The purpose of this Order is to protect the confidentiality of such Materials as much as practical during the litigation.

## **DEFINITIONS**

1.    The term "Confidential Information" will mean and include information contained or disclosed in any Materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom, that is deemed to be Confidential Information by any party to which it belongs.

2.    The term "Materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

- 1 -
3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4860-6764-8182.v1

3.      The term "Attorneys" will mean the attorneys of record representing any party in this Action, as well as paralegals, secretaries, and other support staff working with the attorneys of record.

## GENERAL RULES

4.      Each party to this litigation that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(a)      Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its Attorneys, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

(b)      Designation as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY": Any party may designate information as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only if, in the good faith belief of such party and its Attorneys, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information, or if the information is produced as expedited discovery ordered by the Court in connection with any proceedings concerning a temporary restraining order or preliminary injunction.

5.      Upon selection of specified Materials for production to the receiving party, the producing party must, within a reasonable time prior to producing those Materials to the receiving party, mark the copies of those Materials that contain Confidential Information with the appropriate confidentiality marking.

- 2 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4860-6764-8182.v1

6.    Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

(a)    the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; [A] party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the Action of the portions of the transcript to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(b)    the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Attorneys (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

(c)    the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7.    All Confidential Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used

- 3 -                3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4860-6764-8182.v1

for any purpose other than in connection with this Action, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8.    Information designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" must be viewed only by Attorneys (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph.    The right of any independent expert to receive any Confidential Information will be subject to the advance approval of such expert by the producing party or by permission of the Court.    The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the expert.    Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert.    Confidential Information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made.    The approval of independent experts must not be unreasonably withheld.

9.    Information designated "CONFIDENTIAL" must be viewed only by Attorneys (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 8), by court personnel, or by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

(a)    Executives who are required to participate in policy decisions with reference to this Action;

(b)    Technical personnel of the parties with whom Attorneys for the parties find it necessary to consult, in the discretion of such Attorneys, in preparation for trial of this Action; and

- 4 -                    3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4860-6764-8182.v1

(c)    Stenographic and clerical employees associated with the individuals identified above.

10.    With respect to Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11.    All information which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the Attorneys for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12.    Before any Materials produced pursuant to any agreement between the Parties, Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, including in a pleading, the party seeking to file such Material must seek permission of the Court to file the Material under seal so as to maintain the confidentiality of the materials.

13.    No document may be filed under seal, except pursuant to a court order that authorizes the sealing of the particular document, or portion of the document. A sealing order may issue only upon a showing that the information is privileged or protectable under the law. **<u>The request must be narrowly tailored to seek sealing only of the confidential or privileged Material</u>**. To file a document under seal, the parties must comply with the procedures explained in Section 2.j of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States

- 5 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4860-6764-8182.v1

District Court for the Southern District of California and Civil Local Rule 79.2. In addition, a party must file a redacted version of any document that it seeks to file under seal. The document must be titled to show that it corresponds to an item filed under seal, *e.g.*, "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The party should file the redacted document(s) simultaneously with a joint motion or *ex parte* application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request.

14.    At any stage of these proceedings, any party may object to a designation of the Materials as Confidential Information, except for those documents permitted or ordered by the Court to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The party objecting to confidentiality must notify, in writing, Attorneys for the designating party of the objected-to Materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The Materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

15.    All Confidential Information must be held in confidence by those receiving or receiving it, and must be used only for purposes of this Action. Attorneys for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of

- 6 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4860-6764-8182.v1

the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

16. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

17. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the Materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the Materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Attorneys for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

18. Nothing within this Order will prejudice the right of any party to object to the production of any Material on the grounds that the Material is protected as privileged or as attorney work product.

19. Nothing within this Order will prejudice the right of any party to object to the production of any Material on the grounds that the Material is protected as privileged or as attorney work product.

20. Nothing within this Order will prejudice the right of any party to object to the production of any Material on the grounds that the Material is protected as privileged or as attorney work product.

- 7 -    3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4860-6764-8182.v1

21.     Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

22.     <u>Dismissal or Final Termination of this Action Solely on Procedural Grounds</u>: Upon dismissal of this Action solely on procedural grounds, Attorneys for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides.  In the event that the Action has been dismissed solely on procedural grounds, but any appeal from such a dismissal has not been concluded, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information and will continue to be bound by this Order with respect to all such retained information.  The producing party shall, without reviewing the information returned, store it until the final termination of the Action or as otherwise ordered by the Court.

23.     <u>Dismissal or Final Termination of this Action on Findings of Fact or Mixed Questions of Law and Fact</u>: Upon final termination of this action based on findings of fact or mixed questions of law and fact about which Materials are relevant, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides.  Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to

- 8 -                3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4860-6764-8182.v1

all such retained information. Further, attorney work product Materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

24. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

25. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

26. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

27. This Order may be modified by agreement of the parties, subject to approval by the Court.

28. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

Dated: April ___, 2024

_____
HON. MICHAEL S. BERG
UNITED STATES MAGISTRATE JUDGE

- 9 -                              3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4860-6764-8182.v1

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

## BY THE PROTECTIVE ORDER

I, _____, declare and say that:

1.      I am employed as _____ by_____.

2.      I have read the Protective Order entered in *Dicker, et al. v. TuSimple Holdings Inc., et al*, Case No. 3:22-cv-01300-MSB-BEN (S.D. Cal.) (the "Litigation"), and have received a copy of and agree to be bound by the Protective Order.

3.      I promise that I will use any and all  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the Litigation.

4.      I promise that I will not disclose or discuss such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information with anyone other than the persons authorized under the Protective Order.

5.      I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Protective Order.

6.      I understand that any disclosure or use of information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

- 10 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4860-6764-8182.v1

I declare under penalty of perjury that the foregoing is true and correct.


Executed on: _____

[Printed name]: _____

[Signature]: _____

- 11 -                    3:22-cv-01300-BEN-MSB
                          (Consolidated with No. 3:23-cv-
                          00282-BEN-MSB)

4860-6764-8182.v1