Kevin P. Muck (California SBN 120918)
    kevin.muck@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
One Front Street, Suite 3500,
San Francisco, CA 94111
Tel: (628) 235-1000 / Fax: (628) 235-1001

William Paine, *pro hac vice*
    william.paine@wilmerhale.com
Robert Kingsley Smith, *pro hac vice*
    robert.smith@wilmerhale.com
Sonia Sujanani, *pro hac vice*
    Sonia.sujanani@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street, Boston, MA 02109
Tel: (617) 526-6759 / Fax: (617) 526-5000

Elaine F. Harwell (California SBN 242551)
    elaine.harwell@procopio.com
PROCOPIO, CORY, HARGREAVES
    & SAVITCH, LLP
525 B Street, Suite 2200,
San Diego, CA 92101
Tel: (619) 238-1900 / Fax: (619) 235-0398

*Attorneys for Defendant TuSimple Holdings Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN DICKER, *et al.*, Individually and on Behalf of All Others Similarly Situated, <br><br>           *Plaintiffs*, <br><br>   v. <br><br> TUSIMPLE HOLDINGS INC., *et al.*, <br><br>           *Defendants*. | Case No. 3:22-cv-01300-BEN-MSB <br><br> (Consolidated with Case No. 3:23-cv-00282-BEN-MSB) <br><br> **REDACTED DECLARATION OF WILLIAM PAINE IN SUPPORT OF DEFENDANT TUSIMPLE HOLDINGS INC.'S OPPOSITION TO PLAINTIFFS' EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER** |

I, William Paine, declare as follows:

1.     I offer this declaration in support of Defendant TuSimple Holdings Inc.'s ("TuSimple") Memorandum of Points and Authorities in Opposition to Plaintiffs' *Ex Parte* Motion for a Temporary Restraining Order and Limited Expedited Discovery.

2.     I am an attorney with the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for TuSimple.

3.     I am a member in good standing of the State Bar of Massachusetts, and I have been admitted pro hac vice to represent TuSimple in this litigation.

4.     I am over the age of eighteen and have personal knowledge of and am competent to testify about the factual matters asserted herein.  If called as a witness, I could and would competently testify thereto.

5.     Attached hereto as **Exhibit A** is a true and correct excerpt from TuSimple's Form 424B4, filed with the United States Securities and Exchange Commission ("SEC") on April 16, 2021.

6.     Attached hereto as **Exhibit B** is a true and correct excerpt from TuSimple's Form 10-K, filed with the United States Securities and Exchange Commission ("SEC") on February 24, 2022.

7.     Attached hereto as **Exhibit C** is a true and correct copy of TuSimple's Form 8-K, filed with the United States Securities and Exchange Commission ("SEC") on June 28, 2023.

8.     Attached hereto as **Exhibit D** is a true and correct excerpt from TuSimple's Form 8-K, filed with the United States Securities and Exchange Commission ("SEC") on December 4, 2023.

9.     Attached hereto as **Exhibit E** is a true and correct copy of TuSimple's press release, issued on December 5, 2022 and made publicly available at

1

DECLARATION OF WILLIAM PAINE                    Case No. 3:22-cv-01300-BEN-MSB

https://ir.tusimple.com/press-releases/news-details/2022/TuSimple-and-Navistar-Provide-Update-on-Joint-Development-Agreement-12-05-2022/default.aspx.

10.    Attached hereto as **Exhibit F** is a true and correct copy of Exhibit 99.1 to TuSimple's Form 8-K, filed with the United States Securities and Exchange Commission ("SEC") on December 21, 2022.

11.    Attached hereto as **Exhibit G** is a true and correct copy of Exhibit 1.1 to TuSimple's Form S-1A, filed with the United States Securities and Exchange Commission ("SEC") on April 7, 2021.

12.    Attached hereto as **Exhibit H** is a true and correct copy of TuSimple's Supplemental Memorandum of Points and Authorities in Further Opposition to Plaintiffs' Motion for Preliminary Injunction, together with the accompanying Declaration of Robert Kingsley Smith and supporting exhibits, filed in *Wilhoite v. Hou*, No. 3:23-cv-02333-BEN-MSB (S.D. Cal), on May 8, 2024 (Dkt. 212).

13.    Attached hereto as **Exhibit I** is a true and correct excerpt of the hearing on plaintiffs' motion for preliminary injunction in *Wilhoite v. Hou*, No. 3:23-cv-02333-BEN-MSB (S.D. Cal), which occurred on March 12, 2024.

14.    On February 15, 2024, Plaintiffs sent Defendants a letter requesting sworn declarations and discovery showing that TuSimple and the Individual Defendants' assets were not being dissipated or otherwise transferred in a manner that could jeopardize a recovery by the putative class.  Attached hereto as **Exhibit J** is a true and correct copy of the February 15, 2024 letter from Plaintiffs to all counsel of record for Defendants.

15.    On February 20, 2024, TuSimple discussed **Exhibit J** with Plaintiffs and responded in writing with **Exhibit K,** which is a true and correct copy of a letter from me to Plaintiffs.

16.    TuSimple explained in **Exhibit K** that, as a practical matter, with operations in China, TuSimple could not agree that it would not transfer any assets

2

DECLARATION OF WILLIAM PAINE                    Case No. 3:22-cv-01300-BEN-MSB

outside of the United States but would make certain information available to Plaintiffs on a confidential basis.

17. On February 22, 2024, Plaintiffs responded by letter to **Exhibit K**. Attached hereto as **Exhibit L** is a true and correct copy of the February 22, 2024 letter from Plaintiffs to me.

18. In telephone calls on February 26 and 28, 2024, TuSimple agreed to provide more information about TuSimple's cash position.

19. On February 29 and March 4, 2024, TuSimple provided Plaintiffs with:

Attached hereto as **Exhibit M** and **Exhibit N** are true and correct copies of the February 29, 2024 letter from me to Plaintiffs and the March 4, 2024 letter from me to Plaintiffs, respectively.

20. On March 7, 2024, Plaintiffs responded by letter that they requested, among other things,

Attached hereto as **Exhibit O** is a true and correct copy of the March 7, 2024 letter from Plaintiffs to me.

21. On March 25, 2024, the parties ultimately signed an agreement (the "Disclosure Agreement")

3

██████████████████████. Attached hereto as **Exhibit P** is a true and correct copy of the ████████████████

22.    ███████████████████████████████████████████ ████████████████████████████████████████████ ███████████████████████████████████

23.    On May 14, 2024, TuSimple provided Plaintiffs with ███████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████

24.    On May 24, 2024, TuSimple identified changes the Company had implemented to ensure an issue like this would not happen again, including those described in paragraph 23 of Cheng Lu's declaration filed herewith, and invited Plaintiffs to make suggestions with respect to such changes.

25.    In a May 30, 2024 telephone call, TuSimple reiterated its willingness to consider process changes that would give Plaintiffs assurances that TuSimple ████████████████████████████████████████████, while still allowing the Company to run its business.  However, TuSimple and Plaintiffs were unable to reach agreement in this regard.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 7, 2024 in Boston, Massachusetts.

*/s/ William Paine*

William Paine

4

DECLARATION OF WILLIAM PAINE                    Case No. 3:22-cv-01300-BEN-MSB