# EXHIBIT I

224

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

NORMAN WILHOITE and JUDITH )
WILHOITE, derivatively on behalf ) No. 3:23-cv-02333-BEN-MSB
of TUSIMPLE HOLDINGS, INC., )
)
            Plaintiffs, )
) March 12, 2024
    v. )
) 10:31 a.m.
XIAODI HOU, MO CHEN, CHENG LU, )
GUOWEI "CHARLES" CHAO, and ) Courtroom 5A
HYDRON, INC., )
            Defendants. )
) San Diego, California
   - and - )
)
TUSIMPLE HOLDINGS, INC., )
)
            Nominal Defendant. )
_____ )

TRANSCRIPT OF MOTION HEARING

BEFORE THE HONORABLE ROGER T. BENITEZ, DISTRICT JUDGE

APPEARANCES:

For Plaintiffs:          BOTTINI & BOTTINI, INC.
                         BY:  ALBERT Y. CHANG, ESQ.
                              FRANCIS A. BOTTINI, JR., ESQ.
                         7817 Ivanhoe Avenue, Suite 102
                         La Jolla, California 92037

                         BERNSTEIN LITOWITZ BERGER &
                         GROSSMANN LLP
                         BY:  THOMAS G. JAMES, ESQ.
                         1251 Avenue of the Americas
                         New York, New York 10020

(Additional counsel listed on the following page.)

Court Reporter:          ADRIAN DALE BAULE, RMR, CRR, CSR
                         United States District Court
                         333 West Broadway, Suite 420
                         San Diego, California 92101
                         adrian_baule@casd.uscourts.gov

Reported by Stenotype; Transcribed by Computer.

APPEARANCES: (Cont'd.)

For Nominal Defendant     WILMER CUTLER PICKERING HALE AND
TuSimple Holdings, Inc.:  DORR LLP
                          BY:  ROBERT KINGSLEY SMITH, ESQ.
                          60 State Street
                          Boston, Massachusetts 02109

                          WILMER CUTLER PICKERING HALE AND
                          DORR LLP
                          BY:  ALEXIS PFEIFFER
                          2600 El Camino Real, Suite 400
                          Palo Alto, California 94306

MR. CHANG:  We believe that the evidence that you have ordered to -- to be produced would only improve the quantity and quality of the evidence that we have.  But right now, you have enough evidence before you to issue a preliminary injunction consistent with the TRO.  Yes, that is our position.

THE COURT:  Okay.  Then in that case, Mister -- so Mr. Chang, tell me -- tell me what the evidence is.

I'll tell you I'm particularly concerned with two -- two issues.  The first one is -- so we definitely -- in my opinion, based on what I have read, it does appear to me that back in 2022, or whatever date that is, the company did share trade secrets with Hydron, and there was no NDA that was -- that was -- that controlled that sharing of information.

I think what you're saying, Mr. Chang, is that -- and that's -- that's in the past.  So that doesn't require any kind of preliminary injunction.  That may be a question of damages to -- to TuSimple, but not an issue of requiring a preliminary injunction.

The preliminary injunction, I think, that you're asking for is that there not be any trade secrets provided or made available to Hydron, which you contend is a competitor, or if there have been additional trade secrets that have been shared, that somehow or another those -- that be disclosed to you.  I think that was part of your request for expedited discovery.

So I assume that you're saying, Look, we think that there's a likelihood that there was a sharing of trade secrets because of what happened back in 2022, and that should be sufficient to warrant a preliminary injunction to be issued. Number one.

Number two, what -- what is the harm -- what is the -- what is the harm that TuSimple has -- has suffered such that it would warrant my issuing a preliminary injunction?

So those are the two -- two things that have troubled me about your application for a preliminary injunction.

Now, you can argue.  I'm sure you came in here with probably an outline of what you wanted to say.  I certainly don't want to curtail your argument.  But those are the two things that are concerning me.  One is past -- is past sharing of information sufficient to justify a finding that there has been additional sharing or there will be sharing to the detriment of TuSimple and its shareholders?  And number two, what's the -- what's the harm to TuSimple?  Okay?

MR. CHANG:  Yes, Your Honor.

Two things.  First, TuSimple has admitted in its SEC filings back in 2021 -- and the scope of the misappropriation actually took place beginning in 2021.  The disclosures were made in 2021.

THE COURT:  Okay.

MR. CHANG:  And we have evidence, in fact, TuSimple's

back in 2021, 2022.  The circumstantial evidence, I think, is pretty strong that -- of self-dealing and self-collusion, if you will.  But as Mr. Smith has pointed out, there's no evidence of actual -- I'm not sure that it's really necessary, because part of a preliminary injunction is to avoid, to avoid harm, not to correct harm, but to avoid harm.  But -- but Mr. Smith is saying, look, you don't have any -- any evidence.  And you're saying to me, Well, we've got these declarations from these two people, but, you know, interestingly, we don't have anything from Mr. Chen himself.

And what I'm suggesting to you is I extend this for 30 days, give you an opportunity to depose whoever it is you want to depose, and then we can come back and we can actually do this with, hopefully, complete information.

MR. CHANG:  That would be acceptable to us, Your Honor.

THE COURT:  All right.  Anything else you wanted to say?

MR. CHANG:  Well, I know that under Judge Berg's order, it's 45 day out to complete discovery.  So to the extent that the Court extends the TRO and continues the preliminary injunction hearing, we ask for an extension for at least 45 days to allow us time to --

THE COURT:  No.  I don't think I'm going to go that far, to be honest with you.

229