230

# EXHIBIT J

**Robbins Geller Rudman & Dowd LLP**

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Lucas F. Olts
lolts@rgrdlaw.com

February 15, 2024

VIA EMAIL

All counsel of record for Defendants

Re:   *Dicker v. TuSimple Holdings, Inc., et al.*,
No. 3:22-cv-01300 (S.D. Cal.)
Dissipation of Recoverable Assets

Dear Counsel:

I write on behalf of Plaintiffs Indiana Public Retirement System, Robert Miller, and Michelle Poirier (collectively, "Plaintiffs") in the above-captioned matter. Given recent developments concerning the TuSimple Holdings, Inc. ("TuSimple" or the "Company"), Plaintiffs seek assurances and corresponding evidence that TuSimple and the individual defendants' assets are not being dissipated or otherwise transferred in a manner that could jeopardize a recovery by the putative class.[1]

### A.   Relevant Factual Background

**The Company Announces Auctions of its Remaining U.S. Assets**. On January 12, 2024, TechCrunch published a report, including quotes from a Company spokesperson, disclosing TuSimple's plans to sell its remaining U.S. assets as it winded down U.S. operations (the "*TechCrunch* Article").[2] Included in the auctions were TuSimple's "trucks, along with a slew of research and development equipment." According to the Company, its U.S. assets were then-planned to be sold off in two auctions – the first "slated to run January 23-25, and a second . . . scheduled for February 6-8."[3]

---

[1]   All terms not otherwise defined herein have the same meaning as set forth in the Consolidated Class Action Complaint for Violations of the Federal Securities Laws (ECF 103) ("Complaint").

[2]   Sean O'Kane, *TuSimple's self-driving trucks up for auction following US exit*, TechCrunch, (Jan. 12, 2024), https://techcrunch.com/2024/01/12/tusimple-auction-self-driving-big-rigs-trucks-exit/.

[3]   The *TechCrunch* Article linked to two auction hosting sites that catalogued the auction items and provided dates for the auctions. Both advertised "High-End Research and Development Instruments" for sale. Neither auction host site – including the second auction, originally set to be held after the Court's January 23, 2024 Temporary Restraining Order was issued – provide any indication that the auctions were canceled in light of the restraining order. *See* https://svdisposition.com/auction-detail?id=602; https://svdisposition.com/auction-detail?id=597.

4892-4948-0613.v2

655 West Broadway, Suite 1900   San Diego, CA  92101   Tel 619-231-1058   Fax 619-231-7423   rgrdlaw.com

**Robbins Geller
Rudman & Dowd LLP**

Counsel for Defendants
February 15, 2024
Page 2

**The Court Issues a Temporary Restraining Order**.   On January 23, 2024, the Court issued a Temporary Restraining Order ("TRO") and ordered expedited discovery in the shareholder derivative action currently pending before the Court.  *Wilhoite v. Xiaodi Hou, et al.*, No. 3:23-cv-02333-BEN-MSB (S.D. Cal.) (the "Derivative Action") (ECF 36).  The Court found the Derivative Action plaintiffs "demonstrated misappropriation of TuSimple's trade secrets by Defendant Hydron and others is likely to occur absent a TRO, if it has not occurred already." *Id.* at 5.  Moreover, the Court found plaintiffs "reasonably argued TuSimple's planned liquidation of its U.S. assets and expatriation of the proceeds abroad would result in irreparable harm to Plaintiffs as it would leave these Plaintiffs and others no legal recourse for their claims." *Id.*

Accordingly, the Court issued a TRO enjoining defendants in the Derivative Action from, *inter alia*, the following: "4. Transferring outside of the United States any proceeds obtained from the sale, transfer, or disclosure of TuSimple's trade secrets.  5. Transferring outside of the United States any proceeds obtained from the sale, transfer, or disclosure of TuSimple's assets other than trade secrets."  *Id.* at 7.  The two categories of transactions from which proceeds cannot be transferred outside the United States under the TRO are complementary, effectively banning any proceeds from any sale, transfer, or disclosure of any TuSimple asset from being transferred outside the United States.

