ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
LUCAS F. OLTS (234843)
JENNIFER N. CARINGAL (286197)
HEATHER G. GEIGER (322937)
STEPHEN JOHNSON (347822)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
lolts@rgrdlaw.com
jcaringal@rgrdlaw.com
hgeiger@rgrdlaw.com
sjohnson@rgrdlaw.com

KAHN SWICK & FOTI, LLP
RAMZI ABADOU (222567)
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN DICKER, Individually and on Behalf of All Others Similarly Situated, <br><br>Plaintiff, <br><br>vs. <br><br>TUSIMPLE HOLDINGS, INC., et al., <br><br>Defendants. | Case No. 3:22-cv-01300-BEN-MSB (Consolidated with No. 3:23-cv-00282-BEN-MSB) <br><br>CLASS ACTION <br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' *EX PARTE* MOTION TO STRIKE AND FOR USE OF DOCUMENTS PRODUCED TO PLAINTIFFS BY TUSIMPLE IN MEDIATION** <br><br>Judge:       Hon. Michael S. Berg <br>Courtroom:  2C |

## I.       INTRODUCTION

On April 12, 2024, the Parties executed a Mediation Confidentiality Agreement ("Mediation Agreement") to enable TuSimple to confidentially share documents, including transcripts of deposition testimony, with Plaintiffs.[1] *See* Declaration of Ramzi Abadou in Support of Plaintiffs' *Ex Parte* Motion to Strike ("Abadou Decl."), Ex. A. The Mediation Agreement makes clear that any such documents provided in mediation "shall be used solely for Mediation Purposes and not for Other Purposes." *Id.*

Cognizant that Plaintiffs could not and would not violate the Mediation Agreement and use these documents in support of its TRO, TuSimple has now brazenly attached (as Exhibit H to TuSimple's Response in Opposition to Plaintiffs' *Ex Parte* Motion for Temporary Restraining Order (ECF No. 198) (the "Opposition")) a series of mediation privileged information that TuSimple provided to Plaintiffs pursuant to the Mediation Agreement (ECF No. 198-11) ("Exhibit H"). *See* Abadou Decl. at ¶ 11. TuSimple's opposition also publicly described Exhibit H's contents in unredacted form. *See* ECF No. 198-2 at 2. This is sword and shield gamesmanship at its worst, and a clear breach of the Mediation Agreement.

The Court can and should therefore find that TuSimple has waived any claimed privilege with respect to the Mediation Documents. Alternatively, at a minimum, Plaintiffs request that the Court strike Exhibit H and its related content from the Opposition pursuant to FED. R. CIV. P. 12(f).

TuSimple's use of Exhibit H to advance arguments in opposition to the pending TRO Motion, while denying Plaintiffs the opportunity to do so, should not be countenanced by this Court. The Company's breach of the Mediation Agreement

---

[1] The "Parties" are, collectively, Lead Plaintiff Indiana Public Retirement System and Named Plaintiffs Robert Miller and Michelle Poirier (collectively, "Plaintiffs") and defendant TuSimple Holdings, Inc. ("TuSimple" or the "Company").

- 1 -                    3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

by: (i) attaching Exhibit H to the Opposition; and (ii) mischaracterizing Exhibit H (ECF No. 198 at 4:23-26, 10:26-11:2) in a manner favorable to the Company is also troubling, particularly given that Plaintiffs assiduously avoided (because of the Mediation Agreement) using those *same* materials in support of the TRO Motion.

Indeed, Plaintiffs' TRO Motion sought a formal order of production of these very materials through expedited discovery—even though Plaintiffs already possess them—to avoid violating the Mediation Agreement. Plaintiffs did so with fidelity to the mediation privilege itself as well as the letter and spirit of the Mediation Agreement, even going so far as to avoid referencing the fact that TuSimple had already produced such materials. At minimum, TuSimple's violation of the Mediation Agreement in this manner should result in the immediate granting of Plaintiffs' expedited request for that discovery because TuSimple has used it as a sword and made that information public in its filing. *See* ECF No. 187-1 at 20 (requesting, *inter alia*, all documents and testimony from the *Wilhoite* action); ECF No. 198 at 4, 10-11 (disclosing, without redaction, the substance of the deposition transcripts).

