# EXHIBIT A

EXHIBIT A
Page 1

## MEDIATION CONFIDENTIALITY AGREEMENT

This agreement ("Agreement") dated April 12, 2024, between TuSimple Holdings, Inc. and its counsel, and Plaintiffs in *Dicker v. TuSimple Holdings, et al.,* No. 3:22-cv-01300-BEN-MSB (S.D. Cal) (the "Action") and their counsel ("Parties"), is intended to govern all information exchanged by any means (written, electronic or oral) in connection with the forthcoming mediation (the "Mediation") of the Action.

TuSimple intends to produce documents to Plaintiffs' counsel and to engage in candid discussion with Plaintiffs' counsel and the mediator in connection with the Mediation.  Plaintiffs also intend to engage in candid discussion with Defendants' counsel and the mediator.

All oral exchanges of information in connection with the Mediation ("Mediation Discussions") shall be used solely for purposes of exploring and entering into a prospective resolution of the Action ("Mediation Purposes") and may not be used for any other purpose whatsoever, including but not limited to use for any purpose whatsoever in connection with the Action or any related litigation ("Other Purposes").

All documents or electronic information produced in connection with the Mediation ("Mediation Documents") shall be used solely for Mediation Purposes and not for Other Purposes.

In the event that the automatic stay of discovery in the Action imposed by the Private Securities Litigation Reform Act ("Stay") expires by its terms, or is lifted by the Court so as to allow requests for documents or electronic information deemed Mediation Documents, then Plaintiffs' may request such documents or information pursuant to the Federal Rules of Civil Procedure 26 and 34.  After production of Mediation Documents pursuant to such a request the Plaintiffs  may use them for any proper purpose and they shall no longer be deemed Mediation Documents.  Plaintiffs shall not seek relief from the Stay on the basis that Mediation Documents have been produced and shall not use information obtained solely from Mediation Discussions and/or Mediation Documents as a basis to seek any relief, including relief from the Stay.

The Parties intend that the Mediation  and all exchanges of Mediation Documents and Mediation Discussions shall be confidential, protected to the full extent permitted by Fed. R. Evid. 408 and Cal. Evid. Code § 1152, and subject to the mediation privileges recognized in federal common law and Cal. Evid. Code §§ 1115-1129.

The Parties also intend to request entry of a protective order in the form attached hereto ("Protective Order").  In connection with the Mediation, TuSimple intends to provide to Plaintiffs for mediation purposes the documents produced to date in the related action, *Wilhoite v. Hou, et al.,* 3:23-cv-02333-BEN-MSB ("Wilhoite"), and unredacted copies of the pleadings and declarations filed by TuSimple to date in Wilhoite.  The former are Bates-numbered TUSIMPLE-WILHOITE_VOL001 - TUSIMPLE-WILHOITE 569 and bear the caption "Highly Confidential – Attorneys' Eyes Only." The latter are Bates-numbered TUSIMPLE-WILHOITE-MEDIAT_000001 – 3413 and bear the caption "CONFIDENTIAL ATTORNEY'S EYES ONLY MEDIATION PRIVILEGED".  While such documents remain Mediation Documents, consistent with Judge Benitez's order in Wilhoite, they shall be accorded the treatment mandated

**EXHIBIT A**
**Page 2**

by the Protective Order for documents marked "Highly Confidential – Attorney's Eyes Only." In the event that any of them shall no longer be deemed Mediation Documents, the Parties shall meet and confer upon request of any Party to determine the extent to which they should be redesignated, and any resulting dispute shall be submitted to Magistrate Judge Berg.

TUSIMPLE HOLDINGS, INC.

By its attorneys,

_____

Wilmer Cutler Pickering Hale and Dorr LLP

WILMER CUTLER PICKERING HALE AND DORR LLP

PLAINTIFFS

By their attorneys,

_____

Robbins Geller Rudman and Dowd LLP

– and –

_____

Kahn Swick & Foti, LLC

ROBBINS GELLER RUDMAN AND DOWD LLP

KAHN SWICK & FOTI, LLC

ACTIVEUS 203522691v.2