ROBBINS GELLER RUDMAN
 & DOWD LLP
DARREN J. ROBBINS (168593)
ELLEN GUSIKOFF STEWART (144892)
LUCAS F. OLTS (234843)
JENNIFER N. CARINGAL (286197)
HEATHER G. GEIGER (322937)
STEPHEN JOHNSON (347822)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
elleng@rgrdlaw.com
lolts@rgrdlaw.com
jcaringal@rgrdlaw.com
hgeiger@rgrdlaw.com
sjohnson@rgrdlaw.com

KAHN SWICK & FOTI, LLP
RAMZI ABADOU (222567)
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN DICKER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> TUSIMPLE HOLDINGS, INC., et al., <br><br> Defendants. | Case No. 3:22-cv-01300-BEN-MSB (Consolidated with No. 3:23-cv-00282-BEN-MSB) <br><br> <u>CLASS ACTION</u> <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT <br><br> Date: September 9, 2024 <br> Time: 10:30 a.m. <br> Judge:  Hon. Roger T. Benitez <br> Courtroom:  5A |

4864-8727-0355.v3

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................... 1

II.   OVERVIEW OF THE LITIGATION ..................................................... 2

III.  THE SETTLEMENT TERMS ................................................................ 6

IV.   THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL ............................................................................................ 8

    A.   Plaintiffs and Plaintiffs' Counsel Have Adequately Represented the Settlement Class .............................................. 9

    B.   The Proposed Settlement Is the Result of Good Faith, Arm's-Length Negotiations by Informed, Experienced Counsel Who Were Aware of the Risks of the Action ............................................. 10

    C.   The Relief Provided to the Settlement Class Is Significant ............... 11

        1.   The Substantial Benefits for the Settlement Class, Weighed Against the Costs, Risks, and Delay of Further Litigation, Support Preliminary Approval ............................... 11

        2.   The Proposed Method for Distributing Relief Is Effective ...... 14

        3.   Attorneys' Fees ........................................................................ 14

        4.   The Proposed Plan of Allocation Treats Settlement Class Members Equitably .................................................................. 15

    D.   The Remaining Ninth Circuit Factors Are Satisfied .......................... 16

        1.   Risk of Maintaining Class Action Status Through Trial .......... 16

        2.   Experience and Views of Counsel ........................................... 16

V.    CERTIFICATION OF THE SETTLEMENT CLASS FOR PURPOSES OF THE SETTLEMENT IS APPROPRIATE ....................... 17

    A.   The Requirements of Rule 23(a) Are Met ......................................... 18

        1.   Numerosity Is Satisfied ........................................................... 18

        2.   Commonality Is Satisfied ........................................................ 19

        3.   Typicality Is Satisfied ............................................................. 20

        4.   Plaintiffs and Plaintiffs' Counsel Are Adequate .................... 21

    B.   The Requirements of Rule 23(b)(3) Are Also Met ............................ 22

- i -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4864-8727-0355.v3

1

2                                                                                    **Page**

3   VI.    THE PROPOSED FORMS AND METHOD OF PROVIDING
           NOTICE TO THE SETTLEMENT CLASS ARE APPROPRIATE
4          AND SATISFY RULE 23, THE PSLRA, AND DUE PROCESS ............... 23

5   VII.   CONCLUSION ............................................................................. 25

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3:22-cv-01300-BEN-MSB
                                                         (Consolidated with No. 3:23-cv-
                                                                 00282-BEN-MSB)

4864-8727-0355.v3

1

## TABLE OF AUTHORITIES

2

**Page**

3

4 **CASES**

5 *Abadilla v. Precigen, Inc.,*
6    2023 WL 7305053 (N.D. Cal. Nov. 6, 2023)................................................. 1, 9, 10

7 *Amchem Prods. v. Windsor,*
8    521 U.S. 591 (1997) ................................................................. 18, 22

9 *Christine Asia Co., Ltd. v. Yun Ma,*
   2019 WL 5257534 (S.D.N.Y. Oct. 16, 2019) .................................................. 15
10

11 *Dougherty v. Esperion Therapeutics,*
   2020 WL 2832252 (E.D. Mich. May 31, 2020)................................................ 22
12

13 *Fleming v. Impax Lab'ys,*
   2021 WL 5447008 (N.D. Cal. Nov. 22, 2021)....................................... 19, 20, 22
14

15 *Fleming v. Impax Lab'ys Inc.,*
   2022 WL 2789496 (N.D. Cal. July 15, 2022) .................................................. 16
16

17 *Ford v. CEC Ent, Inc.,*
   2015 WL 11439032 (S.D. Cal. July 7, 2015)................................................... 23

18 *Franklin v. Kaypro Corp.,*
19    884 F.2d 1222 (9th Cir. 1989).......................................................... 9

20 *Hanlon v. Chrysler Corp.,*
   150 F.3d 1011 (9th Cir. 1998)........................................... 9, 11, 14, 21
21

22 *Hanon v. Dataproducts Corp.,*
   976 F.2d 497 (9th Cir. 1992) ........................................................ 20
23

24 *Hatamian v. Advanced Micro Devices, Inc.,*
   2016 WL 1042502 (N.D. Cal. Mar. 16, 2016) ........................................... 18, 22
25

26 *Hayes v. Magnachip Semiconductor Corp.,*
   2016 WL 7406418 (N.D. Cal. Dec. 22, 2016) .................................................. 18

27

28

4864-8727-0355.v3

**Page**

*Hefler v. Wells Fargo & Co.*,
    2018 WL 6619983 (N.D. Cal. Dec. 18, 2018),
    *aff'd sub nom. Hefler v. Pekoc*, 802 F. App'x 285
    (9th Cir. 2020) ............................................................................... 10, 11

*Hesse v. Sprint Corp.*,
    598 F.3d 581 (9th Cir. 2010) ................................................................. 8

*Homyk v. ChemoCentryx, Inc.*,
    2024 WL 1141699 (N.D. Cal. Mar. 6, 2024),
    *leave to appeal denied*, 2024 WL 2745788
    (9th Cir. May 23, 2024) ................................................................ 20, 23

*In re Atmel Corp. Deriv. Litig.*,
    2010 WL 9525643 (N.D. Cal. Mar. 31, 2010) .................................... 10

*In re: Bof I Holding, Inc. Sec. Litig.*,
    2022 WL 9497235 (S.D. Cal. Oct. 14, 2022) .................................... 15

*In re Celera Corp. Sec. Litig.*,
    2015 WL 1482303 (N.D. Cal. Mar. 31, 2015) .................................... 11

*In re Charles Schwab Corp. Sec. Litig.*,
    2011 WL 1481424 (N.D. Cal. Apr. 19, 2011) .................................... 13

*In re Cooper Cos. Inc. Sec. Litig.*,
    254 F.R.D. 628 (C.D. Cal. 2009) ..................................................... 22

*In re DJ Orthopedics, Inc. Sec. Litig.*,
    2003 WL 27363735 (S.D. Cal. Nov. 17, 2003) ........................... 20, 23

*In re Hyundai & Kia Fuel Econ. Litig.*,
    926 F.3d 539 (9th Cir. 2019) ....................................................... 9, 23

*In re Intuitive Surgical Sec. Litig.*,
    2016 WL 7425926 (N.D. Cal. Dec. 22, 2016) .................................. 20

*In re Juniper Networks, Inc. Sec. Litig.*,
    264 F.R.D. 584 (N.D. Cal. 2009) ..................................................... 21

- iv -

4864-8727-0355.v3

Page

*In re LendingClub Sec. Litig.*,
   282 F. Supp. 3d 1171 (N.D. Cal. 2017) ........................................................... 20

*In re LinkedIn User Priv. Litig.*,
   309 F.R.D. 573 (N.D. Cal. 2015) ..................................................................... 23

*In re MGM Mirage Sec. Litig.*,
   708 F. App'x 894 (9th Cir. 2017) .................................................................... 24

*In re Omnivision Techs., Inc.*,
   559 F. Supp. 2d 1036 (N.D. Cal. 2008) ........................................................... 16

*In re VeriSign, Inc. Sec. Litig.*,
   2005 WL 7877645 (N.D. Cal. Jan. 13, 2005),
   *amending order*, 2005 WL 226154
   (N.D. Cal. Jan. 31, 2005) .......................................................................... 19, 23

