# EXHIBIT 1

1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  DARREN J. ROBBINS (168593)
   ELLEN GUSIKOFF STEWART (144892)
3  LUCAS F. OLTS (234843)
   JENNIFER N. CARINGAL (286197)
4  HEATHER G. GEIGER (322937)
   STEPHEN JOHNSON (347822)
5  655 West Broadway, Suite 1900
   San Diego, CA  92101
6  Telephone:  619/231-1058
   619/231-7423 (fax)
7  darrenr@rgrdlaw.com
   elleng@rgrdlaw.com
8  lolts@rgrdlaw.com
   jcaringal@rgrdlaw.com
9  hgeiger@rgrdlaw.com
   sjohnson@rgrdlaw.com
10
   KAHN SWICK & FOTI, LLP
11 RAMZI ABADOU (222567)
   580 California Street, Suite 1200
12 San Francisco, CA 94104
   Telephone: (415) 459-6900
13 Facsimile: (504) 455-1498
   ramzi.abadou@ksfcounsel.com
14
   [Additional counsel appear on signature page.]
15
                      UNITED STATES DISTRICT COURT
16
                    SOUTHERN DISTRICT OF CALIFORNIA
17

| | |
|---|---|
| AUSTIN DICKER, Individually and on Behalf of All Others Similarly Situated, ) ) ) Plaintiff, ) ) vs. ) ) TUSIMPLE HOLDINGS, INC., et al., ) ) Defendants. ) | Case No. 3:22-cv-01300-BEN-MSB (Consolidated with No. 3:23-cv-00282-BEN-MSB)<br><br>CLASS ACTION<br><br>STIPULATION OF SETTLEMENT<br><br>Judge:  Hon. Roger T. Benitez<br>Courtroom:   5A |

4873-9583-2017.v7

This Stipulation of Settlement, dated August 22, 2024 (the "Stipulation"), is made and entered into by and among Plaintiffs and Defendants, by and through their counsel of record in the Litigation.[1]  Plaintiffs and Defendants are referred to herein collectively as the "Settling Parties."  The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Litigation and the Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.[2]

## I.   THE LITIGATION

The Litigation is currently pending before the Honorable Roger T. Benitez in the United States District Court for the Southern District of California (the "Court"). The initial complaint in the Litigation was filed on August 31, 2022.  On August 3, 2023, the Court appointed INPRS as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP as Lead Counsel.  INPRS and the Named Plaintiffs Robert Miller and Michelle Poirier filed the Consolidated Complaint on October 2, 2023.  The Consolidated Complaint alleged violations of §§11, 12, and 15 of the Securities Act of 1933 (the "Securities Act") and violations of §10(b) and SEC Rule 10b-5 promulgated thereunder, and §§20(a) and 20A of the Securities Exchange Act of

---

[1]   The parties are Indiana Public Retirement System ("INPRS"), Robert Miller, and Michelle Poirier (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class, by and through their counsel of record in *Dicker vs. TuSimple Holdings, Inc., et al.*, No. 3:22-cv-01300-BEN-MSB (S.D. Cal.) (the "Litigation"); and TuSimple Holdings, Inc. ("TuSimple" or the "Company"), Guowei "Charles" Chao, Xiaodi Hou, Mo Chen, Bonnie Yi Zhang, Cheng Lu, Patrick Dillon, Brad Buss, Karen C. Francis, Morgan Stanley & Co. LLC, Citigroup Global Markets, Inc., J.P. Morgan Securities LLC, BofA Securities, Inc., Cowen and Company, LLC, Credit Suisse Securities (USA) LLC, Nomura Securities International, Inc., RBC Capital Markets, LLC, Needham & Company, LLC, Oppenheimer & Co., Inc., Piper Sandler & Co., Robert W. Baird & Co., and Valuable Capital Limited (collectively, with TuSimple, "Defendants").

[2]   All capitalized terms used herein shall have the meaning ascribed to them in §IV.1. of this Stipulation, unless otherwise indicated.

4873-9583-2017.v7

1934 (the "Exchange Act").    Defendants moved to dismiss the Consolidated Complaint on December 8, 2023.

On January 3, 2024, Defendants Chao and Zhang moved to quash service of the summons and complaint and to dismiss the Consolidated Complaint.  On January 4, 2024, Plaintiffs moved to request alternate service of process on Defendants Chao and Zhang and to lift the discovery stay imposed by the Private Securities Litigation Reform Act of 1995.

Plaintiffs and TuSimple entered into an agreement on March 26, 2024 (the "Asset Transfer Limitation and Disclosure Agreement"), whereby TuSimple would regularly provide Plaintiffs confidential financial information and advance notice of any asset transfer that exceeded certain specifically defined thresholds.  The Asset Transfer Limitation and Disclosure Agreement was entered into only after extensive negotiations between Plaintiffs' Counsel and TuSimple's Counsel.

On March 26, 2024, Plaintiffs and TuSimple filed a joint motion requesting that the Court refer all discovery issues and related matters to Magistrate Judge Michael S. Berg.  That motion was granted on April 3, 2024.  On April 12, 2024, Plaintiffs and TuSimple jointly moved for a protective order to govern discovery. Magistrate Judge Berg entered such an order on April 15, 2024.

In April 2024, Plaintiffs and Defendants commenced a mediation process with the Hon. Layn R. Phillips (Ret.) of Phillips ADR Enterprises ("Judge Phillips").  The mediation process included a May 2024 mediation session.  The mediation session was preceded by submission of mediation statements by the Settling Parties.  In advance of the mediation, TuSimple also provided Plaintiffs with additional documents and deposition transcripts.  The Litigation did not settle.  While that mediation took place and good faith negotiations ensued, the action remained unresolved.

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4873-9583-2017.v7

Thereafter, the parties continued litigating the action while simultaneously conducting ongoing settlement efforts with the assistance of Judge Phillips.  On May 14, 2024, TuSimple's Counsel alerted Plaintiffs that TuSimple had not provided notice with respect to a payment as required by the Asset Transfer Limitation and Disclosure Agreement.   On May 30, 2024, Plaintiffs moved for a temporary restraining order and for limited expedited discovery.  On June 14, 2024, Plaintiffs and TuSimple participated in an informal conference with Magistrate Judge Berg.

In connection with ongoing settlement efforts, the mediator issued a mediator's proposal on July 3, 2024.  On July 8, 2024, the Settling Parties accepted the mediator's proposal to settle the Litigation in exchange for a cash payment of $189 million for the benefit of the Settlement Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.  This Stipulation (together with the Exhibits hereto) reflects the final and binding agreement among the Settling Parties.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Throughout the course of this Litigation and in this Stipulation, Defendants expressly have denied, and continue to deny, any and all of the claims alleged in the Litigation, including any and all allegations of fault, negligence, liability, wrongdoing, or damages whatsoever.  Without limiting the foregoing in any way, Defendants expressly have denied, and continue to deny, each and all of the claims and contentions alleged by Plaintiffs in this Litigation, including claims that they have committed any act or made any materially misleading statement giving rise to any liability under the federal securities laws.  Defendants expressly have denied, and continue to deny, that they have committed any wrongdoing or violations of law as alleged in any complaint in the Litigation or that could have been alleged in the Litigation, and Defendants maintain that their conduct was at all times proper and in

compliance with applicable provisions of law.  Defendants also expressly have denied, and continue to deny, that they made any material misstatement or omission or engaged in any fraudulent schemes, that the prices of TuSimple securities were artificially inflated during the Settlement Class Period as a result, that any Settlement Class Member, including Plaintiffs, suffered any damages, or that any Settlement Class Member, including Plaintiffs, was harmed by any conduct alleged in the Litigation or that could have been alleged in this Litigation.  Defendants have asserted and continue to assert that (a) their public disclosures contained no material misstatements or omissions, and (b) at all times, they acted in good faith and in a manner reasonably believed to be in accordance with all applicable rules, regulations, and laws.  Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

As set forth below, neither the Settlement nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or constitute an admission, concession, or finding of any fault, negligence, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants are entering into this Stipulation solely to eliminate the burden, expense, and uncertainty of further litigation given the protracted period in which proceedings necessary to defend the Litigation through trial and any appeals might otherwise occur.  Defendants have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.   PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiffs and Lead Counsel believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims asserted therein.  However, Plaintiffs and Lead Counsel recognize and acknowledge the

- 4 -

4873-9583-2017.v7

expense and length of continued proceedings necessary to prosecute the Litigation past a motion to dismiss, through discovery, summary judgment and trial, as well as through appeals. Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and the risks of any litigation, especially in a complex action such as this Litigation, as well as the difficulties and delays inherent in this Litigation, including potential limitations on discovery in China. Plaintiffs and Lead Counsel also are mindful of the inherent problems of proof under, and possible defenses to, the securities law violations asserted in the Litigation. Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class. Based on their own investigation and evaluation, Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Plaintiffs and the Settlement Class.

## IV.     TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, without any concession by Plaintiffs that the Litigation lacks merit, and without any concession by the Defendants of any liability, wrongdoing, fault, damages, or lack of merit in the defenses asserted, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (on behalf of themselves and the Settlement Class Members) and Defendants, by and through their respective counsel, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the Settlement, the Litigation and the Released Claims shall be finally, fully, and forever compromised, settled, and released, and the Litigation shall be dismissed with prejudice upon and subject to the terms and conditions of this Stipulation, as follows:

4873-9583-2017.v7

### 1.    Definitions

As used in this Stipulation, the following terms, when capitalized, have the meanings specified below:

1.1    "Authorized Claimant" means any Settlement Class Member who submits a valid Claim to the Claims Administrator that is accepted for payment pursuant to the Court-approved Plan of Allocation.

1.2    "Business Day" means any day except Saturday or Sunday or any legal holiday, as defined in Rule 6(a)(6) of the Federal Rules of Civil Procedure.

1.3    "Claim(s)" means a paper claim submitted on a Proof of Claim and Release form or an electronic claim that is submitted to the Claims Administrator, substantially in the form contained in Exhibit A-2 attached hereto.

1.4    "Claims Administrator" means the firm of Verita Global.

1.5    "Defendants" means TuSimple, Guowei "Charles" Chao, Xiaodi Hou, Mo Chen, Bonnie Yi Zhang, Cheng Lu, Patrick Dillon, Brad Buss, Karen C. Francis, Morgan Stanley & Co. LLC, Citigroup Global Markets, Inc., J.P. Morgan Securities LLC, BofA Securities, Inc., Cowen and Company, LLC, Credit Suisse Securities (USA) LLC, Nomura Securities International, Inc., RBC Capital Markets, LLC, Needham & Company, LLC, Oppenheimer & Co., Inc., Piper Sandler & Co., Robert W. Baird & Co., and Valuable Capital Limited.

1.6    "Defendants' Counsel" means the law firms of Wilmer Cutler Pickering Hale and Dorr LLP, Procopio, Cory, Hargreaves & Savitch, LLP, Goodwin Procter LLP, Morrison & Foerster LLP, Quinn Emanuel Urquhart & Sullivan, LLP, Hogan Lovells US LLP, Fitzgerald Knaier LLP, Latham & Watkins LLP, Cooley LLP, Koning Zollar LLP, and King & Spalding, LLP.

1.7    "Effective Date," or the date upon which this Settlement becomes "Effective," means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred or have been waived.

4873-9583-2017.v7

1.8    "Escrow Account" means an interest-bearing account established with an independent custodian by the Escrow Agent.  The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiffs and the Settlement Class in accordance with the terms of this Stipulation, the Escrow/Custody Agreement, and any order of the Court.

1.9    "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP and its successor(s).

1.10   "Escrow/Custody Agreement" means the agreement between the Escrow Agent and the custodian of the Escrow Account dated July 25, 2024, of which TuSimple is a third party beneficiary.

1.11   "Final" means, with respect to any order or Judgment of the Court, that such order or Judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review.  Without limitation, an order or Judgment becomes Final when either: (a) the time in which the applicable rules permit an appeal of the Judgment or any other court order has expired without the filing of any appeal; or (b) an appeal has been filed and either (i) the court of appeals or Supreme Court has either affirmed the order or Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has expired; or (ii) a higher court has granted further appellate review and that court has either affirmed the underlying order or Judgment or affirmed the court of appeals' decision affirming the Judgment or dismissing the appeal.  For purposes of this paragraph, an "appeal" shall include any motion for reconsideration or petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of this Settlement.  Any appeal or proceeding seeking subsequent judicial review pertaining solely to an

4873-9583-2017.v7

order issued with respect to: (i) attorneys' fees, costs, or expenses, and any award made pursuant to 15 U.S.C. §78u-4(a)(4); (ii) the Plan of Allocation (as submitted or subsequently modified); or (iii) the procedures for determining Authorized Claimants' recognized Claims (collectively, the "Excluded Orders"), shall not in any way delay, affect, or preclude the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.12 "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B, as well as any form of final judgment that may be entered by the Court in a form other than the form attached hereto as Exhibit B and where none of the Settling Parties elects to terminate this Settlement by reason of such variance, consistent with the terms of this Stipulation.

1.13 "Lead Counsel" means the law firm of Robbins Geller Rudman & Dowd LLP.

1.14 "Plaintiffs" means Indiana Public Retirement System, Robert Miller, and Michelle Poirier.

1.15 "Plaintiffs' Counsel" means Lead Counsel and any attorney or firm who has appeared in the Litigation on behalf of any plaintiff or proposed class, including the law firm of Kahn Swick & Foti, LLC.

1.16 "Litigation" means the lawsuit pending in the United States District Court for the Southern District of California captioned *Dicker vs. TuSimple Holdings, Inc., et al.*, No. 3:22-cv-01300-BEN-MSB (S.D. Cal.).

1.17 "Net Settlement Fund" means the Settlement Fund less: (i) any Court-awarded attorneys' fees, expenses, and interest thereon; (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) other Court-approved deductions.

1.18 "Notice and Administration Expenses" means actual notice and administration expenses, including reasonable costs and expenses actually incurred with providing notice of the Settlement to the Settlement Class by mail, email, publication, and other means, locating potential Settlement Class Members, assisting with the submission of Claims, processing Proofs of Claim, administering the Settlement, and paying escrow taxes, fees, and costs, if any.

1.19 "Person(s)" means an individual, corporation (including all divisions and subsidiaries), partnership, limited partnership, limited liability partnership, limited liability corporation, limited liability company, professional corporation, joint venture, fund, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and all of their respective spouses, heirs, beneficiaries, trustees, transferees, executors, administrators, predecessors, successors, representatives, or assignees.

1.20 "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants. Neither Defendants nor the Released Defendant Parties shall have any responsibility, obligation, or liability with respect to the Plan of Allocation described in the Notice or any modification thereof.

1.21 "Postcard Notice" means the notice, as approved by the Court and as described in ¶3.1 and in the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A-4, which is to be emailed or mailed to potential Settlement Class Members informing them of the Settlement contemplated by this Stipulation.

1.22 "Preliminary Approval Order" means an order entered by the Court, substantially in the form of Exhibit A attached hereto, granting, *inter alia*: (i) the preliminary approval of the Settlement set forth in this Stipulation; (ii) preliminary

certification of the Settlement Class for settlement purposes; and (iii) approval for the mailing and emailing of the postcard notice ("Postcard Notice"), publication of a summary notice ("Summary Notice"), and the posting of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release form on the case-designated website, substantially in the forms of Exhibits A-1 through A-4 attached hereto.

1.23 "Proof of Claim" means the Proof of Claim and Release form for submitting a Claim. Subject to approval of the Court, the Proof of Claim shall be substantially in the form attached hereto as Exhibit A-2, which a Settlement Class Member must complete and submit should that Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

1.24 "Released Claims" means, to the fullest extent permitted, any and all claims, rights, controversies, duties, obligations, demands, allegations, arguments, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages, liabilities and causes of action of every nature and description, whether known or unknown, contingent or non-contingent, matured or unmatured, foreseen or unforeseen, disclosed or undisclosed, suspected or unsuspected, discoverable or undiscoverable, concealed or hidden, liquidated or unliquidated, accrued or unaccrued, at law or in equity, whether direct, representative, class or individual in nature, whether arising under foreign, federal, state, or local statutory or common law or any other law, rule, regulation, ordinance or administrative provision, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future in this Litigation or any other action or in any other forum, against any or all of Defendants' Released Persons that arise from or out of or are in connection with or are based upon, arise from, or relate in any way to: (a) the allegations, transactions, offerings, facts, matters, events, acts, failures to act,

occurrences, breaches of duty, statements, representations, misrepresentations, disclosures, omissions and/or claims which were or could have been alleged in this Litigation; and (b) the purchase or acquisition of TuSimple securities during the Settlement Class Period.  "Released Claims" also includes claims relating to the settlement or resolution of the Litigation.  This release does not cover, include, or release: (i) any shareholder derivative claims, including the claims asserted in *Wilhoite, et al. v. Hou, et al.*, No. 3:23-cv-02333 (S.D. Cal.) and *In re TuSimple Holdings, Inc. Stockholder Litigation*, C.A. No. 2022-1095 (Del. Ch.), or any cases consolidated into those actions; (ii) any claims to enforce the Settlement; or (iii) any claims of any Person that submitted an effective request for exclusion from the Settlement Class.  "Released Claims" includes "Unknown Claims" as defined in ¶1.38 hereof.

1.25   "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Plaintiffs, Plaintiffs' Counsel, or any Settlement Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

1.26 "Released Defendant Party" or "Released Defendant Parties" or "Defendants' Released Persons" mean any or all of Defendants and/or any or all of their related parties, including, without limitation, any and all of their current, past, present, or future parents, subsidiaries, affiliates, predecessors, successors, assigns, divisions, funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, controlling shareholders, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, banks or investment bankers, commercial bankers, financial or investment advisors, consultants, advisors, underwriters,

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4873-9583-2017.v7

insurers, co-insurers, reinsurers in their capacities as such, as well as each of the Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, legatees, devisees, administrators, spouses, receivers and trustees, settlors, auditors, accountants, and assigns, as well as any trust of which any of the Defendants is the settlor or which is for the benefit of any of the Defendants and/or member(s) of his family, and any person, partnership, firm, trust, corporation, limited liability company, officer, director, or other individual or entity in which any of the Defendants has a controlling interest or which is related to or affiliated with any of the Defendants.

