UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN DICKER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TUSIMPLE HOLDINGS, INC., et al.,<br><br>Defendants. | Case No. 3:22-cv-1300-BEN-MSB (Consolidated with No. 3:23-cv-282-BEN-MSB)<br><br>CLASS ACTION<br><br>ORDER |

Pending before this Court is a class action entitled *Dicker vs. TuSimple Holdings, Inc., et al.*, and the parties have jointly moved for final approval of a proposed settlement.

> "Where . . . the parties negotiate a settlement agreement before the class has been certified, settlement approval requires a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e). Specifically, such settlement agreements must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e) before securing the court's approval as fair. This more exacting review is warranted to ensure that class representatives and their counsel do not secure a disproportionate benefit at the expense of the unnamed plaintiffs who class counsel had a duty to represent. The subtle signs of collusion for which we require district courts to look include, for example: (1) when counsel receive a disproportionate distribution of the settlement; (2) when the parties negotiate a 'clear sailing' arrangement (i.e., an arrangement where defendant will not object to a certain fee request by class counsel); and (3) when the parties create a reverter that returns unclaimed funds to the defendant."

*Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1048–49 (9th Cir. 2019) (citations omitted) (cleaned up).

To determine whether the proposed settlement is fair, reasonable, and adequate and without collusion or conflict, the parties are hereby directed to file separate statements under seal for the Court's review. The statements shall be filed without consulting the opposing party or parties and shall address the following questions:

1. How long did the parties engage in settlement negotiations;
2. What are the significant issues that were raised by the plaintiffs in the event the case proceeded towards a trial on the merits;
3. What are the significant issues that were raised in response by the Defendants in the event the case proceeded towards a trial on the merits;
4. What are the factors or considerations that drove the decision to reach a settlement instead of further prosecuting or defending the case;
5. What finally convinced you to agree to the terms proposed in order to conclude the settlement negotiations successfully?

Each side shall file its statement under seal no later than **Monday, November 18, 2024.**

IT IS SO ORDERED.

DATED: October 31, 2024

THE HONORABLE ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE