FILED

DEC 18 2024

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN DICKER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TUSIMPLE HOLDINGS, INC., et al.,<br><br>Defendants. | Case No. 3:22-cv-01300-BEN-MSB (Consolidated with No. 3:23-cv-00282-BEN-MSB)<br><br>CLASS ACTION<br><br>ORDER FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARDS TO PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4) |

This matter having come before the Court on December 2, 2024, on Plaintiffs' Counsel's motion for an award of attorneys' fees and expenses and §78u-4(a)(4) awards to Plaintiffs (the "Fee Application"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Litigation to be fair, reasonable, and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    This Order incorporates by reference the definitions in the Stipulation of Settlement dated August 22, 2024 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.    The Court has jurisdiction to enter this Order and over the subject matter of this application and all matters relating thereto, as well as personal jurisdiction over all parties to the Litigation, including all Members of the Settlement Class.

3.    Notice of Plaintiffs' Counsel's Fee Application was given to all Settlement Class Members who could be identified with reasonable effort. There were no objections to Plaintiffs' Counsel's Fee Application. The form and method of notifying the Settlement Class of the Fee Application met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, as amended, and any other applicable law. This constituted the best notice practicable under the circumstances and due and sufficient notice to all Persons entitled thereto.

4.    Lead Counsel is hereby awarded attorneys' fees of 25% of the Settlement Amount, plus expenses in the amount of $230,279.90, together the interest earned on both amounts for the same time period and at the same rate as

- 1 -

that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair, reasonable, and appropriate under either the "percentage-of-recovery" or lodestar methods.

5. The fees and expenses shall be allocated among Plaintiffs' Counsel in a manner which, in Lead Counsel's good faith judgment, reflects such counsel's contribution to the institution, prosecution, and resolution of the Litigation.

6. The awarded attorneys' fees and expenses and interest earned thereon, shall be paid to Lead Counsel immediately upon execution of this Order and the Judgment and subject to the terms, conditions, and obligations of the Stipulation, and in particular, Section 6 thereof, which terms, conditions, and obligations are incorporated herein.

7. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $189,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and Settlement Class Members will benefit from the Settlement created by the efforts of Plaintiffs' Counsel;

(b) Over 35,800 Postcard Notices were disseminated to potential Settlement Class Members and nominees indicating that Plaintiffs' Counsel would move for attorneys' fees in an amount not to exceed 25% of the Settlement Amount and for expenses in an amount not to exceed $300,000, plus interest on both amounts, and there have been no objections to the requested attorneys' fees or expenses;

(c) Plaintiffs' Counsel conducted the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d) Plaintiffs' Counsel have devoted more than 8,100 hours, with a lodestar value of $5,965,117.50, to achieve the Settlement. A 25% fee represents a multiplier of 7.92 to the aggregate lodestar;

- 2 -

(e)    Plaintiffs' Counsel pursued the Litigation on a contingent basis;

(f)    The Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g)    Had Plaintiffs' Counsel not achieved the Settlement, there would remain a significant risk that the Settlement Class may have recovered less or nothing from the Defendants;

(h)    Public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

(i)    The attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Ninth Circuit.

8.    Pursuant to 15 U.S.C. §78u-4(a)(4), Lead Plaintiff Indiana Public Retirement System is hereby awarded $4,200, plaintiff Michelle Poirier is hereby awarded $1,840, and plaintiff Robert Miller is hereby awarded $7,200, for their time spent directly related to their representation of the Settlement Class.

9.    Any appeal or any challenge affecting this Court's approval regarding the Fee Application shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

10.    In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: 12/18/2024

THE HONORABLE ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE

- 3 -