**The *Wall Street Journal* Article**.  On January 31, 2024, *The Wall Street Journal* ("*WSJ*") reported that U.S. federal authorities seized a shipment of chips leaving the United States, containing TuSimple self-driving technology.  ECF 151-2 at 2.[4]  The Company admitted through a spokesperson that it intended to transfer the chips out of the country.  *Id.*  According to inside sources and internal Company emails recovered by the *WSJ*, defendant Lu "wanted the chips sent to China." *Id.* at 3.  This harrowing report both echoes the pattern of fraudulent behavior outlined in the Complaint and calls into question Defendants' adherence to the Derivative Action TRO.

**The Company Finalizes its Deregistration of TuSimple Common Stoc*k***.  On February 8, 2024 the Company filed a Form 15 with the SEC.[5]  This marked the end of all public trading in TuSimple common stock.  Moreover, as TuSimple made clear in its January 17, 2024 letter to shareholders, "the Company's obligation to file periodic reports such as 10-K's, 10-Q's and 8-K's

---

[4]    Kate O'Keeffe, et al., *Missing Boxes, an Email from China: How a Chip Shipment Sparked a U.S. Probe; Authorities stopped the shipment by autonomous-trucking firm TuSimple in its latest tangle with the American government*, The Wall Street Journal (Jan. 31, 2004) (ECF 151-2).

[5]    *See* Certification and Notice of Termination of Registration Under Section 12(g) of the Securities Exchange Act of 1934 or Suspension of Duty to File Reports Under Sections 13 and 15(d) of the Securities Exchange Act of 1934, available at https://www.sec.gov/Archives/edgar/data/1823593/000119312524027409/d625582d1512g.htm.

4892-4948-0613.v2

232

**Robbins Geller
Rudman & Dowd** LLP

Counsel for Defendants
February 15, 2024
Page 3

with the SEC [is now] suspended and the Company [is] no longer . . . subject to Nasdaq's governance and disclosure requirements."[6]  Soon, TuSimple will also be "no longer subject to SEC proxy rules or SEC beneficial ownership reporting requirements."  *Id.*

This means investors, including Plaintiffs and every other member of the putative class, are now in the dark about the Company's assets, operations, and thus the likelihood that any recovery they seek in this action will be dissipated via offshore asset transfers.  As TuSimple has now admitted to Judge Benitez, Plaintiffs will receive no public update as to the Company's assets or liabilities.  Moreover, and particularly salient to Plaintiffs' claims against the individual defendants, Plaintiffs will receive no public updates as to any insider transactions executed by any individual defendant, Company executive, or Company director.

**B.      Plaintiffs Require Proof That Defendants Are Not Dissipating and Have Not Dissipated Potentially Recoverable Assets**

Plaintiffs request that Defendants provide, in the form of sworn declarations and/or documents accompanied by sworn declarations confirming their accuracy and authenticity, the following within 10 days of this letter:

1.      An accounting of TuSimple's assets and liabilities, including information sufficient to identify the location and control of each identified asset.  This request includes assets held through subsidiaries, partners, or any other entity controlled by TuSimple; each individual defendant's assets and liabilities, including information sufficient to identify all holdings and transactions in TuSimple common stock; all insurance policies, including Directors & Officers insurance policies, that may be applicable to any potential recovery by Plaintiffs or the putative class against TuSimple or any individual defendant.

2.      Sworn declarations from each individual defendant, as well as a representative of the Company so authorized to make such a representation, affirming that the declarant has not and will not dissipate, transfer, or otherwise dispose of any assets identified in response to any of the foregoing requests to the extent any dissipation, transfer, or disposition could have any impact on a potential recovery by the putative class.

---

[6]    *See* TuSimple Shareholder Letter, dated January 17, 2024 at 3 (https://s202.q4cdn.com/364265561/files/doc _news/2024/01/17/TuSimple-shareholder-letter-vSent.pdf).

4892-4948-0613.v2

**Robbins Geller**
**Rudman & Dowd** LLP

Counsel for Defendants
February 15, 2024
Page 4

3.      Quarterly updates, beginning on March 31, 2024 and being made at the end of each subsequent quarter, updating the information and attestations requested in each of the foregoing requests, until this action is resolved.

Please confirm within five days if TuSimple or any individual defendant is unable or unwilling to provide any of the information Plaintiffs request herein so that Plaintiffs may take appropriate steps to protect the interests of the putative class.

Please be advised that Plaintiffs wish to resolve these concerns collaboratively and without burdening the Court with unnecessary briefing or motion practice.  We are available to meet and confer immediately to address any issues raised herein.

Thank you for your anticipated cooperation,

LUCAS F. OLTS

:lai

4892-4948-0613.v2

234