Given TuSimple's regrettable use of mediation privileged material as a sword and shield in opposition to the TRO Motion, Plaintiffs request that all documents and other evidence TuSimple produced to Plaintiffs pursuant to the Mediation Agreement be considered formally produced in this litigation and no longer subject to a mediation privilege.

## II.    LEGAL STANDARD

FED. R. CIV. P. 12(f) provides the "means to excise improper materials from pleadings." *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). Courts can strike from filings information that is privileged or inadmissible under the Federal Rules of Evidence, including, as here, information

that is otherwise inadmissible under FED. R. EVID. 408. *Nguyen v. Simpson Strong-Tie Co.*, 2020 U.S. Dist. LEXIS 160442, at *4-5 (N.D. Cal. 2020) (collecting cases).[2]

## III.   ARGUMENT

The Mediation Agreement expressly provides that: "All documents or electronic information produced in connection with the Mediation ("Mediation Documents") shall be used **solely for Mediation Purposes and not for Other Purposes**." Abadou Decl., Ex. A at 1 (emphasis added). The Mediation Agreement defines "Other Purposes" as "**any purpose whatsoever in connection with the Action** or any related litigation."  It defines Mediation Purposes as for use "solely for purposes of exploring and entering into a prospective resolution of the Action." Abadou Decl., Ex. A at 1. The Mediation Agreement's prohibition against using Mediation Documents for Other Purposes is so absolute that Plaintiffs are required to re-request such documents pursuant to FED. R. CIV. P. 26 and 34 when the PSLRA's automatic discovery stay is ultimately lifted. *Id.* Consequently, Plaintiffs did not—because the Mediation Agreement barred it—use any Mediation Documents to support their pending TRO Motion.

Exhibit H is TuSimple's Supplemental Memorandum of Points and Authorities in Further Opposition to Plaintiffs' Motion for Preliminary Injunction, together with the accompanying Declaration of Robert Kingsley Smith and supporting exhibits, filed in *Wilhoite v. Hou*, No. 3:23-cv-02333-BEN-MSB (S.D. Cal) ("*Wilhoite* Action") on May 8, 2024 (Dkt. 212). *See* ECF No. 198-2 at ¶ 12 (describing exhibit). It contains references to deposition testimony of, *inter alia*, key defendants, and excerpts of transcripts thereof that Plaintiffs possess pursuant to the Mediation Agreement but were precluded from using in support of Plaintiffs' *Ex*

---

[2]   Plaintiffs, of course, do not ask that the Parties' mediation discussions be deemed non-privileged.

*Parte* Motion for Temporary Restraining Order and Limited Expedited Discovery (ECF No. 187, the "TRO Motion").

Hence, TuSimple improperly raised argument regarding specific privileged Mediation Documents. Specifically, TuSimple's opposition brief makes the conclusory and self-serving assertion that:

> The three depositions subsequently taken in that case ***confirm that there is no evidence of past, ongoing, or future misappropriation*** of TuSimple's trade secrets by TuSimple, Hydron, or any other defendant. See Ex. H (Wilhoite, Dkt. 212) at 6-7, 10-11.

ECF Nos. 197 (sealed) & 198 (public) at 4:23-26. And further:

> Judge Benitez then permitted depositions (including the deposition of Hydron's principal and TuSimple's founder Mo Chen), which likewise showed that the information shared by TuSimple was similarly ***benign and intended for a proper business purpose***. See Ex. H at 6-7, 10-11.

*Id*. at 10:26-11:2. (emphasis added).[3] Material that is inadmissible due to the mediation privilege may be stricken pursuant to Rule 12(f). *Nguyen*, 2020 U.S. Dist. LEXIS 160442, at *4-5; *see also* FED. R. EVID. 408(a). CAL. EVID. CODE § 1119, in turn, provides that "[n]o writing […] prepared for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation, is admissible[.]" The Mediation Agreement specifically references and incorporates FED. R. EVID. 408(a) and CAL. EVID. CODE § 1119. *See* Abadou Decl., Ex. A.