*In re Volkswagen "Clean Diesel" Mktg.*,
   *Sales Pracs., & Prods. Liab. Litig.*,
   2018 WL 6198311 (N.D. Cal. Nov. 28, 2018) .................................... 8, 11, 16

*In re Volkswagen "Clean Diesel" Mktg.*,
   *Sales Pracs., & Prods. Liab. Litig.*,
   2019 WL 2077847 (N.D. Cal. May 10, 2019) ................................................ 10

*In re Zynga Inc. Sec. Litig.*,
   2015 WL 6471171 (N.D. Cal. Oct. 27, 2015) ................................................ 15

*Khoja v. Orexigen Therapeutics*,
   2021 U.S. Dist. LEXIS 77777 (S.D. Cal. Apr. 22, 2021) ................................. 5

*Khoja v. Orexigen Therapeutics*,
   2021 WL 5632673 (S.D. Cal. Nov. 30, 2021) ................................................ 21

*Low v. Trump Univ., LLC*,
   246 F. Supp. 3d 1295 (S.D. Cal. 2017) ........................................................... 12

*McCulloch v. Baker Hughes Inteq Drilling Fluids, Inc.*,
   2017 WL 2257130 (E.D. Cal. May 23, 2017) ................................................. 18

4864-8727-0355.v3

**Page**

*Millan v. Cascade Water Servs., Inc.*,
    310 F.R.D. 593 (E.D. Cal. 2015)........................................................................ 18

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
    339 U.S. 306 (1950) ......................................................................................... 24

*Norris v. Mazzola*,
    2017 WL 6493091 (N.D. Cal. Dec. 19, 2017) ................................................. 16

*Oh v. Hamni Fin. Corp.*,
    2024 WL 3435259 (C.D. Cal. Mar. 19, 2024) ................................................... 7

*Parsons v. Ryan*,
    754 F.3d 657 (9th Cir. 2014) ..................................................................... 19, 20

*Rabin v. PricewaterhouseCoopers LLP*,
    2021 WL 837626 (N.D. Cal. Feb. 4, 2021)......................................................... 9

*Redwen v. Sino Clean Energy, Inc.*,
    2013 WL 12129279 (C.D. Cal. Mar. 13, 2013) ............................................... 11

*Rodriguez v. W. Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009)................................................................ 9, 12, 24

*Salazar v. Midwest Servicing Grp., Inc.*,
    2018 WL 3031503 (C.D. Cal. June 4, 2018)..................................................... 11

*SEB Inv. Mgmt. AB v. Symantec Corp.*,
    335 F.R.D. 276 (N.D. Cal. 2020) ............................................................... 18, 21

*Torrisi v. Tucson Elec. Power Co.*,
    8 F.3d 1370 (9th Cir. 1993),
    *aff'd*, 881 F.3d 1111 (9th Cir. 2018).  .............................................................. 12

*Van Brockhurst v. Safeco Corp.*,
    529 F.2d 943 (9th Cir. 1976)............................................................................... 9

*Vataj v. Johnson*,
    2021 WL 1550478 (N.D. Cal. Apr. 20, 2021) ............................................ 15, 22

4864-8727-0355.v3

1

2                                                                              **Page**

3    *Wasa Med. Holdings v. Sorrento Therapeutics, Inc.*,
4        2021 WL 533518 (S.D. Cal. Feb. 12, 2021) ...................................................... 21

5    *Williams v. Costco Wholesale Corp.*,
6        2010 WL 761122 (S.D. Cal. Mar. 4, 2010) ........................................................ 6

7    *Young v. LG Chem Ltd.*,
         2019 WL 4187396 (9th Cir. Sept. 4, 2019) ........................................................ 9
8
9    *Ziegler v. GW Pharms., PLC*,
         2024 WL 1470532 (S.D. Cal. Apr. 3, 2024) ...................................................... 14

10   **STATUTES, RULES, AND REGULATIONS**

11
     15 U.S.C.
12       §77k ................................................................................................... 3, 20, 22
13       §77l .................................................................................................... 3, 20, 22
         §77o ................................................................................................... 3, 20, 22
14       §78u-4(a)(4) ............................................................................................ 7, 14
15       §78j(b) ......................................................................................................... 3, 22
         §78t(a) ......................................................................................................... 3, 22
16       §78t-1 .......................................................................................................... 3, 22

17

18

19

20

21

22

23

24

25

26

27

28

                            - vii -                    3:22-cv-01300-BEN-MSB
                                               (Consolidated with No. 3:23-cv-
                                                        00282-BEN-MSB)

4864-8727-0355.v3

**Page**

Federal Rules of Civil Procedure

Rule 23..................................................................................... 8, 24

Rule 23(a) ....................................................................... 17, 18, 23

Rule 23(a)(1).................................................................................. 18

Rule 23(a)(2)............................................................................ 18, 19

Rule 23(a)(3).................................................................................. 20

Rule 23(a)(4).................................................................................. 20

Rule 23(b)(3) ................................................................. 17, 22, 23

Rule 23(c)(2)(B) ........................................................................... 23

Rule 23(e)(1)(B) ........................................................................... 17

Rule 23(e)(2)(C)(i) ....................................................................... 11

Rule 23(e) ....................................................................................... 8

Rule 23(e)(1).......................................................................... 8, 23

Rule 23(e)(2)..................................................................... 8, 9, 16

Rule 23(e)(2)(A) ............................................................................. 9

Rule 23(e)(2)(B) ........................................................................... 10

Rule 23(e)(2)(C)(ii) ...................................................................... 13

Rule 23(e)(2)(C)(iii) ..................................................................... 14

Rule 23(e)(2)(D) ........................................................................... 14

Rule 23(g)...................................................................................... 23

Rule 23(h)(1) ................................................................................ 24

**SECONDARY AUTHORITIES**

Edward Flores and Svetlana Starykh, *Recent Trends in Securities Class Action
Litigation: 2024 H1 Update* (NERA Aug. 6, 2024).......................................... 13

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-
00282-BEN-MSB)

# I.    INTRODUCTION

Plaintiffs respectfully submit the Settling Parties' proposed $189 million cash Settlement of this securities class action to the Court.[1]  If approved, the Settlement would represent one of the most significant securities class action recoveries ever obtained in this District.  The Settlement is the product of good-faith, arm's-length negotiations between experienced counsel under the supervision of former U.S. District Judge Layn R. Phillips of Phillips ADR Enterprises ("Judge Phillips"), a highly respected mediator with extensive experience in complex securities litigation. *See, e.g.*, *Abadilla v. Precigen, Inc.*, 2023 WL 7305053, at *3 (N.D. Cal. Nov. 6, 2023) ("'the [settlement agreement] resulted from good faith, arm's length negotiations conducted under the auspices of an independent mediator, [Judge Phillips], who has extensive experience in mediating class action litigations of this type'").[2]

Plaintiffs reached the Settlement only after they had a thorough appreciation of the strengths and weaknesses (and practical realities) of this novel case.  Specifically, Plaintiffs' Counsel[3] only obtained the Settlement after they: (i) investigated, drafted, and filed a detailed Consolidated Class Action Complaint for Violations of the Federal Securities Laws (ECF 103) ("Consolidated Complaint"); (ii) investigated, drafted, and

---

[1]    All capitalized terms not defined herein shall have the same meanings as set forth in the Stipulation of Settlement dated August 22, 2024 (the "Stipulation"), a true and correct copy of which is attached as Exhibit 1 to the Declaration of Lucas F. Olts in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Settlement, submitted herewith.  Emphasis is added and citations are omitted throughout unless otherwise noted.

[2]    Lead Counsel have conferred with TuSimple's Counsel concerning this motion. While TuSimple does not adopt or agree with the characterizations of the facts or certain of the arguments set forth herein, the Defendants do not oppose the relief sought.

[3]    "Plaintiffs' Counsel" refers to Lead Counsel Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and additional counsel Kahn Swick & Foti, LLC ("Kahn Swick").