1.27 "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean Plaintiffs, Plaintiffs' Counsel and each and every Settlement Class Member, and each of their respective past or present trustees, executors, administrators, officers, directors, partners, members, employees, contractors, auditors, accountants, advisors (including financial advisors or consultants), principals, agents, attorneys, associates, predecessors, successors, assigns, representatives, affiliates, joint ventures, funds, shareholders, underwriters, insurers, personal or legal representatives, estates, financial advisors or consultants, banks or investment bankers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Releasing Plaintiff Party who is an individual, as well as any trust of which any Releasing Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members in their capacities as such. Releasing Plaintiff Parties does not include any Person who would otherwise be a Settlement Class Member but who validly and timely requests exclusion from the Settlement Class.

1.28 "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

4873-9583-2017.v7

1.29   "Settlement Amount" means One Hundred Eighty-Nine Million U.S. Dollars (U.S. $189,000,000), which has been paid to the Escrow Account pursuant to ¶2.2 of this Stipulation.  No further payment on behalf of Defendants shall be made in respect of any Notice and Administration Expenses, any attorneys' fees and expenses to Plaintiffs' Counsel and awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) (as allowed by the Court), any Settlement Class Member benefits, and any other costs, expenses, or fees of any kind whatsoever associated with the Settlement. Under no circumstance shall any Defendant have any obligation to pay any additional amount beyond the Settlement Amount.

1.30   "Settlement Class" means all Persons who purchased and/or otherwise acquired TuSimple securities during the Settlement Class Period.  Excluded from the Settlement Class are: (i) Defendants and members of their immediate families; (ii) current and former officers and directors of TuSimple and members of their immediate families; (iii) any entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant; (iv) TuSimple's subsidiaries and affiliates or other entities owned or controlled by it; (v) the legal representatives, heirs, successors, or assigns of each Defendant; and (vi) any Persons who properly exclude themselves by submitting a valid and timely request for exclusion.

1.31   "Settlement Class Member" or "Member of the Settlement Class" mean a Person who falls within the definition of the Settlement Class as set forth in ¶1.30 above.

1.32   "Settlement Class Period" means the period April 15, 2021 to December 20, 2022, inclusive.

1.33   "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

4873-9583-2017.v7

1   1.34   "Settlement Hearing" means the hearing set by the Court under Rule

2   23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the

3   Settlement.

4   1.35   "Settling Parties" means, collectively, Defendants and Plaintiffs, on

5   behalf of themselves and the Settlement Class.

6   1.36   "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs,

7   imposts, and other charges of any kind (together with any and all interest, penalties,

8   additions to tax and additional amounts imposed with respect thereto) imposed by

9   any governmental authority, including, but not limited to, any local, state, and

10  federal taxes on the Settlement Fund.

11  1.37   "TuSimple's Counsel" means the law firm of Wilmer Cutler Pickering

12  Hale and Dorr LLP.

13  1.38   "Unknown Claims" means (a) any and all Released Claims which any

14  of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its

15  favor at the time of the release of the Released Defendant Parties, which, if known

16  by him, her, or it, might have affected his, her, or its settlement with and release of

17  the Released Defendant Parties, or might have affected his, her, or its decision(s)

18  with respect to the Settlement, including, but not limited to, whether or not to object

19  to this Settlement or seek exclusion from the Settlement Class; and (b) any and all

20  Released Defendants' Claims that any of the Released Defendant Parties do not

21  know or suspect to exist in his, her, or its favor at the time of the release of Plaintiffs,

22  the Settlement Class, and Plaintiffs' Counsel, which, if known by him, her, it, or

23  them might have affected his, her, its, or their settlement and release of Plaintiffs,

24  the Settlement Class, and Plaintiffs' Counsel.   With respect to (a) any and all

25  Released Claims against the Released Defendant Parties, and (b) any and all

26  Released Defendants' Claims against Plaintiffs, the Settlement Class, and Plaintiffs'

27  Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the

28

- 14 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4873-9583-2017.v7

Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4873-9583-2017.v7

any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiffs, the Settlement Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## 2.     The Settlement

2.1     The obligations incurred pursuant to the Stipulation are: (a) subject to approval by the Court and to the Judgment, reflecting such approval, becoming Final; and (b) in full and final disposition of the Litigation, and any and all Released Claims and Released Defendants' Claims upon and subject to the terms and conditions set forth herein.

### a.     The Settlement Amount

2.2     In full and final settlement of the claims asserted in the Litigation and in consideration of the releases specified in ¶¶4.1-4.2 herein, TuSimple has paid $174 million of the Settlement Amount into the Escrow Account by wire transfer and the remaining $15 million of the Settlement Amount has been paid by Defendants' insurance carriers into the Escrow Account.  Until the Judgment is Final, the Escrow Agent shall maintain the Settlement Amount plus any accrued interest in the Escrow Account, except for payment of Taxes and Notice and Administration Expenses as provided in this Stipulation, and any payment of attorneys' fees approved by the Court pursuant to ¶6.2.

2.3     Other than Defendants' obligation to pay or cause to be paid the Settlement Amount into the Escrow Account as set forth in ¶2.2 herein, the Released Defendant Parties shall have no role in, responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Plaintiffs' Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns; or (vii) the payment of any other Notice and Administration Expenses.

2.4     Other than the obligation to cause the payment of the Settlement Amount in accordance with the terms of ¶2.2, the Released Defendant Parties shall have no obligation to make any other payments pursuant to the Stipulation, including

- 17 -

4873-9583-2017.v7

without limitation, compensation to any Settlement Class Member, payment of attorneys' fees and expenses awarded by the Court, payment of any fees or expenses incurred by any Settlement Class Member or Plaintiffs' Counsel, or interest on the Settlement Amount of any kind and relating to any time period (including prior to the payment of the Settlement Amount into the Escrow Account).

### b.    The Escrow Agent

2.5    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, or in money funds holding only instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All costs and risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Defendant Parties shall have no role in, responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.6    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, the Escrow/Custody Agreement, by an order of the Court, or with the prior written agreement of Defendants' Counsel.

2.7    Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation and the Escrow/Custody Agreement.  The Released Defendant Parties shall have no role in,

4873-9583-2017.v7

1    responsibility for, interest in, or liability whatsoever with respect to the actions of

2    the Escrow Agent, or any transaction executed by the Escrow Agent.

3         2.8    All funds held by the Escrow Agent shall be deemed and considered to

4    be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the

5    Court, until such time as such funds shall be distributed pursuant to this Stipulation

6    and/or further order(s) of the Court.

7         2.9    Prior to the Court's entry of the Preliminary Approval Order, no portion

8    of the Settlement Amount deposited into the Escrow Account may be paid out of the

9    Escrow Account without express written consent of TuSimple's Counsel, which

10   consent shall not be unreasonably withheld.

11        2.10   Notwithstanding the fact that the Effective Date of the Settlement has

12   not yet occurred, following the Court's entry of the Preliminary Approval Order,

13   Lead Counsel may pay from the Settlement Fund, without further approval from

14   Defendants and/or order of the Court, the reasonable costs and expenses actually

15   incurred in connection with providing notice of the Settlement by mail, publication,

16   and other means, locating potential Settlement Class Members, assisting with the

17   submission of Claims, processing Proofs of Claim, and administering the Settlement

18   ("Notice and Administration Expenses"), up to seven hundred thousand dollars

19   ($700,000).   Following the Effective Date, Lead Counsel may pay from the

20   Settlement Fund all Notice and Administration Expenses as incurred without further

21   approval of the Court.

22        2.11   It shall be Lead Counsel's responsibility to disseminate the Notice,

23   Proof of Claim, Postcard Notice, and Summary Notice to potential Settlement Class

24   Members in accordance with this Stipulation and as ordered by the Court.   The

25   Released Defendant Parties shall have no responsibility for, obligation, or liability

26   whatsoever with respect to the Notice and Administration Expenses, nor shall they

27   have any responsibility, obligation, or liability whatsoever for any claims with

28

respect thereto.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for any Notice and Administration Expenses.

### c.    Taxes

2.12    The Settling Parties agree as follows:

(a)    The Settling Parties and the Escrow Agent agree that the Settlement Fund is intended to be, and shall be treated as being at all times, as a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1, and the regulations promulgated thereunder.  The Settling Parties and the Escrow Agent further agree that the Settlement Fund shall be established pursuant to an order of the Court approving the establishment of the Settlement Fund (in accordance with Treas. Reg. §1.468B-1(e)(1)), and the Settlement Fund shall remain subject to the subject matter jurisdiction of the Court throughout the Settlement Fund's existence, all in accordance with Treas. Reg. §1.468B-1(c)(1).  The Escrow Agent shall timely make such elections as are necessary or advisable to carry out the provisions of this ¶2.12, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1(i)(2)(ii)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations, and copies thereof, together with proof of copies thereof, together with proof of filing by the Escrow Agent (and any other related documentation or information reasonably requested), shall be provided to the Released Defendant Parties.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg. §1.468B-2(k)(3)) shall be the Escrow Agent.  The Escrow

- 20 -

4873-9583-2017.v7

Agent shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the elections described in ¶2.12(a) hereof) shall be consistent with this ¶2.12 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.12(c) hereof.

(c)   All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned by the Settlement Fund for any period, after the deposit of the Settlement Amount, during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.12 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.12) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events, the Released Defendant Parties and their counsel shall have no liability, obligation, or responsibility whatsoever for the Taxes or the Tax Expenses.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to

4873-9583-2017.v7

the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Defendant Parties nor their counsel are responsible nor shall they have any liability, obligation, or responsibility for any Taxes or Tax Expenses.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.12.

2.13   This is not a claims-made settlement.  As of the Effective Date, the Released Defendant Parties, and/or any other Person funding the Settlement on their behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason, and shall not have liability should Claims made exceed the amount available in the Settlement Fund for payment of such Claims.  The Released Defendant Parties shall not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for the payment of Claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund.

### d.   Termination of Settlement

2.14   In the event that this Stipulation is not approved or the Settlement is not approved, or is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked prior to distribution of the Net Settlement Fund to Authorized Claimants, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing pursuant to ¶¶2.10 and 2.12 hereof in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from TuSimple's Counsel in accordance with ¶7.4 herein.

4873-9583-2017.v7

### 3.      Preliminary Approval Order and Settlement Hearing

3.1      Promptly after execution of this Stipulation, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation pursuant to Federal Rule of Civil Procedure 23(e)(2), certification of the Settlement Class for settlement purposes, and approval for the mailing and/or emailing of the Postcard Notice and publication of the Summary Notice, substantially in the forms of Exhibits A-4 and A-3, respectively, attached hereto.  The Postcard Notice shall direct Settlement Class Members to the Settlement website to access the Notice, which shall contain the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶6.1 hereof, and the date of the Settlement Hearing, as defined in ¶1.34 and below.

3.2      Within ten (10) calendar days after entry of the Preliminary Approval Order, TuSimple shall use its reasonable efforts to provide to Lead Counsel or the Claims Administrator, at no cost to Plaintiffs or the Settlement Class, a list in electronic format, containing the names and addresses and email addresses, if available, of record holders of TuSimple securities during the Settlement Class Period, as set forth in the records of its transfer agent.  The Settling Parties acknowledge that any information provided to the Claims Administrator or Lead Counsel pursuant to this paragraph shall be treated as confidential and will be used by the Claims Administrator and Lead Counsel solely to deliver the Postcard Notice and/or implement the Settlement, including the Plan of Allocation.  It shall be solely Lead Counsel's responsibility to disseminate the Postcard Notice and Summary Notice to the Settlement Class in accordance with this Stipulation and as ordered by the Court.  Settlement Class Members shall have no recourse as to the Released

1   Defendant Parties with respect to any claims they may have that arise from any
2   failure of the notice process.

3       3.3     Lead Counsel shall request that, after notice is given and not earlier than
4   one hundred (100) calendar days after entry of the Preliminary Approval Order, the
5   Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the
6   Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also
7   will request that the Court approve the proposed Plan of Allocation and the Fee and
8   Expense Application.  The Settlement is expressly conditioned upon, among other
9   things, the entry of a Judgment, substantially in the form attached hereto as Exhibit
10  B.

11      **4.     Releases**

12      4.1     Upon the Effective Date, as defined in ¶1.7 hereof, Plaintiffs shall have,
13  and each and every Releasing Plaintiff Party shall be deemed to have, and by
14  operation of the Judgment shall have, irrevocably and unconditionally, fully, finally,
15  and forever waived, released, relinquished, discharged, and dismissed with prejudice
16  each and every one of the Released Claims against each and every one of the
17  Released Defendant Parties and shall forever and permanently be barred and
18  enjoined from filing, commencing, instituting, prosecuting, continuing, asserting,
19  intervening in, maintaining, or enforcing any action or other proceeding in any forum
20  (including, but not limited to, any foreign, federal, state or local court of law or
21  equity, arbitration tribunal, or administrative forum), asserting any of the Released
22  Claims against any and all of the Released Defendant Parties, whether or not such
23  Releasing Plaintiff Party executes and delivers the Proof of Claim or shares in the
24  Net Settlement Fund.  Claims to enforce the terms of this Stipulation are not released.
25  The Judgment shall fully, finally, and completely extinguish the liability of each
26  Released Defendant Party as to any and all Released Claims for purposes of 15
27  U.S.C. §78u-4(f)(7)(A)(ii).

28

4873-9583-2017.v7

4.2     Upon the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against Plaintiffs, the Settlement Class, and Plaintiffs' Counsel.  Claims to enforce the terms of this Stipulation are not released.

**5.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the Claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants. With the exception that Defendants shall be responsible for providing any required notice under the CAFA, including the costs and expenses thereof, the Released Defendant Parties and Defendants' Counsel shall have no role in, responsibility for, interest in, liability, or obligation whatsoever in the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Releasing Plaintiff Parties, including Plaintiffs, any other Settlement Class Members, or Plaintiffs' Counsel, in connection with such administration, including, but not limited to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management or investment of the Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of

- 25 -

any Taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

5.2   The Settlement Fund shall be applied as follows:

(a)   to pay all Notice and Administration Expenses;

(b)   to pay the Taxes and Tax Expenses;

(c)   to pay attorneys' fees and expenses of Plaintiffs' Counsel and any awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Settlement Class, if and to the extent allowed by the Court (the "Fee and Expense Award"); and

(d)   after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as provided by this Stipulation, the Plan of Allocation, or the orders of the Court.

5.3   After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following provisions of this Stipulation.

5.4   Within one hundred-twenty (120) calendar days after the mailing of the Postcard Notice or such other time as may be set by the Court, each Settlement Class Member who seeks to receive any payment pursuant to the terms of this Stipulation shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim.

5.5   Except as otherwise ordered by the Court or provided herein, all Settlement Class Members who fail to timely submit a valid Proof of Claim within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to this

Stipulation and the Settlement set forth herein, but will, in all other respects, be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.   No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any Settlement Class Member by reason of the exercise or non-exercise of such discretion.

5.6     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to ¶5.8 below.

5.7     Proofs of Claim that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted.  The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose Claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose Claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of ¶5.8 below.

5.8     If any claimant whose timely Claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must,

4873-9583-2017.v7

within twenty (20) calendar days after the date of mailing of the notice required in ¶5.7 above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the claimant's request for review to the Court.

5.9     Each claimant who does not seek exclusion from the Settlement Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim, including, but not limited to, all releases provided for herein and in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure. In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Litigation or the Settlement. All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not, in any event, delay or affect the finality of the Judgment. All Settlement Class Members, other claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

5.10    Following the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the distribution of the Net Settlement

- 28 -

4873-9583-2017.v7

Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*. Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to an appropriate, non-profit charitable organization(s) unaffiliated with any party or their counsel serving the public interest selected by Lead Counsel.

5.11   The Released Defendant Parties shall have no role in, responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in ¶¶5.1-5.13 hereof; and the Releasing Plaintiff Parties release the Released Defendant Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

5.12   No Person shall have any claim against the Released Defendant Parties, Plaintiffs, Plaintiffs' Counsel, the Settlement Class, the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.13   It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set

4873-9583-2017.v7

forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.

## 6. Plaintiffs' Counsel's Attorneys' Fees and Expenses

6.1   Lead Counsel may submit an application or applications (the "Fee and Expense Application") on behalf of Plaintiffs' Counsel for an award from the Settlement Fund for:  (a) an award of attorneys' fees; plus (b) expenses and charges in connection with prosecuting the Litigation; plus (c) any interest earned on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.  Any such fees and expenses awarded shall be paid from the Settlement Fund.  Any application for fees and expenses may include a request pursuant to 15 U.S.C. §78u-4(a)(4) to Plaintiffs in connection with their representation of the Settlement Class.  Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

6.2   The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court.  Any fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.  Lead Counsel shall thereafter allocate the attorneys' fees among Plaintiffs' Counsel in a manner in which they in good faith believe reflect the contribution of such counsel to the initiation, prosecution, and resolution of the Litigation.