Given the clear prohibition against repurposing privileged Mediation Documents here as set forth in the: (i) Mediation Agreement; (ii) FED. R. EVID. 408; and (iii) CAL. EVID. CODE § 1119, striking this material is justified. *See Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164, 1179-80 (C.D.

---

[3] Curiously, while TuSimple filed Exibit H under seal, it openly discusses Exhibit H's contents, without redactions—likely because it serves TuSimple's ends to do so. *See* ECF No. 198 at 4:23-26, 10:26-11:2 (public version); *cf*. ECF No. 198-11 (noting Exhibit H filed under seal).

Cal. 1998) ("this Court finds it is appropriate, in light of reason and experience, to adopt a federal mediation privilege applicable to all communications made in conjunction with a formal mediation"); *Shufen Ma v. S.F. Estuary Inst.*, 2024 U.S. Dist. LEXIS 83991, at *25-27 (N.D. Cal. 2024) (striking allegations from amended complaint based on statements and conduct in mediation); *Harman v. Golden Eagle Ins. Co.*, 2018 U.S. Dist. LEXIS 63884, at *8 (S.D. Cal. 2018).

Typically, when privileged mediation documents are used, the proponent of those documents is submitting material obtained from its adversary. This is not the case here. Here, TuSimple improperly interjected and relied on Mediation Documents that the Company itself produced—and yet Plaintiffs are constrained from responding in kind by the terms of the Mediation Agreement. It is axiomatic that a party cannot use the contents of privileged documents as both a sword and a shield by placing those documents at issue while precluding its adversary from also considering their content. *Apple Inc. v. Samsung Elecs. Co.*, 2015 U.S. Dist. LEXIS 80954, at *87-89 (N.D. Cal. 2015).

Doing so operates to waive privilege—including the mediation privilege. *Id.* Here, fundamental fairness dictates that Plaintiffs should be allowed to meaningfully respond to TuSimple's arguments. Accordingly, Plaintiffs respectfully submit that the Court should order that (i) TuSimple has waived its claim of privilege; and (ii) Plaintiffs are permitted unrestricted use of all the documents which have been provided to them in this litigation.[4]

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiffs' motion should be granted.

---

[4]    An index of the documents TuSimple produced to Plaintiffs pursuant to the Mediation Agreement is attached as Exhibit B to the Abadou Decl. The Court will note that that the index partially overlaps with the discovery materials sought in the TRO Motion. *Compare* Abadou Decl., Ex. B *with* ECF No. 187-1 at 20. Granting Plaintiffs the three requested depositions will further allow Plaintiffs to fairly test the veracity of TuSimple's Exhibit H.

- 5 -

DATED:  June 12, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
LUCAS F. OLTS
JENNIFER N. CARINGAL
HEATHER G. GEIGER
STEPHEN JOHNSON


*s/ Ramzi Abadou*
RAMZI ABADOU

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
lolts@rgrdlaw.com
jcaringal@rgrdlaw.com
hgeiger@rgrdlaw.com
sjohnson@rgrdlaw.com

*Lead Counsel for Lead Plaintiff Indiana Public Retirement System, and Named Plaintiff Michelle Poirier*

KAHN SWICK & FOTI, LLP
RAMZI ABADOU
580 California Street, Suite 1200
San Francisco, CA  94104
Telephone:  866/467-1400
ramzi.abadou@ksfcounsel.com

KAHN SWICK & FOTI, LLC
ALEXANDER L. BURNS (*pro hac vice*)
ALEXANDRA PRATT (*pro hac vice*)
JAMES T. FETTER (*pro hac vice*)
1100 Poydras Street, Suite 960
New Orleans, LA  70163
Telephone:  504/455-1400
alexander.burns@ksfcounsel.com
alexandra.pratt@ksfcounsel.com
james.fetter@ksfcounsel.com

*Counsel for Named Plaintiff Robert Miller*

- 6 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)