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4864-8727-0355.v3

filed oppositions to Defendants' seven separate motions to dismiss the Consolidated Complaint, including a motion to quash service of summons and to dismiss by defendants Chao and Zhang; (iii) filed and fully briefed a motion to request alternative service of process on defendants Chao and Zhang and lift the Private Securities Litigation Reform Act of 1995 ("PSLRA") discovery stay; (iv) negotiated and executed an agreement with TuSimple, requiring it to regularly provide Plaintiffs with confidential financial information and advance notice of certain asset transfers and protect the putative class's potential recovery from dissipation; (v) filed, fully briefed, and argued a motion for temporary restraining order and for limited expedited discovery which resulted in TuSimple being prevented from transferring assets outside the jurisdiction of the Court and thereby protecting the ability of the Settlement Class to recover this record breaking sum; (vi) researched and opposed an untimely motion to intervene; and (vii) participated in a months-long mediation process with Judge Phillips, culminating in a mediator's proposal that the Settling Parties accepted.

Given the foregoing, the Settlement is not only fair, reasonable, and adequate – it is a tremendous result for the Settlement Class. Accordingly, Plaintiffs request certification for settlement purposes for those Persons who purchased and/or otherwise acquired TuSimple securities between April 15, 2021 and December 20, 2022, inclusive (the "Settlement Class Period"). Plaintiffs further seek approval of Verita Global ("Verita") as Claims Administrator and approval of the Notice, Proof of Claim, Summary Notice, and Postcard Notice, appended to the Stipulation as Exhibits A-1, A-2, A-3, and A-4 respectively.

As set forth in further detail herein, the Settlement exceeds the standards for preliminary approval and should therefore be granted.

## II.    OVERVIEW OF THE LITIGATION

On August 31, 2022, the first complaint in the Litigation was filed. ECF 1. On November 10, 2022, a related complaint was filed in the United States District Court

4864-8727-0355.v3

1   for the Southern District of New York.  *See Woldanski v. TuSimple Holdings, Inc., et*
2   *al.*, Case No. 3:23-cv-00282, ECF 1 (S.D.N.Y.) ("*Woldanski*").  On April 21, 2023,
3   the *Woldanski* case was transferred to this District.  *Id.*, ECF 75.  On July 20, 2023,
4   the Court consolidated the two related cases and set a briefing schedule for the
5   appointment of a lead plaintiff.  ECF 96.  On August 3, 2023, the Court appointed
6   INPRS as Lead Plaintiff and Robbins Geller as Lead Counsel.  ECF 100.

7        On October 2, 2023, Plaintiffs filed the Consolidated Complaint, alleging
8   violations of §§11, 12, and 15 of the Securities Act and §§10(b), 20(a), and 20A of the
9   Exchange Act, and SEC Rule 10b-5 promulgated thereunder.  ECF 103.   On
10  December 4, 2023, amid reports that the Company had laid off the vast majority of its
11  U.S. workforce, TuSimple announced its plans to wind down its U.S. operations,
12  move its business to China, and auction off its remaining U.S. assets.  *See* ECF 149-3
13  at 21.

14       On December 8, 2023, Defendants filed seven separate motions to dismiss the
15  Consolidated Complaint.  ECFs 135-139, 141-142.  On January 3, 2024, Defendants
16  Chao and Zhang moved to quash service of the summons and complaint and to
17  dismiss the Consolidated Complaint.  ECF 147.  On January 4, 2024, Plaintiffs filed a
18  motion to request alternate service of process on defendants Chao and Zhang and to
19  partially lift the PSLRA discovery stay as to defendants Chao and Zhang.  ECF 148.
20  On January 29, 2024, Plaintiffs filed their omnibus opposition to Defendants' motions
21  to dismiss the Consolidated Complaint.  ECF 149.

22       On January 17, 2024, TuSimple filed with the SEC a press release on Form 8-K
23  indicating its intent to delist from NASDAQ.  On February 8, 2024, the Company
24  filed a Form 15 with the SEC, which ceased all public trading in TuSimple common
25  stock.[4]  On February 15, 2024, Plaintiffs instigated negotiations with TuSimple to

---

[4]  *See* TuSimple's SEC Form 15, Certification and Notice of Termination of
Registration Under Section 12(g) of the Securities Exchange Act of 1934 or
Suspension of Duty to File Reports Under Sections 13 and 15(d) of the Securities

1  ensure TuSimple would not dissipate assets in a manner that would thwart the putative

2  class's potential recovery.  *See* ECF 187-3.

3       On February 26, 2024, Defendants filed replies in support of their motions to

4  dismiss.  ECFs 155-156, 158-162.  On March 12, 2024, the Court took Defendants'

5  motions to dismiss under submission.  ECF 167.  On March 18, 2024, Plaintiffs filed

6  their opposition to defendants Chao and Zhang's motion to quash service and to

7  dismiss the complaint, and they filed their opposition to Plaintiffs' motion for

8  alternate service of process and to lift the PSLRA discovery stay.  ECFs 168, 169.

9  Plaintiffs and defendants Chao and Zhang replied, respectively, on March 25, 2024.

10  ECFs 171-172.  On March 26, 2024, the Court took defendant Chao and Zhang's

11  motion to quash service and to dismiss the complaint, as well Plaintiffs' motion for

12  alternate service and to lift the PSLRA discovery stay, under submission.  ECF 173.

13       On March 26, 2024, following extensive negotiations between Plaintiffs'

14  Counsel and TuSimple's counsel, Plaintiffs and TuSimple entered into an agreement

15  whereby TuSimple was required to provide Plaintiffs with time-sensitive confidential

16  financial information about the Company and advance notice of any asset transfer that

17  exceeded certain specifically defined thresholds ("Asset Transfer Limitation and

18  Disclosure Agreement").  *See* ECF 187-2.  The same day, Plaintiffs and TuSimple

19  filed a joint motion requesting that the Court refer all discovery issues and related

20  matters to Magistrate Judge Michael S. Berg, which the Court granted on April 3,

21  2024.  ECFs 174, 178.  On April 12, 2024, Plaintiffs and TuSimple jointly moved for

22  a protective order to govern discovery, which Magistrate Judge Berg entered on April

23  15, 2024.  ECFs 179, 181.

24       During the second quarter of 2024, Plaintiffs and Defendants commenced a

25  mediation process with Judge Phillips.  An extensive May 2, 2024 mediation session

26  

27  Exchange Act of 1934 (Feb. 8, 2024), https://www.sec.gov/Archives
/edgar/data/1823593/000119312524027409/d625582d1512g.htm.

28  

- 4 -     3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-
00282-BEN-MSB)

4864-8727-0355.v3

was preceded by the submission of detailed mediation statements (which involved

consultations with various experts) by the Settling Parties.  In advance of the

mediation, and as a condition to mediation, TuSimple also provided Plaintiffs with:(i)

all documents produced the associated derivative action, *Wilhoite, et al. v. Hou, et al.*,

No. 3:23-cv-02333 (S.D. Cal.) ("*Wilhoite*"); (ii) unredacted copies of TuSimple filings

in the *Wilhoite* action, including sworn declarations submitted by TuSimple's CEO;

and (iii) transcripts of depositions taken in the *Wilhoite* action.  Despite good-faith

negotiations on behalf of the Settling Parties, the action remained unresolved after the

May 2, 2024 mediation.  However, the parties continued their settlement efforts with

the assistance of Judge Phillips while simultaneously actively litigating the action. *Id.*

On May 14, 2024, Plaintiffs were advised that TuSimple had not provided

notice with respect to a payment as required by the Asset Transfer Limitation and

Disclosure Agreement.  On May 30, 2024, Plaintiffs moved for a temporary

restraining order and for limited expedited discovery. ECF 187.  The next day, upon

agreement of between Plaintiffs and TuSimple, Magistrate Judge Berg so ordered

TuSimple from transferring any funds outside the United States until Plaintiffs'

motion for a temporary restraining order was fully briefed and heard, and set deadlines

for TuSimple's response and Plaintiffs' reply. *See* ECF 189.  Plaintiffs' motion for a

temporary restraining order was fully briefed by June 12, 2024.  ECFs 198, 206.  On

June 14, 2024, Plaintiffs and TuSimple participated in an informal conference with

Judge Berg and Plaintiffs' motion for a temporary restraining order was thereafter

taken under submission. *See* ECF 210.