4873-9583-2017.v7

6.3     In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation, or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel, including their partners and/or shareholders, and such other Plaintiffs' Counsel, including their law firms, partners, and/or shareholders, and Plaintiffs who have received any portion of the Fee and Expense Award shall, within ten (10) Business Days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction reversing or modifying the Judgment or Fee and Expense Award, refund to the Settlement Fund all such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned by the Settlement Fund in an amount consistent with such reversal, modification, cancellation, or termination.  Any refunds required pursuant to this ¶6.3 shall be the joint and several obligation of Plaintiffs' Counsel, including their law firms, partners, and/or shareholders, and Plaintiffs if they received fees or expenses, to make appropriate refunds or repayments to the Settlement Fund.  Each such Plaintiffs or Plaintiffs' Counsel receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of themselves and each of their partners and/or shareholders, agrees that: (a) such Person and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and (b) are jointly and severally liable for the full amount of all fees, expenses, and costs paid to them from the Settlement Fund.  Without limitation, Plaintiffs' Counsel and Plaintiffs and their partners, shareholders, and/or members agree that the Court may, upon application of Defendants and notice to Plaintiffs' Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4873-9583-2017.v7

1   of or sanctions for contempt, should such Plaintiffs, law firms, or their partners,

2   shareholders, or members fail to timely repay fees and expenses pursuant to this

3   paragraph.

4         6.4    The procedure for and the allowance or disallowance by the Court of

5   any applications by any Plaintiffs' Counsel for attorneys' fees and expenses to be

6   paid out of the Settlement Fund is not part of the Settlement set forth in this

7   Stipulation, and is to be considered by the Court separately from the Court's

8   consideration of the fairness, reasonableness, and adequacy of the Settlement set

9   forth in this Stipulation, and shall have no effect on the terms of the Stipulation or

10  on the validity or enforceability of this Settlement.  The approval of the Settlement,

11  and it becoming Final, shall not be contingent on the award of attorneys' fees and

12  expenses, any award to Plaintiffs or Plaintiffs' Counsel, nor any appeals from such

13  awards.  Any order or proceeding relating to the Fee and Expense Application, or

14  any appeal from any order relating thereto or reversal or modification thereof, shall

15  not operate to terminate or cancel this Stipulation, or affect or delay the finality of

16  the Judgment approving this Stipulation and the Settlement of the Litigation set forth

17  therein, or any other orders entered pursuant to the Stipulation.

18        6.5    Any fees and/or expenses awarded by the Court shall be paid solely

19  from the Settlement Fund.  With the sole exception of Defendants' obligation to

20  cause the Settlement Amount to be paid into the Escrow Account as provided for in

21  ¶2.2, the Released Defendant Parties shall have no role in, responsibility for, and no

22  obligation or liability whatsoever with respect to, any payment of attorneys' fees

23  and/or expenses (including Taxes) to Plaintiffs' Counsel, or any other counsel or

24  Person who receives payment from the Settlement Fund.

25        6.6    The Released Defendant Parties shall have no role in, responsibility for,

26  and no obligation or liability whatsoever with respect to, the allocation among

27

28

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4873-9583-2017.v7

Plaintiffs' Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

6.7     The Released Defendant Parties shall have no responsibility for, and no obligation or liability whatsoever with respect to, any attorneys' fees, costs, or expenses (including Taxes) incurred by or on behalf of any Settlement Class Member, whether or not paid from the Escrow Account.

## 7.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

7.1     The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, or an order substantially in the form of Exhibit A attached hereto, directing notice to the Settlement Class, as required by ¶3.1 hereof;

(b)     the Settlement Amount has been deposited into the Escrow Account;

(c)     TuSimple has not exercised its option to terminate the Settlement pursuant to ¶7.3 hereof;

(d)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto;

(e)     the Litigation has been dismissed with prejudice; and

(f)     the Judgment and all orders of the Court, other than the Excluded Orders, have become Final, as defined in ¶1.11 hereof.

7.2     Upon the Effective Date, any and all remaining interest or right of the Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.     The Released Defendant Parties shall not have any liability, obligation, or responsibility for the payment of Claims, Taxes, legal fees, Notice and Administration Expenses, Fee and Expense Award, or any other expenses payable

4873-9583-2017.v7

from the Settlement Fund.  If the conditions specified in ¶7.1 hereof are not met, then the Settlement shall be canceled and terminated subject to ¶¶7.4-7.7 hereof unless the Settling Parties mutually agree in writing to proceed with the Settlement. For avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel or Plaintiffs shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.3    As set forth in a separate agreement (the "Supplemental Agreement") executed between Plaintiffs and TuSimple, by and through their counsel, TuSimple may terminate the Settlement and render it null and void in the event that certain conditions and thresholds are met with respect to the Members of the Settlement Class who timely and validly exclude themselves from the Settlement Class.  The Settling Parties agree to maintain the confidentiality of the Supplemental Agreement, which is being executed concurrently herewith.  The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than in the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement or by operation of law) except *in camera* to the Court, unless and until the Court requires the Settling Parties to file the Supplemental Agreement or disclose its terms.  If submission of the Supplemental Agreement is ordered by the Court or is necessary to resolve a dispute between Plaintiffs and TuSimple, the Settling Parties will seek to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court as to preserve the confidentiality of the Supplemental Agreement, particularly the termination conditions and threshold.

- 34 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4873-9583-2017.v7

7.4     Unless otherwise ordered by the Court, in the event this Stipulation is not approved or this Stipulation or the Settlement is terminated, or canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or if prior to the distribution of the Net Settlement Fund to Authorized Claimants is successfully collaterally attacked, within five (5) Business Days after written notification of such event is sent by Defendants' Counsel or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less Taxes, Tax Expenses, and Notice and Administration Expenses which have either been disbursed pursuant to ¶¶2.10 and/or 2.12 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.10 and/or 2.12 hereof, shall be refunded pursuant to written instructions from TuSimple's Counsel.  Such refunds shall be pursuant to written instructions from TuSmiple's Counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to the entities that paid to the Settlement Fund on behalf of the Defendants.  Such payments shall be pursuant to written instructions from TuSimple's Counsel.

7.5     Plaintiffs and TuSimple shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) calendar days of: (a) the Court's denial of preliminary approval of the Settlement and subsequent denial of preliminary approval after resubmission of documents addressing the Court's concerns; (b) the Court's refusal to approve this Stipulation in any material respect; (c) the Court's refusal to enter the Judgment in any material respect; (d) entry of a Court order refusing to dismiss the Litigation with prejudice; (e) the date upon which the Judgment is reversed or vacated or altered in any material respect

following any appeal taken therefrom, or is successfully collaterally attacked in any material respect; or (f) the failure of the Effective Date to occur for any reason.  For avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel or expenses to Plaintiffs shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.6    In the event that this Stipulation is not approved or this Stipulation or the Settlement is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall not forfeit or waive any factual or legal defense or contention in the Litigation and shall be restored to their respective positions in the Litigation as of July 8, 2024.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.38, 2.7-2.10, 2.12-2.14, 6.3, 7.4-7.7, 8.1, and 9.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or any Fee and Expense Award shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

7.7    If the Effective Date does not occur, or if this Stipulation is terminated pursuant to its terms, neither Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.10 or 2.12.  In addition, any amounts already incurred pursuant to ¶¶2.10 or 2.12 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow

- 36 -

4873-9583-2017.v7

Agent in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with ¶¶2.14 and 7.4 hereof.

**8.     No Admission of Wrongdoing**

8.1     Neither the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered or received against or to the prejudice of any Defendant Released Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, finding, or admission by any Defendant Released Parties of the truth of any allegations by Plaintiffs or any Member of the Settlement Class or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, damages, negligence, fault, omission, or wrongdoing of any kind of any of the Defendant Released Parties or in any way referred to for any other reason as against any of the Defendant Released Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered or received against or to the prejudice of Plaintiffs or any Settlement Class Member as evidence that Plaintiffs' claims in any way lack merit or the validity of any affirmative defense that has been or could have been asserted in the Litigation, including, but not limited to, litigation of the Released Claims;

- 37 -

(c)     shall be offered or received against or to the prejudice of any Defendant Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, scheme, or omission with respect to any statement or written document approved or made by any Defendant Released Parties, or against Plaintiffs or any Member of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs and the Settlement Class;

(d)     shall be offered or received against or to the prejudice of any Defendant Released Parties as evidence of a presumption, concession, or admission of any liability, damages, negligence, fault, omission, or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal; provided, however, that if this Stipulation is approved by the Court, Defendants and the Released Defendant Parties may refer to it to effectuate the release granted them hereunder; or

(e)     shall be construed against Defendant Released Parties, Plaintiffs, or the Settlement Class as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

## 9.     Miscellaneous Provisions

9.1     The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

9.2     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.    The Settlement compromises all claims that were or are contested and shall not be

4873-9583-2017.v7

deemed an admission by any Settling Party as to the merits of any claim or defense. Pursuant to 15 U.S.C. §78u-4(c)(1), the Settling Parties agree that the Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such Party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.3     Plaintiffs and Plaintiffs' Counsel, and the attorneys and staff assisting them in this Litigation, agree that: (a) they will not intentionally assist or cooperate with any Person in the pursuit of private legal actions related to the subject matter of this Litigation against the Released Defendant Parties; and (b) they will not intentionally assist or cooperate with any non-governmental Person seeking to publicly disparage the Released Defendant Parties with respect to any matter relating to the subject matter or the resolution of this Litigation.  Defendants, Defendants' Counsel, and the attorneys and staff assisting them in the Litigation agree that they will not publicly disparage any Plaintiff, Settlement Class Member or Plaintiffs' Counsel with respect to any matter relating to the subject matter or resolution of this Litigation.  The Settling Parties reserve their right to rebut any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.4     Defendants and/or the Released Defendant Parties may file this Stipulation and/or the Judgment from the Litigation in any other action that may be brought against them in order to support injunctive relief, or a defense or

4873-9583-2017.v7

counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy. The Settling Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment. All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

9.5    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.6    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.7    This Stipulation, along with its Exhibits, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.8    This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties. No representations, warranties, or inducements have been made to any party concerning this Stipulation, or its Exhibits, or the Supplemental Agreement, other than the representations, warranties, and covenants contained and memorialized in such documents.

9.9    Except as otherwise provided herein, each party shall bear his, her, or its own fees and costs.

9.10   Lead Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and

4873-9583-2017.v7

also are expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class which they deem appropriate.

9.11   Each counsel or other Person executing this Stipulation, its Exhibits, the Supplemental Agreement, or any related Settlement document, on behalf of any party hereto hereby warrants that such Person has the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms, without requiring additional consent, approval, or authorization of any other Person, board, entity, tribunal, or other regulatory or governmental authority.

9.12   This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or pdf via e-mail shall be deemed originals.

9.13   All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient, (ii) one (1) Business Day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (iii) when delivered to the recipient's email address of record as set forth below:

*If to Plaintiffs or to Lead Counsel*:

ROBBINS GELLER RUDMAN
  & DOWD LLP
Ellen Gusikoff Stewart
elleng@rgrdlaw.com


*If to Defendants or Defendants' Counsel*:

WILMER CUTLER PICKERING
  HALE & DORR LLP
Robert Kingsley Smith
robert.smith@wilmerhale.com

4873-9583-2017.v7

9.14   Plaintiffs and Lead Counsel represent and warrant that none of Plaintiffs' claims or causes of action referred to in the Litigation or this Stipulation has been assigned, encumbered, or any manner transferred in whole or in part.

9.15   This Stipulation shall be binding upon, and inure to the benefit of, the successors, heirs, and assigns of the Settling Parties.

9.16   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

9.17   Any waiver of any of the terms of this Stipulation must be in writing, signed by the party against whom the waiver is sought to be enforced.  The waiver by one Settling Party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent breach of this Stipulation.

9.18   Pending approval of the Court of this Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties.  Plaintiffs and all Members of the Settlement Class shall be barred and enjoined from commencing or prosecuting any of the Released Claims against any of the Released Defendant Parties in any action or proceeding in any court or tribunal.

9.19   This Stipulation and its Exhibits shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4873-9583-2017.v7

9.20   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

9.21   This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

9.22   Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

9.23   No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Settling Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

9.24   Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated August 22, 2024.

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4873-9583-2017.v7

1   ROBBINS GELLER RUDMAN
        & DOWD LLP
2   DARREN J. ROBBINS
    ELLEN GUSIKOFF STEWART
3   LUCAS F. OLTS
    JENNIFER N. CARINGAL
4   HEATHER G. GEIGER
    STEPHEN JOHNSON
5

6

7                        DARREN J. ROBBINS

8   655 West Broadway, Suite 1900
    San Diego, CA  92101
9   Telephone:  619/231-1058
    619/231-7423 (fax)
10  darrenr@rgrdlaw.com
    elleng@rgrdlaw.com
11  lolts@rgrdlaw.com
    jcaringal@rgrdlaw.com
12  hgeiger@rgrdlaw.com
    sjohnson@rgrdlaw.com

13  *Lead Counsel for Lead Plaintiff Indiana
    Public Retirement System, and Named
14  Plaintiff Michelle Poirier*

15  KAHN SWICK & FOTI, LLP
    RAMZI ABADOU
16  580 California Street, Suite 1200
    San Francisco, CA  94104
17  Telephone:  415/459-6900
    ramzi.abadou@ksfcounsel.com
18

19  KAHN SWICK & FOTI, LLC
    ALEXANDER L. BURNS (*pro hac vice*)
20  ALEXANDRA PRATT (*pro hac vice*)
    JAMES T. FETTER (*pro hac vice*)
21  1100 Poydras Street, Suite 960
    New Orleans, LA  70163
22  Telephone:  504/455-1400
    alexander.burns@ksfcounsel.com
23  alexandra.pratt@ksfcounsel.com
    james.fetter@ksfcounsel.com

24  *Counsel for Named Plaintiff Robert Miller*

25

26

27

28
                        - 44 -                3:22-cv-01300-BEN-MSB
                                              (Consolidated with No. 3:23-cv-
                                              00282-BEN-MSB)

4873-9583-2017.v7

1

2    WILMER CUTLER PICKERING HALE
        AND DORR LLP
3    WILLIAM H. PAINE
     ROBERT KINGSLEY SMITH
4
                    *William H. Paine*
5    _____
           WILLIAM H. PAINE
6
     60 State Street
7    Boston, MA 02109
     Telephone: 617/526-6000
8    william.paine@wilmerhale.com
     robert.smith@wilmerhale.com
9
     *Counsel for Defendant TuSimple*
10   *Holdings, Inc.*

11   GOODWIN PROCTER LLP
     JONATHAN A. SHAPIRO
12
13   _____
           JONATHAN A. SHAPIRO
14
     Three Embarcadero Center
15   Suite 2800
     San Francisco, CA  94111
16   Telephone: 415/733-6000
     jshapiro@goodwinlaw.com
17
     *Counsel for Defendant Cheng Lu*
18
     MORRISON & FOERSTER LLP
19   JORDAN ETH

20   _____
           JORDAN ETH
21
     425 Market Street
22   San Francisco, CA  94105
     Telephone: 415/268-7000
23   jeth@mofo.com

24   *Counsel for Defendant Patrick Dillon*

25

26

27

28
                        - 45 -              3:22-cv-01300-BEN-MSB
                                       (Consolidated with No. 3:23-cv-
                                                  00282-BEN-MSB)

1

2    WILMER CUTLER PICKERING HALE
       AND DORR LLP
3    WILLIAM H. PAINE
     ROBERT KINGSLEY SMITH
4

5    _____

6            WILLIAM H. PAINE

7    60 State Street
     Boston, MA 02109
8    Telephone: 617/526-6000
     william.paine@wilmerhale.com
     robert.smith@wilmerhale.com

9    *Counsel for Defendant TuSimple*
10   *Holdings, Inc.*

11   GOODWIN PROCTER LLP
     JONATHAN A. SHAPIRO
12

13   _____

         JONATHAN A. SHAPIRO
14
     Three Embarcadero Center
15   Suite 2800
     San Francisco, CA  94111
16   Telephone: 415/733-6000
     jshapiro@goodwinlaw.com

17   *Counsel for Defendant Cheng Lu*

18   MORRISON & FOERSTER LLP
     JORDAN ETH
19

20   _____

             JORDAN ETH
21
     425 Market Street
22   San Francisco, CA  94105
     Telephone: 415/268-7000
23   jeth@mofo.com

24   *Counsel for Defendant Patrick Dillon*

25

26

27

28
                                  - 45 -          3:22-cv-01300-BEN-MSB
                                            (Consolidated with No. 3:23-cv-
                                                     00282-BEN-MSB)

4873-9583-2017.v7

1

2
3
4

WILMER CUTLER PICKERING HALE
  AND DORR LLP
WILLIAM H. PAINE
ROBERT KINGSLEY SMITH

5

WILLIAM H. PAINE

6
7
8

60 State Street
Boston, MA 02109
Telephone: 617/526-6000
william.paine@wilmerhale.com
robert.smith@wilmerhale.com

9
10

*Counsel for Defendant TuSimple
Holdings, Inc.*

11
12

GOODWIN PROCTER LLP
JONATHAN A. SHAPIRO

13

JONATHAN A. SHAPIRO

14
15
16

Three Embarcadero Center
Suite 2800
San Francisco, CA  94111
Telephone: 415/733-6000
jshapiro@goodwinlaw.com

17

*Counsel for Defendant Cheng Lu*

18
19

MORRISON & FOERSTER LLP
JORDAN ETH

20

JORDAN ETH

21
22
23

425 Market Street
San Francisco, CA  94105
Telephone: 415/268-7000
jeth@mofo.com

24

*Counsel for Defendant Patrick Dillon*

25
26
27
28

- 45 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-
00282-BEN-MSB)

4873-9583-2017.v7

QUINN EMANUEL URQUHART &
SULLIVAN LLP
JOSEPH CALDWELL SARLES
R. BRIAN TIMMONS

_____
JOSEPH CALDWELL SARLES

865 S. Figueroa Street
10th Floor
Los Angeles, CA 90017
Telephone: 213/443-3000
josephsarles@quinnemanuel,com
briantimmons@quinnemanuel.com