On July 8, 2024, the Settling Parties accepted Judge Phillips' proposal to

resolve the Litigation in exchange for a cash payment of $189 million for the benefit

of the Settlement Class, subject to the execution of a Stipulation of Settlement and

approval by the Court. *See Khoja v. Orexigen Therapeutics*, 2021 U.S. Dist. LEXIS

77777, at *18 (S.D. Cal. Apr. 22, 2021) ("Only after months of further negotiations

- 5 -

1   were the Parties able to reach an agreement in principle and accept the mediator's

2   proposal. Accordingly, the Court finds that the Proposed Settlement was the product

3   of serious, informed, and non-collusive negotiations. . . .").  The Stipulation reflects

4   the final and binding agreement among the Settling Parties.  And at this preliminary

5   approval stage, the "Court need only determine whether the proposed settlement

6   appears on its face to be fair" and "falls within the range of possible approval."

7   *Williams v. Costco Wholesale Corp.*, 2010 WL 761122, at *5-*6 (S.D. Cal. Mar. 4,

8   2010).  The Settlement embodied in the Stipulation falls well within the range of

9   possible approval and warrants preliminary approval by the Court and issuance of

10  notice to Settlement Class Members.

11  ## III.    THE SETTLEMENT TERMS

12          This Settlement required Defendants to pay, or cause to be paid, $189 million

13  into the Escrow Account.  TuSimple paid $174 million of the Settlement Amount by

14  wire transfer on July 30, 2024, and the remaining $15 million portion of the

15  Settlement Amount was fully funded by August 1, 2024.  Those sums have been and

16  are continuing to earn substantial interest on behalf of the Settlement Class.

17          Notice to the Settlement Class and the cost of settlement administration

18  ("Notice and Administration Expenses") will be funded by the Settlement Fund.[5]

19  Stipulation, ¶2.10.  Plaintiffs propose a nationally recognized class action settlement

20  administrator, Verita, be retained subject to the Court's approval.  Lead Counsel chose

21  Verita, subject to Court approval, because of its experience and the quality of its work

22  in prior engagements for Plaintiffs' Counsel, and believes it is well suited to execute

23  the notice and claims administration in this Litigation.  Lead Counsel respectfully

24  requests that the Court approve its selection.

25

26

27  [5]   The Settlement Fund refers to the Settlement Amount plus all interest and
    accretions thereto.

28

4864-8727-0355.v3

The Notice, Summary Notice, and Postcard Notice provide that Plaintiffs' Counsel will move for final approval of the Settlement and: (a) an award of attorneys' fees in the amount of no more than twenty-five percent of the Settlement Amount; (b) payment of expenses or charges resulting from the prosecution of the Litigation not in excess of $300,000; (c) interest on such fees and expenses at the same rate and for the same period as is earned by the Settlement Fund; and (d) may request an award to Plaintiffs, pursuant to 15 U.S.C. §78u-4(a)(4), for their time and expenses incurred in representing the Settlement Class. The Notice explains that such fees and expenses shall be paid from the Settlement Fund.

Once Notice and Administration Expenses, Taxes, Tax Expenses, and Court-approved attorneys' fees and expenses have been paid from the Settlement Fund, the remaining amount (the "Net Settlement Fund") shall be distributed pursuant to the Court-approved Plan of Allocation (set forth in the Notice) to Authorized Claimants who are entitled to a distribution of at least $10.00. Following the distribution, any amount remaining shall be redistributed in an economically feasible manner. The Plan of Allocation treats all Settlement Class Members equitably based on their transactions in TuSimple securities, including the timing and amount of any such purchases, acquisitions, or sales.[6]

In exchange for the $189 million benefit provided to the Settlement Class, Settlement Class Members have provided standard releases to Defendants. Stipulation, ¶1.24. As described in §V, *infra*, this release "is limited to claims that relate to both the complaint's factual allegations and to the purchase or ownership of" TuSimple securities and therefore "ensure[s] that 'the released claim[s] [are] based on

---

[6]    The Settling Parties have also entered into a standard Supplemental Agreement concerning any possible requests for exclusion, which, if requested, the Parties can and will submit *in camera* for the Court's review. *See* Stipulation, ¶7.3. "The terms of the supplemental agreement are kept confidential to avoid incentivizing Settlement Class Members to opt out solely to leverage the threshold to exact an individual settlement." *Oh v. Hamni Fin. Corp.*, 2024 WL 3435259, at *2 (C.D. Cal. Mar. 19, 2024).

4864-8727-0355.v3

the identical factual predicate as that underlying the claims in the settled class action.'" *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2018 WL 6198311, at *5 (N.D. Cal. Nov. 28, 2018) ("*Volkswagen I*") (alterations in original) (quoting *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010)).

The Settlement Class Members, however, do ***not*** release "(i) any shareholder derivative claims, including the claims asserted in *Wilhoite* and *In re TuSimple Holdings, Inc. S'holder Litig.*, C.A. No. 2022-1095 (Del. Ch.), or any cases consolidated into those actions; (ii) any claims to enforce the Settlement; or (iii) any claims of any Person that submitted an effective request for exclusion from the Settlement Class." Stipulation, ¶1.24.

## IV. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

Rule 23(e) requires judicial approval for settlement of claims brought as a class action. Under Rule 23(e)(1), preliminary approval turns on whether the Court "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1). Rule 23(e)(2) provides that a proposed class settlement may be approved "only on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In making this determination, Rule 23(e) requires the Court to consider whether: (i) "[Plaintiffs] and [Plaintiffs'] [C]ounsel have adequately represented the [Settlement] [C]lass;" (ii) "the proposal was negotiated at arm's length;" (iii) "the relief provided for the [Settlement] [C]lass is adequate;" and (iv) "the proposal treats [Settlement] [C]lass [M]embers equitably relative to each other." *Id.*

Courts in the Ninth Circuit consider the following factors, several of which overlap with Rule 23(e)(2):

> [T]he strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience

- 8 -

and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).[7]

In applying these standards, courts also recognize that public policy strongly favors settlements to resolve disputes, "'particularly where complex class action litigation is concerned.'" *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019); *Young v. LG Chem Ltd.*, 2019 WL 4187396, at *1 (9th Cir. Sept. 4, 2019) (same). Accordingly, courts defer to "the private consensual decision of the parties" to settle and advance "'overriding public interest in settling and quieting litigation.'" *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009); *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) (quoting *Van Brockhurst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976)).

The proposed Settlement therefore satisfies Rule 23(e)(2) and all applicable Ninth Circuit factors, such that notice of the proposed Settlement should be sent to the Settlement Class in advance of the Settlement Hearing.

### A. Plaintiffs and Plaintiffs' Counsel Have Adequately Represented the Settlement Class

Rule 23(e)(2)'s first two factors look "to the conduct of the litigation and of the negotiations leading up to the proposed settlement." Fed. R. Civ. P. 23(e)(2) Advisory Committee notes to 2018 amendment. This Settlement bears all of the hallmarks of a procedurally fair resolution. Rule 23(e)(2)(A) asks whether the plaintiff and its counsel have adequately represented the class. As explained above, Plaintiffs and their counsel have diligently prosecuted this Litigation, including negotiating and reaching an agreement that allowed Plaintiffs to ensure that TuSimple did not prevent

---

[7] The Advisory Committee explained, and courts in the Ninth Circuit recognize, that the 2018 amendments to Rule 23 did not and "[we]re not intended to 'displace'" the *Hanlon* factors. *See, e.g., Precigen*, 2023 WL 7305053, at *7; *Rabin v. PricewaterhouseCoopers LLP*, 2021 WL 837626, at *3 n.2 (N.D. Cal. Feb. 4, 2021) (recognizing same).

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

1    a recovery for the Settlement Class in this Litigation by dissipating or otherwise

2    transferring assets abroad.  *See supra*, §§I-II.

3        As set forth herein, Plaintiffs and their counsel have more than adequately

4    represented the Settlement Class.  *See In re Volkswagen "Clean Diesel" Mktg., Sales*

5    *Pracs., & Prods. Liab. Litig.*, 2019 WL 2077847, at *1 (N.D. Cal. May 10, 2019)

6    ("*Volkswagen II*") (finding securities class settlement to be procedurally fair where

7    "Lead Counsel vigorously litigated th[e] action" and "the record support[ed] the

8    continuation of that effort during settlement negotiations").