*Counsel for Defendant Xiaodi Hou*

HOGAN LOVELLS US LLP
JON MYER TALOTTA

_____
JON MYER TALOTTA

8350 Broad Street
17th Floor
Tysons, VA 22102
Telephone: 703/610-6100
ion.talotta@hoganlovells.com

*Counsel for Defendant Mo Chen*

COOLEY LLP
RYAN E. BLAIR

_____
RYAN E. BLAIR

10265 Science Center Drive
San Diego, CA 92121
Telephone: 858/550-6000
rblair@coolev.com

*Counsel for Defendants Guowei
"Charles" Chao and Bonnie Yi Zhang*

- 46 -                    3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-
00282-BEN-MSB)

4873-9583-2017.v7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

QUINN EMANUEL URQUHART &
SULLIVAN LLP
JOSEPH CALDWELL SARLES
R. BRIAN TIMMONS

_____
JOSEPH CALDWELL SARLES

865 S. Figueroa Street
10th Floor
Los Angeles, CA 90017
Telephone: 213/443-3000
josephsarles@quinnemanuel,com
briantimmons@quinnemanuel.com

*Counsel for Defendant Xiaodi Hou*

HOGAN LOVELLS US LLP
JON MYER TALOTTA

_____
JON MYER TALOTTA

8350 Broad Street
17th Floor
Tysons, VA 22102
Telephone: 703/610-6100
ion.talotta@hoganlovells.com

*Counsel for Defendant Mo Chen*

COOLEY LLP
RYAN E. BLAIR

_____
RYAN E. BLAIR

10265 Science Center Drive
San Diego, CA 92121
Telephone: 858/550-6000
rblair@coolev.com

*Counsel for Defendants Guowei
"Charles" Chao and Bonnie Yi Zhang*

- 46 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-
00282-BEN-MSB)

4873-9583-2017.v7

1

2

3    QUINN EMANUEL URQUHART &
          SULLIVAN LLP
4    JOSEPH CALDWELL SARLES
     R. BRIAN TIMMONS
5

6    _____

7          JOSEPH CALDWELL SARLES

8    865 S. Figueroa Street
     10th Floor
9    Los Angeles, CA 90017
     Telephone: 213/443-3000
10   josephsarles@quinnemanuel,com
     briantimmons@quinnemanuel.com

11   *Counsel for Defendant Xiaodi Hou*

12   HOGAN LOVELLS US LLP
     JON MYER TALOTTA
13

14   _____
              JON MYER TALOTTA

15   8350 Broad Street
     17th Floor
16   Tysons, VA 22102
     Telephone: 703/610-6100
17   jon.talotta@hoganlovells.com

18   *Counsel for Defendant Mo Chen*

19   COOLEY LLP
     RYAN E. BLAIR
20

21   _____
                RYAN E. BLAIR
22

23   10265 Science Center Drive
     San Diego, CA 92121
24   Telephone: 858/550-6000
     rblair@cooley.com

25   *Counsel for Defendants Guowei
     "Charles" Chao and Bonnie Yi Zhang*

26

27

28
                          - 46 -            3:22-cv-01300-BEN-MSB
                                        (Consolidated with No. 3:23-cv-
                                                00282-BEN-MSB)

4873-9583-2017.v7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KING & SPALDING LLP
MICHAEL R. SMITH
PETER STARR

*Michael Smith*
MICHAEL R. SMITH

1180 Peachtree Street, NE
Suite 1600
Atlanta, GA  30309
Telephone: 404/572-4600
mrsmith@kslaw.com
pstarr@kslaw.com

*Counsel for Defendants Brad Buss and
Karen C. Francis*

LATHAM & WATKINS LLP
COLLEEN SMITH

COLLEEN SMITH

12670 High Bluff Drive
San Diego, CA  92130
Telephone: 858/720-8900
colleen.smith@lw.com

*Counsel for Defendants Morgan Stanley
& Co. LLC,, Citigroup Global Markets,
Inc., J.P. Morgan Securities LLC, BofA
Securities, Inc., Cowen and Company
LLC, Credit Suisse Securities (USA) LLC,
Nomura Securities International, Inc.,
RBC Capital Markets, LLC, Needham &
Company, LLC, Oppenheimer & Co., Inc.,
Piper Sandler & Co., Robert W. Baird &
Co.. and Valuable Capital Limited*

- 47 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-
00282-BEN-MSB)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KING & SPALDING LLP
MICHAEL R. SMITH
PETER STARR

_____

MICHAEL R. SMITH

1180 Peachtree Street, NE
Suite 1600
Atlanta, GA  30309
Telephone: 404/572-4600
mrsmith@kslaw.com
pstarr@kslaw.com

*Counsel for Defendants Brad Buss and
Karen C. Francis*

LATHAM & WATKINS LLP
COLLEEN SMITH

_____

COLLEEN SMITH

12670 High Bluff Drive
San Diego, CA  92130
Telephone: 858/720-8900
colleen.smith@lw.com

*Counsel for Defendants Morgan Stanley
& Co. LLC,, Citigroup Global Markets,
Inc., J.P. Morgan Securities LLC, BofA
Securities, Inc., Cowen and Company
LLC, Credit Suisse Securities (USA) LLC,
Nomura Securities International, Inc.,
RBC Capital Markets, LLC, Needham &
Company, LLC, Oppenheimer & Co., Inc.,
Piper Sandler & Co., Robert W. Baird &
Co.. and Valuable Capital Limited*

- 47 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-
00282-BEN-MSB)

INDEX OF EXHIBITS TO STIPULATION OF SETTLEMENT

| DOCUMENT | EXHIBIT | PAGE |
|---|---|---|
| Order Preliminarily Approving Settlement and Providing for Notice | A | 1-14 |
| Notice of Pendency and Proposed Settlement of Class Action | A-1 | 15-39 |
| Proof of Claim and Release | A-2 | 40-55 |
| Summary Notice of Proposed Settlement of Class Action | A-3 | 56-61 |
| Postcard Notice | A-4 | 62-65 |
| Final Judgment and Order of Dismissal with Prejudice | B | 66-74 |

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13                    UNITED STATES DISTRICT COURT

14                   SOUTHERN DISTRICT OF CALIFORNIA

15   AUSTIN DICKER, Individually and on )   Case No. 3:22-cv-01300-BEN-MSB
     Behalf of All Others Similarly Situated, )   (Consolidated with No. 3:23-cv-00282-
16                                            )   BEN-MSB)
                          Plaintiff,          )
17                                            )   CLASS ACTION
            vs.                               )
18                                            )   ORDER PRELIMINARILY
     TUSIMPLE HOLDINGS, INC., et al.,         )   APPROVING SETTLEMENT AND
19                                            )   PROVIDING FOR NOTICE
                          Defendants.         )
20   _____ )   EXHIBIT A
21
22
23
24
25
26
27
28

4879-2313-8770.v2

WHEREAS, an action is pending before this Court entitled *Dicker vs. TuSimple Holdings, Inc., et al.*, No. 3:22-cv-01300-BEN-MSB (S.D. Cal.) (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with the Stipulation of Settlement dated August 22, 2024 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Settling Parties having consented to the entry of this Order;

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation;

WHEREAS, the Court preliminarily finds that:

(a)    the Settlement resulted from informed, extensive arm's-length negotiations between experienced counsel following mediation under the direction of an experienced mediator;

(b)    the proposed Settlement eliminates risks to the Settling Parties of continued litigation;

(c)    the Settlement does not provide undue preferential treatment to Plaintiffs or to segments of the Settlement Class;

(d)    the Settlement does not provide for excessive compensation to Plaintiffs' Counsel; and

(e)    the Settlement appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

- 1 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

1     1.    The Court hereby preliminarily approves the Settlement set forth in the

2  Stipulation, subject to further consideration at the Settlement Hearing described

3  below.

4     2.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil

5  Procedure, and for purposes of this Settlement only, the Litigation is hereby certified

6  as a class action on behalf of all Persons who purchased and/or otherwise acquired

7  TuSimple securities between April 15, 2021 and December 20, 2022, inclusive (the

8  "Class Period").  Excluded from the Settlement Class are: (i) Defendants and

9  members of their immediate families; (ii) current and former officers and directors of

10  TuSimple and members of their immediate families; (iii) any entity in which any

11  Defendant has a controlling interest or which is related to or affiliated with any

12  Defendant; (iv) TuSimple's subsidiaries and affiliates or other entities owned or

13  controlled by it; (v) the legal representatives, heirs, successors, or assigns of each

14  Defendant; and (vi) any Persons who properly exclude themselves by submitting a

15  valid and timely request for exclusion.

16     3.    The Court finds, for the purpose of the Settlement only, that the

17  prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of

18  Civil Procedure have been satisfied in that: (i) the number of Settlement Class

19  Members is so numerous that joinder of all members is impracticable; (ii) there are

20  questions of law and fact common to the Settlement Class; (iii) Plaintiffs' claims are

21  typical of the claims of the Settlement Class they seek to represent; (iv) Plaintiffs and

22  Lead Counsel have and will fairly and adequately represent the interests of the

23  Settlement Class; (v) the questions of law and fact common to Members of the

24  Settlement Class predominate over any questions affecting only individual Settlement

25  Class Members; and (vi) a class action is superior to other methods for the fair and

26  efficient adjudication of the Litigation.

27

28

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Indiana Public Retirement System, Robert Miller, and Michelle Poirier are preliminarily certified as the Class Representatives and Robbins Geller Rudman & Dowd LLP and Kahn Swick & Foti, LLC are preliminarily certified as Class Counsel.

5.     The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Settlement Class Members and further consideration of the Settlement at the Settlement Hearing described below.

6.     A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2024, at ____ __.m. (a date that is at least 100 calendar days from entry of this Order), at the United States District Court for the Southern District of California, Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, CA 92101, to determine: (i) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (ii) whether a Judgment, as provided in ¶1.12 of the Stipulation, should be entered; (iii) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (iv) the fees and expenses that should be approved for Plaintiffs' Counsel and the amount of 15 U.S.C. §78u-4(a)(4) awards to Plaintiffs; and (v) any such other matters as the Court may deem appropriate.  The Court may adjourn the Settlement Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Settlement Class.

- 3 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

7.    The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"), and the Postcard Notice annexed hereto as Exhibits 1, 2, 3, and 4, respectively, and finds that the mailing and distribution of the Postcard Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶10 of this Order, meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

8.    Within ten (10) calendar days after entry of this Order, TuSimple shall provide or cause to be provided to the Claims Administrator, at no cost to Plaintiffs or the Settlement Class, a list in electronic format, containing the names and addresses and email addresses, if available, of record holders of TuSimple securities during the Class Period, as set forth in the records of its transfer agent.

9.    Other than the fees, costs, and expenses of providing notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715, which shall be paid by Defendants, all fees, costs, and expenses incurred in identifying and notifying potential Settlement Class Members shall be paid from the Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Defendant Parties or Releasing Plaintiff Parties bear any responsibility for such fees, costs, or expenses.

10.   The firm of Verita Global ("Verita" or "Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below:

(a)    Not later than _____, 2024 (the "Notice Date") (a date twenty-one (21) calendar days after entry by this Court of this Order), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form

- 4 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

annexed hereto, to be emailed or mailed by First-Class Mail (where email addresses are not available) to all potential Settlement Class Members who can be identified with reasonable effort and shall post the Stipulation, Notice, and Proof of Claim on the website established for this Litigation at www.TuSimpleSecuritiesSettlement.com. For all Postcard Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses;

(b)     Not later than _____, 2024 (a date seven (7) calendar days after the Notice Date), the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service; and

(c)     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

11.     Nominees who purchased and/or otherwise acquired TuSimple securities during the Class Period for beneficial owners who are Settlement Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice.  If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class.  Upon full compliance with these

- 5 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4879-2313-8770.v2

1 instructions, including the timely emailing or mailing of the Postcard Notice to
2 beneficial owners, such nominees may seek reimbursement of their reasonable
3 expenses actually incurred in complying with these instructions by providing the
4 Claims Administrator with proper documentation supporting the expenses for which
5 reimbursement is sought and reflecting compliance with these instructions.
6 Reasonable out of-pocket expenses actually incurred in connection with the foregoing
7 includes up to $0.03 per record for providing names, addresses, and email addresses to
8 the Claims Administrator; up to a maximum of $0.03 per Postcard Notice mailed by
9 nominee, plus postage at the rate used by the Claims Administrator; or $0.03 per
10 Postcard Notice sent by email.  Such properly documented expenses incurred by
11 nominees in compliance with the terms of these instructions will be paid from the
12 Settlement Fund.

13      12.    Settlement Class Members shall be bound by all determinations and
14 judgments in the Litigation concerning the Settlement, including, but not limited to,
15 the releases provided for therein, whether favorable or unfavorable to the Settlement
16 Class, whether or not such Settlement Class Members submit Proofs of Claim or
17 otherwise seek or obtain by any means any distribution from the Net Settlement Fund.

18      13.    Settlement Class Members who wish to participate in the Settlement shall
19 complete and submit a Proof of Claim in accordance with the instructions contained
20 therein.  Unless the Court orders otherwise, all Proofs of Claim must be postmarked or
21 submitted electronically no later than _____, 2024 (a date one hundred-
22 twenty (120) calendar days from the Notice Date).  Any Settlement Class Member
23 who does not timely submit a Proof of Claim within the time provided for shall be
24 barred from sharing in the distribution of the proceeds of the Net Settlement Fund,
25 unless otherwise ordered by the Court, but will in all other respects be subject to and
26 bound by the provisions of the Stipulation and the Judgment, if entered.
27 Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-
28

- 6 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-
00282-BEN-MSB)

submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No person shall have any claim against Plaintiffs, the Escrow Agent, Plaintiffs' or Class Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted Claims.

14.    Any Settlement Class Member may enter an appearance in the Litigation, at the Settlement Class Member's own expense, individually or through counsel of the Settlement Class Member's own choice.  Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel.

15.    Any Member of the Settlement Class who wishes to exclude himself, herself, itself, or themselves from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice.  Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked no later than _____, 2024 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing).  A Request for Exclusion must provide: (i) the name, address, and telephone number of the Person requesting exclusion; (ii) a list identifying the dates and the number of TuSimple securities purchased, acquired, and sold during the Class Period and price paid for each such purchase or acquisition and received for each such sale; and (iii) a statement that the Person wishes to be excluded from the Settlement Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final Judgment.  Unless otherwise ordered by the Court, any Person who purchased or acquired TuSimple securities during the Class Period who fails to timely request exclusion from the Settlement Class in compliance with each of the provisions in this paragraph shall be deemed to have waived his, her, or its right to be excluded

- 7 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4879-2313-8770.v2

from the Settlement Class, and shall be barred from requesting exclusion from the Settlement Class.

16.     Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, promptly upon receipt and as expeditiously as possible, and in any event, not less than fourteen (14) calendar days prior to the Settlement Hearing.

17.     Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement and show cause why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Plaintiffs' Counsel or Plaintiffs, provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before _____, 2024 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing), by Robbins Geller Rudman & Dowd LLP, Attn: Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA  92101; Wilmer Cutler Pickering Hale and Dorr LLP, Attn: Robert Kingsley Smith, 60 State Street, Boston, MA  02109; and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Southern District of California, Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, CA  92101, on or before _____, 2024 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing).  Any Settlement Class Member who does not make his, her, or its objection in the manner provided herein and in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to

- 8 -                     3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Plaintiffs' Counsel, unless otherwise ordered by the Court.  Attendance at the Settlement Hearing is not necessary.  However, Persons wishing to be heard orally in support of or in opposition to the approval of the Settlement, the Plan of Allocation, and/or the award of attorneys' fees and expenses to Plaintiffs' Counsel or Plaintiffs are required to indicate in their written statement of support or objection, their intention to appear at the Settlement Hearing.  Settlement Class Members do not need to appear at the Settlement Hearing or take any action if they do not oppose any aspect of the Settlement.

18.     Any objections, filings, and other submissions by an objecting Settlement Class Member must: (i) state the name, address, and telephone number of the Person objecting and must be signed by the objector, even if the objector is represented by counsel; (ii) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, the Settlement Class, or a specific subset of the Settlement Class; (iii) include documents sufficient to prove membership in the Settlement Class, including the objecting Settlement Class Member's purchases, acquisitions, and sales of TuSimple securities during the Class Period, including the dates and the number of securities purchased, acquired, or sold, and the price paid or received for each such purchase, acquisition, or sale; and (iv) identify all class action settlements to which the objector or his, her, or its counsel have previously objected.

19.     Any Settlement Class Member who does not object to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees, costs, charges, and expenses in the manner prescribed herein and in the Notice shall be deemed to

- 9 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4879-2313-8770.v2

have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order, the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Lead Counsel for an award of attorneys' fees together with costs, charges, and expenses.

20. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21. All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses shall be filed and served by _____, 2024 (a date that is thirty-five (35) calendar days prior to the Settlement Hearing). Replies to any objections shall be filed and served by _____, 2024 (a date that is seven (7) calendar days prior to the Settlement Hearing).

22. Neither the Released Defendant Parties nor Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees, costs, expenses, or award submitted by Plaintiffs or Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees, costs, expenses, or award, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment and the Settlement of the Litigation.

23. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

- 10 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4879-2313-8770.v2

24.     All reasonable expenses incurred in identifying and notifying potential Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.10 or 2.12 of the Stipulation.

25.     This Order and the Stipulation (including any of their respective terms or provisions), any of the negotiations, discussions, proceedings connected with them, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or this Order, may not be construed as an admission or concession by the Released Defendant Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, and may not be offered or received in evidence (or used by any Person in the Litigation or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, arbitration, or other tribunal), except in connection with any proceedings to enforce the terms of the Stipulation or this Order.  The Released Defendant Parties, Plaintiffs, Settlement Class Members, and each of their counsel may file the Stipulation, this Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

26.     If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation. This Order, the Stipulation, the Settlement, and all proceedings had in connection

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4879-2313-8770.v2

therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as of July 8, 2024.