9        **B.    The Proposed Settlement Is the Result of Good Faith,
            Arm's-Length Negotiations by Informed, Experienced**

10           **Counsel Who Were Aware of the Risks of the Action**

11       Rule 23(e)(2)(B) asks whether "the [settlement] proposal was negotiated at

12   arm's length."  Fed. R. Civ. P. 23(e)(2)(B).  The proposed Settlement was reached

13   only after the parties engaged in a protracted mediation process that included written

14   submissions prepared by both Plaintiffs' Counsel and Defendants' Counsel, in-person

15   mediation, and follow-up conferences, the totality of which resulted in a $189 million

16   mediator's proposal.  *See Volkswagen II*, 2019 WL 2077847, at *1 ("Lead Counsel

17   also attests that both sides engaged in a series of intensive, arm's-length negotiations

18   before they reached an agreement in principle to settle. . . .  There is no reason to

19   doubt the veracity of Lead Counsel's representations.").

20       Judge Phillips supervised this process at each step.  *See In re Atmel Corp.*

21   *Deriv. Litig.*, 2010 WL 9525643, at *13 (N.D. Cal. Mar. 31, 2010) ("Judge Phillips'

22   participation weighs considerably against any inference of a collusive settlement.");

23   *Precigen*, 2023 WL 7305053, at *3 (granting preliminary approval because, *inter alia*,

24   "the [settlement agreement] resulted from good faith, arm's length negotiations

25   conducted under the auspices of an independent mediator, [Judge Phillips], who has

26   extensive experience in mediating class action litigations of this type"); *Hefler v.*

27   *Wells Fargo & Co.*, 2018 WL 6619983, at *6 (N.D. Cal. Dec. 18, 2018) ("[T]he

28

- 10 -

4864-8727-0355.v3

Settlement was the product of arm's length negotiations through two full-day mediation sessions and multiple follow-up calls supervised by [Judge Phillips]."), *aff'd sub nom. Hefler v. Pekoc*, 802 F. App'x 285 (9th Cir. 2020).

Thus, the proposed Settlement was "the product of serious, informed, and non-collusive negotiations." *Volkswagen I*, 2018 WL 6198311, at \*4-\*5.

## C. The Relief Provided to the Settlement Class Is Significant

### 1. The Substantial Benefits for the Settlement Class, Weighed Against the Costs, Risks, and Delay of Further Litigation, Support Preliminary Approval

The proposed Settlement also satisfies the Ninth Circuit factors concerning the "strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation" and "the amount offered in settlement." *Hanlon*, 150 F.3d at 1026; *see* Fed. R. Civ. P. 23(e)(2)(C)(i). The $189 million recovery provides a significant and immediate benefit to the Settlement Class, especially in light of the costs, risks, and delay posed by continued litigation.

While Plaintiffs remain confident in their ability to ultimately prove the claims alleged, litigation – including a trial – is an inherently risky proposition. *See, e.g.*, *Salazar v. Midwest Servicing Grp., Inc.*, 2018 WL 3031503, at \*6 (C.D. Cal. June 4, 2018) (A "settlement agreement's elimination of risk, delay, and further expenses weighs in favor of approval."). Complex securities fraud actions, such as this one, are particularly risky for plaintiffs. *See Redwen v. Sino Clean Energy, Inc.*, 2013 WL 12129279, at \*5 (C.D. Cal. Mar. 13, 2013) ("Courts experienced with securities fraud litigation "'routinely recognize that securities class actions present hurdles to proving liability that are difficult for plaintiffs to clear.""'); *Hefler*, 2018 WL 6619983, at \*13 ("'securities class litigation is notably difficult and notoriously uncertain'"); *In re Celera Corp. Sec. Litig.*, 2015 WL 1482303, at \*5 (N.D. Cal. Mar. 31, 2015) ("As with any securities litigation case, it would be difficult for Lead Plaintiff to prove loss

- 11 -

4864-8727-0355.v3

1    causation and damages at trial. . . .   Lead Plaintiff would risk recovering nothing

2    without a settlement.").

3          Plaintiffs' ability to recover here is subject to even greater risk than those that

4    typically accompany securities litigation.  First, as noted above, Defendants' motions

5    to dismiss the Consolidated Complaint, including defendants Chao and Zhang's

6    motions to quash service and to dismiss, remain pending.  Even assuming Plaintiffs

7    were to prevail against some or all of the motions to dismiss, significant roadblocks

8    await in discovery, including attempting to obtain discovery of information located in

9    China.  Indeed, TuSimple's principal operations are now located in China.  *See* ECF

10   149-3 at 21-23.  Thus, a significant and growing portion of the evidence relevant to

11   the putative class's claims is and will be located abroad and subject to laws that

12   introduce uncertainty as to what discovery the putative class may obtain.  In fact,

13   TuSimple has already argued that, subject to approval from the relevant Chinese

14   authorities, Chinese law prevents provision of information collected in China, as well

15   as any efforts to "collect evidence in China" by any "institution or individual,"

16   including a deponent answering deposition questions that "relate [to] information

17   provided to him from China."  *See Wilhoite*, ECFs 153-1, 153-2 at 1.

18         Second, in order to obtain any recovery for the Settlement Class as a whole,

19   Plaintiffs would also need to prevail at class certification, summary judgment, pretrial

20   motions, trial, and subsequent appeals, a process that could possibly extend for years.

21   Settlement is favored where, as here, the case is "'complex and likely to be expensive

22   and lengthy to try,'" and presents numerous risks beyond the "'inherent risks of

23   litigation.'"  *Low v. Trump Univ., LLC*, 246 F. Supp. 3d 1295, 1301 (S.D. Cal. 2017)

24   (quoting *Rodriguez*, 563 F.3d at 966, and *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d

25   1370, 1376 (9th Cir. 1993)), *aff'd*, 881 F.3d 1111 (9th Cir. 2018).  Further, the United

26   States Supreme Court has just this year granted two cert petitions in securities matters,

27   demonstrating the ever-shifting legal landscape in securities cases such as this.  *See*

28

4864-8727-0355.v3

*Nvidia Corp., et al. v. E. Ohman J or Fonder AB, et al.*, Case No. 23-970; *Facebook Inc., et al. v. Amalgamated Bank, et al.*, Case No. 23-980.

Finally, as noted above, Plaintiffs have already filed a motion challenging TuSimple's ability to dissipate any recoverable assets by transferring them beyond the jurisdiction of the Court. Thus, even assuming Plaintiffs successfully litigated the action past each and every hurdle identified above to obtain a judgment against Defendants, collecting any recovery, let alone one of this magnitude, remains uncertain. *See In re Charles Schwab Corp. Sec. Litig.*, 2011 WL 1481424, at *5 (N.D. Cal. Apr. 19, 2011) ("[P]rosecuting these claims through trial and subsequent appeals would have involved significant risk, expense, and delay to any potential recovery. . . . [R]isks included proving loss causation and the falsity of the representations at issue.").

The $189 million Settlement balances the risks, costs, and delay inherent in complex cases evenly with respect to all parties. Plaintiffs' unyielding effort secured one of the most significant settlements in the history of this District. This result is beyond adequate, considering the median recovery in federal securities cases settled in the first half of 2024 was $9 million, while the mean was $26 million. Edward Flores and Svetlana Starykh, *Recent Trends in Securities Class Action Litigation: 2024 H1 Update*, at 15, fig. 13 and 16, fig. 14 (NERA Aug. 6, 2024).[8] Thus, the benefit created by the Settlement heavily favors granting the motion for preliminary approval. Considering the risks of continued litigation and the time and expense that would be incurred to prosecute the Litigation through a trial, the Settlement is clearly in the Settlement Class's best interests.

---

[8]    These average recoveries exclude settlements of $1 billion or higher, merger objections, cases concerning crypto unregistered securities, and settlements for $0 to the class. *Id.* at 16, fig. 14.

## 2.    The Proposed Method for Distributing Relief Is Effective

As demonstrated below in §VI, the methods of proposed notice and claims administration process (Rule 23(e)(2)(C)(ii)) are effective.  The notice plan includes direct mail or email notice to all those who can be identified with reasonable effort, supplemented by a Settlement-specific website where key documents will be posted, including the Stipulation, Notice, Proof of Claim, and Preliminary Approval Order. This is similar to the notice plan proposed and approved in *Ziegler v. GW Pharms., PLC*, 2024 WL 1470532, at *2 (S.D. Cal. Apr. 3, 2024).