27.     Unless otherwise ordered by the Court, all proceedings in the Litigation are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties.  Pending final determination of whether the proposed Settlement should be approved, neither Plaintiffs nor any Settlement Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims.

IT IS SO ORDERED.

DATED: _____     _____
                                THE HONORABLE ROGER T. BENITEZ
                                UNITED STATES DISTRICT JUDGE

- 12 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4879-2313-8770.v2

Exhibit A
Page 14

# EXHIBIT A-1

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
ELLEN GUSIKOFF STEWART (144892)
LUCAS F. OLTS (234843)
JENNIFER N. CARINGAL (286197)
HEATHER G. GEIGER (322937)
STEPHEN JOHNSON (347822)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
elleng@rgrdlaw.com
lolts@rgrdlaw.com
jcaringal@rgrdlaw.com
hgeiger@rgrdlaw.com
sjohnson@rgrdlaw.com

KAHN SWICK & FOTI, LLP
RAMZI ABADOU (222567)
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN DICKER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TUSIMPLE HOLDINGS, INC., et al.,<br><br>Defendants. | Case No. 3:22-cv-01300-BEN-MSB (Consolidated with No. 3:23-cv-00282-BEN-MSB)<br><br>CLASS ACTION<br><br>NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION<br><br>EXHIBIT A-1 |

4881-5297-5570.v4

**TO: ALL PERSONS AND ENTITIES WHO PURCHASED AND/OR OTHERWISE ACQUIRED TUSIMPLE HOLDINGS, INC. ("TUSIMPLE" OR THE "COMPANY") SECURITIES BETWEEN APRIL 15, 2021 AND DECEMBER 20, 2022, INCLUSIVE (THE "SETTLEMENT CLASS")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM" OR "CLAIM FORM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2024**.

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION.**

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been provided pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of California (the "Court"). The purpose of this Notice is to inform you of: (i) the pendency of this class action (the "Litigation") between Indiana Public Retirement System, Robert Miller, and Michelle Poirier (collectively, "Plaintiffs") and TuSimple Holdings, Inc. ("TuSimple" or the "Company"), Guowei "Charles" Chao, Xiaodi Hou, Mo Chen, Bonnie Yi Zhang, Cheng Lu, Patrick Dillon, Brad Buss, Karen C. Francis, Morgan Stanley & Co. LLC, Citigroup Global Markets, Inc., J.P. Morgan Securities LLC, BofA Securities, Inc., Cowen and Company, LLC, Credit Suisse Securities (USA) LLC, Nomura Securities International, Inc., RBC Capital Markets, LLC, Needham & Company, LLC, Oppenheimer & Co., Inc., Piper Sandler & Co., Robert W. Baird & Co., and Valuable Capital Limited (collectively, "Defendants"); (ii) the proposed $189 million settlement reached therein (the "Settlement"); and (iii) the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement dated August 22, 2024 (the "Stipulation"), by and between Plaintiffs and Defendants (the "Settling Parties"). This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants. Defendants deny the allegations and any liability or wrongdoing of any kind. This Notice is solely to advise you of the proposed Settlement of the Litigation and of your rights in connection therewith.

---

[1]   All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation, which is available on the website www.TuSimpleSecuritiesSettlement.com.

4881-5297-5570.v4

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement. **Proofs of Claim must be postmarked or submitted online on or before _____, 2024. The Proof of Claim is available on the website.** |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS** | Get no payment.  This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants or any other Defendants' Released Persons about the legal claims being resolved by this Settlement.  Should you elect to exclude yourself from the Settlement Class, you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.  **Exclusions must be postmarked on or before _____, 2024.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses.  You will still be a Member of the Settlement Class. **Objections must be *received* by the Court and counsel on or before _____, 2024.  If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE HEARING ON _____, 2024 AT _____** | Ask to speak in Court about the fairness of the Settlement.  **Requests to speak must be *received* by the Court and counsel on or before _____, 2024.** |
| **DO NOTHING** | Receive no payment.  You will, however, still be a Member of the Settlement Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

**Statement of Settlement Class Recovery**

Pursuant to the Settlement described herein, a $189 million settlement fund has been established.  Based on Plaintiffs' estimate of the number of allegedly damaged shares eligible to recover under the Settlement, the average distribution per common share under the Plan of Allocation is approximately $0.62, before deduction of any taxes on the income earned on the Settlement Amount, notice and administration costs, and the attorneys' fees and expenses, costs, and awards as determined by the Court.  **Settlement Class Members should note, however, that these are only estimates**.  A Settlement Class Member's actual recovery will be a proportion of the

- 2 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Settlement Class Members who submit acceptable Proofs of Claim.  An individual Settlement Class Member may receive more or less than these estimated average amounts.  *See* Plan of Allocation set forth and discussed at pages ___ below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Settlement Class prevailed on each or any claim alleged.  Defendants deny that they are liable to the Settlement Class, deny that the Settlement Class has suffered any damages, and deny any wrongdoing or liability whatsoever.  The issues on which the parties disagree are many, and include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Settlement Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of TuSimple securities was allegedly impacted (if at all) during the Class Period; (4) the amount, if any, by which the price of TuSimple securities was allegedly impacted (if at all) during the relevant period; (5) the effect of various market forces on the price of TuSimple securities during the Class Period; (6) the extent to which external factors influenced the price of TuSimple securities during the Class Period; (7) the extent to which the matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the price of TuSimple securities during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the price of TuSimple securities during the Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Litigation's inception, Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery.  Lead Counsel will apply to the Court on behalf of all Plaintiffs' Counsel for an award of attorneys' fees not to exceed twenty-five percent of the Settlement Amount, plus expenses not to exceed $300,000, together with interest earned on both amounts at the same rate as earned by the Settlement Fund.  In addition, one or more of the Plaintiffs may seek payments pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Settlement Class.  If the amounts requested are approved by the Court, the average cost per TuSimple share will be approximately $0.16.

**Further Information**

For further information regarding the Litigation, this Notice or to review the Stipulation of Settlement, please contact the Claims Administrator toll-free at 1-866-644-9953.

You may also contact a representative of counsel for the Settlement Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.

- 3 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Plaintiffs' principal reason for entering into the Settlement is the benefit to the Settlement Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that would last several years into the future. For the Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the burden, expense, and uncertainty of further litigation given the number of years it would require to defend the Litigation through trial and any appeals. Defendants have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

# BASIC INFORMATION

## 1.      Why did I get this Notice package?

This Notice was prepared and is being made available to you pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired TuSimple securities during the period between April 15, 2021 and December 20, 2022, inclusive (the "Class Period").

This Notice explains the Litigation, the Settlement, Settlement Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Southern District of California, and the case is known as *Dicker vs. TuSimple Holdings, Inc., et al.*, No. 3:22-cv-01300-BEN-MSB. The case has been assigned to the Honorable Roger T. Benitez. The individuals and entity representing the Settlement Class are the Plaintiffs, and the individuals and entities they sued and who have now settled are called the Defendants.

## 2.      What is this lawsuit about?

*Dicker vs. TuSimple Holdings, Inc., et al.* is currently pending before the Honorable Roger T. Benitez in the United States District Court for the Southern District of California (the "Court"). The initial complaint in the Litigation was filed on August 31, 2022. On August 3, 2023, the Court appointed Indiana Public Retirement System ("INPRS") as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP as Lead Counsel. INPRS and the Named Plaintiffs Robert Miller and Michelle Poirier filed the Consolidated Complaint on October 2, 2023. The Consolidated Complaint alleged violations of §§11, 12, and 15 of the Securities Act of 1933 (the "Securities Act") and violations of §10(b) and SEC Rule 10b-5 promulgated thereunder, and §§20(a) and 20A of the Securities Exchange Act of 1934 (the "Exchange Act"). Defendants moved to dismiss the Consolidated Complaint on December 8, 2023.

- 4 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

On January 3, 2024, Defendants Chao and Zhang moved to quash service of the summons and complaint and to dismiss the Consolidated Complaint. On January 4, 2024, Plaintiffs moved to request for alternate service of process on Defendants Chao and Zhang and lift the discovery stay imposed by the Private Securities Litigation Reform Act of 1995.

On March 26, 2024, Plaintiffs and TuSimple entered into an agreement (the "Asset Transfer Limitation and Disclosure Agreement"), whereby TuSimple would regularly provide Plaintiffs with confidential financial information and advance notice of any asset transfer that exceeded certain specifically defined thresholds. The Asset Transfer Limitation and Disclosure Agreement was entered into only after extensive negotiations between Plaintiffs' Counsel and TuSimple's Counsel.

On March 26, 2024, Plaintiffs and TuSimple filed a joint motion requesting that the Court refer all discovery issues and related matters to Magistrate Judge Michael S. Berg. That motion was granted on April 3, 2024. On April 12, 2024, Plaintiffs and TuSimple jointly moved for a protective order to govern discovery. Magistrate Judge Berg entered an order on April 15, 2024.

In April 2024, Plaintiffs and Defendants commenced a mediation process with the Hon. Layn R. Phillips (Ret.) of Phillips ADR Enterprises ("Judge Phillips"). The mediation process included a May 2024 mediation session. The mediation session was preceded by submission of mediation statements by the Settling Parties. In advance of the mediation, TuSimple also provided Plaintiffs with additional documents and deposition transcripts. While that mediation took place and good faith negotiations ensued, the Litigation did not settle.

Thereafter, the Plaintiffs continued prosecuting the Litigation while simultaneously conducting ongoing settlement efforts with the assistance of Judge Phillips. On May 14, 2024, TuSimple's Counsel alerted Plaintiffs that TuSimple had not provided notice with respect to a payment as required by the Asset Transfer Limitation and Disclosure Agreement. On May 30, 2024, Plaintiffs moved for a temporary restraining order and for limited expedited discovery. On June 14, 2024, Plaintiffs and TuSimple participated in an informal discovery conference with Magistrate Judge Berg.

In connection with ongoing settlement efforts, the mediator issued a mediator's proposal on July 3, 2024. On July 8, 2024, the Settling Parties accepted a mediator's proposal to settle the Litigation in exchange for a cash payment of $189 million for the benefit of the Settlement Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement among the Settling Parties.

**3.    Why is there a settlement?**

The Court has not decided in favor of Defendants or Plaintiffs. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Plaintiffs agreed to the Settlement in order to ensure that Settlement Class Members will receive compensation.

- 5 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

## WHO IS IN THE SETTLEMENT

### 4.      How do I know if I am a Member of the Settlement Class?

The Court directed that everyone who fits this description is a Settlement Class Member: all Persons who purchased and/or otherwise acquired TuSimple securities between April 15, 2021 and December 20, 2022, inclusive.  Excluded from the Settlement Class are: (i) Defendants and members of their immediate families; (ii) current and former officers and directors of TuSimple and members of their immediate families; (iii) any entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant; (iv) TuSimple's subsidiaries and affiliates or other entities owned or controlled by it; (v) the legal representatives, heirs, successors, or assigns of each Defendant; and (vi) any Persons who properly exclude themselves by submitting a valid and timely request for exclusion.

**Please Note**:  Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim which is available on the website and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2024.

### 5.      What if I am still not sure if I am included?

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-866-644-9953, or you can fill out and return the Proof of Claim to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 6.      What does the Settlement provide?

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Litigation, Defendants have agreed to pay or cause to be paid $189 million in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses, to Settlement Class Members who send in a valid Proof of Claim pursuant to the Court-approved Plan of Allocation.  The Plan of Allocation is described in more detail at the end of this Notice.

### 7.      How much will my payment be?

Your share of the Net Settlement Fund will depend on several things, including the total dollar amount of claims represented by the valid Proofs of Claim that Settlement Class Members send in, compared to the dollar amount of your claim, all as calculated under the Plan of Allocation discussed below.

- 6 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| **8.     How can I get a payment?** |
|---|

To be eligible to receive a payment from the Settlement, you must timely submit a Proof of Claim.   A Proof of Claim may be downloaded at www.TuSimpleSecuritiesSettlement.com.  Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail** (to *TuSimple Securities Settlement*, c/o Verita Global, Claims Administrator, P.O. Box 301135, Los Angeles, CA 90030-1135, **or submit it online so that it is postmarked or received no later than _____, 2024**.  The Proof of Claim may be submitted online at www.TuSimpleSecuritiesSettlement.com.

| **9.     When would I get my payment?** |
|---|

**The Court will hold a Settlement Hearing on _____, 2024, at \_\_\_ \_\_\_.m.**, to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals.  It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

| **10.     What am I giving up to get a payment or to stay in the Settlement Class?** |
|---|

If you are otherwise a Settlement Class Member and do not timely and validly exclude yourself from this Settlement, you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or the Released Defendant Parties about the Released Claims (as defined below) in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you remain a Settlement Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Defendants' Released Persons" (as defined below):

"Released Claims" means, to the fullest extent permitted, any and all claims, rights, controversies, duties, obligations, demands, allegations, arguments, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages, liabilities and causes of action of every nature and description, whether known or unknown, contingent or non-contingent, matured or unmatured, foreseen or unforeseen, disclosed or undisclosed, suspected or unsuspected, discoverable or undiscoverable, concealed or hidden, liquidated or unliquidated, accrued or unaccrued, at law or in equity, whether direct, representative, class or individual in nature, whether arising under foreign, federal, state, or local statutory or common law or any other law, rule, regulation, ordinance or administrative provision, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future in this Litigation or any other action or in any other forum, against any or all of Defendants' Released Persons that arise from or out of or are in connection with or are based upon, arise from, or relate in any way to: (a) the allegations, transactions, offerings, facts, matters, events, acts, failures to act, occurrences, breaches of duty, statements, representations, misrepresentations, disclosures, omissions and/or claims which were or could have been alleged in this Litigation; and (b) the purchase or acquisition of TuSimple securities during the Class Period.  "Released Claims" also includes claims relating to the settlement or

- 7 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

resolution of the Litigation.  This release does not cover, include, or release: (i) any shareholder derivative claims, including the claims asserted in *Wilhoite, et al. v. Hou, et al.*, No. 3:23-cv-02333 (S.D. Cal.) and *In re TuSimple Holdings, Inc. Stockholder Litigation*, C.A. No. 2022-1095 (Del. Ch.), or any cases consolidated into those actions; (ii) any claims to enforce the Settlement; or (iii) any claims of any Person that submitted an effective request for exclusion from the Settlement Class.  "Released Claims" includes "Unknown Claims" as defined below.

"Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Plaintiffs, Plaintiffs' Counsel, or any Settlement Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

"Released Defendant Party" or "Released Defendant Parties" or "Defendants' Released Persons" mean any or all of Defendants and/or any or all of their related parties, including, without limitation, any and all of their current, past, present, or future parents, subsidiaries, affiliates, predecessors, successors, assigns, divisions, funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, controlling shareholders, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, banks or investment bankers, commercial bankers, financial or investment advisors, consultants, advisors, underwriters, insurers, co-insurers, reinsurers in their capacities as such, as well as each of the Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, legatees, devisees, administrators, spouses, receivers and trustees, settlors, auditors, accountants, and assigns, as well as any trust of which any of the Defendants is the settlor or which is for the benefit of any of the Defendants and/or member(s) of his family, and any person, partnership, firm, trust, corporation, limited liability company, officer, director, or other individual or entity in which any of the Defendants has a controlling interest or which is related to or affiliated with any of the Defendants.

"Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Settlement Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Plaintiffs, the Settlement Class, and Plaintiffs' Counsel, which, if known by him, her, it, or them might have affected his, her, its, or their settlement and release of Plaintiffs, the Settlement Class, and Plaintiffs' Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiffs, the Settlement Class, and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

- 8 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiffs, the Settlement Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Defendants' Released Persons on your own about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you

- 9 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

may wish to pursue would be time-barred by the applicable statutes of limitation or repose. Also, the Settling Parties have agreed that TuSimple may terminate the Settlement and render it null and void in the event that Persons who would otherwise be Members of the Settlement Class who collectively incurred a specified amount of alleged loss exclude themselves from the Settlement Class.

**11.    How do I get out of the Settlement Class and the proposed Settlement?**

To exclude yourself from the Settlement Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Settlement Class in the "*TuSimple Securities Settlement*."" Your letter must include your purchases, acquisitions, and sales of TuSimple securities during the Class Period, including the dates and number of securities you purchased, acquired, and sold, and price paid for each such purchase or acquisition and received for each such sale. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request so that it is **postmarked no later than _____, 2024** to:

*TuSimple Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 5100
Larkspur, CA 94977-5100

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Defendants' Released Persons about the Released Claims in the future, if such claims are not time-barred.

**12.    If I do not exclude myself, can I sue the Defendants and the other Defendants' Released Persons for the same thing later?**

No. Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Defendants' Released Persons for any and all Released Claims. If you have a pending lawsuit against the Defendants' Released Persons, speak to your lawyer in that case immediately. You must exclude yourself from the Settlement Class in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is _____, 2024.

**13.    If I exclude myself, can I get money from the proposed Settlement?**

No. If you exclude yourself, you should not send in a Proof of Claim to ask for any money.