The claims process is also effective and includes a standard Proof of Claim that requests the information necessary to calculate a claimant's claim amount pursuant to the Plan of Allocation ("Plan").  The Plan will govern how Settlement Class Members' claims will be calculated and, ultimately, how money will be distributed to Authorized Claimants.  The Plan was prepared with the assistance of Plaintiffs' consulting damages expert.  A thorough claim review process, including how deficiencies are addressed, is set forth in the Stipulation.  ¶¶5.4-5.10.

## 3.    Attorneys' Fees

Rule 23(e)(2)(C)(iii) addresses "the terms of any proposed award of attorney's fees, including timing of payment."  Fed. R. Civ. P. 23(e)(2)(C)(iii).  As discussed above (*supra* §III), Plaintiffs' Counsel intend to seek an award of attorneys' fees not to exceed twenty-five percent of the Settlement Amount and expenses in an amount not to exceed $300,000, plus interest on both amounts.  This fee request reflects the successful result achieved for the Settlement Class and is consistent with the 25% "benchmark award for attorney fees."  *Hanlon*, 150 F.3d at 1029.  Plaintiffs themselves may seek an award of up to $24,000 in the aggregate in connection with their representation of the Settlement Class.  *See* 15 U.S.C. §78u-4(a)(4).

- 14 -

4864-8727-0355.v3

### 4.    The Proposed Plan of Allocation Treats Settlement Class Members Equitably

Rule 23(e)(2)(D) asks whether the proposal, here the Plan of Allocation, treats Settlement Class Members equitably relative to each other.  Drafted with the assistance of Plaintiffs' consulting damages expert, the Plan is fair, reasonable, and adequate because it does not treat Plaintiffs or any other Settlement Class Member preferentially.  *See Vataj v. Johnson*, 2021 WL 1550478, at *10 (N.D. Cal. Apr. 20, 2021); *In re Zynga Inc. Sec. Litig.*, 2015 WL 6471171, at *10 (N.D. Cal. Oct. 27, 2015).

The Plan, set forth in the Notice (Stipulation, Ex. A-1 at 14-22), is designed to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  Based on the formulas in the Plan, a "Recognized Loss Amount" will be calculated for each transaction in TuSimple securities.  The Net Settlement Fund will be distributed to Authorized Claimants based on the type of security transacted and the relative size of their Recognized Claims.  The amount of the payment will depend on, among other factors, how many Settlement Class Members file valid claims and the aggregate value of the Recognized Claims represented by valid and acceptable Proofs of Claim.

Plaintiffs, just like all other Settlement Class Members, will be subject to the same formula for distribution of the Settlement.  Courts have previously found similar plans which include both common stock and options to be fair and reasonable.  *See, e.g., In re: Bof I Holding, Inc. Sec. Litig.*, 2022 WL 9497235, at *13 (S.D. Cal. Oct. 14, 2022) (approving distribution to stock and options purchasers and sellers); *Christine Asia Co., Ltd. v. Yun Ma*, 2019 WL 5257534, at *14 (S.D.N.Y. Oct. 16, 2019) (same).  Accordingly, the Plan is fair, reasonable, and applies in an equitable manner to all Settlement Class Members.

4864-8727-0355.v3

### D.    The Remaining Ninth Circuit Factors Are Satisfied

#### 1.    Risk of Maintaining Class Action Status Through Trial

As noted above, Plaintiffs have not yet filed a motion for class certification. Moreover, even if Plaintiffs prevailed on such a motion, "there is always a risk of decertification – especially when, as here, Plaintiffs must overcome causation and damages defenses." *See, e.g.*, *Fleming v. Impax Lab'ys Inc.*, 2022 WL 2789496, at *6 (N.D. Cal. July 15, 2022). Accordingly, this factor supports preliminary approval.

#### 2.    Experience and Views of Counsel

The opinion of experienced counsel supporting a class settlement after arm's-length negotiations is entitled to considerable weight. *Norris v. Mazzola*, 2017 WL 6493091, at *8 (N.D. Cal. Dec. 19, 2017). "[I]ndeed a presumption of fairness is usually appropriate if class counsel recommends the settlement after arm's-length bargaining." *Volkswagen I*, 2018 WL 6198311, at *5. Plaintiffs' Counsel have significant experience prosecuting and resolving major securities and other complex class-action litigation. *See* www.rgrdlaw.com; www.ksfcounsel.com. And by the time settlement discussions began, Plaintiffs' Counsel had a firm understanding of the strengths and weaknesses of the claims, both factually and legally. *Supra*, §§I-II. "There is nothing to counter the presumption that Lead Counsel's recommendation is reasonable." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008).

Additionally, Defendants have been vigorously represented by the following firms: (i) Wilmer Cutler Pickering Hale and Dorr LLP and Procopio, Cory, Hargreaves & Savitch, LLP (counsel for defendant TuSimple Holdings, Inc.); (ii) Latham & Watkins LLP (counsel for the underwriter defendants); (iii) Goodwin Procter LLP (counsel for defendant Cheng Lu); Morrison & Foerster LLP (counsel for defendant Patrick Dillon); (iv) Quinn Emanuel Urquhart & Sullivan, LLP (counsel for

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4864-8727-0355.v3

1    defendant Xiaodi Hou); (v) Hogan Lovells US LLP and Fitzgerald Knaier LLP
2    (counsel for defendant Mo Chen); (vi) Cooley LLP (counsel for defendants Guowei
3    "Charles" Chao and Bonnie Yi Zhang); and (vii) King & Spalding LLP and Koning
4    Zollar LLP (counsel for defendants Brad Buss and Karen C. Francis).   Defense
5    counsel was and is equally well-informed regarding the case.

6          Because the Settlement is the product of serious, informed, and non-collusive
7    negotiations among experienced counsel and a highly qualified mediator, it is suited
8    for preliminary approval.  In sum, each factor identified under Rule 23(e)(2) and by
9    the Ninth Circuit is satisfied.  Given the litigation risks involved, the complexity of the
10   underlying issues, and the skill of defense counsel, the $189 million recovery is even
11   more significant.  And, it could not have been achieved without the full commitment
12   of Plaintiffs and their counsel.   In short, the Settlement is fair, adequate, and
13   reasonable, such that notice should be sent to the Settlement Class.

14   **V.    CERTIFICATION OF THE SETTLEMENT CLASS FOR**
15   **       PURPOSES OF THE SETTLEMENT IS APPROPRIATE**

16         Under the terms of the Settlement, Defendants have agreed, for purposes of
17   settlement, to certification of the following Settlement Class: "all Persons who
18   purchased and/or otherwise acquired TuSimple securities during the Settlement Class
19   Period [between April 15, 2021 and December 20, 2022, inclusive]."  Stipulation,
20   ¶1.30.[9]  While the class period alleged in the Consolidated Complaint ended on
21   October 31, 2022, the Complaint alleges that the truth of Defendants' false statements

22

23
_____

24   [9]   Excluded from the Settlement Class are: (i) Defendants and members of their
     immediate families; (ii) current and former officers and directors of TuSimple and
25   members of their immediate families; (iii) any entity in which any Defendant has a
     controlling interest or which is related to or affiliated with any Defendant; (iv)
26   TuSimple's subsidiaries and affiliates or other entities owned or controlled by it; (v)
     the legal representatives, heirs, successors, or assigns of each Defendant; and (vi) any
27   Persons who properly exclude themselves by submitting a valid and timely request for
     exclusion.
28

was not fully revealed until disclosures made on December 5 and 20, 2022.  As part of

the mediation process, the Settling Parties agreed to the dates of the Settlement Class.

At this stage, the Court should determine whether it "will likely be able" to

grant certification to the proposed Settlement Class at final approval.  Fed. R. Civ. P.

23(e)(1)(B).  Plaintiffs submit that the Settlement Class satisfies the requirements of

Rule 23(a) (numerosity, commonality, typicality, and adequacy of representation) as

well as the requirements of Rule 23(b)(3).  *See Amchem Prods. v. Windsor*, 521 U.S.