**THE LAWYERS REPRESENTING YOU**

**14.    Do I have a lawyer in this case?**

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Settlement Class Members, including you. These lawyers are called

- 10 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

Lead Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **15.** | **How will the lawyers be paid?** |

Lead Counsel will apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel not to exceed twenty-five percent of the Settlement Amount and for expenses, costs, and charges in an amount not to exceed $300,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund.  In addition, Plaintiffs may seek up to $24,000 in the aggregate pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Settlement Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| **16.** | **How do I tell the Court that I object to the proposed Settlement?** |

If you are a Settlement Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's fee and expense application, and/or the 15 U.S.C. §78u-4(a)(4) awards to Plaintiffs.  You can write to the Court setting out your comment or objection.  The Court will consider your views.  To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *TuSimple Securities Settlement*.  Include your name, address, telephone number, and your signature (even if you are represented by counsel), identify the date(s), price(s), and number of TuSimple securities purchased, acquired, or sold during the Class Period, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation, fee and expense application, and/or the 15 U.S.C. §78u-4(a)(4) award requests, including any legal and evidentiary support for such objection.  Any objection must state whether it applies only to the objector, to the Settlement Class, or to a specific subset of the Settlement Class.  In addition, the objector must identify all class action settlements to which the objector or the objector's counsel has previously objected.  You must also include copies of documents demonstrating your purchases, acquisitions, and/or sales of TuSimple securities during the Class Period.  Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is ***received*** no later than _____, **2024**:

- 11 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

| COURT | LEAD COUNSEL | TUSIMPLE'S COUNSEL |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA Edward J. Schwartz United States Courthouse 221 West Broadway San Diego, CA 92101 | ROBBINS GELLER RUDMAN & DOWD LLP Attn: Ellen Gusikoff Stewart 655 West Broadway, Suite 1900 San Diego, CA 92101 | WILMER CUTLER PICKERING HALE AND DORR LLP Attn: Robert Kingsley Smith 60 State Street Boston, MA 02109 |

---

**17.    What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object **only** if you stay in the Settlement Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against the Defendants and the Released Defendant Parties.  If you exclude yourself, you cannot object to the Settlement because it does not affect you.

### THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement.  You may attend and you may ask to speak, but you do not have to.

---

**18.    When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a Settlement Hearing at _____.m., on _____, 2024, in the Courtroom of the Honorable Roger T. Benitez, at the United States District Court for the Southern District of California, Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, CA 92101.  At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing.  The Court will listen to people who have asked to speak at the hearing. At or after the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation.  The Court may also decide how much to approve for Plaintiffs' Counsel's fees, expenses, and charges, and how much it will grant Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4).  We do not know how long these decisions will take.  You should be aware that the Court may change the date, time, and location of the Settlement Hearing without another notice being sent to Settlement Class Members.

There exists the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone or video conference, without further written notice to the Settlement Class.  **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor    the    Court's    docket    or    the    Settlement    website,**

- 12 -

3:22-cv-01300-BEN-MSB (Consolidated with No. 3:23-cv-00282-BEN-MSB)

**www.TuSimpleSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing.  Any updates regarding the Settlement Hearing, including any changes to the date and time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website.  Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the hearing will be posted to the Settlement website**.  If you want to attend the hearing, either in person or remotely, if permitted, you should check with Lead Counsel or the Settlement website beforehand to be sure that the date and/or time has not changed.

| **19.** | **Do I have to come to the hearing?** |
|---|---|

No.  Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you are a Settlement Class Member and send an objection, you do not have to come to Court to talk about it.  As long as you are a Settlement Class Member and timely submit your written objection, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.  Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| **20.** | **May I speak at the hearing?** |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or any aspect of the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *TuSimple Securities Settlement*."  Persons who intend to object to the Settlement, the Plan of Allocation, attorneys' fees and expenses to be awarded to Plaintiffs' Counsel and/or 15 U.S.C. §78u-4(a)(4) awards to Plaintiffs and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  Your notice of intention to appear must be ***received* no later than _____, 2024**, and addressed to the Clerk of Court, Lead Counsel, and TuSimple's Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

## IF YOU DO NOTHING

| **21.** | **What happens if I do nothing?** |
|---|---|

If you do nothing, you will not receive any money from this Settlement.  In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants and the Released Defendant Parties about the Released Claims in this case.

## GETTING MORE INFORMATION

| **22.** | **How do I get more information?** |
|---|---|

- 13 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4881-5297-5570.v4

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-866-644-9953. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court, and to the other settlement related papers filed in the Litigation, which are posted on the Settlement website at www.TuSimpleSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Southern District of California, during regular business hours.  For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## THE PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS

**23.    How will my claim be calculated?**

As discussed above, the Settlement provides $189 million in cash for the benefit of the Settlement Class.  The Settlement Amount and any interest it earns constitute the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees, expenses or amounts approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, Members of the Settlement Class who timely submit valid Proofs of Claim that are accepted for payment – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve.  Settlement Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund but will otherwise be bound by the Settlement.  The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website, www.TuSimpleSecuritiesSettlement.com.

1.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Members of the Settlement Class who submit acceptable Claim Forms ("Authorized Claimants") based on their respective alleged economic losses resulting from violations of the federal securities laws alleged in this Litigation. The Plan of Allocation reflects Plaintiffs' damages expert's analysis undertaken to that end, including a review of publicly available information regarding TuSimple and statistical analysis of the price movements of TuSimple securities (collectively, "TuSimple Securities") and the price performance of relevant market and peer indices during the Class Period.  The Plan of Allocation, however, is not a formal damages analysis.

2.    The calculations made pursuant to this Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making equitable allocations of the Net Settlement Fund.

3.    All purchases of TuSimple Securities during the Class Period (April 15, 2021 through December 20, 2022, both dates inclusive) are potentially eligible for

- 14 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

compensation based on claims asserted under the Exchange Act.[2] Shares of TuSimple common stock purchased on or before July 6, 2021, are also potentially eligible for compensation based on claims asserted under the Securities Act.[3]

4.     A "Recognized Loss Amount" will be calculated as set forth below for each transaction in TuSimple Securities during the Class Period that is listed in the Claim Form and for which adequate documentation is provided.  To the extent that the calculation of a Recognized Loss Amount results in a negative number, that number shall be set to zero.

5.     The Recognized Loss Amount for each qualifying purchase of TuSimple Securities is **the greater of** (a) the Securities Act Recognized Loss Amount calculated below, if any, **or** (b) the Exchange Act Recognized Loss Amount calculated below, if any.

6.     As detailed below, the Net Settlement Fund will be allocated according to recognized claims for class member damages.[4]

## I.     Securities Act Recognized Loss Amount Calculations

7.     Securities Act claims were asserted with respect to shares of TuSimple common stock purchased during the Settlement Class Period traceable to the registration statement utilized in connection with the IPO.  Shares of TuSimple common stock purchased from the initial offering of common stock on April 15, 2021, through July 6, 2021, are traceable to the IPO and potentially eligible for recovery under the Securities Act.

8.     The statutory formula for the calculation of damages under the Securities Act serves as a guide for the calculation of the "Securities Act Loss Amounts" under the Plan of Allocation.  For purposes of the Securities Act calculations, August 31, 2022 is considered to be the "date of suit," and August 22, 2024, the date that the Stipulation was executed, is considered to be the "Stipulation Date."

9.     For each share of TuSimple common stock traceable to the Registration Statement utilized in connection with the April 15, 2021 Initial Public Offering, which represents common stock purchased up to and including July 6, 2021, and:

(a)     Sold before August 31, 2022, the Securities Act Recognized Loss Amount for each such share shall be the purchase price per share (not to exceed the issue price at the Offering of $40.00 per share) **minus** the sale price per share.

---

[2]   Any transactions in TuSimple Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[3]   Purchases of TuSimple common stock will be considered to have been made in or traceable to the IPO registration statement only if they occurred between April 15, 2021 and July 6, 2021, both dates inclusive.

[4]   The Net Settlement Fund will be allocated to Authorized Claimants in a manner which provides that no more than 2% of the Net Settlement Fund will be allocated to Authorized Claimants' Recognized Loss Amounts associated with transactions in options on TuSimple common stock.

- 15 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4881-5297-5570.v4

(b)     Sold from August 31, 2022 through the close of trading on the Stipulation Date, the Securities Act Recognized Loss Amount for each such share shall be the purchase price per share (not to exceed the issue price at the Offering of $40.00 per share) *minus* the sale price per share (not to be less than $7.19 per share, the closing price on August 31, 2022).

(c)     Retained through the close of trading on the Stipulation Date, the Securities Act Recognized Loss Amount for each such share shall be the purchase price per share (not to exceed the issue price at the Offering of $40.00 per share) *minus* $7.19 per share, the closing price on August 31, 2022.

## II.     Exchange Act Recognized Loss Amount Calculations

10.     Plaintiffs allege that Defendants made false statements and omitted material facts during the Class Period, which had the effect of artificially inflating the trading price of TuSimple common stock and call options and artificially deflating the trading price of TuSimple put options.  Plaintiffs further allege that corrective information released to the market removed alleged artificial inflation (deflation) from the share prices of TuSimple Securities on March 3, 2022, August 1, 2022, October 31, 2022, December 6, 2022, and December 21, 2022 (the "corrective disclosures").

11.     Exchange Act Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the prices of TuSimple securities at the time of purchase and/or sale.

### A. Common Stock Calculations

12.     For each share of exchange-traded TuSimple common stock purchased from April 15, 2021 through and including December 20, 2022, and:

(a)     Sold before March 3, 2022, the Exchange Act Recognized Loss Amount will be $0.00.

(b)     Sold from March 3, 2022 through and including the close of trading on December 20, 2022, the Exchange Act Recognized Loss Amount will be *the lesser of*: (i) the amount of artificial inflation per share on the date of purchase as stated in Table A below *minus* the amount of artificial inflation per share on the date of sale as stated in Table A below; or (ii) the purchase price *minus* the sale price.

(c)     Sold from December 21, 2022 through and including the close of trading on March 20, 2023, the Exchange Act Recognized Loss Amount will be *the least of*: (i) the amount of artificial inflation per share on the date of purchase as stated in Table A below *minus* the amount of artificial inflation per share on the date of sale as stated in Table A below; or (ii) the purchase price *minus* the sale price; or (iii) the purchase price *minus* the average closing price between December 21, 2022 and the date of sale as stated in Table B below.

(d)     Held as of the close of trading on March 20, 2023, the Exchange Act Recognized Loss Amount will be *the lesser of*: (i) the amount of artificial

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4881-5297-5570.v4

inflation per share on the date of purchase as stated in Table A below; or (ii) the purchase price **minus** $1.92.[5]

**B. Options Calculations**

13.     For each exchange-traded TuSimple call option purchased from April 15, 2021 through and including December 20, 2022, and:

(a)     Closed (through sale, exercise, or expiration) prior to March 3, 2022, the Exchange Act Recognized Loss Amount for each such contract shall be zero.

(b)     Closed (through sale, exercise, or expiration) without being held through at least one of the corrective disclosures, the Recognized Loss Amount for each such contract shall be zero.

(c)     Held through at least one of the corrective disclosures, the Recognized Loss Amount is the difference between the price paid for the call option contract less the proceeds received upon the sale, exercise, or expiration of the call option contract.

(d)     Held as of the close of trading on December 20, 2022, the Recognized Loss Amount is the difference between (i) the price paid for the call option contract and (ii) the call option intrinsic value of the option contract on March 20, 2023.[6]

(e)     For call option contract on TuSimple common stock written or otherwise sold, the Recognized Loss Amount is zero.

14.     For each exchange-traded TuSimple put option contract sold (written) from April 15, 2021 through and including December 20, 2022, and:

(a)     Closed (through purchase, exercise, or expiration) prior to March 3, 2022, the Recognized Loss Amount for each such contract shall be zero.

---

[5]     Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of TuSimple common stock during the "90-day look-back period," December 21, 2022 through and including March 20, 2023. The mean (average) closing price for TuSimple common stock during this 90-day look-back period was $1.92.

[6]     The call option contract intrinsic value on March 20, 2023 shall be $1.43 (the closing price of TuSimple common stock on March 20, 2023) **minus** the strike price of the option. If this number is less than zero, the value of the call option is zero.

- 17 -                    3:22-cv-01300-BEN-MSB
                    (Consolidated with No. 3:23-cv-
                    00282-BEN-MSB)

(b)     Closed (through purchase, exercise, or expiration) without being held through at least one of the corrective disclosures, the Recognized Loss Amount for each such contract shall be zero.

(c)     Held through at least one of the corrective disclosures, the Recognized Loss Amount is the difference between the amount(s) paid upon purchase, assignment, or expiration of the put option contract less the initial proceeds received upon the sale of the put option contract.

(d)     Held as of the close of trading on December 20, 2022, the Recognized Loss Amount is the difference between (a) the put option contract intrinsic value of the option on March 20, 2023,[7] and (b) the initial proceeds received from the sale of the put option contract.

(e)     For put option contract on TuSimple common stock purchased, the Recognized Loss Amount is zero.

## ADDITIONAL PROVISIONS

15.     **Calculation of Claimant's "Recognized Claim"**:     A claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to TuSimple common stock, call options, and put options.    As stated above, the Recognized Loss Amount for each purchase of TuSimple common stock during the Class Period is *the greater of* (a) the Securities Act Recognized Loss Amount (if any) *or* (b) the Exchange Act Recognized Loss Amount (if any).    If a claimant had a market gain with respect to their overall transactions in TuSimple Securities during the Class Period, the value of the claimant's Recognized Claim will be zero.   If a claimant suffered an overall market loss with respect to their overall transactions in TuSimple Securities during the Class Period, but that market loss was less than the claimants' total Recognized Claim, their Recognized Claim will be limited to the amount of the actual market loss.   For purposes of determining whether a claimant had a market gain, or suffered a market loss, with respect to a claimant's overall transactions of TuSimple common stock and call options during the Class Period, the Claims Administrator will determine the difference between the claimant's (i) Total Purchase Amount[8] and (ii) the sum of the Total Sales Proceeds[9] and Holding Value.[10]   For purposes of determining whether a

---

[7]   The put option contract intrinsic value on March 20, 2023 shall be the strike price of the options *minus* $1.43 (the closing price of TuSimple common stock on March 20, 2023).  If this number is less than zero, the value of the call option is zero.

[8]   The "Total Purchase Amount" is the total amount claimant paid (excluding commissions and other charges) for TuSimple common stock or call options purchased during the Class Period.

[9]   The Claims Administrator will match any sales of TuSimple common stock from the start of the Class Period through and including the close of trading on December 20, 2022, first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).   The total amount received (excluding commissions and other charges) for the remaining sales of TuSimple common stock sold from the start of the Class Period through and including the close of trading on December 20, 2022 will be the "Total Sales Proceeds."

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4881-5297-5570.v4

claimant had a market gain, or suffered a market loss, with respect to that Settlement Class Member's overall transactions in TuSimple put options during the Class Period, the Claims Administrator will determine the difference between the claimant's (i) Total Put Proceeds[11] and (ii) the sum of the Total Covering Cost[12] and Holding Value.[13]  This difference will be deemed a claimant's market gain or loss with respect to the claimant's overall transactions in TuSimple put options during the Class Period.

16.  **FIFO Matching**:  If a Settlement Class Member made more than one purchase or sale of TuSimple common stock or call options during the Class Period, all purchases and sales will be matched on a First In, First Out ("FIFO") basis, beginning with the earliest purchase of the like security.  For TuSimple put options, purchases made during the Class Period will be matched against put options sold (written) in chronological order, beginning with the earliest put options sold (written) during the Class Period.

17.  **"Purchase/Sale" Prices**: For the purposes of calculations under this Plan of Allocation, "purchase price" means the actual price paid, excluding all fees, taxes, and commissions, and "sale price" means the actual amount received, not deducting any fees, taxes, and commissions.

18.  **"Purchase/Sale" Dates**:  Purchases and sales of TuSimple Securities will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of TuSimple Securities shall not be deemed a purchase or sale of TuSimple Securities for the calculation of a claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase or sale of TuSimple Securities unless (i) the donor or decedent purchased or sold those TuSimple Securities between April 15, 2021 and December 20, 2022 (both dates inclusive); (ii) the instrument of gift or assignment specifically provides that it is

---

[10]  The Claims Administrator will ascribe a "Holding Value" for the securities equal to (i) common stock: $1.51 for each share of TuSimple common stock purchased during the Class Period and still held as of the close of trading on December 20, 2022; and (ii) call options: the call option intrinsic value on December 20, 2022 for each call option purchased during the Class Period and still held as of the close of trading on December 20, 2022.  The call option intrinsic value on December 20, 2022 is equal to $1.51 (the closing price of TuSimple common stock on December 20, 2022) *minus* the strike price of the option. If this number is less than zero, the value of the call option is zero.

[11]  The "Total Put Proceeds" is the total amount the claimant received (excluding commissions and other charges) for writing put options on TuSimple common stock during the Class Period.

[12]  The "Total Covering Cost" is the total amount the claimant paid (excluding commissions and other charges) to close the written put option position.

[13]  The Claims Administrator will ascribe a "Holding Value" equal to the put option intrinsic value on December 20, 2022 for each put option written or sold during the Class Period and still held as of the close of trading on December 20, 2022.  The put option intrinsic value on December 20, 2022 is equal to the strike price of the options *minus* $1.51 (the closing price of TuSimple common stock on December 20, 2022). If this number is less than zero, the value of the call option is zero.

- 19 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4881-5297-5570.v4

intended to transfer such rights; and (iii) no other duplicative Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of TuSimple Securities.

19. **Short Sales**: In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a transaction that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered is also zero.

20. In the event that a claimant establishes a short position during the Class Period, the earliest subsequent Class Period purchase shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

21. If a claimant has "written" TuSimple call options, thereby having a short position in the call options, the date of covering such a written position is deemed to be the date of purchase of the call option. The date on which the call option was written is deemed to be the date of sale of the call option. In accordance with the Plan of Allocation, the earliest purchases of like call options during the Class Period shall be matched against such short positions in accordance with the FIFO matching described above and any portion of such purchases that cover such short positions shall not be entitled to recovery.

22. If a claimant has purchased TuSimple put options, thereby having a long position in the put options, the date of purchase is deemed to be the date of purchase of the put option. The date on which the put option was sold, exercised, or expired is deemed to be the date of sale of the put option. In accordance with the Plan of Allocation, the earliest sales or dispositions of like put options during the Class Period shall be matched against such long positions in accordance with the FIFO matching described above and any portion of the sales that cover such long positions shall not be entitled to a recovery.