591, 614 (1997).

### A.    The Requirements of Rule 23(a) Are Met

#### 1.    Numerosity Is Satisfied

The numerosity requirement is met where the party seeking certification shows

the class is "so numerous that joinder of all members is impracticable."  Fed. R. Civ.

P. 23(a)(1).  This does not mean that joinder is impossible, but rather "'only that the

court must find that the difficulty or inconvenience of joining all members of the class

makes class litigation desirable.'"  *McCulloch v. Baker Hughes Inteq Drilling Fluids,*

*Inc.*, 2017 WL 2257130, at *7 (E.D. Cal. May 23, 2017) (quoting *Millan v. Cascade*

*Water Servs., Inc.*, 310 F.R.D. 593, 603 (E.D. Cal. 2015)).  "While no specific

minimum number of potential class members exists, a 'proposed class of at least forty

members presumptively satisfies the numerosity requirement.'"  *Hatamian v.*

*Advanced Micro Devices, Inc.*, 2016 WL 1042502, at *4 (N.D. Cal. Mar. 16, 2016).

In assessing this requirement here, "'[t]he Court certainly may infer that, when a

corporation has millions of shares trading on a national exchange,' the numerosity

requirement is met."  *Hayes v. Magnachip Semiconductor Corp.*, 2016 WL 7406418,

at *3 (N.D. Cal. Dec. 22, 2016).

Throughout the Settlement Class Period, TuSimple securities traded on the

NASDAQ, and during the Settlement Class Period, had more than 27 million shares

outstanding.  ECF 103, ¶289.  This easily establishes numerosity.  *See SEB Inv. Mgmt.*

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-
00282-BEN-MSB)

*AB v. Symantec Corp.*, 335 F.R.D. 276, 282-83 (N.D. Cal. 2020) (numerosity satisfied with "over six-hundred thousand outstanding shares of Symantec common stock during the class period").

### 2.    Commonality Is Satisfied

Rule 23(a)(2) requires a showing that there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Plaintiffs need not show . . . that 'every question in the case, or even a preponderance of questions, is capable of class wide resolution. So long as there is """"even a single common question," a would-be class can satisfy the commonality requirement of Rule 23(a)(2).'" *Parsons v. Ryan*, 754 F.3d 657, 675 (9th Cir. 2014). """"Commonality exists where 'the circumstances of each particular class member vary but retain a common core of factual or legal issues with the rest of the class.'" *Fleming v. Impax Lab'ys*, 2021 WL 5447008, at *6 (N.D. Cal. Nov. 22, 2021). "Commonality, like numerosity, is a prerequisite which plaintiffs generally, and which Plaintiffs here, satisfy very easily." *In re VeriSign, Inc. Sec. Litig.*, 2005 WL 7877645, at *5 (N.D. Cal. Jan. 13, 2005), *amending order*, 2005 WL 226154 (N.D. Cal. Jan. 31, 2005).

Settlement Class Members have suffered a common injury – losses on their investments in TuSimple securities – and their claims depend upon numerous common issues capable of class-wide resolution, including: (i) whether Defendants' alleged misrepresentations and omissions violated the Exchange Act; (ii) whether Defendants' alleged misrepresentations and omissions violated the Securities Act; (iii) whether Defendants engaged in a scheme to defraud; (iv) whether Defendants' alleged misrepresentations and omissions were material; (v) whether Defendants acted knowingly or recklessly with regard to their Exchange Act violations; (vi) whether certain Defendants controlled TuSimple; (vii) whether Defendants' alleged scheme and/or misrepresentations and omissions caused the Settlement Class to suffer a compensable loss; and (viii) whether the Settlement Class has sustained damages, and

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4864-8727-0355.v3

the proper measure of damages. "Although the amount to which each class member is entitled will differ, the issues described above are common to the proposed Settlement Class. Accordingly, . . . the commonality requirement is met in this case." *Fleming*, 2021 WL 5447008, at *6; *see also Homyk v. ChemoCentryx, Inc.*, 2024 WL 1141699, at *7 (N.D. Cal. Mar. 6, 2024) (finding commonality for Exchange Act claims under §20A), *leave to appeal denied*, 2024 WL 2745788 (9th Cir. May 23, 2024); *In re DJ Orthopedics, Inc. Sec. Litig.*, 2003 WL 27363735, at *3-*4 (S.D. Cal. Nov. 17, 2003) (finding commonality for Securities Act claims under §§11, 12, and 15).

### 3. Typicality Is Satisfied

Rule 23(a)(3) requires that the proposed class representative's claims be "typical" of the claims of the Settlement Class. The typicality requirement "imposes only a modest burden." *In re LendingClub Sec. Litig.*, 282 F. Supp. 3d 1171, 1182 (N.D. Cal. 2017). "The test of typicality is 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Parsons*, 754 F.3d at 685. "The purpose of the typicality requirement is to 'assure that the interest of the named representative aligns with the interests of the class.'" *In re Intuitive Surgical Sec. Litig.*, 2016 WL 7425926, at *5 (N.D. Cal. Dec. 22, 2016) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). "'Under the rule's permissive standards, representative claims are "typical" if they are reasonably coextensive with those of absent class members; they need not be substantially identical.'" *Parsons*, 754 F.3d at 685.

Here, Plaintiffs' claims are "typical" of other Settlement Class Members' claims because they arise out of the same alleged course of conduct and, like other Settlement Class Members, they all allege that they purchased TuSimple securities during the Settlement Class Period at artificially affected prices due to Defendants' material omissions, and were damaged when the truth emerged. Thus, Plaintiffs and

the Settlement Class assert the same legal claims, which relate to the adequacy of such public statements and will rely on the same facts and legal theories to establish liability.

### 4.    Plaintiffs and Plaintiffs' Counsel Are Adequate

Under Rule 23(a)(4), the parties representing the class must "fairly and adequately protect the interests of the class," which presents two questions: "'(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members[,] and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *SEB*, 335 F.R.D. at 284-85 (alteration in original) (quoting *Hanlon*, 150 F.3d at 1020).

Plaintiffs and Plaintiffs' Counsel readily satisfy adequacy.  First, based upon their purchases of TuSimple securities during the Settlement Class Period and losses suffered, Plaintiffs' interests are directly aligned with – rather than antagonistic to – the interests of other Settlement Class Members, who were injured by the same alleged materially false and misleading statements and omissions as Plaintiffs. Second, there are no conflicts between Plaintiffs and the Settlement Class.  *See In re Juniper Networks, Inc. Sec. Litig.*, 264 F.R.D. 584, 590 (N.D. Cal. 2009) (finding that the class representatives were adequate because there was no evidence of conflicts of interest with the class).

Plaintiffs have also retained counsel who satisfy this adequacy requirement. "With more than 200 attorneys in offices nationwide, Robbins Geller has prosecuted numerous securities litigations and securities fraud class actions successfully on behalf of investors, including obtaining recoveries in excess of one billion dollars." *Wasa Med. Holdings v. Sorrento Therapeutics, Inc.*, 2021 WL 533518, at *7 (S.D. Cal. Feb. 12, 2021) (appointing Robbins Geller lead counsel); *Khoja v. Orexigen Therapeutics*, 2021 WL 5632673, at *9 (S.D. Cal. Nov. 30, 2021) (Kahn Swick "overcame several hurdles before the parties settled the case, and settlement may not have been reached

without [its] skill and expertise."); *see also Dougherty v. Esperion Therapeutics*, 2020 WL 2832252, at *5 (E.D. Mich. May 31, 2020) (appointing Robbins Geller and Kahn Swick as Class Counsel, noting the firms' "significant collective experience in class [action] litigation"). Plaintiffs' chosen counsel have demonstrated their willingness to commit considerable resources to prosecuting this Litigation and have vigorously represented the Settlement Class's interests. Thus, the adequacy requirement is satisfied.

### B.    The Requirements of Rule 23(b)(3) Are Also Met

Plaintiffs seek to certify the Settlement Class pursuant to Rule 23(b)(3), whereby certification is appropriate when: (1) questions of law or fact common to Settlement Class Members predominate over questions affecting only individual members; and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. These requirements are readily satisfied here. The predominance inquiry of Rule 23(b)(3) asks whether "'proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Hatamian*, 2016 WL 1042502, at *3. As the Supreme Court has explained, "[p]redominance is a test readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws." *Amchem*, 521 U.S. at 625.