23. **Common Stock Purchased/Sold Through the Exercise of Options**: With respect to TuSimple common stock purchased or sold via the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

24. **Determination of Distribution Amount**: If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive the claimants' authorized share of the Net Settlement Fund as provided by this Plan of Allocation. That share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount of the Net Settlement Fund.

25. If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

26. Payment pursuant to the Plan of Allocation or such other plan as may be approved by the Court for this Settlement shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, any of the other Settlement Class Members, or the Claims Administrator or other agent designated by Plaintiffs' Counsel arising from distributions made substantially in accordance with

- 20 -

the Stipulation, the plan of allocation approved by the Court, or further orders of the Court.

27.     Settlement Class Members who do not submit acceptable Claim Forms will not share in the distribution of the Net Settlement Fund, however they will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Litigation unless they have timely and validly sought exclusion.

28.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Settlement Class Member or claimant.

29.     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim and Claim Form.

**TABLE A**
**Estimated Inflation in TuSimple Common Stock**
**April 15, 2021 through December 20, 2022**

| Date Range | Inflation Per Share of TuSimple Common Stock |
|---|---|
| April 15, 2021 – March 2, 2022 | $7.20 |
| March 3, 2022 – July 31, 2022 | $4.26 |
| August 1, 2022 – October 30, 2022 | $3.30 |
| October 31, 2022 – December 5, 2022 | $0.46 |
| December 6, 2022 – December 20, 2022 | $0.13 |

**TABLE B**
**90-Day Look-back Table for TuSimple Common Stock**
**Closing Price and Average Closing Price**
**December 21, 2022 through March 20, 2023**

| Date | Closing Price | Average Closing Price Between December 21, 2022 and Date Shown | Date | Closing Price | Average Closing Price Between December 21, 2022 and Date Shown |
|---|---|---|---|---|---|
| 12/21/2022 | $1.42 | $1.42 | 2/6/2023 | $2.48 | $1.91 |
| 12/22/2022 | $1.26 | $1.34 | 2/7/2023 | $2.40 | $1.93 |
| 12/23/2022 | $1.50 | $1.39 | 2/8/2023 | $2.30 | $1.94 |
| 12/27/2022 | $1.36 | $1.39 | 2/9/2023 | $2.15 | $1.94 |
| 12/28/2022 | $1.55 | $1.42 | 2/10/2023 | $2.20 | $1.95 |
| 12/29/2022 | $1.71 | $1.47 | 2/13/2023 | $2.17 | $1.96 |
| 12/30/2022 | $1.64 | $1.49 | 2/14/2023 | $2.22 | $1.97 |
| 1/3/2023 | $1.55 | $1.50 | 2/15/2023 | $2.44 | $1.98 |
| 1/4/2023 | $1.59 | $1.51 | 2/16/2023 | $2.22 | $1.98 |
| 1/5/2023 | $1.48 | $1.51 | 2/17/2023 | $2.09 | $1.99 |
| 1/6/2023 | $1.58 | $1.51 | 2/21/2023 | $1.91 | $1.98 |
| 1/9/2023 | $1.76 | $1.53 | 2/22/2023 | $1.99 | $1.98 |

4881-5297-5570.v4

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

| Date | Closing Price | Average Closing Price Between December 21, 2022 and Date Shown | Date | Closing Price | Average Closing Price Between December 21, 2022 and Date Shown |
|---|---|---|---|---|---|
| 1/10/2023 | $1.89 | $1.56 | 2/23/2023 | $1.96 | $1.98 |
| 1/11/2023 | $1.96 | $1.59 | 2/24/2023 | $1.83 | $1.98 |
| 1/12/2023 | $2.13 | $1.63 | 2/27/2023 | $1.87 | $1.98 |
| 1/13/2023 | $2.19 | $1.66 | 2/28/2023 | $1.92 | $1.98 |
| 1/17/2023 | $2.18 | $1.69 | 3/1/2023 | $1.83 | $1.97 |
| 1/18/2023 | $2.06 | $1.71 | 3/2/2023 | $1.81 | $1.97 |
| 1/19/2023 | $1.93 | $1.72 | 3/3/2023 | $2.03 | $1.97 |
| 1/20/2023 | $2.06 | $1.74 | 3/6/2023 | $2.02 | $1.97 |
| 1/23/2023 | $2.11 | $1.76 | 3/7/2023 | $1.96 | $1.97 |
| 1/24/2023 | $1.95 | $1.77 | 3/8/2023 | $1.90 | $1.97 |
| 1/25/2023 | $1.99 | $1.78 | 3/9/2023 | $1.73 | $1.97 |
| 1/26/2023 | $2.04 | $1.79 | 3/10/2023 | $1.60 | $1.96 |
| 1/27/2023 | $2.10 | $1.80 | 3/13/2023 | $1.60 | $1.95 |
| 1/30/2023 | $1.94 | $1.81 | 3/14/2023 | $1.58 | $1.95 |
| 1/31/2023 | $2.10 | $1.82 | 3/15/2023 | $1.56 | $1.94 |
| 2/1/2023 | $2.38 | $1.84 | 3/16/2023 | $1.63 | $1.93 |
| 2/2/2023 | $2.74 | $1.87 | 3/17/2023 | $1.52 | $1.93 |
| 2/3/2023 | $2.64 | $1.89 | 3/20/2023 | $1.43 | $1.92 |

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

Nominees who purchased or acquired TuSimple securities during the Class Period for beneficial owners who are Settlement Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice.  If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class.  Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions.  Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 per record for providing names, addresses, and email addresses to the Claims Administrator; up to a

- 22 -

maximum of $0.03 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email.  Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.  Copies of this Notice may also be obtained by calling toll-free 1-866-644-9953, and may be downloaded from the Settlement website, www.TuSimpleSecuritiesSettlement.com.

*TuSimple Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301135
Los Angeles, CA  90030-1135


DATED: _____      _____
UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

4881-5297-5570.v4

- 23 -                    3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-
00282-BEN-MSB)

Exhibit A-1
Page 39

# EXHIBIT A-2

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
ELLEN GUSIKOFF STEWART (144892)
LUCAS F. OLTS (234843)
JENNIFER N. CARINGAL (286197)
HEATHER G. GEIGER (322937)
STEPHEN JOHNSON (347822)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
elleng@rgrdlaw.com
lolts@rgrdlaw.com
jcaringal@rgrdlaw.com
hgeiger@rgrdlaw.com
sjohnson@rgrdlaw.com

KAHN SWICK & FOTI, LLP
RAMZI ABADOU (222567)
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN DICKER, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:22-cv-01300-BEN-MSB (Consolidated with No. 3:23-cv-00282-BEN-MSB) |
| Plaintiff, | CLASS ACTION |
| vs. | PROOF OF CLAIM AND RELEASE |
| TUSIMPLE HOLDINGS, INC., et al., | EXHIBIT A-2 |
| Defendants. | |

4868-1754-4914.v4

## I.     GENERAL INSTRUCTIONS

1.     To recover as a Settlement Class Member based on the claims in the Litigation,[1] you must complete and, on page ____ hereof, sign this Proof of Claim.  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.     Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.     YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE _____, 2024**, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR, ADDRESSED AS FOLLOWS:

*TuSimple Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301135
Los Angeles, CA  90030-1135
Online Submissions: www.TuSimpleSecuritiesSettlement.com

Do not mail or deliver your Claim Form to the Court, the parties to the Litigation, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.  If you are NOT a Settlement Class Member, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

4.     If you are a Settlement Class Member and you do not timely request exclusion, you are bound by the terms of any judgment entered in the Litigation,

---

[1]   This Proof of Claim and Release ("Proof of Claim" or "Claim Form") incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.TuSimpleSecuritiesSettlement.com.

- 1 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4868-1754-4914.v4

including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II.     CLAIMANT IDENTIFICATION

You are a Member of the Settlement Class if you purchased and/or otherwise acquired TuSimple Holdings, Inc. ("TuSimple") securities between April 15, 2021 and December 20, 2022, inclusive (the "Class Period"), and are not otherwise excluded from the Settlement Class.  Excluded from the Settlement Class are: (i) Defendants and members of their immediate families; (ii) current and former officers and directors of TuSimple and members of their immediate families; (iii) any entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant; (iv) TuSimple's subsidiaries and affiliates or other entities owned or controlled by it; and (v) the legal representatives, heirs, successors, or assigns of each Defendant.  Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class but who validly and timely requests exclusion in accordance with the requirements set by the Court.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee") of TuSimple securities that forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF TUSIMPLE SECURITIES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The last four digits of the Social Security (or full taxpayer identification) number and telephone number of the beneficial owner may be used in

- 2 -
3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

1  verifying the claim.  Failure to provide the foregoing information could delay
2  verification of your claim or result in rejection of the claim.

3  **III.   CLAIM FORM**

4       Use Part II entitled "Schedule of Transactions in TuSimple Common Stock"
5  and Part III entitled "Schedule of Transactions in TuSimple Options" of this Claim
6  Form to supply all required details of your transaction(s) in TuSimple securities.  If
7  you need more space or additional schedules, attach separate sheets giving all of the
8  required information in substantially the same form.  Sign and print or type your name
9  on each additional sheet.

10      On the schedules, provide all of the requested information with respect to ***all*** of
11  your purchases, acquisitions, and sales of TuSimple securities that took place between
12  April 15, 2021 and March 20, 2023, inclusive, whether such transactions resulted in a
13  profit or a loss.  You must also provide all of the requested information with respect to
14  the number of shares of TuSimple common stock and number and type of call and/or
15  put option contracts you held at the close of trading on December 20, 2022 and March
16  20, 2023.  Failure to report all such transactions may result in the rejection of your
17  claim.

18      List each transaction separately and in chronological order, by trade date,
19  beginning with the earliest.  You must accurately provide the month, day, and year of
20  each transaction you list.

21      The date of covering a "short sale" is deemed to be the date of purchase of
22  TuSimple securities.  The date of a "short sale" is deemed to be the date of sale of
23  TuSimple securities.

24      COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION
25  OF YOUR TRANSACTIONS IN TUSIMPLE SECURITIES MUST BE
26  ATTACHED TO YOUR CLAIM.   FAILURE TO PROVIDE THIS
27  DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM AND

28

- 3 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-
00282-BEN-MSB)

1  MAY RESULT IN REJECTION OF YOUR CLAIM.  THE PARTIES DO NOT
2  HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN TUSIMPLE
3  SECURITIES.

4          NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large
5  numbers of transactions may request, or may be requested, to submit information
6  regarding their transactions in electronic files.  All such claimants MUST also submit
7  a manually signed paper Proof of Claim whether or not they also submit electronic
8  copies.  If you wish to submit your claim electronically, you must contact the Claims
9  Administrator at edata@vertitaglobal.com to obtain the required file layout.  No
10 electronic files will be considered to have been properly submitted unless the Claims
11 Administrator issues to the claimant a written acknowledgment of receipt and
12 acceptance of electronically submitted data.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                            - 4 -              3:22-cv-01300-BEN-MSB
                                       (Consolidated with No. 3:23-cv-
                                              00282-BEN-MSB)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

*Dicker vs. TuSimple Holdings, Inc. et al.*

No. 3:22-cv-01300-BEN-MSB

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed) or Received (if Submitted Online)
No Later than:**

**_____, 2025**

<u>Please Type or Print</u>

REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN TUSIMPLE SECURITIES.   FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.

- 5 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4868-1754-4914.v4

**PART I: CLAIMANT IDENTIFICATION**

Last Name _____ M.I. ___ First Name _____

Last Name (Co-Beneficial Owner) _____ M.I. ___ First Name (Co-Beneficial Owner) _____

○ IRA   ○ Joint Tenancy   ○ Employee   ○ Individual   ○ Other _____ (specify)
Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number ___ – ___ – ___   or   Taxpayer Identification Number ___ – ___

Telephone Number (Primary Daytime) _____   Telephone Number (Alternate) _____

Email Address _____

**MAILING INFORMATION**

Address _____

Address _____

City _____ State ___ Zip Code _____

Foreign Province _____ Foreign Postal Code _____ Foreign Country Name/Abbreviation _____

PART II:   SCHEDULE OF TRANSACTIONS IN TUSIMPLE COMMON STOCK

   **A.**    **Purchases or acquisitions of TuSimple common stock (April 15, 2021 through March 20, 2023, inclusive):[2]**

| Trade Date(s) Month Day Year (List chronologically) | Number of Shares Purchased | Total Purchase Price (Excluding commissions, taxes and fees) | Proof of Purchase Enclosed |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | □ Y □ N |
| 2._____ | 2._____ | 2._____ | □ Y □ N |
| 3._____ | 3._____ | 3._____ | □ Y □ N |

IMPORTANT:   (i)   If any purchase listed covered a "short sale," please mark Yes: □ Yes

---

[2]   Information requested about your transactions of TuSimple securities from December 21, 2022 through and including March 20, 2023, is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions. Transactions during this period are not eligible for a recovery because they were made outside of the Class Period.

- 6 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

**B.** **Sales of TuSimple common stock (April 15, 2021 through March 20, 2023, inclusive):**

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sale Enclosed |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | ☐ Y ☐ N |
| 2._____ | 2._____ | 2._____ | ☐ Y ☐ N |
| 3._____ | 3._____ | 3._____ | ☐ Y ☐ N |

**C.** **Number of shares of TuSimple common stock held at the close of trading on December 20, 2022: _____**

Proof of Position Enclosed:   ☐ Yes ☐ No

**D.** **Number of shares of TuSimple common stock held at the close of trading on March 20, 2023: _____**

Proof of Position Enclosed:   ☐ Yes ☐ No

PART III:   SCHEDULE OF TRANSACTIONS IN TUSIMPLE OPTIONS

**PURCHASES/REPURCHASES**

A.   I made the following purchases/repurchases of options on TuSimple common stock between April 15, 2021 and March 20, 2023, inclusive:

| Date(s) of transaction (List Chronologically) (MM/DD/YY) | Number of option contracts acquired | Expiry Date (MM/YY) | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised | Assigned/Exercised Date | | |
|---|---|---|---|---|---|---|---|---|
| Option Type: ☐ Put ☐ Call | | | | | | Proof of transaction enclosed? | ☐ Y | ☐ N |
| Option Type: ☐ Put ☐ Call | | | | | | Proof of transaction enclosed? | ☐ Y | ☐ N |
| Option Type: ☐ Put ☐ Call | | | | | | Proof of transaction enclosed? | ☐ Y | ☐ N |
| Option Type: ☐ Put ☐ Call | | | | | | Proof of transaction enclosed? | ☐ Y | ☐ N |
| Option Type: ☐ Put ☐ Call | | | | | | Proof of transaction enclosed? | ☐ Y | ☐ N |
| Option Type: ☐ Put ☐ Call | | | | | | Proof of transaction enclosed? | ☐ Y | ☐ N |
| Option Type: ☐ Put ☐ Call | | | | | | Proof of transaction enclosed? | ☐ Y | ☐ N |

**SALES/WRITTEN**

- 7 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4868-1754-4914.v4

B.      I sold/wrote the following options on TuSimple common stock during the period between April 15, 2021 and March 20, 2023, inclusive.

| Date(s) of transaction (List Chronologically) (MM/DD/YY) | Number of option contracts acquired | Expiry Date (MM/YY) | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised | Assigned/Exercised Date |
|---|---|---|---|---|---|---|
| Option Type:    Put    Call | | | | | | Proof of transaction enclosed?    Y    N |
| Option Type:    Put    Call | | | | | | Proof of transaction enclosed?    Y    N |
| Option Type:    Put    Call | | | | | | Proof of transaction enclosed?    Y    N |
| Option Type:    Put    Call | | | | | | Proof of transaction enclosed?    Y    N |
| Option Type:    Put    Call | | | | | | Proof of transaction enclosed?    Y    N |
| Option Type:    Put    Call | | | | | | Proof of transaction enclosed?    Y    N |
| Option Type:    Put    Call | | | | | | Proof of transaction enclosed?    Y    N |

**YOU MUST READ AND SIGN THE RELEASE ON PAGE ___. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of California with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of TuSimple securities during the relevant period and know of no other person having done so on my (our) behalf.

- 8 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

## V.   RELEASE

1.     I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Defendants' Released Persons," defined as any or all of Defendants and/or any or all of their related parties, including, without limitation, any and all of their current, past, present, or future parents, subsidiaries, affiliates, predecessors, successors, assigns, divisions, funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, controlling shareholders, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, banks or investment bankers, commercial bankers, financial or investment advisors, consultants, advisors, underwriters, insurers, co-insurers, reinsurers in their capacities as such, as well as each of the Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, legatees, devisees, administrators, spouses, receivers and trustees, settlors, auditors, accountants, and assigns, as well as any trust of which any of the Defendants is the settlor or which is for the benefit of any of the Defendants and/or member(s) of his family, and any person, partnership, firm, trust, corporation, limited liability company, officer, director, or other individual or entity in which any of the Defendants has a controlling interest or which is related to or affiliated with any of the Defendants.

2.     "Released Claims" means, to the fullest extent permitted, any and all claims, rights, controversies, duties, obligations, demands, allegations, arguments, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages, liabilities and causes of action of every nature and description, whether known or unknown, contingent or non-contingent, matured or unmatured, foreseen or unforeseen, disclosed or undisclosed, suspected or unsuspected, discoverable or

- 9 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4868-1754-4914.v4

undiscoverable, concealed or hidden, liquidated or unliquidated, accrued or unaccrued, at law or in equity, whether direct, representative, class or individual in nature, whether arising under foreign, federal, state, or local statutory or common law or any other law, rule, regulation, ordinance or administrative provision, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future in this Litigation or any other action or in any other forum, against any or all of Defendants' Released Persons that arise from or out of or are in connection with or are based upon, arise from, or relate in any way to: (a) the allegations, transactions, offerings, facts, matters, events, acts, failures to act, occurrences, breaches of duty, statements, representations, misrepresentations, disclosures, omissions and/or claims which were or could have been alleged in this Litigation; and (b) the purchase or acquisition of TuSimple securities during the Class Period.  "Released Claims" also includes claims relating to the settlement or resolution of the Litigation.  This release does not cover, include, or release: (i) any shareholder derivative claims, including the claims asserted in *Wilhoite, et al. v. Hou, et al.*, No. 3:23-cv-02333 (S.D. Cal.) and *In re TuSimple Holdings, Inc. Stockholder Litigation*, C.A. No. 2022-1095 (Del. Ch.), or any cases consolidated into those actions; (ii) any claims to enforce the Settlement; or (iii) any claims of any Person that submitted an effective request for exclusion from the Settlement Class.  "Released Claims" includes "Unknown Claims" as defined below.