Here, the common questions identified above predominate over individual questions because Defendants' alleged scheme and misleadingly incomplete statements affected all Settlement Class Members in the same manner. *Vataj*, 2021 WL 1550478, at *6 (finding common questions predominate where the same operative facts apply to each class member). Moreover, virtually all the elements under §§11, 12, and 15 of the Securities Act and §§10(b), 20(a), and 20A of the Exchange Act involve common questions of law and fact that predominate over individualized issues. *Fleming*, 2021 WL 5447008, at *6; *In re Cooper Cos. Inc. Sec. Litig.*, 254

- 22 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-
00282-BEN-MSB)

1    F.R.D. 628, 640 (C.D. Cal. 2009); *Homyk*, 2024 WL 1141699, at \*7; *DJ Orthopedics*,

2    2003 WL 27363735, at \*8.

3         Finally, the superiority element of Rule 23(b)(3) tests whether class treatment is

4    "superior to other available methods for fairly and efficiently adjudicating the

5    controversy." Fed. R. Civ. P. 23(b)(3). In cases like this one, where "'recovery on an

6    individual basis would be dwarfed by the cost of litigating on an individual basis,'" a

7    class action is the superior method of adjudication.[10] *In re LinkedIn User Priv. Litig.*,

8    309 F.R.D. 573, 585 (N.D. Cal. 2015); *VeriSign*, 2005 WL 7877645, at \*9 ("Class

9    actions are particularly well-suited in the context of securities litigation, wherein

10   geographically dispersed shareholders with relatively small holdings would otherwise

11   have difficulty in challenging wealthy corporate defendants."). Moreover, Plaintiffs

12   are not aware of any other pending actions seeking similar relief.

13        In sum, all of the requirements of Rules 23(a) and (b)(3) are satisfied, and there

14   are no issues that would prevent the Court from certifying the Settlement Class for

15   settlement purposes, appointing in Plaintiffs as class representatives, and appointing

16   Plaintiffs' Counsel as class counsel pursuant to Rule 23(g).

17   **VI.   THE PROPOSED FORMS AND METHOD OF PROVIDING**
18          **NOTICE TO THE SETTLEMENT CLASS ARE**
            **APPROPRIATE AND SATISFY RULE 23, THE PSLRA, AND**
19          **DUE PROCESS**

20        Rule 23(c)(2)(B) requires that notice of a settlement be "the best notice that is

21   practicable under the circumstances, including individual notice to all members who

22   can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). *See also*

23

24   ------

   [10]   When a class is seeking certification for purposes of settlement, "the superiority

25   inquiry focuses "'on the efficiency and economy elements of the class action so that
     cases allowed under [Rule 23(b)(3)] are those that can be adjudicated most profitably

26   on a representative basis."'" *Ford v. CEC Ent, Inc.*, 2015 WL 11439032, at \*4 (S.D.
     Cal. July 7, 2015) (alteration in original); *Hyundai*, 926 F.3d at 556-57 ("[t]he criteria

27   for class certification are applied differently in litigation classes and settlement
     classes" and "manageability is not a concern in certifying a settlement class").

28

4864-8727-0355.v3

Fed. R. Civ. P. 23(e)(1). Courts evaluating proposed notice documents have held that "'[n]otice is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard."'" *Rodriguez*, 563 F.3d at 962.

Here, the Settling Parties propose to send, by email or first class mail, postage prepaid, individual copies of the Postcard Notice to all potential Settlement Class Members who can reasonably be identified and located. Preliminary Approval Order, ¶10. In addition, the Summary Notice will be published in *The Wall Street Journal* and over a national newswire service. *Id.* The proposed methods of providing notice satisfy the requirements of Rule 23, the PSLRA, and due process. *See In re MGM Mirage Sec. Litig.*, 708 F. App'x 894, 896 (9th Cir. 2017). The proposed full-length Notice, which will be available on the Settlement website and from the Claims Administrator upon request, provides detailed information in plain English.[11] The content of the proposed Notice, Summary Notice, and Postcard Notice are "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

Also, Rule 23(h)(1) requires that "[n]otice of the motion [for attorneys' fees] must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." Fed. R. Civ. P. 23(h)(1). The proposed Notice, Summary Notice, and Postcard Notice satisfy this requirement, as they notify the Settlement Class that Plaintiffs' Counsel will apply to the Court for an award of

---

[11] The Notice describes the proposed Settlement and sets forth, among other things: (i) the nature, history, and status of the Litigation; (ii) the definition of the Settlement Class and who is excluded; (iii) the reasons the parties have proposed the Settlement; (iv) the amount of the Settlement Fund; (v) the estimated average distribution per damaged security; (vi) the Settlement Class's claims and issues; (vii) the parties' disagreement over damages and liability; (viii) the maximum amount of attorneys' fees and expenses that Plaintiffs' Counsel intends to seek in connection with final Settlement approval; (ix) the plan for allocating the Settlement proceeds to the Settlement Class; and (x) the date, time, and place of the Settlement Hearing.

1  attorneys' fees not to exceed twenty-five percent of the Settlement Fund and litigation

2  expenses not to exceed $300,000 to be paid from the Settlement Fund.

3        In sum, the notice program proposed in connection with the Settlement and the

4  form and content of the Notice, Summary Notice, and Postcard Notice satisfy all

5  applicable requirements of both the Federal Rules of Civil Procedure and the PSLRA.

6  Accordingly, the Court should also approve the proposed form and method of giving

7  notice to the Settlement Class.

8  **VII.  CONCLUSION**

9        For each of the foregoing reasons, the Court should enter the [Proposed] Order

10 Preliminarily Approving Settlement and Providing for Notice, which will:

11 (i) preliminarily approve the Settlement; (ii) preliminarily certify the Settlement Class

12 for settlement purposes; (iii) approve the form and manner of providing notice of

13 pendency and Settlement to the Settlement Class; and (iv) set a Settlement Hearing

14 date to consider final approval of the Settlement and related matters.

15 DATED:  August 26, 2024          Respectfully submitted,

16                                 ROBBINS GELLER RUDMAN
                                    & DOWD LLP
17                                 DARREN J. ROBBINS
                                    ELLEN GUSIKOFF STEWART
18                                 LUCAS F. OLTS
                                    JENNIFER N. CARINGAL
19                                 HEATHER G. GEIGER
                                    STEPHEN JOHNSON
20

21                                         s/ Lucas F. Olts

22                                      LUCAS F. OLTS

23                                 655 West Broadway, Suite 1900
                                    San Diego, CA  92101
24                                 Telephone:  619/231-1058
                                    619/231-7423 (fax)
25                                 darrenr@rgrdlaw.com
                                    elleng@rgrdlaw.com
26                                 lolts@rgrdlaw.com
                                    jcaringal@rgrdlaw.com
27                                 hgeiger@rgrdlaw.com
                                    sjohnson@rgrdlaw.com
28
                                         - 25 -           3:22-cv-01300-BEN-MSB
                                                    (Consolidated with No. 3:23-cv-
                                                          00282-BEN-MSB)

4864-8727-0355.v3

1

Lead Counsel for Lead Plaintiff Indiana
2    Public Retirement System, and Named
Plaintiff Michelle Poirier
3

KAHN SWICK & FOTI, LLP
4    RAMZI ABADOU
580 California Street, Suite 1200
5    San Francisco, CA 94104
Telephone: 415/459-6900
6    ramzi.abadou@ksfcounsel.com

7    KAHN SWICK & FOTI, LLC
ALEXANDER L. BURNS (*pro hac vice*)
8    ALEXANDRA PRATT (*pro hac vice*)
JAMES T. FETTER (*pro hac vice*)
9    1100 Poydras Street, Suite 960
New Orleans, LA 70163
10    Telephone: 504/455-1400
alexander.burns@ksfcounsel.com
11    alexandra.pratt@ksfcounsel.com
iames.fetter@ksfcounsel.com
12

Counsel for Named Plaintiff Robert Miller
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 26 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-
00282-BEN-MSB)

4864-8727-0355.v3