3.      "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Settlement Class; and (b) any and all Released

- 10 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, its favor at the time of the release of Plaintiffs, the Settlement Class, and Plaintiffs' Counsel, which, if known by him, her, it, or them might have affected his, her, its, or their settlement and release of Plaintiffs, the Settlement Class, and Plaintiffs' Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiffs, the Settlement Class, and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged,

- 11 -

4868-1754-4914.v4

extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiffs, the Settlement Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

- 12 -

4.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in TuSimple securities occurred during the relevant period as well as the number of shares held by me (us) at the close of trading on December 20, 2022 and March 20, 2023.

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this ____ day of _____ in _____,
                                        (Month/Year)              (City)

_____.
       (State/Country)


                                        _____
                                        (Sign your name here)

                                        _____
                                        (Type or print your name here)

                                        _____
                                        (Capacity of person(s) signing,
                                        *e.g.*, Beneficial Purchaser, or Acquirer
                                        Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.   Please sign the above release and acknowledgment.

2.   Remember to attach copies of supporting documentation.

3.   **Do not send** originals of certificates or other documentation as they will not be returned.

4.   Keep a copy of your Proof of Claim and all supporting documentation for your records.

5.   If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

6.   If you move, please send your new address to the address below.

7.   **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR
MAILED NO LATER THAN_____, 2024, ADDRESSED AS
FOLLOWS:**

*TuSimple Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301135
Los Angeles, CA  90030-1135
Online Submissions:  www.TuSimpleSecuritiesSettlement.com

- 14 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-
00282-BEN-MSB)

4868-1754-4914.v4

Exhibit A-2
Page 55

# EXHIBIT A-3

1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  DARREN J. ROBBINS (168593)
   ELLEN GUSIKOFF STEWART (144892)
3  LUCAS F. OLTS (234843)
   JENNIFER N. CARINGAL (286197)
4  HEATHER G. GEIGER (322937)
   STEPHEN JOHNSON (347822)
5  655 West Broadway, Suite 1900
   San Diego, CA  92101
6  Telephone:  619/231-1058
   619/231-7423 (fax)
7  darrenr@rgrdlaw.com
   elleng@rgrdlaw.com
8  lolts@rgrdlaw.com
   jcaringal@rgrdlaw.com
9  hgeiger@rgrdlaw.com
   sjohnson@rgrdlaw.com
10
   KAHN SWICK & FOTI, LLP
11 RAMZI ABADOU (222567)
   580 California Street, Suite 1200
12 San Francisco, CA 94104
   Telephone: (415) 459-6900
13 Facsimile: (504) 455-1498
   ramzi.abadou@ksfcounsel.com
14

15

16                    UNITED STATES DISTRICT COURT

17                  SOUTHERN DISTRICT OF CALIFORNIA

18 AUSTIN DICKER, Individually and on )  Case No. 3:22-cv-01300-BEN-MSB
   Behalf of All Others Similarly Situated, )  (Consolidated with No. 3:23-cv-00282-
19                                         )  BEN-MSB)
                      Plaintiff,           )
20                                         )  CLASS ACTION
          vs.                              )
21                                         )  SUMMARY NOTICE OF PROPOSED
   TUSIMPLE HOLDINGS, INC., et al.,        )  SETTLEMENT OF CLASS ACTION
22                                         )
                      Defendants.          )  EXHIBIT A-3
23 _____)

24

25

26

27

28

4895-8637-6146.v4

**TO: ALL PERSONS AND ENTITIES WHO PURCHASED AND/OR OTHERWISE ACQUIRED TUSIMPLE HOLDINGS, INC. ("TUSIMPLE") SECURITIES BETWEEN APRIL 15, 2021 AND DECEMBER 20, 2022, INCLUSIVE ("SETTLEMENT CLASS" OR "SETTLEMENT CLASS MEMBERS")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on _____, 2024, at _____ ___.m., before the Honorable Roger T. Benitez at the United States District Court for the Southern District of California, Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, CA  92101, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned Litigation as set forth in the Stipulation of Settlement ("Stipulation")[1] for $189 million in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice; (3) to award Plaintiffs' Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is discussed below) and, if so, in what amounts; (4) to award payments pursuant to 15 U.S.C. §78u-4(a)(4) in connection with Plaintiffs' representation of the Settlement Class and, if so, in what amounts; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

There exists the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone or videoconference, without further written notice to the Settlement Class.  In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members

---

[1] The Stipulation can be viewed and/or obtained at www.TuSimpleSecuritiesSettlement.com.

- 1 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4895-8637-6146.v4

1   must or may participate by phone or video, it is important that you monitor the Court's

2   docket and the Settlement website, www.TuSimpleSecuritiesSettlement.com, before

3   making any plans to attend the Settlement Hearing.  Any updates regarding the

4   Settlement Hearing, including any changes to the date or time of the hearing or

5   updates regarding in-person or telephonic appearances at the hearing, will also be

6   posted to that website.  Also, if the Court requires or allows Settlement Class

7   Members to participate in the Settlement Hearing by telephone or videoconference,

8   the   access   information   will   be   posted   to   the   Settlement   website,

9   www.TuSimpleSecuritiesSettlement.com.

10      IF   YOU   PURCHASED   OR   OTHERWISE   ACQUIRED   TUSIMPLE

11   SECURITIES   BETWEEN   APRIL   15,   2021   AND   DECEMBER   20,   2022,

12   INCLUSIVE, YOUR RIGHTS ARE AFFECTED BY THE SETTLEMENT OF THIS

13   LITIGATION.

14      To share in the distribution of the Net Settlement Fund, you must establish your

15   rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail

16   **(postmarked  no  later  than  _____,  2024)** or  electronically  **(no  later  than**

17   **_____,  2024)**.  Your failure to submit your Proof of Claim by _____, 2024,

18   will subject your Proof of Claim to rejection and preclude your receiving any of the

19   recovery in connection with the Settlement of this Litigation.  If you purchased or

20   otherwise acquired TuSimple securities between April 15, 2021 and December 20,

21   2022, inclusive, and do not request exclusion from the Settlement Class, you will be

22   bound by the Settlement and any judgment and release entered in the Litigation,

23   including, but not limited to, the Judgment, whether or not you submit a Proof of

24   Claim.

25      The Notice, which more completely describes the Settlement and your rights

26   thereunder (including your right to object to the Settlement), the Proof of Claim, the

27   Stipulation (which, among other things, contains definition for the defined terms used

28

- 2 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-
00282-BEN-MSB)

in this Summary Notice), and other important documents, may be accessed online at www.TuSimpleSecuritiesSettlement.com, or by writing to or calling:

*TuSimple Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301135
Los Angeles, CA  90030-1135
1-866-644-9953

Inquiries should NOT be directed to TuSimple, Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 1-800-449-4900
settlementinfo@rgrdlaw.com

IF YOU DESIRE TO BE EXCLUDED FROM THE SETTLEMENT CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY _____, 2024**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.  ALL SETTLEMENT CLASS MEMBERS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT A TIMELY PROOF OF CLAIM.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY PLAINTIFFS' COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED TWENTY-FIVE PERCENT OF THE SETTLEMENT AMOUNT, LITIGATION EXPENSES NOT TO EXCEED $300,000, PLUS INTEREST ON BOTH AMOUNTS, AND/OR AWARDS TO PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4). ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND

- 3 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4895-8637-6146.v4

1  DEFENDANTS' COUNSEL **SUCH THAT IT IS *RECEIVED* NO LATER THAN**

2  **_____, 2024**, IN THE MANNER AND FORM EXPLAINED IN THE

3  NOTICE.

4  DATED:  _____          BY ORDER OF THE COURT
                              UNITED STATES DISTRICT COURT
5                             SOUTHERN DISTRICT OF CALIFORNIA

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -                3:22-cv-01300-BEN-MSB
                     (Consolidated with No. 3:23-cv-
                     00282-BEN-MSB)

4895-8637-6146.v4

# EXHIBIT A-4

**<u>LEGAL NOTICE</u>**

*Dicker vs. TuSimple Holdings, Inc., et al*.
No. 3:22-cv-01300-BEN-MSB (S.D. Cal.)
c/o Verita Global
P.O. Box 301135
Los Angeles, CA 90030-1135

www.TuSimpleSecuritiesSettlement.com

Court-Ordered Legal Notice
(Forwarding Service Requested)

This notice contains important information about a securities class action settlement.

You may be entitled to a payment.  This notice may affect your legal rights.

Please read it carefully.

4867-2710-4978.v4

*Dicker vs. TuSimple Holdings, Inc., et al.*
No. 3:22-cv-01300-BEN-MSB (S.D. Cal.)

THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT
VISIT WWW.TUSIMPLESECURITIESSETTLEMENT.COM OR CALL 1-866-644-9953 FOR MORE INFORMATION

If you purchased and/or otherwise acquired TuSimple Holdings, Inc. ("TuSimple" or the "Company") securities between April 15, 2021 and December 20, 2022, inclusive, you could be entitled to a payment from a proposed settlement ("Settlement") reached in the above-captioned action ("Litigation"). Your rights may be affected by this Litigation and the Settlement. A hearing will be held on _____, 2024, at _____ __.m., before Judge Roger T. Benitez, to determine whether the proposed Settlement of the Litigation against Defendants TuSimple, Guowei "Charles" Chao, Xiaodi Hou, Mo Chen, Bonnie Yi Zhang, Cheng Lu, Patrick Dillon, Brad Buss, Karen C. Francis, Morgan Stanley & Co. LLC, Citigroup Global Markets, Inc., J.P. Morgan Securities LLC, BofA Securities, Inc., Cowen and Company, LLC, Credit Suisse Securities (USA) LLC, Nomura Securities International, Inc., RBC Capital Markets, LLC, Needham & Company, LLC, Oppenheimer & Co., Inc., Piper Sandler & Co., Robert W. Baird & Co., and Valuable Capital Limited for $189 million and the Plan of Allocation should be approved as fair, reasonable, adequate, and whether the Litigation should be dismissed with prejudice against the Defendants, as set forth in the Stipulation of Settlement ("Stipulation") filed with the Court; whether Plaintiffs' Counsel's application for an award of attorneys' fees of up to twenty-five percent of the Settlement Amount, and expenses not to exceed $300,000, plus interest on both amounts, should be granted; and whether awards to Plaintiffs in connection with their representation of the Settlement Class should be granted.

The proposed Settlement would resolve a putative class action lawsuit alleging that, in violation of the U.S. federal securities laws, Defendants materially misled investors by making materially false and misleading statements and/or omissions which caused TuSimple securities to trade at artificially affected prices until the nature of the alleged wrongdoing was revealed, causing the trading prices of TuSimple's securities to adjust in response thereto. Defendants deny the allegations and any liability or wrongdoing of any kind. For a full description of the proposed Settlement and your rights, and to make a claim, you may obtain the Stipulation, long-form Notice of Pendency and Proposed Settlement of Class Action ("Notice"), and the Proof of Claim and Release ("Claim Form") by visiting the website: www.TuSimpleSecuritiesSettlement.com ("Website") or you may request copies from the Claims Administrator by: (i) mail: *TuSimple Securities Settlement*, c/o Verita Global, P.O. Box 301135, Los Angeles, CA 90030-1135, or (ii) toll-free call: 1-866-644-9953.

To qualify for payment, you must submit a valid Claim Form, with supporting documentation, postmarked or submitted online no later than _____, 2024. You will be bound by any Judgment entered in the Litigation, regardless of whether you submit a Claim Form, unless you exclude yourself from the Settlement Class. If you exclude yourself, you cannot get money from this Settlement. If you do not exclude yourself from the Settlement Class, you may object to the proposed Settlement, Plan of Allocation, or request for award of

attorneys' fees and expenses no later than _____, 2024.  The long-form Notice and the Website explain how to exclude yourself from the Settlement Class or how to object.

Plaintiffs and the Settlement Class are represented by Lead Counsel:  Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA  92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.  You may, but do not have to, attend the Court hearing to be heard.  The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means and/or change its date and/or time.  Please check the Website for updates.

4867-2710-4978.v4

# EXHIBIT B

1
2
3
4
5
6
7
8
9
10
11
12
13                          UNITED STATES DISTRICT COURT

14                         SOUTHERN DISTRICT OF CALIFORNIA

15  AUSTIN DICKER, Individually and on )   Case No. 3:22-cv-01300-BEN-MSB
    Behalf of All Others Similarly Situated, )  (Consolidated with No. 3:23-cv-00282-
16                                      )       BEN-MSB)
                         Plaintiff,     )
17                                      )   CLASS ACTION
            vs.                         )
18                                      )   FINAL JUDGMENT AND ORDER OF
    TUSIMPLE HOLDINGS, INC., et al.,    )   DISMISSAL WITH PREJUDICE
19                                      )
                         Defendants.    )   EXHIBIT B
20  _____ )

21
22
23
24
25
26
27
28

4891-3149-2562.v6

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated _____, 2024, on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated August 22, 2024 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the Stipulation as if fully set forth herein, including without limitation the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Litigation is hereby certified as a class action on behalf of all Persons who purchased and/or otherwise acquired TuSimple securities between April 15, 2021 and December 20, 2022, inclusive (the "Class Period"). Excluded from the Settlement Class are: (i) Defendants and members of their immediate families; (ii) current and former officers and directors of TuSimple and members of their immediate families; (iii) any entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant; (iv) TuSimple's subsidiaries and affiliates or other entities owned or controlled by it; and (v) the legal representatives, heirs, successors, or assigns of each Defendant.

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4891-3149-2562.v6

Exhibit B
Page 68

4.     Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class but who validly and timely requested exclusion in accordance with the requirements set by the Court, as identified in Exhibit 1 hereto.

5.     The Court finds, for the purpose of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to Members of the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other methods for the fair and efficient adjudication of the Litigation.

6.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Indiana Public Retirement System, Robert Miller, and Michelle Poirier are certified as the Class Representatives and Robbins Geller Rudman & Dowd LLP and Kahn Swick & Foti, LLC are certified as Class Counsel.

7.     Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)     said Stipulation and the Settlement contained therein are, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class;

(b)     there was no collusion in connection with the Stipulation;

- 2 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

4891-3149-2562.v6

(c)     the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel, with the assistance of the Hon. Layn R. Phillips of Phillips ADR Enterprises; and

(d)     the record is sufficiently developed and complete to have enabled Plaintiffs and Defendants to have adequately evaluated and considered their positions.

8.      Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Court hereby dismisses the Litigation and all claims asserted therein with prejudice.  The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

9.      No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator, or any other Person designated by Lead Counsel, based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

10.     Upon the Effective Date, and as provided in the Stipulation, Plaintiffs shall, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, irrevocably and unconditionally, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Claims (including Unknown Claims) against each and every one of the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release form or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released.  The liability of each

- 3 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

Released Defendant Party as to any and all Released Claims is fully, finally, and completely extinguished for purposes of 15 U.S.C. §78u-4(f)(7)(A)(ii).

11.    Upon the Effective Date, and as provided in the Stipulation, all Settlement Class Members and anyone claiming through or on behalf of any of them, will be forever and permanently barred and enjoined from filing, commencing, instituting, asserting, maintaining, enforcing, prosecuting, intervening in, or continuing to prosecute any action or other proceeding in any forum (including, but not limited to, any foreign, federal, state or local court of law or equity, arbitration tribunal, or administrative forum), asserting any of the Released Claims against any of the Released Defendant Parties, regardless of whether such Settlement Class Member executes and delivers a Proof of Claim and Release form.

12.    Upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against Plaintiffs, the Settlement Class, and Plaintiffs' Counsel.  Claims to enforce the terms of the Stipulation are not released.

13.    The notice of the pendency and proposed Settlement of the Litigation given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Settlement Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.  No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that

- 4 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed.  Thus, the Court hereby determines that all Settlement Class Members are bound by this Judgment.

14.  The Escrow Agent shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation.  No Released Defendant Party shall have any role in, responsibility for, interest in, liability, or obligation whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.

15.  Separate orders shall be entered regarding the proposed Plan of Allocation and Class Counsel's motion for an award of attorneys' fees and expenses and awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4).  Such orders shall in no way disturb or affect the finality of this Judgment, shall be considered separate from this Judgment, and shall not affect or delay the Effective Date of the Settlement.

16.  Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or Defendants' Released Persons, or (b) is, or shall be deemed to be, or shall be used as an admission of any fault or omission of any Released Defendant Party in any statement, release, or written documents issued, filed, or made, or (c) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or Defendants' Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Defendants and/or their respective

- 5 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

Released Persons may file the Stipulation and/or this Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. The Court finds that TuSimple and Defendants' insurance carriers have satisfied their financial obligations under the Stipulation by paying or causing to be paid $189 million to the Settlement Fund, in accordance with ¶2.2 of the Stipulation.

18. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement as set forth in the Stipulation and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, interest and §78u-4(a)(4) awards in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

19. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Litigation as of July 8, 2024, as provided in the Stipulation.

- 6 -

4891-3149-2562.v6

21.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

22.     The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _____        _____
                                   THE HONORABLE ROGER T. BENITEZ
                                   UNITED STATES DISTRICT JUDGE

4891-3149-2562.v6